## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **TAASERA LICENSING LLC,**<br><br>     **Plaintiff,**<br><br>   v.<br><br>**CHECK POINT SOFTWARE<br>TECHNOLOGIES LTD.,**<br><br>     **Defendant.** | **MDL Case No. 2:22-md-03042-JRG**<br>**Civil Case No. 2:22-cv-00063-JRG**<br><br><br>**DEMAND FOR JURY TRIAL**<br><br><br>**THIS DOCUMENT RELATES TO**<br>**2:22-cv-00063-JRG** |

### DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Check Point Software Technologies Ltd. ("Check Point") hereby answers the claims in Plaintiff Taasera Licensing LLC's ("Taasera" or "Plaintiff") First Amended Complaint (Dkt. No. 21) pursuant to Rule 12(a)(4)(A) and this Court's Order re Dispositive Motions (Dkt. No. 53; MDL Dkt. No. 9). That Order explains that the Court has deferred its decision on Check Point's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. No. 26) and Check Point's Motion to Transfer Venue to the Northern District of California (Dkt. No. 23) (collectively, "Pending Motions") until a responsive pleading in each case consolidated for MDL is filed. Check Point therefore files this answer notwithstanding and without prejudice to its Pending Motions, and will renotice the Pending Motions once the Court sets a schedule for these motions pursuant to the MDL Docket Control Order, section 8 (MDL Dkt. No. 8).

Check Point answers as follows: Check Point denies all allegations that it does not expressly admit. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the First Amended Complaint. Plaintiff's headings are restated for ease of reference, but no admissions are made thereby.

**THE PARTIES**

1.      Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

2.      Check Point admits that it is a corporation organized under the laws of Israel with its principal place of business at Shlomo Kaplan Street 5, Tel Aviv-Yafo, 6789159, Israel, that it may be served pursuant to the provisions of the Hague Convention, and that it does business in Texas. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

**JURISDICTION**

3.      Admitted.

4.      For the purposes of this action only, Check Point admits that this Court has personal jurisdiction over it, but denies all other allegations.

5.      Check Point admits that venue is proper in this district and that it is not a resident of the United Sates. Check Point denies all other allegations.

6.      Check Point admits that it is subject to this Court's jurisdiction but denies all other allegations.

**PATENTS-IN-SUIT**

7.      Check Point admits that U.S. Patent No. 6,842,796 ("the '796 Patent") purportedly issued on January 11, 2005, that it is titled "Information Extraction from Documents with Regular Expression Matching," and that a copy is available at the provided URL. Check Point denies that the '796 Patent is valid. To the extent any allegations remain, Check Point denies them.

8.      Check Point admits that U.S. Patent No. 8,327,441 ("the '441 Patent") purportedly issued on December 4, 2012, that it is titled "System and Method for Application Attestation," and that a copy is available at the provided URL. Check Point denies that the '441 Patent is valid. To the extent any allegations remain, Check Point denies them.

9.      Check Point admits that U.S. Patent No. 8,955,038 ("the '038 Patent") purportedly issued on February 10, 2015, that it is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and that a copy is available at the provided URL. Check Point denies that the '038 Patent is valid. To the extent any allegations remain, Check Point denies them.

10.     Check Point admits that U.S. Patent No. 8,990,948 ("the '948 Patent") purportedly issued on March 24, 2015, that it is titled "Systems and Methods for Orchestrating Runtime Operational Integrity," and that a copy is available at the provided URL. Check Point denies that the '948 Patent is valid. To the extent any allegations remain, Check Point denies them.

11.     Check Point admits that U.S. Patent No. 9,092,616 ("the '616 Patent") purportedly issued on July 28, 2015, that it is titled "Systems and Methods for Threat Identification and Remediation," and that a copy is available at the provided URL. Check Point denies that the '616 Patent is valid. To the extent any allegations remain, Check Point denies them.

12.     Check Point admits that U.S. Patent No. 9,608,997 ("the '997 Patent") purportedly issued on March 28, 2017, that it is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and that a copy is available at the provided URL. Check Point denies that the '997 Patent is valid. To the extent any allegations remain, Check Point denies them.

13.     Check Point admits that U.S. Patent No. 9,923,918 ("the '918 Patent") purportedly issued on March 20, 2018, that it is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and that a copy is available at the provided URL. Check Point denies that the '918 Patent is valid. To the extent any allegations remain, Check Point denies them.

14.     Check Point admits that U.S. Patent No. 9,071,518 ("the '518 Patent") purportedly issued on June 30, 2015, that it is titled "Rules Based Actions for Mobile Device Management,"

and that a copy is available at the provided URL. Check Point denies that the '518 Patent is valid. To the extent any allegations remain, Check Point denies them.

15.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

## FACTUAL ALLEGATIONS

16.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

17.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

18.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

19.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

20.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

21.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

22.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

23.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

24.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

25.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

26.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

27.     Check Point admits that the First Amended Complaint purports to accuse the following of infringement: Check Point Next Generation Firewalls, Check Point Data Loss Prevention Software Blade, and Check Point Infinity Portal with Harmony Endpoint. Check Point denies all allegations of infringement. Check Point denies the remaining allegations.

28.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

29.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

## COUNT I
### (Infringement of the '796 Patent)

30.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

32.     Denied.

33.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

34.     Check Point denies that this paragraph contains a screen shot of a file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

35.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

36.     Denied.

37.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT II
### (Infringement of the '441 Patent)

41.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

42.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

43.     Denied.

44.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

45.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

46.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

47.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '441 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '441 Patent, complied with the marking statute 35 U.S. C. [sic] § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

48.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT III
### (Infringement of the '038 Patent)

52.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

53.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

54.     Denied.

55.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

56.     Check Point denies that this paragraph contains screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

57.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

58.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

59.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

60.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

61.     Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

62.     Denied.

63.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

64.     Denied.

65.     Denied.

66.     Denied.

## COUNT IV
### (Infringement of the '948 Patent)

67.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

68.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

69.     Denied.

70.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

71.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

72.     Check Point admits that this paragraph contains three screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

73.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

74.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

75.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '948 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '948 Patent, complied with the marking statute 35 U.S.C. § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

76.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT V
### (Infringement of the '616 Patent)

80.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

81.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

82.     Denied.

83.     Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

84.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

85.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

86.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

87.     Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

88.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

89.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

90.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

91.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '616 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '616 Patent, complied

10

with the marking statute 35 U.S.C. § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

92.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT VI
### (Infringement of the '997 Patent)

96.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

97.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

98.     Denied.

99.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

100.    Check Point denies that this paragraph contains screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

101.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

102.    Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

103.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

104.     Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

105.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

106.     Denied.

107.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

108.     Denied.

109.     Denied.

110.     Denied.

## COUNT VII
### (Infringement of the '918 Patent)

111.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

112.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

113.     Denied.

114.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL.

115.     Check Point denies that this paragraph contains screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

116.    Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

117.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at https://www.checkpoint.com/downloads/products/endpoint-security-datasheet.pdf. Check Point admits that this paragraph contains a screen shot of a portion of the file available at https://freports.checkpoint.com/ctb-faker/tree-timeline.html. Check Point denies that this paragraph contains screen shots of portions of the file available at https://sc1.checkpoint.com/documents/Infinity_Portal/WebAdminGuides/EN/Infinity-Portal-Admin-Guide/Topics-Harmony-Connect-AG/Policy/Enforce_Access_Control.htm?Highlight=policy. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

118.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

119.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at https://www.checkpoint.com/downloads/products/endpoint-security-datasheet.pdf. Check Point denies that this paragraph contains screen shots of portions of the file available at https://sc1.checkpoint.com/documents/Infinity_Portal/WebAdminGuides/EN/Infinity-Portal-Admin-Guide/Topics-Harmony-Connect-AG/Policy/Enforce_Access_Control.htm?Highlight=policy. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

120.    Denied.

121.    Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

122.   Denied.

123.   Denied.

124.   Denied.

**COUNT XIII [sic]**
**(Infringement of the '518 Patent)**

125.   Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

126.   Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

127.   Denied.

128.   Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

129.   Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

130.   Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

131.   Check Point denies that this paragraph contains a screen shot of a portion of the file available at either provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

132.   Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

133.    Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

134.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '518 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '518 Patent, complied with the marking statute 35 U.S.C. § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

135.    Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

136.    Denied.

137.    Denied.

138.    Denied.

## DEMAND FOR JURY TRIAL

Check Point hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

a.      Check Point denies that Taasera is entitled to any relief.

b.      Check Point denies that Taasera is entitled to any relief.

c.      Check Point denies that Taasera is entitled to any relief.

d.      Check Point denies that Taasera is entitled to any relief.

e.      Check Point denies that Taasera is entitled to any relief.

## DEFENSES

Check Point asserts the following affirmative and other defenses in response to the allegations in the First Amended Complaint without waiver, limitation, or prejudice. Check Point undertakes the burden of proof only as to those defenses deemed affirmative defenses by law,

regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, Check Point reserves the right to assert additional affirmative and other defenses as they become known through further investigation and discovery.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

The First Amended Complaint fails to state a claim upon which any relief can be granted against Check Point. As one non-limiting example, the First Amended Complaint fails to identify cognizable theories of indirect infringement regarding the '796, '441, '038, '948, '616, '997, '918, and '518 Patents (the "Asserted Patents") insofar as it fails to plead facts giving rise to a reasonable inference that Check Point committed an affirmative act to induce infringement, that Check Point had the specific intent to induce infringement, and/or that Check Point had the requisite knowledge of the Asserted Patents to support a claim for indirect infringement.

## SECOND DEFENSE – NON-INFRINGEMENT

Check Point does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## THIRD DEFENSE – INVALIDITY AND UNENFORCEABILITY

The claims of the Asserted Patents are invalid and/or unenforceable. For example, the Asserted Patents fail to satisfy the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 256.

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

Plaintiff's claims of patent infringement are barred by the doctrine of prosecution history estoppel to the extent Plaintiff's interpretations of the claims of the Asserted Patents extend beyond or are inconsistent with statements, amendments, or positions made during prosecution. Plaintiff is further estopped from construing one or more claims of the Asserted Patents to claim scope ceded during the prosecution of the Asserted Patents to, for example, avoid prior art.

### FIFTH DEFENSE – LIMITATION ON DAMAGES

Plaintiff's claims for damages and costs are statutorily limited, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288, and 28 U.S.C. § 1498.

To the extent that Plaintiff seeks damages or asserts a claim for acts of alleged infringement occurring more than six years before filing suit, Plaintiff's recovery also is barred in whole or in part under 35 U.S.C. § 286, which provides a six-year statute of limitations on damages.

To the extent that Plaintiff, any former assignee of the Asserted Patents, or any of Plaintiff's licensees failed to properly mark any of its relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Check Point's actions allegedly infringed any claim of the Asserted Patents, Check Point is not liable to Plaintiff for the acts alleged to have been performed before Check Point received notice that it was allegedly infringing the Asserted Patents.

Plaintiff is further precluded under 35 U.S.C. § 288 from recovering costs related to this action.

Plaintiff is also precluded from obtaining post-complaint damages for indirect infringement because, for the reasons discussed in the First Defense, Plaintiff has failed to state a cognizable claim for indirect infringement.

Plaintiff is also precluded under 28 U.S.C. § 1498 from recovering damages against Check Point for products made for the United States.

### SIXTH DEFENSE – NO WILLFUL INFRINGEMENT

At least because Check Point has not infringed any valid claim of the Asserted Patents, Check Point has not willfully infringed any claim of the Asserted Patents. Additionally, the First Amended Complaint does not identify any factual basis that Check Point had pre-suit knowledge of the Asserted Patents.

## SEVENTH DEFENSE – LACHES

To the extent Plaintiff seeks damages for any infringement committed more than six years prior to the filing of the original Complaint, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH DEFENSE – NO IRREPARABLE HARM

Plaintiff is not entitled to any injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has adequate remedies at law.

## NINTH DEFENSE – WAIVER

Plaintiff's claims for relief are, in whole or in part, barred by the doctrine of waiver.

## TENTH DEFENSE – EQUITABLE ESTOPPEL

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

## ELEVENTH DEFENSE – UNCLEAN HANDS

By virtue of Plaintiff's negligent, willful, and other wrongful conduct, the equitable doctrine of unclean hands bars Plaintiff from recovering against Check Point. For example, Plaintiff is an ephemeral, non-practicing entity and litigation construct for its parent company (Quest Patent Research Corporation ("Quest") which is based in New York), registered by Quest in the Eastern District of Texas at the office of its local litigation counsel Truelove Law Firm along with at least ten other Quest subsidiaries to manipulate venue for patent litigation, and is intentionally undercapitalized to avoid adverse judgments.

## TWELFTH DEFENSE – IMPLIED LICENSE

Plaintiff's claims of infringement are barred, in whole or in part, by the doctrine of implied license.

## PRAYER FOR RELIEF

WHEREFORE, having full answered, Check Point prays for judgment as follows:

A.      That the Court fully and finally dismiss Plaintiff's First Amended Complaint against Check Point (and each and every claim therein) with prejudice and that Plaintiff take nothing from Check Point pursuant to the claims alleged in the First Amended Complaint;

B.      That the Court enter judgment in Check Point's favor and against Plaintiff, and declare that Check Point does not infringe and has not infringed the Asserted Patents, that said patents are invalid, and that said patents are unenforceable against Check Point;

C.      That the Court award Check Point its costs of suit;

D.      That the Court find this case to be an exceptional case and award Check Point its reasonable attorneys' fees under 35 U.S.C. § 285 or otherwise; and

E.      That the Court grant Check Point further relief as the Court deems just and proper.


                              Respectfully submitted,

Dated: October 31, 2022            /s/ Eric H. Findlay
                              Eric H. Findlay
                              efindlay@findlaycraft.com
                              Findlay Craft PC
                              102 N College Ave, Ste 900
                              Tyler, TX 75702
                              (903) 534-1137

                              Alyssa Caridis
                              acaridis@orrick.com
                              Jake O'Neal
                              jake.oneal@orrick.com
                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                              777 S Figueroa St, Ste 3200
                              Los Angeles, CA 90017
                              (650) 614-7497

                              Clement Seth Roberts
                              croberts@orrick.com
                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                              The Orrick Building
                              405 Howard St
                              San Francisco, CA 94105
                              (415) 773-5700

                              Evan Brewer
                              ebrewer@orrick.com
                              ORRICK, HERRINGTON & SUTCLIFFE LLP

1000 Marsh Rd
Menlo Park, CA 94025
(650) 614-7497

***Attorneys for Defendant Check Point Software
Technologies Ltd.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to

electronic service are being served with a copy of this document via ECF on October 31, 2022.

*/s/ Eric H. Findlay*
Eric H. Findlay