**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-MD-03042-JRG |
| | | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00314-JRG | § § § | |
| | § | |
| PALO ALTO NETWORKS, INC., | § § | Case No. 2:22-cv-00314-JRG |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| TAASERA LICENSING LLC AND QUEST PATENT RESEARCH CORPORATION, | § § § | |
| Defendants. | § § | |

**DEFENDANT QUEST PATENT RESEARCH CORPORATION'S
ANSWER TO PLAINTIFF PALO ALTO NETWORKS, INC.'S AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Defendant Quest Patent Research Corporation ("Quest" or "Defendant"), hereby responds

to the Amended Complaint for Declaratory Judgment of Non-Infringement of Plaintiff Palo Alto

Networks, Inc. ("Palo Alto" or "Plaintiff"). Quest denies the allegations and characterizations in

the Amended Complaint unless expressly admitted in the following paragraphs. Quest's specific

responses to the numbered allegations of the Amended Complaint are in the below numbered

paragraphs as follows.

**NATURE OF THE ACTION**

1.      Denied.

## THE PARTIES

2.      Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and therefore denies them.

3.      Denied.

4.      Quest admits that Quest is a Delaware corporation that has its principal place of business at 411 Theodore Fremd Ave., Suite 206S, Rye, NY 10580. Quest admits that a recent SEC filing by Quest identifies Taasera Licensing as a wholly-owned subsidiary of Quest. Except as expressly admitted, Quest denies the allegations in paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.      Quest admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Quest denies that the Southern District of New York has subject matter jurisdiction and has filed a Motion to Dismiss on those grounds.

6.      Quest admits that the Southern District of New York has personal jurisdiction over Quest. Quest admits that Quest's principal place of business is in the Southern District of New York. Except as expressly admitted, Quest denies the allegations in paragraph 6 of the Amended Complaint.

7.      Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint and therefore denies them.

8.      Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint and therefore denies them.

9.      Quest admits that Quest, which has a principal office in Rye, NY in this judicial District, is the sole parent of Taasera Licensing. Quest admits that Quest stated in a recent SEC filing, "Since the operating subsidiaries do not have any assets other than the patents, and the

Company does not have any available financial resources to pay any judgment which a defendant may obtain against a subsidiary, such a judgment may result in the bankruptcy of the subsidiary and/or the loss of the patents, which are the subsidiaries' only assets.'" Quest Patents Research Corporation, Form 10-Q for the period ending March 31, 2021, at p.20. Except as expressly admitted, Quest denies the allegations in paragraph 9 of the Amended Complaint.

10.     Quest admits, for the purpose of this action only, that Venue is proper for Quest.

## FACTUAL ALLEGATIONS

## THE PATENTS-IN-SUIT

11.     Quest admits that the '796 Patent states on its cover that it was issued on January 11, 2005 to named inventors Geoffrey G. Zweig of Greenwich, Connecticut; and Mukund Padmanabhan of Plains, New York.

12.     Quest admits that the '137 Patent states on its cover that it was issued on March 2, 2010 to named inventors Thomas James Satterlee of Felton, California; and William Frank Hackenberger of Los Altos, California.

13.     Quest admits that the '356 Patent states on its cover that it was issued on February 28, 2012 to named inventors Frederic G. Thiele of Broomfield, Colorado; and Michael A. Walter of Longmont, Colorado.

14.     Quest admits that the '441 Patent states on its cover that it was issued on December 4, 2012 to named inventors Srinivas Kumar of Cupertino, California; and Gurudatt Shashikumar of Foster City, California.

15.     Quest admits that the '517 Patent states on its cover that it was issued on September 30, 2014 to named inventor Srinivas Kumar of Cupertino, California.

16.     Quest admits that the '038 Patent states on its cover that it was issued on February 10, 2015 to named inventors Blair Nicodemus of North Wales, Pennsylvania; and Billy Edison Stephens of West Chester, Pennsylvania.

17.     Quest admits that the '948 Patent states on its cover that it was issued on March 24, 2015 to named inventors Srinivas Kumar of Cupertino, California; and Dennis Pollutro of Clymer, New York.

18.     Quest admits that the '616 Patent states on its cover that it was issued on July 28, 2015 to named inventors Srinivas Kumar of Cupertino, California; and Dennis Pollutro of Clymer, New York.

19.     Quest admits that the '918 Patent states on its cover that it was issued on March 20, 2018 to named inventors Blair Gaver Nicodemus of North Wales, Pennsylvania; and Billy Edison Stephens of West Chester, Pennsylvania.

## DISPUTE BETWEEN PALO ALTO NETWORKS AND
## TAASERA LICENSING CONCERNING THE PATENTS-IN-SUIT

20.     Quest admits that on February 25, 2022, Taasera Licensing, by and through its attorneys, filed a lawsuit against Palo Alto Networks in the United States District Court for the Eastern District of Texas. *See* Complaint, *Taasera Licensing LLC v. Palo Alto Networks, Inc.*, No. 2:22-cv-00062- JRG-RSP (E.D. Tex. Feb. 25, 2022). Quest admits that Taasera Licensing's Complaint alleges that Palo Alto Networks infringes the Patents-in-Suit and provides "examples" of allegedly infringing Palo Alto Networks products: Palo Alto Cortex XDR, PAN-OS, and Next Generation Firewalls (NGFW). (collectively, the "Accused Products"). *See*, *e.g.*, *id.* ¶ 30. Except as expressly admitted, Quest denies the allegations in paragraph 20 of the Amended Complaint.

21.     Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint and therefore denies them.

## CLAIMS FOR RELIEF

### COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '796 Patent

22.     Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

23.     Denied.

24.     Quest admits that claim 1 of the '796 Patent recites "identifying at least a portion of information associated with the at least one regularly identifiable expression; and extracting the portion of information." Except as expressly admitted, Quest denies the allegations in paragraph 24 of the Amended Complaint.

25.     Denied.

### COUNT TWO
### (Declaratory Judgment of Non-Infringement of the '137 Patent

26.     Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

27.     Denied.

28.     Quest admits that claim 6 of the '137 Patent recites "interrupting the loading of a new program for operation with the computing device." Except as expressly admitted, Quest denies the allegations in paragraph 28 of the Amended Complaint.

29.     Denied.

**COUNT THREE**
**(Declaratory Judgment of Non-Infringement of the '356 Patent)**

30.    Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

31.    Denied.

32.    Quest admits that claim 1 of the '356 Patent recites "second program instructions to determine if the packet is addressed to a broadcast IP address of a network." Except as expressly admitted, Quest denies the allegations in paragraph 32 of the Amended Complaint.

33.    Denied.

**COUNT FOUR**
**(Declaratory Judgment of Non-Infringement of the '441 Patent)**

34.    Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

35.    Denied.

36.    Quest admits that claim 1 of the '441 Patent recites "receiving, by the attestation server … a security context providing security information about the application, wherein the security information comprises an execution analysis of the one or more executable file binaries and the loaded components." Except as expressly admitted, Quest denies the allegations in paragraph 36 of the Amended Complaint.

37.    Denied.

**COUNT FIVE**
**(Declaratory Judgment of Non-Infringement of the '517 Patent)**

38.    Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

39.    Denied.

40.     Quest admits that claim 1 of the '517 Patent recites "storing, in a rules database, a plurality of rules, wherein each rule identifies an action sequence … the action sequence is a sequence of at least two performed actions, and each performed action is at least one of: a user action, an application action, and a system action." Except as expressly admitted, Quest denies the allegations in paragraph 40 of the Amended Complaint.

41.     Denied.

## COUNT SIX
### (Declaratory Judgment of Non-Infringement of the '038 Patent)

42.     Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

43.     Denied.

44.     Quest admits that claim 1 of the '038 Patent recites "maintaining the plurality of policies in a data store on the computing system; identifying, from the plurality of policies, a plurality of operating conditions on the endpoint to monitor; configuring one or more software agents on the endpoint to monitor the plurality of operating conditions; receiving, across a network, at the computing system, status information about the plurality of operating conditions on the endpoint gathered by the one or more software agents." Except as expressly admitted, Quest denies the allegations in paragraph 44 of the Amended Complaint.

45.     Denied.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of the '948 Patent)

46.     Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

47.     Denied.

48.     Quest admits that claim 1 of the '948 Patent recites "generating real-time behavior based events for determining the real-time operational integrity of the application executing on the native computing environment which includes a network analyzer, an integrity processor, an event correlation matrix, a risk correlation matrix, and a trust supervisor." Except as expressly admitted, Quest denies the allegations in paragraph 48 of the Amended Complaint.

49.     Denied.

## COUNT EIGHT
### (Declaratory Judgment of Non-Infringement of the '616 Patent)

50.     Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

51.     Denied.

52.     Quest admits that claim 1 of the '616 Patent recites "[a] method of providing an attestation service for providing runtime operational integrity of a system using a computing platform comprising a network trust agent, an endpoint trust agent, and a trust orchestration server, the method comprising." Except as expressly admitted, Quest denies the allegations in paragraph 52 of the Amended Complaint.

53.     Denied.

## COUNT NINE
### (Declaratory Judgment of Non-Infringement of the '918 Patent)

54.     Quest incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

55.     Denied.

56.     Quest admits that claim 1 of the '918 Patent recites "maintaining the plurality of policies in a data store on the computing system; identifying, from the plurality of policies, a plurality of operating conditions on the endpoint to evaluate; configuring one or more software

services provided by an operating system on the endpoint to monitor the plurality of operating conditions; receiving, across a network, at the computing system, status information about the plurality of operating conditions on the endpoint, gathered by the one or more software services on the endpoint." Except as expressly admitted, Quest denies the allegations in paragraph 56 of the Amended Complaint.

57.     Denied.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial does not require a response by Quest. Quest also requests a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Quest denies that Plaintiff is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Quest contends and asserts the following defenses in response to the allegations in the Complaint. By asserting these affirmative defenses, Quest does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the affirmative and other defenses described below, and subject to the responses above, Quest intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses consistent with the facts that become known through the course of discovery or otherwise. For its affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

Plaintiff has failed to state a claim against Defendant upon which relief can be granted. For example, the Complaint fails to make more than a single bare conclusory allegation regarding non-infringement for each of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE
## (WAIVER, LACHES AND ESTOPPEL)

Plaintiff is barred from recovery, in whole or in part, by the doctrines of waiver, laches, or estoppel.

## THIRD AFFIRMATIVE DEFENSE
## (NO EXCEPTIONAL CASE)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendant pursuant to 35 U.S.C. § 285.

## FOURTH AFFIRMATIVE DEFENSE
## (NO SUBJECT MATTER JURISDICTION)

The Southern District of New York lacks subject matter jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

Plaintiff's claims are barred by the doctrine of unclean hands.

## RESERVATION OF DEFENSES

Quest reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

Dated:  October 31, 2022                     Respectfully submitted,


                                             /s/ *Justin K. Truelove*_____
                                             Mark J. Rosenberg
                                             **TARTER KRINSKY & DROGIN LLP**
                                             1350 Broadway, 11th Floor
                                             New York, New York 10018
                                             Tel. (212) 216-8000
                                             Fax (212) 216-8001
                                             Email:  mrosenberg@tarterkrinsky.com

                                             Justin Kurt Truelove
                                             Texas Bar No. 24013653
                                             Email: kurt@truelovelawfirm.com **TRUELOVE
                                             LAW FIRM, PLLC**
                                             100 West Houston Street
                                             Marshall, Texas 75670
                                             Telephone: (903) 938-8321
                                             Facsimile: (903) 215-8510

                                             **ATTORNEYS FOR DECLARATORY
                                             JUDGMENT DEFENDANT QUEST PATENT
                                             RESEARCH CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 31, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Justin K. Truelove*
Justin K. Truelove