IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TAASERA LICENSING LLC<br><br>Plaintiff,<br><br>v.<br><br>TREND MICRO, INC.,<br><br>Defendant. | Case No. 2:21-md-03042-JRG<br><br>**THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:21-cv-00441-JRG**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TREND MICRO (JAPAN) INC.'S ANSWER TO TAASERA'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT [DKT. 33]**

Defendant Trend Micro, Inc. [Japan] ("Trend Micro Japan") submits its Answer to the Amended Complaint for Patent Infringement [Dkt. 33] ("the Amended Complaint") filed by Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff"), and states its affirmative defenses as follows. Trend Micro Japan denies all allegations and characterizations except as expressly admitted in the following paragraphs.

**THE PARTIES**

1. Trend Micro Japan is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and on that basis denies them.

2. Trend Micro Japan admits that it is a Japanese corporation whose stock is publicly traded on the Tokyo Stock Exchange, with a principal place of business located at Shinjuku Maynds Tower, 2-1-1 Yoyogi, Shibuya-ku, Tokyo, Japan 151-0053. Trend Micro Japan denies all other allegations in paragraph 2.

## JURISDICTION

3.	To the extent that the allegations of paragraph 3 of the Amended Complaint set forth legal conclusions, no response is required.  Trend Micro Japan admits that the Amended Complaint purports to state a claim for patent infringement under Title 35 of the United States Code.  Trend Micro Japan further admits that the Court has subject matter jurisdiction over civil actions arising under Title 38 under 28 U.S.C. §§ 1331 and 1338(a).  Trend Micro Japan denies all other allegations in paragraph 3.

4.	To the extent that the allegations of paragraph 4 of the Amended Complaint set forth legal conclusions, no response is required.  Trend Micro Japan does not contest that it is subject to personal jurisdiction in this District, solely for purposes of this action.  Trend Micro Japan denies all other allegations in paragraph 4.

5.	To the extent that the allegations of paragraph 5 of the Amended Complaint set forth legal conclusions, no response is required.  Trend Micro Japan does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).  However, Trend Micro Japan denies that this District is convenient for the parties and witnesses in this action or that proceeding in this District is in the interest of justice.  Additionally, based on the allegations set forth in the Amended Complaint, Trend Micro Incorporated, a California corporation ("Trend Micro US"), not named in this action, should be the proper defendant.  Trend Micro Japan denies all other allegations in paragraph 5.

6.	Trend Micro Japan does not contest that it is subject to personal jurisdiction in this District, solely for purposes of this action.  Trend Micro Japan denies all other allegations in paragraph 6.

## PATENTS-IN-SUIT

7.	Denied. The URL redirects to a landing page.

8.	Denied. The URL redirects to a landing page.

9. Denied. The URL redirects to a landing page.

10. Denied. The URL redirects to a landing page.

11. Denied. The URL redirects to a landing page.

12. Denied. The URL redirects to a landing page.

13. Denied. The URL redirects to a landing page.

14. Denied. The URL redirects to a landing page.

15. Denied. The URL redirects to a landing page.

16. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph regarding ownership and therefore denies them. Trend Micro Japan denies all other allegations in paragraph 16.

## FACTUAL ALLEGATIONS

17. Trend Micro Japan admits that the Patents-in-Suit purport to cover systems and methods for network security systems. Trend Micro Japan denies all other allegations in paragraph 17.

18. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies them.

19. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies them.

20. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis denies them.

21. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies them.

22. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies them.

23. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and on that basis denies them.

24. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies them.

25. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies them.

26. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies them.

27. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies them.

28. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and on that basis denies them.

29. Denied.

30. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and on that basis denies them.

31. Trend Micro Japan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and on that basis denies them.

## COUNT I
### ([Alleged] Infringement of the '796 Patent)

32. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

33. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '796 patent. Denied as to any other allegations in paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied

42. Denied

## COUNT II
### ([Alleged] Infringement of the '137 Patent)

43. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

44. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '137 patent. Denied as to any other allegations in paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT III
### ([Alleged] Infringement of the '441 Patent)

54. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

55. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '441 patent. Denied as to any other allegations in paragraph 55.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT IV
### ([Alleged] Infringement of the '038 Patent)

65. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

66. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '038 patent.  Denied as to any other allegations in paragraph 66.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT V
### ([Alleged] Infringement of the '948 Patent)

80. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

81. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '948 patent. Denied as to any other allegations in paragraph 81.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT VI
### ([Alleged] Infringement of the '616 Patent)

93. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

94. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '616 patent.  Denied as to any other allegations in paragraph 94.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

### COUNT VII
### ([Alleged] Infringement of the '997 Patent)

109. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

110. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '997 patent.  Denied as to any other allegations in paragraph 110.

111. Denied.

112. Denied.

113. Denied.

...

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## COUNT VIII
### ([Alleged] Infringement of the '918 Patent)

124. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

125. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '918 patent.  Denied as to any other allegations in paragraph 125.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## COUNT IX
### ([Alleged] Infringement of the '517 Patent)

138. Trend Micro Japan incorporates its responses to Paragraphs 1–31 by reference.

139. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro Japan regarding the '517 patent. Denied as to any other allegations in paragraph 139.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

## DEMAND FOR JURY TRIAL

150. Trend Micro Japan acknowledges Taasera's demand for a jury trial and demands the same on all issues so triable.

## PRAYER FOR RELIEF

Trend Micro Japan denies that Plaintiff is entitled to any relief whatsoever from Trend Micro Japan, whether sought in the Prayer for Relief or otherwise. Trend Micro Japan further

denies that Plaintiff has any valid claim pursuant to 35 U.S.C. § 271, et seq., and denies that it has violated any of the patent laws of the United States with respect to the patents-in-suit. Plaintiff's Prayer for Relief should therefore be denied in its entirety and with prejudice, and Plaintiff should take nothing from Trend Micro Japan.

## DEFENSES AND AFFIRMATIVE DEFENSES

Trend Micro Japan alleges and asserts the following defenses and affirmative defenses in response to the allegations in the Amended Complaint. Trend Micro Japan undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Trend Micro Japan reserves all rights to amend or supplement these defenses as additional facts become known.

### First Defense – Non-Infringement

1. Trend Micro Japan has not infringed, directly, jointly, contributorily, or by inducement, any valid or enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271, *et seq*.

### Second Defense – Invalidity/Ineligibility

2. At least the asserted claims of the patents-in-suit are invalid, unenforceable, or ineligible for patenting under one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity and ineligibility.

### Third Defense – Failure to State a Claim

3.Plaintiff has failed to plead its claims with specificity or factual support to place Trend Micro Japan on notice of the claims Plaintiff is asserting against it, such that Plaintiff has failed to state a claim upon which relief can be granted.

4.Plaintiff has failed to state a claim upon which relief can be granted for infringement under 35 U.S.C. § 271(b) for failing to plausibly allege facts sufficient to identify or show: (a) a direct infringer for any claim of alleged indirect infringement of the patents-in-suit by Trend Micro Japan, (b) any pre-suit factual basis that Trend Micro Japan had actual knowledge or was willfully blind to the Patents-in-Suit or Trend Micro Japan's alleged infringement, and (c) that Trend Micro Japan had specific intent to induce infringement of the Patents-in-Suit.

5.Plaintiff has failed to state a claim upon which relief can be granted for infringement under 35 U.S.C. § 271(c) for failing to plausibly allege facts sufficient to identify or show: (a) a direct infringer for any claim of alleged indirect infringement of the Patents-in-Suit by Trend Micro Japan; (b) any pre-suit factual basis that Trend Micro Japan had actual knowledge of or was willfully blind to the Patents-in-Suit or Trend Micro Japan's alleged infringement; and (c) that any component(s) allegedly supplied by Trend Micro Japan are especially made or especially adapted for use in the Patents-in-Suit and are not staple articles of commerce suitable for substantial non-infringing use.

### Fourth Defense – Limitations on Damages and Costs

6.Plaintiff's claims for damages and/or costs are limited under the statutory limitations on damages and/or costs set forth in 35 U.S.C. §§ 286, 287 and/or 288.

### Fifth Defense – Prosecution History Estoppel and Disclaimer

7.Plaintiff's claims are barred by the doctrine of prosecution history estoppel and prosecution disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers,

and/or disavowals made during the prosecution of the patents-in-suit and other patents that also claim priority to the same parent applications.

### Sixth Defense – 28 U.S.C. § 1498

8. To the extent that any accused products have been used or manufactured by or for the United States Government, Plaintiff's claims and requests for relief are barred by or subject to limitations pursuant to 28 U.S.C. § 1498.

### Seventh Defense – Standing

9. To the extent Plaintiff and/or its predecessors-in-interest lacked ownership of any of the asserted patents and/or all substantial rights to any asserted patent at any relevant time during this lawsuit and/or at the time the patent(s) was/were assigned, Plaintiff lacks standing to bring this action. Plaintiff also lacks standing based on injury in fact because it has not alleged nor supported its allegations in a manner mandated by constitutional requirements.

### Eighth Defense – Failure to Mark or Provide Notice

10. Plaintiff's claims for damages are barred and/or limited, in whole or in part, because Plaintiff, its predecessors-in-interest, and/or its licensees failed to give notice of any products that purport to practice the patents-in-suit by marking such products or otherwise notifying Trend Micro Japan of the alleged infringement as required by 35 U.S.C. § 287.

### Reservation of Additional Defenses

11. Trend Micro Japan's investigation of the matter is ongoing. It reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state and federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated: October 31, 2022

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 07921800
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
DSBartow@duanemorris.com
DUANE MORRIS LLP
1201 North Market Street, Suite 501
Wilmington, DE 19801
Telephone: 302-657-4929
Facsimile: 302-657-4901

Gilbert A. Greene
TX Bar No. 24045976
W. Andrew Liddell
TX Bar No. 24070145
BGreene@duanemorris.com
WALiddell@duanemorris.com
DUANE MORRIS LLP
Las Cimas IV
900 S. Cap. of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: 512-277-2300
Facsimile: 512-277-2301

Holly Engelmann
TX Bar No. 24040865
HEngelmann@duanemorris.com
Duane Morris LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-257-7200
Facsimile: 214-257-7201

Joshua B. Long
jblong@duanemorris.com
Duane Morris LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166
Telephone: 713-402-3900
Facsimile: 713-402-3901

Brianna M. Vinci
bvinci@duanemorris.com
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1198
Facsimile: 215-754-4983

***ATTORNEYS FOR DEFENDANT,
TREND MICRO, INC. [JAPAN]***

3

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and the Court's orders governing this action. Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on October 31, 2022.

/s/ Melissa R. Smith