# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | §<br>§<br>§  CIVIL ACTION NO. 2:22-MD-03042-JRG<br>§<br>§<br>§ |

## ORDER

The Court issues this Order *sua sponte*. On October 17, 2022, the Court ordered that the deadline for each Defendant to file its responsive pleading under Federal Rule of Civil Procedure 12 would be due within 14 days thereof. Pursuant to Rule 12(a)(4)(A) and (i), the Court **DEFERS** a decision on any motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1)–(7) until the time of trial. This deferral applies to such motions filed before or subsequent to the entry of this Order. For purposes of clarity but not limitation, such deferral includes but is not limited to the following motions:

- Trend Micro Incorporated's ("Trend Micro") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Case No. 2:21-cv-441, Dkt. No. 21);

- Trend Micro's Motion to Dismiss Taasera Licensing LLC's ("Taasera") Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Case No. 2:21-cv-441, Dkt. No. 39);

- Defendant Check Point Software Technologies Ltd.'s ("Check Point") Motion for Partial Dismissal of Plaintiff's Complaint (Case No. 2:22-cv-63, Dkt. No. 13);

- Check Point's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Case No. 2:22-cv-63, Dkt. No. 26);

- Taasera's Motion to Dismiss Complaint for Declaratory Judgment for Lack of Subject Matter Jurisdiction, or in the Alternative, to Transfer or Stay Under the First-to-File Rule, and to Dismiss for Failure to State a Claim (Case No. 2:22-cv-303, Dkt. No. 14);

- Taasera's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Dismiss for Failure to State a Claim (Case No. 2:22-md-3042, Dkt. No. 11; Case No. 2:22-cv-314, Dkt. No. 87); and

- Quest Patent Research Corporation's ("Quest") Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, to Dismiss for Failure to State a Claim (Case No. 2:22-md-3042, Dkt. No. 14; Case No. 2:22-cv-314, Dkt. No. 89).

With regard to subsequent cases that may become a part of this multidistrict litigation proceeding (known as tag-along cases), the Court intends to impose the same deferral as to motions brought therein under Federal Rule of Civil Procedure 12(b)(1)–(7), and any movant in any such tag-along case should expect similar treatment from the Court.

**So Ordered this**
Nov 1, 2022

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE