**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-MD-03042-JRG |
| THIS DOCUMENT RELATES TO ALL CASES | § § § § | **JURY TRIAL DEMANDED** |

**SECOND AMENDED DOCKET CONTROL ORDER**

On August 3, 2022, the United States Judicial Panel on Multidistrict Litigation (the "Panel") transferred the above-captioned action to this Court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. (Dkt. No. 1).

1.    **Filings in the Master Docket by the Court.**

Case No. 2:22-md-03042-JRG is the Master Docket, governing the consolidated actions listed herein. Unless the Court directs otherwise, when a document is filed by the Court in the Master Docket, it is deemed filed and docketed in each of the individual cases set forth below:

• 2:21-cv-00441-JRG | *Taasera Licensing LLC v. Trend Micro Incorporated*

• 2:22-cv-00063-JRG | *Taasera Licensing LLC v. Check Point Software Technologies Ltd.*

• 2:22-cv-00303-JRG | *Trend Micro Inc. v. Taasera Licensing LLC*

• 2:22-cv-00314-JRG | *Palo Alto Networks, Inc. v. Taasera Licensing LLC et al.*

2.    **Filings in the Master Docket by the Parties.**

All documents must be filed in the Master Docket, Case No. 2:22-md-03042-JRG. Documents that pertain to only certain actions must also be filed in the individual cases to which the document pertains. A document that applies to all actions shall be identified in the caption by the notation, "THIS DOCUMENT RELATES TO ALL ACTIONS." A document that applies to

only certain actions shall be identified in the caption by the notation, "THIS DOCUMENT RELATES TO [CIVIL ACTION NO(S).]."

**3.      Judicial Panel on Multidistrict Litigation Rule 2.1(c):**

Admission to Practice before the Panel. An attorney who is not a member of the Eastern District of Texas but is admitted to practice and in good standing in any U.S. District Court is admitted pro hac vice in this litigation. The pro hac vice fee that applies to cases filed in this Court does not apply to this litigation. The parties may obtain local counsel but are not required to do so.

**4.      Receipt of Notices of Filings Made in the Master Docket.**

Each case transferred by the Panel or filed in the Eastern District of Texas as a tag-along action will be assigned a civil ("CV") case number in this Court. The Clerk of the Court will determine whether to add all parties/attorneys from each action to the MD case docket. To receive notice of the administrative and case management orders entered in the MD case number, attorneys should submit their request for filing privileges via PACER and ensure that their account includes the MD case number in the list of cases for which the attorney will receive Notices of Electronic Filing ("NEFs"). Attorneys eligible to practice before the Panel who do not already have e-filing privileges in this Court may submit their request as soon as they receive the NEF indicating that the relevant case has been received from the transferor district. Please select "MDL" when submitting the request via PACER, and if offered the opportunity, provide the case number assigned in this district.

**5.      Consolidation.**

The civil actions governed by this Order are consolidated for pretrial purposes. Any related or tag-along actions transferred to this Court or filed in this District will be automatically consolidated with this action without the need for future motions or orders. To facilitate

consolidation, all parties to this multidistrict litigation ("MDL") must notify the Panel of any related or tag-along actions of which they are or become aware. See Rules of the Judicial Panel on Multidistrict Litigation, Rules 7.1, 7.2.

**6.      Filing.**

Each attorney of record must become an Eastern District of Texas ECF user with a user ID and password. If counsel has not already done so, counsel must register immediately and be issued a user ID and password. Forms and instructions can be found on the Court's website at https://www.txed.uscourts.gov/?q=multidistrict-litigation-mdl-cases.

**7.      Appearances.**

All participation by counsel shall be in person unless an alternative is approved in advance by the Court.

**8.      Pending Motions.**

All pending motions must be renoticed once the Court sets a schedule for such motions.

**9.      Scheduling Conference.**

Any prior docket control, discovery, or protective order entered in any individual case will be superseded by an MDL docket control, discovery, and protective order entered herein. The parties should meet and confer and submit jointly proposed orders of this type for the Court's consideration. Any area within such jointly submitted proposed orders where the parties disagree should contain each disparate proposal identifying which party (or parties) suggest each different matter after which the Court will consider the same and enter an appropriate order.

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| Original Date | Amended Date | Event |
|---|---|---|
| February 5, 2024 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas**[1] |
| 7 days before Jury Selection | | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses.[2] |
| 10 days before Jury Selection | | *Plaintiff to disclose final election of Asserted Claims.[3] |
| January 17, 2024 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| January 2, 2024 | | *If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[4] |
| January 2, 2024 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*.  The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| January 2, 2024 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |

[1] This date applies to only cases originally filed in the Eastern District of Texas.

[2] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

[3] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[4] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.* This applies to only cases originally filed in the Eastern District of Texas.

| Original Date | Amended Date | Event |
|---|---|---|
| January 2, 2024 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| December 18, 2023 | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| December 18, 2023 | | Serve Objections to Rebuttal Pretrial Disclosures |
| December 11, 2023 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| November 27, 2023 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| November 13, 2023 | | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[5] Motions for Summary Judgment shall comply with Local Rule CV-56. |

[5] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| Original Date | Amended Date | Event |
|---|---|---|
| October 30, 2023 | | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| October 30, 2023 | | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| October 23, 2023 | | Deadline to Complete Expert Discovery |
| October 10, 2023 | | Serve Disclosures for Rebuttal Expert Witnesses |
| September 18, 2023 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| September 18, 2023 | | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| September 6, 2023 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| August 16, 2023 | | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| August 2, 2023 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| July 26, 2023 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| July 19, 2023 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |

| Original Date | Amended Date | Event |
|---|---|---|
| July 5, 2023 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| July 5, 2023 | | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| June 21, 2023 | | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| June 14, 2023 | | File Response to Amended Pleadings |
| May 31, 2023 | | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| May 24, 2023 | | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| May 3, 2023 | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| April 12, 2023 | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| December 2, 2022 | | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions[6] |

---

[6]  http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX%20Standing%20Order%20Re%20Subject%20Matter%20Eligibility%20Contentions%20.pdf [https://perma.cc/RQN2-YU5P]

| Original Date | Amended Date | Event |
|---|---|---|
| December 2, 2022 | | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| November 14, 2022 | | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| November 4, 2022 | November 11, 2022 | *File Proposed Discovery Order<br><br>The Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| November 4, 2022 | | Join Additional Parties |

**(\*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

## ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:**  For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  These copies shall be delivered to the Court within three (3) business days after briefing has completed.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court.  Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:**  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:**  The parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel. The true lead counsel should be designated early and should not expect to parachute in as lead once the case has been largely developed.

**Motions for Continuance:**  The following will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):**  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO:**  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. The contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause.

**Trial**: All parties must appear in person at trial. All non-individual (including but not limited to corporate) parties must appear at trial through the presence in person of a designated representative. Once they have appeared, any representative of a non-individual party shall not be replaced or substituted without express leave of Court.