# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| In re: TAASERA LICENSING LLC Patent Litigation § § § | Civil Action No. 2:22-MD-03042-JRG |
| § | This document relates to Civil Action No. |
| TAASERA LICENSING, LLC, § | 2:21-CV-00441-JRG-RSP |
| § | |
| Plaintiff, § | **JURY TRIAL DEMANDED** |
| § | |
| v. § | |
| § | |
| TREND MICRO, INC. (JAPAN), § | |
| § | |
| Defendant. § | |

**DEFENDANT TREND MICRO (JAPAN) INC.'S
REPLY IN SUPPORT OF ITS MOTION TO TRANSFER
PURSUANT TO 28 U.S.C. § 1404(a) FOR TRIAL**

DM2\16754181.6

After months of obfuscation, Plaintiff finally admitted during the pendency of this briefing what Defendant Trend Micro Japan had long suspected:  Plaintiff's infringement allegations are based squarely on the acts of non-party Trend Micro Inc. (U.S.), a California corporation that by Plaintiff's own concession was deliberately omitted from this action as a defendant.  For months, Plaintiff disavowed making any threats or claims against Trend Micro U.S., repeatedly taking the position that its allegations in this action related "only" to the conduct of Trend Micro Japan.[1]  However, in its Sur-Reply to Trend Micro Japan's renewed motion to dismiss (Dkt. 16), filed October 28, 2022, Plaintiff now asserts that "subsidiaries" of Defendant (*i.e.*, Trend Micro U.S.) have committed acts constituting direct infringement of the patents-in-suit.[2]  Further, on October 31, 2022, Taasera filed infringement counterclaims against Trend Micro U.S. in the parallel action in the Northern District of Texas.  Plaintiff's allegations of direct infringement against Trend Micro U.S. are identical to those made against Trend Micro Japan,[3] further confirming that Plaintiff's allegations are substantially based on acts of non-party Trend Micro U.S.

Plaintiff's belated admission that Trend Micro U.S. is relevant to its infringement claims against Trend Micro Japan only reinforces why the § 1404(a) transfer factors favor the Northern District of Texas as the clearly more convenient venue.  Moreover, Plaintiff's application of *Volkswagen I* and *II* is incorrect, as Plaintiff ignores the 100-mile rule, improperly relies on post-

---

[1] *See, e.g.,* "Taasera's allegations [] are directed at Trend Micro Japan, **not** Trend Micro [U.S.]" (Case No. 3:22-cv-518, Dkt. 14, at 1), "Taasera has **never threatened suit** against Trend Micro [U.S.], **nor has it ever expressed intent to enforce** its patents against Trend Micro," (*id*.); "Taasera's complaint **does not specifically name** Trend Micro [U.S.], **nor does it imply that Taasera will even threaten** suit . . . ." (*id.* at 5); "Trend Micro [U.S.] is not identified by name in the complaint in [this action] . . .  [t]he complaint explicitly **identifies Trend Micro Japan as the direct and indirect infringer**" (Case No. 3:22-cv-518, Dkt. 25, at 3); "the direct infringement claims in the [First Amended Complaint] **clearly accuse only Trend Micro Japan**."  (Case No. 2:21-cv-441, Dkt. 43, at 7) (emphases added).
[2] *See* Taasera's Sur-Reply in Opposition to Defendant Trend Micro [Japan] Incorporated's Motion to Dismiss Taasera Licensing LLC's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Civ. No. 2:22-md-03042-JRG, Dkt. 16, at 4 (E.D. Tex., Oct. 28, 2022).
[3] *Compare* Taasera's Amended Complaint at ¶¶ 17–150 with Taasera's Counterclaims at ¶¶ 17–150.

filing efforts by Plaintiff to manufacture a presence in this District, and engages in unfounded speculation as to the location of relevant documents and witnesses.

A.   **The *Volkswagen I* Factors Weigh Strongly in Favor of Transfer.**

Notwithstanding Plaintiff's suggestion otherwise, a plaintiff's choice of venue is not a factor in the § 1404(a) transfer analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) ("*Volkswagen II*"). In view of Plaintiff's new allegations concerning Trend Micro U.S. and Trend Micro Japan, two private-interest factors and one public-interest factor favor transfer even more strongly. *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*").

*Willing witnesses.* The convenience of and cost of attendance for willing witnesses is the single most important factor in the transfer analysis. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021). Witnesses employed by non-party Trend Micro U.S. work in Irving, Texas, within the Northern District of Texas, including: Micheal Gibson, SVP, Global Customer Success & Services, who has knowledge concerning the operation of the accused Deep Discovery and Vision One products; Erika Knapman, North America Director of FP&A (Financial Planning and Analysis), who oversees the finance and accounting functions concerning Trend Micro U.S.'s customers in North America; and Bryan Webster, VP of Product Management, who is knowledgeable about the functionality and operation of the accused products. *See* Ex. 1, Gibson Decl., ¶¶ 2, 9–12. If this case were tried in Dallas rather than Marshall, these Trend Micro U.S. employees and similar witnesses could commute from their homes near Irving to the Dallas courthouse to testify, rather than traveling more than 150 miles to Marshall and staying overnight. *Id*. at ¶ 15. This factor clearly favors transfer. *See Volkwagen II*, 545 F.3d at 317.

*Ease of access to sources of proof.* A second private-interest factor is the "relative ease of access to sources of proof." *In re Juniper Networks, Inc.*, 14 F.4th at 1316. Ordinarily, because the bulk of relevant evidence comes from the accused infringer, the place where the defendant's

documents are kept weighs in favor of transfer to that location. *In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020). Here, taking Plaintiff's new infringement allegations at face value, much of the evidence relates to Trend Micro U.S. Ease of access to this information in the Northern District of Texas relative to the Eastern District of Texas *must* be considered. *See In re Juniper Networks, Inc.*, 14 F.4th at 1322.

Trend Micro U.S. maintains documents from its marketing, sales, and finance departments that concern the accused products in its Irving office in the Northern District. Gibson Decl. at ¶ 9. For example, documents relevant to customer support of Trend Micro U.S.'s customers in the United States (*id*. at ¶ 10), documents relevant to sales of and revenues for accused products in the United States (*id*. at ¶ 11), and documents concerning the functionality and operation of the accused products (*id*. at ¶ 12), are all kept in Irving. Plaintiff identifies no documents kept in this District at the time this suit was filed. *See In re Google LLC*, 949 F.3d 1338, 1340, n.1 (Fed. Cir. 2020) (noting circuit split: venue determination is based on facts existing either (A) when the cause of action accrues, or (B) when the original complaint is filed, but not later).

That other sources of proof relevant to Trend Micro Japan's operations are located in Tokyo, Japan, and that R&D documents are located in Taipei, Taiwan, neither favors or disfavors transfer. *See In re Juniper Networks, Inc.*, 14 F.4th at 1322 (only relative ease of access between competing forums is to be considered). On balance, this factor also clearly favors transfer.

*Local interest.* This public-interest factor concerns the "significant connections between a particular venue and the events that gave rise to a suit." *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010); *see also In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020); *Volkswagen II*, 545 F.3d at 318 (explaining that this factor pertains to a forum's "connections with the events that gave rise to th[e] suit"); *In re HP Inc.*, 826 Fed. Appx. 899, 901,

3

903–04 (Fed. Cir. Sept. 15, 2020) (district court correctly recognized that local interest factor favored transfer because development of accused products occurred in transferee district).

Trend Micro U.S. employs approximately 380 people in Irving, including many employees involved in threat research, finance, customer support, order management, commercial sales and marketing, and human resources. Gibson Decl. at ¶ 9. Trend Micro U.S.'s sales, marketing, and customer support activities that occurred in Irving are implicated based on Plaintiff's stated theories of direct and indirect infringement. Accordingly, the Northern District of Texas has a local interest in this case, while this District has none. This factor thus favors transfer.

### B. Plaintiff's Application of the *Volkswagen I* Factors is Wrong.

The Northern District of Texas is the clearly more convenient forum for this action.

***Plaintiff is brand-new here.*** Plaintiff's ties to the Eastern District of Texas are "recent, ephemeral, and an artifact of litigation." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010). Messrs. Jon and Tim Scahill became managers of Plaintiff shortly after the company incorporated in May 2021, mere months before the filing of this lawsuit. *See* T. Scahill Decl., [Civ. No. 2:22-md-03042-JRG, Dkt. 22-2]; J. Scahill Decl., [Civ. No. 2:22-md-03042-JRG, Dkt. 22-3]. Neither of the Scahills lives or works in the Eastern District, nor did they identify any employee of Plaintiff who does. *See id*. Each of the Scahills makes the identical assertion that "Marshall, Texas is a more convenient location than the Northern District of Texas, especially because I would be able to work in the Taasera Plano office during trial." T. Scahill Decl. at ¶ 5; J. Scahill Decl. at ¶ 3. These identical assertions are manifestly wrong. Plano is less than 20 miles from the Dallas courthouse, and about 160 miles from the Marshall courthouse. Under the 100-mile rule, it would be clearly more convenient for the Scahills to attend trial in Dallas as opposed to Marshall while working from Plano. *See Volkswagen II*, 545 F.3d at 317.

***Where is Plaintiff's place of business?*** Plaintiff also does not seem to know where its principal place of business is located. Sometime between April 14, 2022, and June 10, 2022, Plaintiff supposedly moved the location of its principal place of business from its lawyer's office in Marshall to 101 East Park Boulevard, Plano, TX 75074. *See* Opening Br. [Civ. No. 21-cv-00441-JRG, Dkt. 45 at 2, n. 1]. However, two months after the move, on August 19, 2022, Plaintiff was still identifying its principal place of business in court filings as 100 West Houston Street, Marshall, Texas 75670, the office of its East Texas litigation counsel Truelove Law Firm. *See* Amended Complaint [Civ. No. 21-cv-00441-JRG, Dkt. 33 at ¶ 1]. In this light, Mr. Tim Scahill's bare assertion that "Taasera's documents, including documents related to the Asserted Patents, contracts, and development activities are located in the Eastern District of Texas" is not credible, given that he fails to state where in the District these documents are purportedly kept.

***IBM is irrelevant.*** There is no evidence that any patented technology was developed at any IBM location in Texas, whether in this District or elsewhere. Plaintiff speculates about the need to compel any Texas-based IBM witnesses to testify, which the Court should not credit.

***Plaintiff misleads as to the prior art inventors.*** Whereas Trend Micro Japan researched[4] the current residence of the named inventors, Plaintiff relies only on information shown on the faces of years-old patents to assert that nine prior art inventors reside in the Eastern District. Based on research, six of the nine inventors no longer live there.[5] But even assuming that the residency information on the face of each patent was correct, these nine inventors are located no farther than 32 miles from the Dallas courthouse and no closer than 156 miles to Marshall,[6] so again the 100-mile rule favors transfer to the Northern District. *Volkswagen II*, 545 F.3d at 317.

---

[4] *See* Engelmann Decl. at ¶ 11 [Civ. No. 2:21-cv-00441, Dkt. 45-2].
[5] *See* Ex. 2, Liddell Decl. at ¶¶ 3–11.
[6] *See* Ex. 2, Liddell Decl. at ¶¶ 12–16.

Dated: November 7, 2022

Respectfully submitted,

By: /s/ *Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 07921800
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
DSBartow@duanemorris.com
DUANE MORRIS LLP
1201 North Market Street, Suite 501
Wilmington, DE 19801
Telephone: 302-657-4929
Facsimile: 302-657-4901

Gilbert A. Greene
TX Bar No. 24045976
W. Andrew Liddell
TX Bar No. 24070145
BGreene@duanemorris.com
WALiddell@duanemorris.com
DUANE MORRIS LLP
Las Cimas IV
900 S. Cap. of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: 512-277-2300
Facsimile: 512-277-2301

Holly Engelmann
TX Bar No. 24040865
HEngelmann@duanemorris.com
Duane Morris LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-257-7200
Facsimile: 214-257-7201

Joshua B. Long
jblong@duanemorris.com
Duane Morris LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166
Telephone: 713-402-3900
Facsimile: 713-402-3901

Brianna M. Vinci
bvinci@duanemorris.com
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1198
Facsimile: 215-754-4983

***ATTORNEYS FOR DEFENDANT,
TREND MICRO (Japan), INC.***

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on November 7, 2022.

/s/ Melissa R. Smith