# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | § | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § | CIVIL ACTION NO. 2:22-MD-03042-JRG |
| | § | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:21-CV-00441-JRG-RSP | § § § | |

**PLAINTIFF TAASERA LICENSING LLC'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT TREND MICRO (JAPAN) INC.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) FOR TRIAL (DKT. 45)**

Trend Micro does not dispute that this Motion is premature and that the transfer analysis would be more timely conducted at the close of the pretrial process. Trend Micro completely ignores the nature of this action, purposely avoiding any discussion in its Reply regarding how the MDL alters the transfer analysis. For instance, Trend Micro fails to address the primary issue with transfer for trial only, which was raised in Taasera's Opposition—that any potential convenience gained by transfer is clearly outweighed by the loss of judicial economy.

On Reply, Trend Micro incorrectly alleges that Taasera's "infringement allegations are based squarely on the acts of non-party Trend Micro Inc. (U.S.)." Dkt. 56 ("Reply") at 1. Trend Micro was accused of inducing third-party "subsidiaries, customers, and end-users" to infringe the Asserted Patents in the original complaint. Nothing has changed. Trend Micro U.S. is not mentioned in Taasera's original or Amended Complaint, nor is it specifically mentioned in Taasera's sur-reply to Trend Micro's motion to dismiss (Dkt. 50 at 4). Regarding the counterclaims asserted against Trend Micro U.S. in its declaratory judgment action, the infringement claims would necessarily be the same as the Patents-in-Suit and Accused Products are identical. The counterclaims for infringement against Trend Micro U.S. only alter the transfer analysis by increasing the benefits of judicial economy here, as Trend Micro U.S. is a party to the MDL. Otherwise, Trend Micro's Motion already relied solely on third-party Trend Micro U.S.'s alleged proof, witnesses, and contacts to the N.D. Tex., which has not changed.

### A. Ease of Access to Sources of Proof Does Not Favor Transfer

All documents identified by third-party Trend Micro U.S.'s declarant that are allegedly in the N.D. Texas will be produced during discovery in this District. *See* Dkt. 56-1, ¶¶ 9-12. As such, this factor is moot in view of the MDL proceedings, and Trend Micro does not argue otherwise on Reply. *Proven Networks, LLC. v. Netapp, Inc.*, W-20-CV-00369-ADA, 2021 WL 4875404, at *2 (W.D. Tex. Oct. 19, 2021) ("this factor is moot given the nature of the MDL proceedings.")

Trend Micro conflates the counterclaim infringement allegations in the declaratory judgment action filed by Trend Micro U.S. with the infringement allegations against Trend Micro in this case. Reply at 3. Thus, even if this factor is not moot, the documents identified for the first time on Reply related to third-party Trend Micro U.S.'s customer support are not shown by Defendant to be relevant to Trend Micro's infringement or financials in this case. Dkt. 56-1, ¶ 10. Trend Micro U.S. claims that documents relevant to sales and functionality are maintained in Irving, Texas, as well as "other offices associated with the Trend Micro group of companies, including in San Jose, California; Ottawa, Ontario, Canada; and Taipei, Taiwan." *Id.*, ¶¶ 11-13. Trend Micro fails to identify specifically what documents are located in Texas, rather than California, Canada, and Taiwan, leaving the Court to speculate as to what information is in the transferee district and whether it is relevant to trial.

Taasera's sources of proof are in this District. Trend Micro attempts to diminish the importance of Taasera's documents located in this District with a baseless and unsupported assertion that they were not in this District at the time of filing. Reply at 3. This is false, and Trend Micro likewise failed to show that any of its specific sources of proof, which were identified for the first-time last week in the third-party Trend Micro U.S. declaration, were located in the N.D. Tex. at the time of filing. *See* Dkt. 56-1, ¶¶ 9-13.

### B. Cost of Attendance for Willing Witnesses Does Not Favor Transfer

Trend Micro, for the first time on Reply, identifies names of specific witnesses. *Id.*, ¶¶ 10-12. However, each of the three witnesses identified are third-party witnesses of a U.S. subsidiary. *Id.* Trend Micro U.S.'s declaration fails to make clear what knowledge relevant to Defendant Trend Micro these individuals possess, or if they are willing to testify. Michael Gibson leads customer support for Trend Micro U.S., not Trend Micro. *Id.*, ¶ 10. Erika Knapman oversees finance and accounting for Trend Micro U.S., not Trend Micro. *Id.*, ¶ 11. Bryan Webster merely maintains

2

documents at Trend Micro U.S. and is not even alleged to possess relevant knowledge. *Id.*, ¶ 12. Each of these newly identified witnesses are not alleged to possess the knowledge necessary for a "persuasive showing that they would be likely trial witnesses." *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*, No. 2:15-CV-01702-RWS-RSP, 2017 WL 1109865, at *3 (E.D. Tex. Mar. 24, 2017). Trend Micro does not even state that it intends to call these witnesses to testify at trial because, as Trend Micro previously stated (and fails to dispute on Reply), its trial witnesses are located in "Tokyo or Taipei." *In re: Taasera Licensing, LLC, Patent Litigation*, MDL No. 3042, Dkt. 1-1 at 17.

Regarding Taasera's witnesses, Trend Micro asserts that under the 100-mile rule it would be more convenient for them to testify in the N.D. Tex. Reply at 4. Trend Micro's argument is flawed, as both Tim Scahill and Jon Scahill have stated that Marshall is more convenient and that they would prefer to testify in Marshall. Dkt. 51-2, ¶ 5; Dkt. 51-3, ¶ 3.

Trend Micro fails to show that this factor clearly favors transfer.

    **C.**  **Availability of Compulsory Process Does Not Favor Transfer**

Trend Micro provides no excuse for blatantly misleading the Court when it stated that "[t]here are no known potential prior art witnesses in this District." Mot. at 9. Trend Micro now admits that it believes some of the inventors identified on its prior art patents currently reside in this District. Reply at 5. Trend Micro claims, "based on research," that a portion of the nine prior art inventors identified as residing in this District on the face of the prior art references have since moved out of the E.D. Tex. *Id*. But, Trend Micro fails to provide the "research" or the "Locate Report" referenced in the Engelmann Declaration proving any of the inventors have moved. Trend Micro's argument that this factor favors transfer because some witnesses are within 100 miles of the N.D. Tex. is not compelling, as "[b]oth the E.D. Tex. and the N.D. [Tex.] [] may instruct these witnesses to attend and subject them to being deposed." *Nexus Display Techs. LLC v. Dell, Inc.*,

3

No. 2:14-CV-762, 2015 WL 5043069, at *4 (E.D. Tex. Aug. 25, 2015) citing Fed. R. Civ. P. 45(a)(2) and 45(c)(1)(A). Absent clear information regarding the current whereabouts of the prior art witnesses, Trend Micro has not met its burden to show that the N.D. Tex. is "clearly more convenient."

### D.  Local Interests Do Not Favor Transfer

Trend Micro does not dispute that it lacks any connection to the N.D. Tex. that could support a local interest. Rather, it asserts that third-party Trend Micro U.S. has employees there, and that Trend Micro U.S.'s "activities that occurred in Irving are implicated." Reply at 4. Trend Micro again conflates allegations in this action with the allegations in the declaratory judgment action filed by Trend Micro U.S., as it fails to identify individuals whose reputations are implicated by *this* action and how they are implicated. Trend Micro has thus failed to show that the N.D. Tex. has a local interest in deciding this action. *Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-CV-00025-JRG, 2019 WL 6344470, at *4 (E.D. Tex. Nov. 27, 2019) ("The Court does not find that a defendant's assertion of the un-alleged conduct of a non-party is sufficient to create a local interest in the actual dispute alleged.").

### E.  Judicial Economy Heavily Favors the E.D. TEX.

Trend Micro fails to dispute on Reply that this factor weighs heavily against transfer in view of the MDL. All pretrial proceedings will occur in this Court, including claim construction, *Daubert* motions, motions to strike expert testimony, motions for summary judgment, pretrial disclosures, and motions in *limine*. Thus, the Court will be intimately familiar with the parties, evidence, and issues relevant to this case. The minimal convenience that would be gained by transfer, if any at all, is heavily outweighed by the benefits of judicial economy in this Court retaining the case.

## F. CONCLUSION

None of the private or public interest factors weigh in favor of transfer. Accordingly, Trend Micro fails to demonstrate that the N.D. Tex. is clearly more convenient, and that transfer is warranted. Taasera requests that the Court deny Trend Micro's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) for Trial in its entirety.

Dated: November 14, 2022

Respectfully submitted,

 /s/ Alfred R. Fabricant 
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, a true and correct copy of the above and foregoing document has been served via the Court's ECF on all counsel of record.

<i>/s/ Alfred R. Fabricant</i><br>
Alfred R. Fabricant