# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| In re: TAASERA LICENSING LLC Patent Litigation § § § § § TREND MICRO, INC. (U.S.), § § Plaintiff, § § v. § § TAASERA LICENSING, LLC, § § Defendant. § | Civil Action No. 2:22-MD-03042-JRG<br><br>This document relates to Civil Action No. 2:22-CV-00303-JRG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF TREND MICRO, INC. (U.S.)'S ANSWER TO DEFENDANT TAASERA LICENSING, LLC'S COUNTERCLAIMS

Plaintiff Trend Micro, Inc. (U.S.) ("Plaintiff" or "Trend Micro U.S.") answers Defendant/Counterclaim Plaintiff Taasera Licensing, LLC's ("Defendant" or "Taasera") Counterclaims (the "Counterclaims") against Plaintiff as follows:

## THE PARTIES

1. Trend Micro U.S. is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Counterclaims, and therefore denies them.

2. Trend Micro U.S. admits that it is a corporation organized under the laws of California, with its principal place of business at 225 East John Carpenter Freeway, Irving, Texas 75062. Trend Micro U.S. denies all other allegations in paragraph 2.

## JURISDICTION

3. To the extent that the allegations of paragraph 3 of the Counterclaims set forth legal conclusions, no response is required. Trend Micro U.S. admits that the Counterclaims purport to state a claim for patent infringement under Title 35 of the United States Code. Trend Micro U.S.

specifically denies Defendant's contention that there is no subject matter jurisdiction over this action. Trend Micro U.S. denies all other allegations in paragraph 3.

4. To the extent that the allegations of paragraph 4 of the Counterclaims set forth legal conclusions, no response is required. Trend Micro U.S. does not contest that it is subject to personal jurisdiction in this District, solely for purposes of this action. Trend Micro U.S. denies all other allegations in paragraph 4.

5. To the extent that the allegations of paragraph 5 of the Counterclaims set forth legal conclusions, no response is required. Trend Micro U.S. does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c). However, Trend Micro U.S. denies that this District is convenient for the parties and witnesses in this action or that proceeding in this District is in the interest of justice. Trend Micro U.S. denies all other allegations in paragraph 5.

6. To the extent that the allegations of paragraph 6 of the Counterclaims set forth legal conclusions, no response is required. Trend Micro U.S. does not contest that it is subject to personal jurisdiction in this District, solely for purposes of this action. Trend Micro U.S. denies all other allegations in paragraph 6.

## PATENTS-IN-SUIT

7. Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 7.

8. Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 8.

9. Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 9.

10. Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 10.

11.     Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 11.

12.     Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 12.

13.     Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 13.

14.     Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 14.

15.     Denied. The URL redirects to a landing page. Trend Micro U.S. denies all other allegations in paragraph 15.

16.     Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph regarding ownership and in that basis denies them. Trend Micro U.S. denies all other allegations in paragraph 16.

## FACTUAL ALLEGATIONS

17.     Trend Micro U.S. admits that the Patents-in-Suit purport to cover systems and methods for network security systems. Trend Micro U.S. denies all other allegations on paragraph 17.

18.     Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaims and on that basis denies them.

19.     Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaims and on that basis denies them.

20.     Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Counterclaims and on that basis denies them.

21.     Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Counterclaims and on that basis denies them.

22. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Counterclaims and on that basis denies them.

23. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Counterclaims and on that basis denies them.

24. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Counterclaims and on that basis denies them.

25. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Counterclaims and on that basis denies them.

26. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Counterclaims and on that basis denies them.

27. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Counterclaims and on that basis denies them.

28. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Counterclaims and on that basis denies them.

29. Denied.

30. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Counterclaims and on that basis denies them.

31. Trend Micro U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Counterclaims and on that basis denies them.

## COUNT I

### (Alleged Infringement of the '796 Patent)

32. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–31 of the Counterclaims as if fully set forth herein.

33. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '796 patent. Denied as to any other allegations in paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT II

### (Alleged Infringement of the '137 Patent)

43. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–42 of the Counterclaims as if fully set forth herein.

44. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '137 patent. Denied as to any other allegations in paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT III

### (Alleged Infringement of the '441 Patent)

54. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–53 of the Counterclaims as if fully set forth herein.

55. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '441 patent. Denied as to any other allegations in paragraph 55.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT IV

### (Alleged Infringement of the '038 Patent)

65. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–64 of the Counterclaims as if fully set forth herein.

66. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '038 patent. Denied as to any other allegations in paragraph 66.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT IV

### (Alleged Infringement of the '948 Patent)

80. Trend Micro U.S. incorporates by references its responses to Paragraphs 1–79 of the Counterclaims as if fully set forth herein.

81. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '948 patent. Denied as to any other allegations in paragraph 81.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT IV

### (Alleged Infringement of the '616 Patent)

93. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–92 of the Counterclaims as if fully set forth herein.

94. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '616 patent. Denied as to any other allegations in paragraph 94.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

## COUNT VII

### (Alleged Infringement of the '997 Patent)

109. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–108 of the Counterclaims as if fully set forth herein.

110. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '997 patent. Denied as to any other allegations in paragraph 110.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## COUNT VIII

### (Alleged Infringement of the '918 Patent)

124. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–123 of the Counterclaims as if fully set forth herein.

125. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '918 patent. Denied as to any other allegations in paragraph 125.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## COUNT IX

**(Alleged Infringement of the '517 Patent)**

138. Trend Micro U.S. incorporates by reference its responses to Paragraphs 1–137 of the Counterclaims as if fully set forth herein.

139. Admitted that there are no licenses between Taasera Licensing or TaaSera, Inc. and Trend Micro U.S. regarding the '517 patent. Denied as to any other allegations in paragraph 139.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

## DEMAND FOR JURY TRIAL

150. Trend Micro U.S. acknowledges Taasera's demand for a jury trial and demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Trend Micro U.S. denies that Taasera is entitled to any relief whatsoever from Trend Micro U.S., whether sought in the Prayer for Relief or otherwise. Trend Micro U.S. also denies that Taasera has any valid claim pursuant to 35 U.S.C. § 271, et seq., and denies that it has violated any of the patent laws of the United States with respect to the patents-in-suit. Taasera's Prayer for Relief should therefore be denied in its entirety and with prejudice, and Taasera should take nothing from Trend Micro U.S.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Trend Micro U.S. alleges and asserts the following defenses and affirmative defenses in response to the allegations in the Counterclaims. Trend Micro U.S. undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Trend Micro U.S. reserves all rights to amend or supplement these defenses as additional facts become known.

### First Defense – Non-Infringement

1.	Trend Micro U.S. has not infringed, directly, jointly, contributorily, or by inducement, any valid or enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271, *et seq*.

### Second Defense – Invalidity/Ineligibility

2.	At least the asserted claims of the patents-in-suit are invalid, unenforceable, or ineligible for patenting under one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity and ineligibility.

### Third Defense – Failure to State a Claim

3.	Counterclaim Plaintiff has failed to plead its claims with specificity or factual support to place Trend Micro U.S. on notice of the claims Counterclaim Plaintiff is asserting against it, such that Counterclaim Plaintiff has failed to state a claim upon which relief can be granted.

4.	Counterclaim Plaintiff has failed to state a claim upon which relief can be granted for infringement under 35 U.S.C. § 271(b) for failing to plausibly allege facts sufficient to identify or show: (a) a direct infringer for any claim of alleged indirect infringement of the patents-in-suit by Trend Micro U.S., (b) and pre-suit factual basis that Trend Micro U.S. had actual knowledge or was willfully blind to the Patents-in-Suit or Trend Micro U.S.'s alleged infringement, and (c) that Trend Micro U.S. had specific intent to induce infringement of the Patents-in-Suit.

5.	Counterclaim Plaintiff has failed to state a claim upon which relief can be granted for infringement under 35 U.S.C. § 271(c) for failing to plausibly allege facts sufficient to identify or show: (a) a direct infringer for any claim of indirect infringement of the Patents-in-Suit by Trend

Micro U.S., (b) any pre-suit factual basis that Trend Micro U.S. had actual knowledge or was willfully blind to the Patents-in-Suit or Trend Micro U.S.'s alleged infringement, and (c) that any component(s) allegedly supplied by Trend Micro U.S. are especially made or especially adapted for use in the Patents-in-Suit and are not staple articles of commerce suitable for substantial non-infringing use.

### Fourth Defense – Limitations on Damages and Costs

6. Counterclaim Plaintiff's claims for damages and/or costs are limited under the statutory limitations on damages and/or costs set forth in 35 U.S.C. §§ 286, 287 and/or 288.

### Fifth Defense – Prosecution History Estoppel and Disclaimer

7. Counterclaim Plaintiff's claims are barred by the doctrine of prosecution history estoppel and prosecution disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during the prosecution of the patents-in-suit and other patents that also claim priority to the same parent applications.

### Sixth Defense – 28 U.S.C. § 1498

8. To the extent that any accused products have been used or manufactured by or for the United States Government, Counterclaim Plaintiff's claims and requests for relief are barred by or subject to limitations pursuant to 28 U.S.C. § 1498.

### Seventh Defense – Standing

9. To the extent Counterclaim Plaintiff and/or its predecessors-in-interest lacked ownership of any of the asserted patents and/or all substantial rights to any asserted patent at any relevant time during this lawsuit and/or at the time the patent(s) was/were assigned, Counterclaim Plaintiff lacks standing to bring this action.  Counterclaim Plaintiff also lacks standing based on injury in fact because it has not alleged nor supported its allegations in a manner mandated by constitutional requirements.

### Eighth Defense – Failure to Mark or Provide Notice

10. Counterclaim Plaintiff's claims for damages are barred and/or limited, in whole or in part, because Counterclaim Plaintiff, its predecessors-in-interest, and/or its licensees failed to give notice of any products that purport to practice the patents-in-suit by marking such products or otherwise notifying Trend Micro U.S. of the alleged infringement as required by 35 U.S.C. § 287.

### Reservation of Additional Defenses

11. Trend Micro U.S.'s investigation of the matter is ongoing. It reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state and federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

| | |
|---|---|
| Dated: November 21, 2022 | Respectfully submitted, |
| | By: */s/ Melissa R. Smith* |
| | Melissa R. Smith<br>Texas State Bar No. 07921800<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257 |
| D. Stuart Bartow<br>DSBartow@duanemorris.com<br>DUANE MORRIS LLP<br>1201 North Market Street, Suite 501<br>Wilmington, DE 19801<br>Telephone: 302-657-4929<br>Facsimile: 302-657-4901 | Joshua B. Long<br>jblong@duanemorris.com<br>Duane Morris LLP<br>1330 Post Oak Boulevard, Suite 800<br>Houston, TX 77056-3166<br>Telephone: 713-402-3900<br>Facsimile: 713-402-3901 |
| Gilbert A. Greene<br>TX Bar No. 24045976<br>W. Andrew Liddell<br>TX Bar No. 24070145<br>BGreene@duanemorris.com<br>WALiddell@duanemorris.com<br>DUANE MORRIS LLP<br>Las Cimas IV<br>900 S. Cap. of Texas Hwy, Suite 300<br>Austin, TX 78746-5435<br>Telephone: 512-277-2300<br>Facsimile: 512-277-2301 | Brianna M. Vinci<br>bvinci@duanemorris.com<br>Duane Morris LLP<br>30 S. 17th Street<br>Philadelphia, PA 19103<br>Telephone: 215-979-1198<br>Facsimile: 215-754-4983 |
| Holly Engelmann<br>TX Bar No. 24040865<br>HEngelmann@duanemorris.com<br>Duane Morris LLP<br>100 Crescent Court, Suite 1200<br>Dallas, TX 75201<br>Telephone: 214-257-7200<br>Facsimile: 214-257-7201 | |
| | ***ATTORNEYS FOR TREND MICRO (U.S.), INC.*** |

15

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on November 21, 2022.

                                                         */s/ Melissa R. Smith*

DM2\16806979.3