# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE TAASERA LICENSING LLC, Patent Litigation | Case No. 2:22-md-03042-JRG |
| | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:22-cv-00314-JRG | |
| | |
| PALO ALTO NETWORKS, INC., | Case No. 2:22-cv-00314-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| TAASERA LICENSING LLC, and QUEST PATENT RESEARCH CORPORATION, | |
| Defendants. | |

## PLAINTIFF PALO ALTO NETWORK INC.'S ANSWER TO DEFENDANT TAASERA'S COUNTERCLAIMS

Plaintiff Palo Alto Networks, Inc. ("PAN" or "Plaintiff") hereby responds to the Counterclaims of Defendant Taasera Licensing LLC ("Taasera Licensing" or "Defendant"). PAN denies the allegations and characterizations in Taasera Licensing's Counterclaims, unless expressly admitted in the following paragraphs. PAN's specific responses to the numbered allegations of Taasera Licensing's Counterclaims are in the numbered paragraphs below as follows.

### THE PARTIES

1.      On information and belief, PAN admits that Taasera Licensing is a limited liability company organized and existing under the laws of the State of Texas.  PAN lacks sufficient

1

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies those allegations.

2.      Admitted.

**JURISDICTION**

3.      This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN admits that Taasera Licensing purports to counterclaim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq, but denies that Taasera Licensing is entitled to any such relief.  PAN denies any remaining allegations in Paragraph 3.

4.      This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN admits that it conducts business from its office located at 3901 North Dallas Parkway, Plano, Texas 75093.  PAN denies any remaining allegations in Paragraph 4.

5.      This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 5.

6.      This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 6.

**PATENTS-IN-SUIT**

7.      PAN admits that Exhibit A to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 6,842,796 ("the '796 Patent"), which indicates on its face an issue date of January 11, 2005.  PAN further admits that the '796 Patent is titled "Information Extraction from Documents with Regular Expression Matching."  PAN denies that the '796 Patent was duly and legally issued.  PAN denies the remaining allegations in Paragraph 7.

8.      PAN admits that Exhibit B to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 7,673,137 ("the '137 Patent"), which indicates on its face an issue date of March 2, 2010.  PAN further admits that the '137 Patent is titled "System and Method for the Managed Security Control of Processes on a Computer System."  PAN denies that the '137 Patent was duly and legally issued.  PAN denies the remaining allegations in Paragraph 8.

9.      PAN admits that Exhibit C to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 8,127,356 ("the '356 Patent"), which indicates on its face an issue date of March 2, 2010.  PAN further admits that the '356 Patent is titled "System, Method and Program Product for Detecting Unknown Computer Attacks."  PAN denies that the '356 Patent was duly and legally issued.  PAN denies the remaining allegations in Paragraph 9.

10.     PAN admits that Exhibit D to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 8,327,441 ("the '441 Patent"), which indicates on its face an issue date of December 4, 2012.  PAN further admits that the '441 Patent is titled "System and Method for Application Attestation."  PAN denies that the '441 Patent was duly and legally issued.  PAN denies the remaining allegations in Paragraph 10.

11.     PAN admits that Exhibit E to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 8,850,517 ("the '517 Patent"), which indicates on its face an issue date of September 30, 2014.  PAN further admits that the '517 Patent is titled "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation."  PAN denies that the '517 Patent was duly and legally issued.  PAN denies the remaining allegations in Paragraph 11.

12.     PAN admits that Exhibit F to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 8,955,038 ("the '038 Patent"), which indicates on its face an issue date of February 10, 2015.  PAN further admits that the '038 Patent is titled "Methods and Systems for

Controlling Access to Computing Resources Based on Known Security Vulnerabilities." PAN denies that the '038 Patent was duly and legally issued. PAN denies the remaining allegations in Paragraph 12.

13. PAN admits that Exhibit G to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 8,990,948 ("the '948 Patent"), which indicates on its face an issue date of March 24, 2015. PAN further admits that the '948 Patent is titled "Systems and Methods for Orchestrating Runtime Operational Integrity." PAN denies that the '948 Patent was duly and legally issued. PAN denies the remaining allegations in Paragraph 13.

14. PAN admits that Exhibit H to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 9,092,616 ("the '616 Patent"), which indicates on its face an issue date of July 28, 2015. PAN further admits that the '616 Patent is titled "Systems and Methods for Threat Identification and Remediation." PAN denies that the '616 Patent was duly and legally issued. PAN denies the remaining allegations in Paragraph 14.

15. PAN admits that Exhibit I to Taasera Licensing's Counterclaims appears to be a copy of U.S. Patent No. 9,923,918 ("the '918 Patent"), which indicates on its face an issue date of March 20, 2018. PAN further admits that the '918 Patent is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities." PAN denies that the '918 Patent was duly and legally issued. PAN denies the remaining allegations in Paragraph 15.

16. This paragraph contains conclusions of law for which no response is required. PAN is also without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

17.     PAN refers to the Patents-In-Suit (as defined in Taasera Licensing's Counterclaims) for a complete statement of their contents. PAN denies the remaining allegations in Paragraph 17.

18.     PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies those allegations.

19.     PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies those allegations.

20.     PAN refers to the '796 Patent for a complete statement of its contents. PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21.     PAN refers to the '137 Patent for a complete statement of its contents. PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations.

22.     PAN refers to the '356 Patent for a complete statement of its contents. PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations.

23.     PAN refers to the '441 Patent for a complete statement of its contents. PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations.

24.     PAN refers to the '517 Patent for a complete statement of its contents. PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies those allegations.

25.     PAN refers to the '038 Patent for a complete statement of its contents.  PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies those allegations.

26.     PAN refers to the '948 Patent for a complete statement of its contents.  PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies those allegations.

27.     PAN refers to the '616 Patent for a complete statement of its contents.  PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies those allegations.

28.     PAN refers to the '918 Patent for a complete statement of its contents.  PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies those allegations.

29.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN admits that Taasera Licensing purports to accuse PAN's Cortex XDR, Pan-OS, and Next Generation Firewalls (NGFW) of infringing one or more patents, but denies the remaining allegations in Paragraph 29.

30.     PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies those allegations.

31.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 31.

<u>**COUNT I**</u>
**(Alleged Infringement of the '796 Patent)**

32.     PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

33.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 33.

34.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 34.

35.     PAN admits that the document cited in Paragraph 35 and Footnote 3 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

36.     PAN admits that the document cited in Paragraph 36 and Footnotes 4 and 5 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

37.     PAN admits that the document cited in Paragraph 37 and Footnote 6 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

38.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 38.

39.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 39.

40.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 40.

41.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 41.

42.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 42.

## COUNT II
### (Alleged Infringement of the '137 Patent)

43.     PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

44.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 44.

45.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 45.

46.     PAN admits that the document cited in Paragraph 46 and Footnote 9 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

47.     PAN admits that the document cited in Paragraph 47 and Footnote 10 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

48.     PAN admits that the document cited in Paragraph 48 and Footnote 11 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

49.     PAN admits that the documents cited in Paragraph 49 and Footnotes 12 and 13 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

50.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 50.

51.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 51.

52.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 52.

53.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 53.

54.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 54.

<u>COUNT III</u>
**(Alleged Infringement of the '356 Patent)**

55.     PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

56.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 56.

57.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 57.

58.     PAN admits that the document cited in Paragraph 58 and Footnote 16 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

59.     PAN admits that the documents cited in Paragraph 59 and Footnotes 17 and 18 purport to be copies of PAN or PaloGuard documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

60.     PAN admits that the documents cited in Paragraph 60 and Footnotes 19 and 20 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

61.     PAN admits that the documents cited in Paragraph 61 and Footnotes 21 and 22 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

62.     PAN admits that the documents cited in Paragraph 62 and Footnotes 23 and 24 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

63.     PAN admits that the documents cited in Paragraph 63 and Footnotes 25 and 26 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

64.     PAN admits that the documents cited in Paragraph 64 and Footnotes 27 and 28 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

65.     Paragraph 65 refers to "first, second, third, fourth, and fifth program instructions" and a "computer-readable tangible storage device" vaguely without identification.  As stated, PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65, and therefore, denies those allegations.

66.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 66.

67.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 67.

68.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 68.

69.     This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, PAN denies the allegations in Paragraph 69.

70. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 70.

## COUNT IV
### (Alleged Infringement of the '441 Patent)

71. PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

72. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 72.

73. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 73.

74. PAN admits that the document cited in Paragraph 74 and Footnote 31 purports to be a copy of a PAN document. PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

75. PAN admits that the document cited in Paragraph 75 and Footnote 32 purports to be a copy of a PAN document. PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

76. PAN admits that the document cited in Paragraph 76 and Footnote 33 purports to be a copy of a PAN document. PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

77. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 77.

78. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 78.

79.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 79.

80.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 80.

81.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 81.

## COUNT V
### (Alleged Infringement of the '038 Patent)

82.     PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

83.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 83.

84.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 84.

85.     PAN admits that the document cited in Paragraph 85 and Footnote 36 purports to be a copy of a PAN document. PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

86.     PAN admits that the documents cited in Paragraph 86 and Footnotes 37, 38, 39, and 40 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

87.     PAN admits that the documents cited in Paragraph 87 and Footnotes 41 and 42 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

88.     PAN admits that the documents cited in Paragraph 88 and Footnotes 43 and 44 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

89.     PAN admits that the document cited in Paragraph 89 and Footnote 45 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

90.     PAN admits that the document cited in Paragraph 90 and Footnote 46 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

91.     PAN admits that the document cited in Paragraph 91 and Footnote 47 appears to have been obtained from https://es.coursera.org/lecture/palo-alto-networks-security-operations-center-fundamentals/cortex-and-secops-SJOW.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

92.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 92.

93.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 93.

94.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 94.

95.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 95.

96.     This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, PAN denies the allegations in Paragraph 96.

<u>COUNT VI</u><br>
<b>(Alleged Infringement of the '948 Patent)</b>

97.     PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

98.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 98.

99.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 99.

100.     PAN admits that the documents cited in Paragraph 100 and Footnotes 50 and 51 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

101.     PAN admits that the documents cited in Paragraph 101 and Footnotes 52 and 53 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

102.     PAN admits that the document cited in Paragraph 102 and Footnote 54 appears to have been obtained from https://es.coursera.org/lecture/palo-alto-networks-security-operations-center-fundamentals/cortex-and-secops-SJOWf.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

103.     PAN admits that the document cited in Paragraph 103 and Footnote 55 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

104.     PAN admits that the documents cited in Paragraph 104 and Footnotes 56 and 57

purport to be a copy of a PAN document or appears to have been obtained from https://es.coursera.org/lecture/palo-alto-networks-security-operations-center-fundamentals/cortex-and-secops-SJOWf. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

105. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 105.

106. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 106.

107. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 107.

108. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 108.

109. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 109.

## COUNT VII
### (Alleged Infringement of the '616 Patent)

110. PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

111. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 111.

112. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 112.

113. PAN admits that the document cited in Paragraph 113 and Footnotes 60 and 61 purports to be a copy of a PAN document. PAN refers to that document for a complete statement

of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

114.    Paragraph 114 refers to "sending, by the endpoint trust agent on a monitored device", a "dynamic context including endpoint events and actions of the monitored device and applications executing on the monitored device at runtime" and "security agents send events, context, and status information" vaguely without identification.   As stated, PAN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies those allegations.

115.    PAN admits that the document cited in Paragraph 115 and Footnote 62 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

116.    PAN admits that the documents cited in Paragraph 116 and Footnotes 63 and 64 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

117.    PAN admits that the document cited in Paragraph 117 and Footnote 65 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

118.    PAN admits that the documents cited in Paragraph 118 and Footnotes 66 and 67 purport to be copies of PAN documents.  PAN refers to those documents for a complete statement of their contents.  PAN denies any remaining allegations that are inconsistent with those contents.

119.    PAN admits that the document cited in Paragraph 119 and Footnote 68 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents..

120.    PAN admits that the document cited in Paragraph 120 and Footnote 69 purports to

be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

121.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 121.

122.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 122.

123.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 123.

124.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 124.

125.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 125.

## COUNT VIII
### (Alleged Infringement of the '918 Patent)

126.    PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

127.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 127.

128.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 128.

129.    PAN admits that the document cited in Paragraph 129 and Footnote 72 purports to be a copy of a PAN document.  PAN refers to that document for a complete statement of its contents.  PAN denies any remaining allegations that are inconsistent with those contents.

130.    PAN admits that the documents cited in Paragraph 130 and Footnotes 73, 74, and

75 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

131. PAN admits that the documents cited in Paragraph 131 and Footnotes 76 and 77 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

132. PAN admits that the documents cited in Paragraph 132 and Footnotes 78, 79, and 80 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

133. PAN admits that the document cited in Paragraph 133 and Footnote 81 purports to be a copy of a PAN document. PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

134. PAN admits that the documents cited in Paragraph 134 and Footnotes 82, 83, and 84 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

135. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 135.

136. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 136.

137. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 137.

138.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 138.

139.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 139.

## COUNT IX
### (Alleged Infringement of the '517 Patent)

140.     PAN re-asserts and incorporates by reference its answers to Paragraphs 1 through 31 as though fully stated herein.

141.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 141.

142.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, PAN denies the allegations in Paragraph 142.

143.     PAN admits that the document cited in Paragraph 143 and Footnote 87 is a PAN document. PAN refers to that document for a complete statement of its contents. PAN denies any remaining allegations that are inconsistent with those contents.

144.     PAN admits that the documents cited in Paragraph 144 and Footnotes 88 and 89 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

145.     PAN admits that the documents cited in Paragraph 145 and Footnotes 90 and 91 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

146.     PAN admits that the documents cited in Paragraph 146 and Footnotes 92 and 94 purport to be copies of PAN documents. PAN refers to those documents for a complete statement of their contents. PAN denies any remaining allegations that are inconsistent with those contents.

147.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 147.

148.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 148.

149.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 149.

150.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 150.

151.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, PAN denies the allegations in Paragraph 151.

## DEMAND FOR JURY TRIAL

Taasera Licensing's demand for a jury trial does not require a response by PAN.  PAN also requests a jury trial on all issues triable to a jury in this action.

## PRAYER FOR RELIEF

PAN denies that Taasera Licensing is entitled to any of the relief requested in its Prayer for Relief or to any relief whatsoever.

## PAN'S AFFIRMATIVE DEFENSES

Subject to the responses above, PAN contends and asserts the following defenses in response to the allegations in Taasera Licensing's Counterclaims.  By asserting these affirmative defenses, PAN does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  In addition to the affirmative and other defenses described below, and subject to the responses above, PAN intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses consistent with

the facts that become known through the course of discovery or otherwise.  Regarding its defenses, PAN alleges as follows:

## FIRST AFFIRMATIVE DEFNESE
### (Invalidity)

The '796 Patent, '137 Patent, '356 Patent, '441 Patent, '517 Patent, '038 Patent, '948 Patent, '616 Patent, and the '918 Patent (collectively and individually, the "Asserted Patents") and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and 112, and under other judicially-created bases for invalidation.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

As alleged in PAN's Complaint (ECF No. 1), PAN does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of any of the Asserted Patents, willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Taasera Licensing's Counterclaims fail to state a claim for relief against PAN.

## FOURTH AFFIRMATIVE DEFENSE
### (License)

Taasera Licensing's Counterclaims are limited to the extent any of the claims are subject to a license and covenant not to sue, express and/or implied.

## FIFTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Taasera Licensing's Counterclaims fail to state a claim for relief against PAN for an exceptional case justifying an award of attorneys' fees under 35 U.S.C. § 285.

## SIXTH AFFIRMATIVE DEFENSE

**(Waiver, Laches, and Estoppel)**

Taasera Licensing is barred from recovery, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Taasera Licensing's recovery, if any, is limited to any established infringement occurring no more than six years before the filing of its Counterclaims, pursuant to 35 U.S.C. § 28.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Marking)

Taasera Licensing's recovery, if any, is limited to any alleged infringement committed after Taasera provided actual or constructive notice of infringement under 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE
### (Costs)

Taasera Licensing is barred by 35 U.S.C. § 288 from recovering any costs associated with this lawsuit.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Taasera Licensing is barred to the extent that Taasera lacks standing to assert its causes of action.

## RESERVATION OF DEFENSES

PAN reserves the right to assert any additional defenses that discovery or other analyses may reveal.

WHEREFORE, Plaintiff PAN respectfully requests that Taasera Licensing take nothing by way of its Counterclaims, that judgment be entered in favor of PAN, that PAN be awarded its attorneys' fees and costs, and all other just and proper relief.

Dated: November 22, 2022

Respectfully submitted,

By: */s/ Kelly C. Hunsaker*
Kelly C. Hunsaker (pro hac vice)
KHunsaker@winston.com
Michael R. Rueckheim
MRueckheim@winston.com
Matthew R. McCullough (pro hac vice)
MRMcCullough@winston.com
WINSTON & STRAWN LLP
225 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Krishnan Padmanabhan (pro hac vice)
KPadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 295-6700
Facsimile: (212) 294-4700

Vivek V. Krishnan (pro hac vice)
VKrishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Juan Yaquian (pro hac vice)
JYaquian@winston.com
WINSTON & STRAWN, LLP
800 Capital St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Attorneys for Plaintiff,
PALO ALTO NETWORKS, INC

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on November 22, 2022, a true and correct copy of the forgoing document was electronically filed via the Court's CM/ECF system, which send notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/Kelly C. Hunsaker*
Kelly C. Hunsaker
