**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC PATENT LITIGATION<br><br>**This document relates to<br>Civil Action No. 2:22-cv-00415-JRG** | Civil Action No. 2:22-md-03042-JRG<br><br>**JURY TRIAL DEMANDED** |
| TAASERA LICENSING LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>                    Defendant. | Civil Action No. 2:22-cv-00415-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FORTINET INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Fortinet Inc. ("Fortinet" or "Defendant"), by and through its attorneys, Duane Morris LLP, hereby responds to Plaintiff Taasera Licensing LLC's ("Taasera" or "Plaintiff") Complaint for Patent Infringement as follows:

**THE PARTIES**

1.      Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 1 of the Complaint and therefore denies the same.

2.      To the extent the allegations in paragraph 2 of the Complaint set forth legal conclusions, no response is required.  To the extent a response is required, Fortinet admits that it is a Delaware corporation.  Fortinet admits that it has an office at 6111 W. Plano Parkway, #2100, Plano, Texas 75093.  Fortinet admits that it is registered to do business in the State of Texas and

has been since at least November 24, 2009.  Fortinet denies the remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION

3.      Fortinet admits that Plaintiff has brought suit under the patent laws of the United States, Title 35 of the U.S. Code, but Fortinet denies that it has infringed any of the patents asserted in the Complaint and further denies that Plaintiff is entitled to any relief.  Fortinet admits that this Court has subject matter jurisdiction over this action.

4.      To the extent the allegations in paragraph 4 of the Complaint set forth legal conclusions, no response is required.  For purposes of this case only, Fortinet does not deny that it is subject to specific personal jurisdiction in this District.  Fortinet admits that it conducts business in this District.  Fortinet otherwise denies the allegations in paragraph 4 of the Complaint.

5.      To the extent the allegations in paragraph 5 of the Complaint set forth legal conclusions, no response is required.  To the extent a response is required, for purposes of this case only, Fortinet will not challenge venue in this District, but states that the U.S. District Court for the Northern District of California is a clearly more convenient forum in which to litigate Plaintiff's claims.  Fortinet denies the remaining allegations in paragraph 5 of the Complaint.

6.      Fortinet admits that it has fewer than 300 employees in this District.  Fortinet is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations (including because of the ambiguity of the descriptions in those allegations) in paragraph 6, and therefore denies the remaining allegations in paragraph 6 of the Complaint.

7.      Fortinet is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 (including because of the ambiguity of the descriptions in those allegations), and therefore denies the allegations in Paragraph 7 of the Complaint.

8.      Fortinet admits that its operations in this District include client outreach and sales. Fortinet further admits that it has customer-facing personnel and operations in this District. Fortinet admits that it provides support for its products in this District.

9.      To the extent the allegations in paragraph 9 of the Complaint set forth legal conclusions, no response is required.  For purposes of this case only, Fortinet does not deny that it is subject to specific personal jurisdiction in this District.  Fortinet denies that it infringes the Patents-in-Suit and denies any remaining allegation in this paragraph.

## PATENTS-IN-SUIT

10.     Fortinet admits that the face of U.S. Patent No. 8,327,441 (the "'441 Patent") states that it is entitled "System and Method for Application Attestation" and that the '441 Patent issued on December 4, 2012.  Fortinet further admits that attached as Exhibit A to the Complaint is a document that purports to be a copy of the '441 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 10 of the Complaint and therefore denies them.

11.     Fortinet admits that the face of U.S. Patent No. 8,819,419 (the "'419 Patent") states that it is entitled "Method and System for Dynamic Encryption of a URL" and that the '419 Patent issued on August 26, 2014.  Fortinet further admits that attached as Exhibit B to the Complaint is a document that purports to be a copy of the '419 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 11 of the Complaint and therefore denies them.

12.     Fortinet admits that the face of U.S. Patent No. 8,955,038 (the "'038 Patent") states that it is entitled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" and that the '038 Patent issued on February 10, 2015.  Fortinet further admits that attached as Exhibit C to the Complaint is a document that purports to be a copy

of the '038 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 12 of the Complaint and therefore denies them.

13.     Fortinet admits that the face of U.S. Patent No. 8,990,948 (the "'948 Patent") states that it is entitled "Systems and Methods for Orchestrating Runtime Operational Integrity" and that the '948 Patent issued on March 24, 2015.  Fortinet further admits that attached as Exhibit D to the Complaint is a document that purports to be a copy of the '948 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 13 of the Complaint and therefore denies them.

14.     Fortinet admits that the face of U.S. Patent No. 9,092,616 (the "'616 Patent") states that it is entitled "Systems and Methods for Threat Identification and Remediation" and that the '616 Patent issued on July 28, 2015.  Fortinet further admits that attached as Exhibit E to the Complaint is a document that purports to be a copy of the '616 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 14 of the Complaint and therefore denies them.

15.     Fortinet admits that the face of U.S. Patent No. 9,118,634 (the "'634 Patent") states that it is entitled "Dynamic encryption of a universal resource locator" and that the '634 Patent issued on August 25, 2015.  Fortinet further admits that attached as Exhibit F to the Complaint is a document that purports to be a copy of the '634 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 15 of the Complaint and therefore denies them.

16.     Fortinet admits that the face of U.S. Patent No. 9,608,997 (the "'997 Patent") states that it is entitled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" and that the '997 Patent issued on March 28, 2017.  Fortinet

further admits that attached as Exhibit G to the Complaint is a document that purports to be a copy of the '634 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 16 of the Complaint and therefore denies them.

17.     Fortinet admits that the face of U.S. Patent No. 9,628,453 (the "'453 Patent") states that it is entitled "Dynamic encryption of a universal resource locator" and that the '453 Patent issued on April 18, 2017.  Fortinet further admits that attached as Exhibit H to the Complaint is a document that purports to be a copy of the '453 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 17 of the Complaint and therefore denies them.

18.     Fortinet admits that the face of U.S. Patent No. 9,860,251 (the "'251 Patent") states that it is entitled "Dynamic encryption of a universal resource locator" and that the '251 Patent issued on January 2, 2018.  Fortinet further admits that attached as Exhibit I to the Complaint is a document that purports to be a copy of the '251 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 18 of the Complaint and therefore denies them.

19.     Fortinet admits that the face of U.S. Patent No. 9,923,918 (the "'918 Patent") states that it is entitled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" and that the '918 Patent issued on March 20, 2018.  Fortinet further admits that attached as Exhibit J to the Complaint is a document that purports to be a copy of the '918 Patent.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 19 of the Complaint and therefore denies them.

20.     Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 20 of the Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

21.     Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 21 of the Complaint and therefore denies them.

22.     Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 22 of the Complaint and therefore denies them.

23.     Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 23 of the Complaint and therefore denies them.

24.     Fortinet admits that the face of the '441 Patent states that its inventors are Srinivas Kumar and Gurudatt Shashikumar.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 24 of the Complaint and therefore denies them.

25.     Fortinet admits that the face of the '419 Patent states that its inventors are Michael P. Carlson and Srinivas Chowdhury.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 25 of the Complaint and therefore denies them.

26.     Fortinet admits that the face of the '038 Patent states that its inventors are Blair Nicodemus and Billy Edison Stephens.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 26 of the Complaint and therefore denies them.

27.     Fortinet admits that the face of the '948 Patent states that its inventors are Srinivas Kumar and Dennis Pollutro.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 27 of the Complaint and therefore denies them.

6

28.    Fortinet admits that the face of the '616 Patent states that its inventors are Srinivas Kumar and Dennis Pollutro.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 28 of the Complaint and therefore denies them.

29.    Fortinet admits that the face of the '634 Patent states that its inventors are Michael P. Carlson and Srinivas Chowdhury.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 29 of the Complaint and therefore denies them.

30.    Fortinet admits that the face of the '997 Patent states that its inventors are Blair Nicodemus and Billy Edison Stephens.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 30 of the Complaint and therefore denies them.

31.    Fortinet admits that the face of the '453 Patent states that its inventors are Michael P. Carlson and Srinivas Chowdhury.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 31 of the Complaint and therefore denies them.

32.    Fortinet admits that the face of the '251 Patent states that its inventors are Michael P. Carlson and Srinivas Chowdhury.  Fortinet is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 32 of the Complaint and therefore denies them.

33.    Fortinet admits that the face of the '918 Patent states that its inventors are Blair Nicodemus and Billy Edison Stephens.  Fortinet is without knowledge or information sufficient to

form a belief regarding the remaining allegations in paragraph 33 of the Complaint and therefore denies them.

34.     Fortinet denies that it infringes the Patents-in-Suit and denies the allegations in paragraph 34 of the Complaint.

35.     Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 35 of the Complaint and therefore denies them.

36.     Fortinet is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 36 of the Complaint and therefore denies them.

## COUNT I
### (Infringement of the '441 Patent)

37.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

38.     Fortinet admits that it does not have a license to the '441 Patent.

39.     Fortinet denies that it infringes the '441 Patent and denies the allegations in paragraph 39 of the Complaint.

40.     Fortinet denies the allegations in paragraph 40 of the Complaint.

41.     Fortinet denies the allegations in paragraph 41 of the Complaint.

42.     Fortinet denies the allegations in paragraph 42 of the Complaint.

43.     Fortinet denies that it infringes the '441 Patent and denies the allegations in paragraph 43 of the Complaint.

44.     Fortinet denies that it infringes the '441 Patent and denies the allegations in paragraph 44 of the Complaint.

45.     Fortinet denies the allegations in paragraph 45 of the Complaint.

46.     Fortinet denies the allegations in paragraph 46 of the Complaint.

47.     Fortinet denies the allegations in paragraph 47 of the Complaint.

48.     Fortinet denies that it infringes the '441 Patent and denies the allegations in paragraph 48 of the Complaint.

49.     Fortinet denies that it infringes the '441 Patent and denies the allegations in paragraph 49 of the Complaint.

## COUNT II
### (Infringement of the '419 Patent)

50.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

51.     Fortinet admits that it does not have a license to the '419 Patent.

52.     Fortinet denies that it infringes the '419 Patent and denies the allegations in paragraph 52 of the Complaint.

53.     Fortinet denies the allegations in paragraph 53 of the Complaint.

54.     Fortinet denies the allegations in paragraph 54 of the Complaint.

55.     Fortinet denies the allegations in paragraph 55 of the Complaint.

56.     Fortinet denies the allegations in paragraph 56 of the Complaint.

57.     Fortinet denies the allegations in paragraph 57 of the Complaint.

58.     Fortinet denies that it infringes the '419 Patent and denies the allegations in paragraph 58 of the Complaint.

59.     Fortinet denies that it infringes the '419 Patent and denies the allegations in paragraph 59 of the Complaint.

60.     Fortinet denies the allegations in paragraph 60 of the Complaint.

61.     Fortinet denies the allegations in paragraph 61 of the Complaint.

62.     Fortinet denies the allegations in paragraph 62 of the Complaint.

63.     Fortinet denies that it infringes the '419 Patent and denies the allegations in paragraph 63 of the Complaint.

64.     Fortinet denies that it infringes the '419 Patent and denies the allegations in paragraph 64 of the Complaint.

### COUNT III
**(Infringement of the '038 Patent)**

65.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

66.     Fortinet admits that it does not have a license to the '038 Patent.

67.     Fortinet denies that it infringes the '038 Patent and denies the allegations in paragraph 67 of the Complaint.

68.     Fortinet denies the allegations in paragraph 68 of the Complaint.

69.     Fortinet denies the allegations in paragraph 69 of the Complaint.

70.     Fortinet denies the allegations in paragraph 70 of the Complaint.

71.     Fortinet denies the allegations in paragraph 71 of the Complaint.

72.     Fortinet denies the allegations in paragraph 72 of the Complaint.

73.     Fortinet denies the allegations in paragraph 73 of the Complaint.

74.     Fortinet denies the allegations in paragraph 74 of the Complaint.

75.     Fortinet denies that it infringes the '038 Patent and denies the allegations in paragraph 75 of the Complaint.

76.     Fortinet denies that it infringes the '038 Patent and denies the allegations in paragraph 76 of the Complaint.

77.     Fortinet denies the allegations in paragraph 77 of the Complaint.

78.     Fortinet denies the allegations in paragraph 78 of the Complaint.

79.     Fortinet denies the allegations in paragraph 79 of the Complaint.

80.     Fortinet denies that it infringes the '038 Patent and denies the allegations in paragraph 80 of the Complaint.

81.     Fortinet denies that it infringes the '038 Patent and denies the allegations in paragraph 81 of the Complaint.

### COUNT IV
### (Infringement of the '948 Patent)

82.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

83.     Fortinet admits that it does not have a license to the '948 Patent.

84.     Fortinet denies that it infringes the '948 Patent and denies the allegations in paragraph 84 of the Complaint.

85.     Fortinet denies the allegations in paragraph 85 of the Complaint.

86.     Fortinet denies the allegations in paragraph 86 of the Complaint.

87.     Fortinet denies the allegations in paragraph 87 of the Complaint.

88.     Fortinet denies the allegations in paragraph 88 of the Complaint.

89.     Fortinet denies the allegations in paragraph 89 of the Complaint.

90.     Fortinet denies that it infringes the '948 Patent and denies the allegations in paragraph 90 of the Complaint.

91.     Fortinet denies that it infringes the '948 Patent and denies the allegations in paragraph 91 of the Complaint.

92.     Fortinet denies the allegations in paragraph 92 of the Complaint.

93.     Fortinet denies the allegations in paragraph 93 of the Complaint.

94.     Fortinet denies the allegations in paragraph 94 of the Complaint.

95.     Fortinet denies that it infringes the '948 Patent and denies the allegations in paragraph 95 of the Complaint.

96.     Fortinet denies that it infringes the '948 Patent and denies the allegations in paragraph 96 of the Complaint.

## COUNT V
### (Infringement of the '616 Patent)

97.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

98.     Fortinet admits that it does not have a license to the '616 Patent.

99.     Fortinet denies that it infringes the '616 Patent and denies the allegations in paragraph 99 of the Complaint.

100.     Fortinet denies the allegations in paragraph 100 of the Complaint.

101.     Fortinet denies the allegations in paragraph 101 of the Complaint.

102.     Fortinet denies the allegations in paragraph 102 of the Complaint.

103.     Fortinet denies the allegations in paragraph 103 of the Complaint.

104.     Fortinet denies the allegations in paragraph 104 of the Complaint.

105.     Fortinet denies the allegations in paragraph 105 of the Complaint.

106.     Fortinet denies the allegations in paragraph 106 of the Complaint.

107. Fortinet denies the allegations in paragraph 107 of the Complaint.

108. Fortinet denies that it infringes the '616 Patent and denies the allegations in paragraph 108 of the Complaint.

109. Fortinet denies that it infringes the '616 Patent and denies the allegations in paragraph 109 of the Complaint.

110. Fortinet denies the allegations in paragraph 110 of the Complaint.

111. Fortinet denies the allegations in paragraph 111 of the Complaint.

112. Fortinet denies the allegations in paragraph 112 of the Complaint.

113. Fortinet denies that it infringes the '616 Patent and denies the allegations in paragraph 113 of the Complaint.

114. Fortinet denies that it infringes the '616 Patent and denies the allegations in paragraph 114 of the Complaint.

## COUNT VI
### (Infringement of the '634 Patent)

115. No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

116. Fortinet admits that it does not have a license to the '634 Patent.

117. Fortinet denies that it infringes the '634 Patent and denies the allegations in paragraph 117 of the Complaint.

118. Fortinet denies the allegations in paragraph 118 of the Complaint.

119. Fortinet denies the allegations in paragraph 119 of the Complaint.

120. Fortinet denies the allegations in paragraph 120 of the Complaint.

121. Fortinet denies the allegations in paragraph 121 of the Complaint.

122.     Fortinet denies the allegations in paragraph 122 of the Complaint.

123.     Fortinet denies that it infringes the '634 Patent and denies the allegations in paragraph 123 of the Complaint.

124.     Fortinet denies that it infringes the '634 Patent and denies the allegations in paragraph 124 of the Complaint.

125.     Fortinet denies the allegations in paragraph 125 of the Complaint.

126.     Fortinet denies the allegations in paragraph 126 of the Complaint.

127.     Fortinet denies the allegations in paragraph 127 of the Complaint.

128.     Fortinet denies that it infringes the '634 Patent and denies the allegations in paragraph 128 of the Complaint.

129.     Fortinet denies that it infringes the '634 Patent and denies the allegations in paragraph 129 of the Complaint.

<u>**COUNT VII**</u>
**(Infringement of the '997 Patent)**

130.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

131.     Fortinet admits that it does not have a license to the '997 Patent.

132.     Fortinet denies that it infringes the '997 Patent and denies the allegations in paragraph 132 of the Complaint.

133.     Fortinet denies the allegations in paragraph 133 of the Complaint.

134.     Fortinet denies the allegations in paragraph 134 of the Complaint.

135.     Fortinet denies the allegations in paragraph 135 of the Complaint.

136.     Fortinet denies the allegations in paragraph 136 of the Complaint.

137.    Fortinet denies the allegations in paragraph 137 of the Complaint.

138.    Fortinet denies the allegations in paragraph 138 of the Complaint.

139.    Fortinet denies the allegations in paragraph 139 of the Complaint.

140.    Fortinet denies that it infringes the '997 Patent and denies the allegations in paragraph 140 of the Complaint.

141.    Fortinet denies that it infringes the '997 Patent and denies the allegations in paragraph 141 of the Complaint.

142.    Fortinet denies the allegations in paragraph 142 of the Complaint.

143.    Fortinet denies the allegations in paragraph 143 of the Complaint.

144.    Fortinet denies the allegations in paragraph 144 of the Complaint.

145.    Fortinet denies that it infringes the '997 Patent and denies the allegations in paragraph 145 of the Complaint.

146.    Fortinet denies that it infringes the '997 Patent and denies the allegations in paragraph 146 of the Complaint.

## COUNT VIII
### (Infringement of the '453 Patent)

147.    No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

148.    Fortinet admits that it does not have a license to the '453 Patent.

149.    Fortinet denies that it infringes the '453 Patent and denies the allegations in paragraph 149 of the Complaint.

150.    Fortinet denies that it infringes the '453 Patent and denies the allegations in paragraph 150 of the Complaint.

151.    Fortinet denies the allegations in paragraph 151 of the Complaint.

152.    Fortinet denies the allegations in paragraph 152 of the Complaint.

153.    Fortinet denies the allegations in paragraph 153 of the Complaint.

154.    Fortinet denies the allegations in paragraph 154 of the Complaint.

155.    Fortinet denies that it infringes the '453 Patent and denies the allegations in paragraph 155 of the Complaint.

156.    Fortinet denies that it infringes the '453 Patent and denies the allegations in paragraph 156 of the Complaint.

157.    Fortinet denies the allegations in paragraph 157 of the Complaint.

158.    Fortinet denies the allegations in paragraph 158 of the Complaint.

159.    Fortinet denies the allegations in paragraph 159 of the Complaint.

160.    Fortinet denies that it infringes the '453 Patent and denies the allegations in paragraph 160 of the Complaint.

161.    Fortinet denies that it infringes the '453 Patent and denies the allegations in paragraph 161 of the Complaint.

**<u>COUNT IX</u>**
**(Infringement of the '251 Patent)**

162.    No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

163.    Fortinet admits that it does not have a license to the '251 Patent.

164.    Fortinet denies that it infringes the '251 Patent and denies the allegations in paragraph 164 of the Complaint.

165.    Fortinet denies that it infringes the '251 Patent and denies the allegations in paragraph 165 of the Complaint.

166.    Fortinet denies the allegations in paragraph 166 of the Complaint.

167.    Fortinet denies the allegations in paragraph 167 of the Complaint.

168.    Fortinet denies the allegations in paragraph 168 of the Complaint.

169.    Fortinet denies the allegations in paragraph 169 of the Complaint.

170.    Fortinet denies that it infringes the '251 Patent and denies the allegations in paragraph 170 of the Complaint.

171.    Fortinet denies that it infringes the '251 Patent and denies the allegations in paragraph 171 of the Complaint.

172.    Fortinet denies the allegations in paragraph 172 of the Complaint.

173.    Fortinet denies the allegations in paragraph 173 of the Complaint.

174.    Fortinet denies the allegations in paragraph 174 of the Complaint.

175.    Fortinet denies that it infringes the '251 Patent and denies the allegations in paragraph 175 of the Complaint.

176.    Fortinet denies that it infringes the '251 Patent and denies the allegations in paragraph 176 of the Complaint.

## COUNT X
### (Infringement of the '918 Patent)

177.    No response is required to Plaintiff's reference and incorporation of paragraphs 1-36 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 - 36, as set forth above.

178.    Fortinet admits that it does not have a license to the '918 Patent.

179.    Fortinet denies that it infringes the '918 Patent and denies the allegations in paragraph 179 of the Complaint.

180.    Fortinet denies the allegations in paragraph 180 of the Complaint.

181.    Fortinet denies the allegations in paragraph 181 of the Complaint.

182.    Fortinet denies the allegations in paragraph 182 of the Complaint.

183.    Fortinet denies the allegations in paragraph 183 of the Complaint.

184.    Fortinet denies the allegations in paragraph 184 of the Complaint.

185.    Fortinet denies the allegations in paragraph 185 of the Complaint.

186.    Fortinet denies that it infringes the '918 Patent and denies the allegations in paragraph 186 of the Complaint.

187.    Fortinet denies that it infringes the '918 Patent and denies the allegations in paragraph 187 of the Complaint.

188.    Fortinet denies the allegations in paragraph 188 of the Complaint.

189.    Fortinet denies the allegations in paragraph 189 of the Complaint.

190.    Fortinet denies the allegations in paragraph 190 of the Complaint.

191.    Fortinet denies that it infringes the '918 Patent and denies the allegations in paragraph 191 of the Complaint.

192.    Fortinet denies that it infringes the '918 Patent and denies the allegations in paragraph 192 of the Complaint.

## **DEMAND FOR JURY TRIAL**

193.    Fortinet admits that Plaintiff requests a trial by jury.  Fortinet similarly requests a trial by jury.

## AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.  Subject to the responses above, and without conceding that any of the following defenses must necessarily be plead, or that any such defenses are not already at issue by virtue of the foregoing denials, Fortinet asserts the following defenses.  Fortinet undertakes the burden of proof only as to those defenses deemed affirmative defenses by law.  In addition to the defenses described below, Fortinet reserves the right to amend this Answer and Defenses as additional information is obtained.

## First Defense – Invalidity/Ineligibility

At least the asserted claims of the patents-in-suit are invalid, unenforceable, or ineligible for patenting under one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity and ineligibility.

## Second Defense – Limitations on Damages and Costs

Plaintiff's claims for damages and/or costs are limited to the extent any of the claims are subject to the statutory limitations on damages and/or costs set forth in 35 U.S.C. §§ 286, 287 and/or 288.

## Third Defense – Prosecution History Estoppel and Disclaimer

Plaintiff's claims are barred to the extent the doctrine of prosecution history estoppel and prosecution disclaimer applies, based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during the prosecution of the patents-in-suit and other patents that also claim priority to the same parent applications.

### Fourth Defense – 28 U.S.C. § 1498

To the extent that any accused products have been used or manufactured by or for the United States Government, Plaintiff's claims and requests for relief are barred by or subject to limitations pursuant to 28 U.S.C. § 1498.

### Fifth Defense – Failure to Mark or Provide Notice

Plaintiff's claims for damages are barred and/or limited, in whole or in part, to the extent Plaintiff, its predecessors-in-interest, and/or its licensees failed to give notice of any products that purport to practice the patents-in-suit by marking such products or otherwise notifying Fortinet of the alleged infringement as required by 35 U.S.C. § 287.

### Sixth Defense – License

Plaintiff's claims are limited to the extent any of the claims are subject to a license and covenant not to sue, express and/or implied.  For example, Fortinet relies on numerous component part suppliers and could be licensed to the extent any of those suppliers are themselves licensed.

### Reservation of Rights

Fortinet is presently investigating the facts relating to the procurement of the Asserted Patents and the assertions of infringement against Fortinet and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any improprieties in connection with such matters, Fortinet reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Fortinet reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

Fortinet denies all other allegations of the Complaint not otherwise specifically admitted herein.  Fortinet similarly denies that Plaintiff is entitled to any relief against Fortinet.

WHEREFORE, Fortinet requests that the Court enter judgment in its favor and against Plaintiff as follows:

a)  Adjudging and declaring that Fortinet has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any claim of any of the '441 Patent, '419 Patent, '038 Patent, '948 Patent, '616 Patent, '634 Patent, '997 Patent, '453 Patent, '251 Patent, or '918 Patent, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

b)  Adjudging and declaring that the claims of the '441 Patent, '419 Patent, '038 Patent, '948 Patent, '616 Patent, '634 Patent, '997 Patent, '453 Patent, '251 Patent, and '918 Patent are invalid;

c)  Dismissing Plaintiff's Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Fortinet;

d)  Declaring this case exceptional under 35 U.S.C. § 285, and awarding Fortinet its costs and reasonable attorneys' fees in asserting counterclaims and defending this action; and

e)  Granting Fortinet such other and further relief as the Court may deem necessary, just, or proper.

Dated:  December 12, 2022

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet
mcgaudet@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 1700
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

*Counsel for Defendant Fortinet, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 12, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Melissa R. Smith*
Melissa R. Smith