**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TAASERA LICENSING LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:22-md-03042-JRG** |
| **CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.,** | **Civil Action No. 2:22-cv-468-JRG** |
| **Defendants.** | |

**CROWDSTRIKE'S MOTION TO DISMISS COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

## <u>TABLE OF CONTENTS</u>

I.  Introduction ................................................................................................. 1

II.  Background .................................................................................................. 2

III.  Legal Standards .......................................................................................... 3

IV.  Argument .................................................................................................... 4

   A.  Taasera's Complaint Fails to Plausibly Allege Direct Infringement
       for Six Patents ..................................................................................... 4

   B.  Taasera's Complaint Fails to Plausibly Allege Indirect Infringement ................... 9

       1.  Taasera has failed to plausibly allege pre-suit knowledge ......................... 9

       2.  Taasera has failed to plausibly allege specific intent ............................... 11

   C.  Taasera's Complaint Fails to Plausibly Allege Facts Supporting Its
       Request for Injunctive Relief .............................................................. 12

V.  Conclusion ................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................4, 12

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-cv-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...............................9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015)..............................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................................3

*Berall v. Pentax of Am., Inc.*,
No. 10-cv-5777 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2011) ....................................8

*Bowlby v. City of Aberdeen, Miss.*,
681 F.3d 215 (5th Cir. 2012) ..................................................................................................3

*Castlemorton Wireless, LLC v. Bose Corp.*,
6:20-cv-00029-ADA, Dkt. 51 (W.D. Tex. July 22, 2020)........................................................9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015).................................12

*In re Chinese Manufactured Drywall Prods. Liab. Litig.*,
MDL No. 2047, 2012 WL 3815669 (E.D. La. Sept. 4, 2012) ...............................................11

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)........................................................................................................4, 9

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)........................................................................8

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................9

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004)..............................................................................................9

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006).............................................................................................................12

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018)........................................................................4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)......................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)........................................................................................4

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984)..........................................................................................3

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)......................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................11

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) .......................................................................2, 6

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)......................................................................7

*M&C Innovations, LLC v. Igloo Prods. Corp.*,
   No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ...........13

*M2M Sols. LLC v. Telit Commc'ns PLC*,
   No. 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015) ...............8

*Manigault-Johnson v. Google LLC*,
   No. 2:18-cv-1032-BHH, 2019 WL 3006646 (D.S.C. March 31, 2019) ...8

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)......................................................................7

*Neitzke v. Williams*,
   490 U.S. 319 (1989)........................................................................................3

*North Star Innovations, Inc. v. Toshiba Corp.*,
   16-115-LPS-CJB, Dkt. 36 (D. Del. Dec. 6, 2016)......................................7

*In re Norplant Contraceptive Products Liability Lit.*,
   215 F. Supp. 2d 795 (E.D. Tex. 2002).........................................................11

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
   965 F.3d 1299 (Fed. Cir. 2020)...............................................................6, 8

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432, Dkt. 28 (W.D. Tex. Oct. 21, 2019).............................................................10

*Ruby Sands, LLC v. Am. Nat'l Bank of Texas*,
   No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016)..................................9

*Script. Sec. Sols., LLC v. Amazon.com, Inc.*,
   170 F. Supp. 3d 928 (E.D. Tex. 2016)...................................................................................10

*In re Sunstates Corp. S'holder Litig.*,
   788 A.2d 530 (Del. Ch. 2001).................................................................................................7

*Travel Sentry, Inc. v. Tropp*,
   877 F.3d 1370 (Fed. Cir. 2017)...............................................................................................7

*United States v. Bestfoods*,
   524 U.S. 51 (1998)..................................................................................................................7

**Statutes**

28 U.S.C. § 1407.........................................................................................................................11

**Other Authorities**

Federal Rule of Civil Procedure Rule 12(b)(6)....................................................................3, 4, 8

Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (together, "CrowdStrike") respectfully file this Motion to Dismiss Plaintiff Taasera Licensing LLC's Complaint (Dkt. No. 1, "Compl.").

## I.    INTRODUCTION

Taasera's Complaint alleges infringement of eight patents[1] under both direct infringement and indirect infringement theories. Specifically, Taasera alleges that CrowdStrike directly infringes the Asserted Patents by "making, using, testing, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims" of each of the Asserted Patents (Compl. ¶¶ 38, 51, 64, 80, 95, 113, 129, 145), and that CrowdStrike indirectly infringes by "knowingly and intentionally inducing others, including CrowdStrike subsidiaries, customers, and end-users, to directly infringe … by making, using, offering to sell, selling, and/or importing into the United States Products that include infringing technology" (*Id*. ¶¶ 42, 55, 71, 86, 104, 120, 136, 150).

Taasera has failed to state a claim for direct or indirect infringement for multiple independently dispositive reasons. *First*, for six of the eight Asserted Patents, Taasera has alleged direct infringement of only method claims, yet the Complaint fails to plausibly allege that any single person or entity practices each and every element of those method claims or identify the particular entity that allegedly practices each element. Instead, Taasera vaguely refers to "products that include infringing technology." *See, e.g.*, *id.* ¶ 42. These allegations are insufficient as a matter of law. To the extent the accused products are even capable of performing the steps of those methods, the Federal Circuit has repeatedly held that method

---

[1] U.S. Patent Nos. 7,673,137 (the "'137 Patent"); 8,327,441 (the "'441 Patent"); 8,955,038 (the "'038 Patent"); 8,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); and 9,923,918 (the "'918 Patent") (collectively, the "Asserted Patents").

claims are "not directly infringed by the mere sale of an apparatus capable of performing the claimed process." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993). *Second*, because Taasera has failed to state a plausible claim of direct infringement for those six patents, its indirect infringement allegations for those patents must likewise fail. *Third*, Taasera's indirect infringement claims are insufficient because Taasera fails to plausibly allege that CrowdStrike had any knowledge of the Asserted Patents prior to the filing of the lawsuit or took any actions with the specific intent to induce direct infringement by others.

Finally, Taasera has failed to plausibly allege that it is entitled to permanent injunctive relief. A permanent injunction is an extraordinary remedy that is appropriate only under very narrow circumstances, including a showing of irreparable harm and a lack of adequate remedy at law. Taasera, which is a non-practicing entity, has failed to plausibly allege that it faces any irreparable harm. Nor has Taasera alleged that an award of monetary damages would be an inadequate remedy. While Taasera need not prove entitlement to a permanent injunction at the pleading stage, it should be required to plausibly allege the factual predicates for a permanent injunction. Its failure to do so warrants dismissal.

For these reasons, CrowdStrike respectfully requests that the Court dismiss (1) Taasera's direct infringement claims for the six identified method-claim patents, (2) Taasera's indirect infringement claims for all Asserted Patents, and (3) Taasera's claim for permanent injunctive relief.

## II.    BACKGROUND

Taasera filed this case against CrowdStrike Holdings, Inc. and CrowdStrike, Inc. on October 21, 2022, in the Western District of Texas. In the opening paragraph of the Complaint, Taasera identifies both CrowdStrike Holdings, Inc. and CrowdStrike, Inc. and defines both entities together as "CrowdStrike." Compl., at 1. Aside from preliminary allegations regarding

the parties, jurisdiction, and venue, the Complaint treats CrowdStrike Holdings, Inc. and CrowdStrike, Inc. as a single entity for purposes of all infringement allegations.

The Complaint asserts claims for direct and indirect infringement of eight patents. For each Asserted Patent, Taasera's Complaint identifies a single claim to support its infringement allegations. For six of the eight, Taasera's Complaint identifies and provides allegations for a method claim (Counts I–V and VII). With respect to these method claims, Taasera's Complaint fails to identify which CrowdStrike entity or third party performs each step of each claim, and instead points to CrowdStrike products that it alleges "practice" the methods. *See, e.g.*, *id*. ¶¶ 51–54.

On November 30, 2022, the Judicial Panel for Multi-district Litigation transferred this case from the Western District of Texas to the Eastern District of Texas for pre-trial proceedings in the above-captioned multi-district litigation.

## III. LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 546. A complaint is "insufficient if it offers only 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550 U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a

cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

To plead indirect infringement, the complaint must first plead direct infringement by

others. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed.

Cir. 2017) ("[A] finding of direct infringement is predicate to any finding of indirect

infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398,

407 (Fed. Cir. 2018) (same). For inducement, a plaintiff must also plead facts to support an

inference of a defendant's "knowledge of the patent in suit and knowledge of patent

infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). A plaintiff

must additionally plead facts showing that each defendant "had [a] specific intent to induce the

[third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No.

W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citations omitted). The

"specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or

"generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–*8. Specific intent

requires more than knowledge of the induced acts; rather, the accused infringer must have

"knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc.*

*v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.   ARGUMENT

### A.   Taasera's Complaint Fails to Plausibly Allege Direct Infringement for Six Patents

For six of the Asserted Patents, Taasera has provided allegations of direct infringement

for only method claims (Counts I–V and VII). The direct infringement claims for these six

patents do not survive Rule 12 scrutiny because Taasera's Complaint fails to plausibly allege that

either CrowdStrike defendant actually performs each and every element of the claimed methods.

Rather than identify any person or entity that is allegedly responsible for practicing the steps of the asserted method claims, Taasera repeatedly claims that the "Accused Products" practice the steps of the claimed methods.

Taasera's allegations of direct infringement of the '137 Patent are representative of these deficiencies. For example, Taasera alleges infringement based on "making, using, testing, offering to sell, selling and/or importing… *products that satisfy* each and every limitation of one or more claims of the '137 Patent." Compl. ¶ 38 (emphasis added). Taasera then alleges that "[s]uch products incorporate the Custom Application Blocking and Kernal Exploit Prevention features and include at least CrowdStrike Falcon Insight EDR…*which practice a method* for implementing security for a computing device…." *Id*. (emphasis added).

That Taasera's direct infringement allegations are tied to a product (and not by actual performance of the claimed methods) is further demonstrated in the subsequent paragraphs of the Complaint, where Taasera asserts that "[e]very '137 *Accused Product practices* interrupting the loading of a new program for operation with the computing device" (¶ 39) (emphasis added); "[e]very '137 *Accused Product practices* permitting the new program to continue loading and executing in connection with the computing device if the new program is validated" (¶ 40) (emphasis added); and "[e]very '137 *Accused Product practices* monitoring the new program while it loads and executes in connection with the computer device" (¶ 41) (emphasis added). Taasera makes substantively similar allegations with respect to the other method claims identified from the '441 Patent (Count II), '038 Patent (Count III), '948 Patent (Count IV), '616 Patent (Count V), and '918 Patent (Count VII). And, to be clear, aside from improperly tying its method-claim allegations to products, Taasera's infringement allegations are also substantively inadequate. For example, the Complaint repeatedly parrots claim language and provides

screenshot of CrowdStrike products, yet it fails to tie the allegations to the accused products, leaving CrowdStrike guessing as to what features of the products allegedly infringe. *See, e.g.*, Compl. ¶¶ 38–42.

By tying its allegations solely to products that allegedly "practice" various steps of the asserted method claims, Taasera has run afoul of well-established Federal Circuit law. *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314–15 (Fed. Cir. 2020) ("Method claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("Direct infringement requires a party to perform each and every step or element of a claimed method or product." (citation omitted)).

Products cannot practice a method by themselves. And as it stands, Taasera's Complaint is devoid of allegations identifying the person or entity that allegedly performs each step of the asserted method claims. Is it CrowdStrike, Inc.? Is it the end user? Is it an unidentified third party? Or is the alleged infringement divided amongst some combination of persons and entities? CrowdStrike does not and cannot know based on the allegations in the Complaint. To properly allege direct infringement of the asserted method claims, Taasera would have to identify a person or entity that performed each step of the asserted methods—not merely point to a product that it believes has the capability to perform the method when used.

And if it turns out that Taasera's direct infringement theory relies on a combination of multiple persons or entities performing different steps of the claimed methods, then Taasera must plausibly allege divided infringement. In cases of divided infringement, a plaintiff must plead facts "sufficient to allow a reasonable inference that all steps of the claimed method are

performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citation omitted); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351–52 (Fed. Cir. 2018); *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015). It is incumbent upon Taasera to identify which entities or persons it alleges perform the steps of the asserted method claims so CrowdStrike can adequately prepare its defense. CrowdStrike should not be left guessing as to whether Taasera is pursuing a theory of divided infringement.

The insufficiency of Taasera's infringement allegations is further underscored by Taasera's improper conflation of CrowdStrike entities. Rather than plausibly allege that a single CrowdStrike entity performs each step of the asserted method claims, Taasera's Complaint lumps both Defendants together as "CrowdStrike" and assigns all allegations equally to both companies. Compl., at 1. It is a bedrock principle of corporate law that a parent company generally cannot be held liable for the conduct of its separate subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *In re Sunstates Corp. S'holder Litig.*, 788 A.2d 530, 534 (Del. Ch. 2001); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006). Courts have dismissed complaints that improperly conflate defendants' actions. For instance, in *North Star,* the court dismissed the plaintiff's patent infringement complaint against three related entities because the plaintiff "failed to identify which entity is responsible for any particular alleged infringing activity." *North Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115-LPS-CJB, Dkt. 36 at 2-3 (D. Del. Dec. 6, 2016), attached as Exhibit 1. Courts elsewhere have cautioned against pleadings that improperly treat separate legal entities as a singular defendant. *See, e.g.,*

7

*Manigault-Johnson v. Google LLC*, No. 2:18-cv-1032-BHH, 2019 WL 3006646, at *3 (D.S.C. March 31, 2019) (dismissing claims against Alphabet where "[p]laintiffs' complaint alleges only that Alphabet is the parent corporation of Google and Youtube and does not allege any facts showing how Alphabet is responsible for the conduct alleged in the complaint"); *M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-1103-RGA, 2015 WL 4640400, at *3–5 (D. Del. Aug. 5, 2015) (dismissing claims against parent entity under Rule 12(b)(6) and *Twombly* after finding that the patentee had not pled a plausible infringement claim by "fusing the two Defendants as one" in violation of Form 18); *Berall v. Pentax of Am., Inc.*, No. 10-cv-5777 (LAP), 2021 WL 3934200, at *6 (S.D.N.Y. Sept. 2, 2011). Taasera should be required to identify which CrowdStrike entity it alleges performs the steps of the asserted method claims.

Taasera may argue that it has alleged that CrowdStrike directly infringes based upon its own "use" or "testing" of the identified products. But passing boilerplate allegations of use or testing does not rise to the level of specificity required to state a claim for relief. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *4–5 (W.D. Tex. Feb. 11, 2020) (granting dismissal where plaintiff did not "articulate[] any basis that would establish that either [defendant] performed all of the elements of the claim when it tested the accused products"). Even if the Court accepts such an allegation, such internal testing does not underlie a plausible claim for injury or damages. *See id. at* *5 n.7 (expressing skepticism that plaintiff's claim of infringement based on defendants' alleged internal testing could support anything more than "trivial" damages); *see also Packet Intelligence*, 965 F.3d at 1315.

Accordingly, the Court should dismiss Taasera's direct infringement claims of the '137 Patent (Count I), '441 Patent (Count II), '038 Patent (Count III), '948 Patent (Count IV), '616 Patent (Count V), and '918 Patent (Count VII).

### B.     Taasera's Complaint Fails to Plausibly Allege Indirect Infringement

Taasera also fails to state a plausible claim for indirect infringement for any of the Asserted Patents. As an initial matter, Taasera's failure to plausibly allege direct infringement for any of the six patents identified above in Section IV.B precludes a claim for indirect infringement on any of those Asserted Patents. It is axiomatic that indirect infringement requires direct infringement by another as a predicate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . ."). Beyond this defect, Taasera has failed to plausibly allege that CrowdStrike had the requisite knowledge or specific intent to induce infringement by another.

### 1.     Taasera has failed to plausibly allege pre-suit knowledge

Taasera's indirect infringement allegations for all eight Asserted Patents fail because Taasera does not adequately allege that CrowdStrike possesses the requisite knowledge and specific intent. To state a claim for indirect infringement based on inducement, a plaintiff must allege "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Ruby Sands LLC v. Am. Nat'l Bank of Texas,* No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304) (Fed. Cir. 2006) (citations omitted)).

As courts in the Western District of Texas—where this case was filed—have held, the knowledge requirement for indirect infringement requires *pre-suit* knowledge. *See* Exhibit 2, *Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Order Denying Def's Mot. To Dismiss, Dkt. 51 at 11 (July 22, 2020); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-

cv-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement"). Despite this requirement, Taasera's sole allegation demonstrating knowledge of the Asserted Patents or infringement is that CrowdStrike had knowledge of infringement "at least as of the date of this Complaint." Compl., ¶ 43. And this Court has observed that, although a complaint can be used to establish post-suit knowledge for the purposes of induced infringement, it cannot be used to establish pre-suit knowledge of either the asserted patents or the alleged infringement. *See Script Sec. Sols., LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016).

Courts in the Western District of Texas have rejected nearly identical allegations as conclusory and insufficient to establish the knowledge prong of induced infringement. For example, in *Parus*, the Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing of the original complaint***." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Amended Compl., Dkt 28 at ¶ 44 (emphasis added) (attached as Exhibit 3); *see id.* at Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims) (Order attached as Exhibit 4). Like the allegations in *Parus*, Taasera fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Exhibit 2 at 11 ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court **GRANTS** Bose's motion to dismiss Castlemorton's indirect infringement claims.").

Taasera will likely respond to these cases from the Western District of Texas by citing cases from this District in which the Court declined to dismiss indirect infringement claims that

seek to establish knowledge based on the filing of a complaint. However, in multidistrict litigation cases transferred pursuant to 28 U.S.C. § 1407, the transferee court must apply the substantive law of the transferor court. As one Court in this District explained, "[b]ecause the Judicial Panel on Multidistrict Litigation transferred these…cases to this court pursuant to 28 U.S.C. § 1407, the undersigned is obligated to apply the substantive law of the transferor courts and treat each case as if it were pending in the district from which it was transferred." *In re Norplant Contraceptive Products Liab. Lit.*, 215 F. Supp. 2d 795, 804 (E.D. Tex. 2002); *see also In re Chinese Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 WL 3815669, at *10 (E.D. La. Sept. 4, 2012). Because this case was transferred to this Court for pretrial proceedings pursuant to 28 U.S.C. § 1407, the Western District's precedent that a complaint alone is insufficient to establish the knowledge prong of induced infringement is controlling.

## 2.      Taasera has failed to plausibly allege specific intent

Taasera's indirect infringement claim should be dismissed for another independent reason: Taasera has failed to plausibly allege that CrowdStrike acted with the specific intent to cause another party to infringe the Asserted Patents. Rather than pleading facts that would plausibly support an allegation of specific intent, Taasera offers only the conclusory allegation that CrowdStrike "knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement" by providing its products to end-users. Compl. ¶ 43. These allegations amount to nothing more than "[t]hreadbare recitals of the elements" of induced infringement, which fail to satisfy the *Twombly/Iqbal* pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*").

CrowdStrike's "instruction and installation manuals" and "customer service through phone support" are insufficient to overcome this deficiency. *See* Compl. ¶ 43. This Court has previously rejected similarly threadbare allegations. For instance, in *Core Wireless*, the plaintiff

alleged that the defendant "provide[d] instructive materials and information concerning operation and use of the accused products." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015). The Court concluded that these allegations were not sufficient, holding that while "the provision of instructions by an accused infringer may indicate specific intent to induce infringement…failing to allege any facts identifying, even at a basic level…how the instruction direct customers to use those products in an infringing manner…falls short of satisfying Rule 8's notice requirement." *Id*. The holding in *Core Wireless* is consistent with cases from the Western District. *See, e.g., Affinity Labs of Tex.,* 2014 WL 2892285, at *7 (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.") (citation omitted).

Taasera's induced infringement claims for all eight Asserted Patents should be denied for failing to adequately plead either knowledge or specific intent.

## C.     Taasera's Complaint Fails to Plausibly Allege Facts Supporting Its Request for Injunctive Relief

Finally, the Court should dismiss or strike Taasera's unfounded request for a permanent injunction. The Supreme Court has made clear that permanent injunctions are permissible only if the plaintiff demonstrates (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

12

Here, Taasera's Complaint is devoid of any factual allegations that plausibly support a claim for permanent injunctive relief. Taasera merely pleads that it "has suffered, and will continue to suffer, irreparable harm as a result of Defendants infringement…for which there is no adequate remedy at law unless Defendants' infringement is enjoined by this Court." Compl. ¶ 48. Courts in this Circuit have dismissed similarly deficient claims for injunctive relief at the pleading stage. *See M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018) (dismissing prayer seeking injunctive relief in a patent infringement lawsuit because "the complaint contains no factual allegations supporting [plaintiff]'s request, as a non-practicing entity, to injunctive relief."). A similar result is warranted here.

## V.      CONCLUSION

For the foregoing reasons, CrowdStrike respectfully requests that the Court dismiss (1) Taasera's direct infringement claims for Courts I–V and VII, (2) Taasera's indirect infringement claims for all Asserted Patents, and (3) Taasera's claim for permanent injunctive relief.

Dated: January 6, 2023

Respectfully submitted,

By: _/s/  Irene Yang_____

Michael J. Bettinger, Lead Attorney
California State Bar No. 122196
mbettinger@sidley.com
Irene Yang
California State Bar No. 245464
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Andrew T. Langford
Texas State Bar No. 24087886
alangford@sidley.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

J. Stephen Ravel
Texas State Bar No. 16584975
steve.ravel@kellyhart.com
Kelly Ransom
Texas State Bar No. 24109427
kelly.ransom@kellyhart.com
KELLY HART & HALLMAN LLP
303 Colorado Street, Suite 2000
Austin, TX 78701
Telephone: (512) 495-6429
Facsimile: (512) 495-6610

J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
MANN | TINDEL | THOMPSON

14

201 E. Howard St.
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

**ATTORNEYS FOR DEFENDANTS
CROWDSTRIKE, INC. and
CROWDSTRIKE HOLDINGS, INC.**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been

served electronically on all counsel of record via the Court's ECF system on January 6, 2023.

*/s/ Irene Yang*
Irene Yang