**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TAASERA LICENSING LLC | § | |
| *Plaintiff,* | § | Lead Civil Action No. 2:22-md-03042-JRG |
| v. | § | Civil action No. 2:22-CV-00427-JRG |
| MUSARUBRA US LLC, D/B/A TRELLIX | § | |
| *Defendant.* | § | |

## MUSARUBRA US LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Federal Rules of Civil Procedure 7 and 12, Musarubra US LLC, d/b/a Trellix ("Trellix" or "Defendant"), by and through the undersigned counsel, hereby files this Answer to the Complaint for Patent Infringement ("Complaint") (Dkt. No. 1) filed by Plaintiff Taasera Licensing LLC ("Plaintiff").  Defendant denies all allegations in the Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint:

### THE PARTIES

1.      Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.      Trellix admits that it is a Delaware limited liability company and maintains an office located at 6000 Headquarters Drive, Plano, Texas 75024.  Trellix further admits that it is registered with the Secretary of State to conduct business in Texas.  Trellix denies that it maintained an office at 5000 Headquarters Drive, Plano, Texas 75024, but Trellix admits that it received mail at that location.

## JURISDICTION

3.      Trellix admits that the Complaint purports to be an action for patent infringement that arises under the patent laws of the United States.  Trellix in this action alone does not contest that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Trellix in this action alone does not contest that the Court has personal jurisdiction over Trellix.  Trellix admits that it maintains an office located at 6000 Headquarters, Drive, Plano, Texas 75024.  Trellix denies the remaining allegations contained in Paragraph 4.

5.      Trellix in this action alone does not contest whether venue is proper in this district. Trellix denies the remaining allegations contained in Paragraph 5.

6.      Trellix admits that it maintains an office in Plano, Texas.  Trellix admits that the Complaint purports to reference the careers portal on Trellix's website. Trellix denies any remaining allegations in Paragraph 6.

7.      Admitted.

8.      Admitted.

9.      Trellix admits that some of its employees are former employees of McAfee Corp. and/or McAfee LLC.  Trellix is without knowledge or information sufficient to form a belief to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10.     Admitted.

11.     Denied.

12.     Trellix in this action alone does not contest whether the Court has jurisdiction. Trellix denies the remaining allegations contained in Paragraph 12.

13.     Trellix admits that the Complaint references an Exhibit A, which purports to be a copy of U.S. Patent No. 7,673,137 (the "'137 Patent") entitled SYSTEM AND METHOD FOR

- Page 2

THE MANAGED SECURITY CONTROL OF PROCESSES ON A COMPUTER SYSTEM, issued on March 2, 2010.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 13, and therefore denies them.

14.     Trellix admits that the Complaint references an Exhibit B, which purports to be a copy of U.S. Patent No. 8,327,441 (the "'441 Patent"), entitled SYSTEM AND METHOD FOR APPLICATION ATTESTATION, issued on December 4, 2012.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 14, and therefore denies them.

15.     Trellix admits that the Complaint references an Exhibit C, which purports to be a copy of U.S. Patent No. 8,850,5117 (the "'517 Patent"), entitled RUNTIME RISK DETECTION BASED ON USER, APPLICATION, AND SYSTEM ACTION SEQUENCE CORRELATION, issued on September 30, 2014.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 15, and therefore denies them.

16.     Trellix admits that the Complaint references an Exhibit D, which purports to be a copy of U.S. Patent No. 8,955,038 (the "'038 Patent"), entitled METHODS AND SYSTEMS FOR CONTROLLING ACCESS TO COMPUTING RESOURCES BASED ON KNOWN SECURITY VULNERABILITIES, issued on February 10, 2015.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 16, and therefore denies them.

17.     Trellix admits that the Complaint References an Exhibit E, which purports to be a copy of U.S. Patent No. 8,880,948 (the "'948 Patent"), entitled SYSTEMS AND METHODS FOR ORCHESTRATING RUNTIME OPERATIONAL INTEGRITY, issued on March 24, 2015.

Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 17, and therefore denies them.

18.    Trellix admits that the Complaint References an Exhibit F, which purports to be a copy of U.S. Patent No. 9,071,518 (the "'518 Patent"), entitled RULES BASED ACTIONS FOR MOBILE DEVICE MANAGEMENT, issued on June 30, 2015.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 18, and therefore denies them.

19.    Trellix admits that the Complaint References an Exhibit G, which purports to be a copy of U.S. Patent No. 9,092,616 (the "'616 Patent"), entitled SYSTEMS AND METHODS FOR THREAT IDENTIFICATION AND REMEDIATION, issued on July 28, 2015.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 19, and therefore denies them.

20.    Trellix admits that the Complaint References an Exhibit H, which purports to be a copy of U.S. Patent No. 9,608,997 (the "'997 Patent"), entitled METHODS AND SYSTEMS FOR CONTROLLING ACCESS TO COMPUTING RESOURCES BASED ON KNOWN SECURITY VULNERABILITIES, issued on March 28, 2017.  Trellix is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 20, and therefore denies them.

21.    Trellix admits that the Complaint References an Exhibit I, which purports to be a copy of U.S. Patent No. 9,923,918 (the "'918 Patent"), entitled METHODS AND SYSTEMS FOR CONTROLLING ACCESS TO COMPUTING RESOURCES BASED ON KNOWN SECURITY VULNERABILITIES, issued on March 20, 2018.  Trellix is without knowledge or information

sufficient to form a belief as to the truth of any remaining allegations in Paragraph 21, and therefore denies them.

22.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

## FACTUAL ALLEGATIONS

23.     The Patents-in-Suit speak for themselves. Paragraph 23 purports to describe what the Patents-in-Suit cover and no response is required. To the extent Paragraph 23 contains any allegations, Trellix denies any and all allegations contained therein.

24.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     Trellix admits that the named inventors of the '137 Patent are Thomas James Satterlee and William Frank Hackenberger. The '137 Patent, including the claims and intrinsic record, speaks for itself.  Paragraph 26 purports to describe the '137 Patent and no response to such description is required.  To the extent Paragraph 26 contains any remaining allegations, Trellix denies any and all allegations contained therein.

27.     Trellix admits that the named inventors of the '441 Patent are Srinivas Kumar and Gurudatt Shahikumar. The '441 Patent, including the claims and intrinsic record, speaks for itself. Paragraph 27 purports to describe the '441 Patent and no response to such description is required. To the extent Paragraph 27 contains any remaining allegations, Trellix denies any and all allegations contained therein.

28.     Trellix admits that the named inventor of the '517 Patent is Srivinas Kumar. The '517 Patent, including the claims and intrinsic record, speaks for itself.  Paragraph 28 purports to describe the '517 Patent and no response to such description is required.  To the extent Paragraph 28 contains any remaining allegations, Trellix denies any and all allegations contained therein.

29.     Trellix admits that the named inventors of the '038 Patent are Blair Nicodemus and Billy Edison Stephens. The '038 Patent, including the claims and intrinsic record, speaks for itself. Paragraph 29 purports to describe the '038 Patent and no response to such description is required. To the extent Paragraph 29 contains any remaining allegations, Trellix denies any and all allegations contained therein.

30.     Trellix admits that the named inventors of the '948 Patent are Srinivas Kumar and Dennis Pollutro. The '948 Patent, including the claims and intrinsic record, speaks for itself. Paragraph 30 purports to describe the '948 Patent and no response to such description is required. To the extent Paragraph 30 contains any remaining allegations, Trellix denies any and all allegations contained therein.

31.     Trellix admits that the named inventors of the '518 Patent are Jatin Malik, Ratnesh Singh, and Rajakumar Bopalli. The '518 Patent, including the claims and intrinsic record, speaks for itself.  Paragraph 31 purports to describe the '518 Patent and no response to such description is required.  To the extent Paragraph 31 contains any remaining allegations, Trellix denies any and all allegations contained therein.

32.     Trellix admits that the named inventors of the '616 Patent are Srinivas Kumar and Dennis Pollutro. The '616 Patent, including the claims and intrinsic record, speaks for itself. Paragraph 32 purports to describe the '616 Patent and no response to such description is required.

To the extent Paragraph 32 contains any remaining allegations, Trellix denies any and all allegations contained therein.

33.     Trellix admits that the named inventors of the '997 Patent are Blair Nicodemus and Billy Edison Stephens. The '997 Patent, including the claims and intrinsic record, speaks for itself. Paragraph 33 purports to describe the '997 Patent and no response to such description is required. To the extent Paragraph 33 contains any remaining allegations, Trellix denies any and all allegations contained therein.

34.     Trellix admits that the named inventors of the '918 Patent are Blair Nicodemus and Billy Edison Stephens. The '918 Patent, including the claims and intrinsic record, speaks for itself. Paragraph 34 purports to describe the '918 Patent and no response to such description is required. To the extent Paragraph 34 contains any remaining allegations, Trellix denies any and all allegations contained therein.

35.     Denied.

36.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.     Denied.

## [PLAINTIFF'S] COUNT I
### ([Alleged] Infringement of the '137 Patent)

38.     Trellix incorporates its responses to Paragraphs 1–37 as if fully set forth herein.

39.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies them.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## [PLAINTIFF'S] COUNT II
### ([Alleged] Infringement of the '441 Patent)

52.     Trellix incorporates its responses to Paragraphs 1–51 as if fully set forth herein.

53.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies them.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

## [PLAINTIFF'S] COUNT III
### ([Alleged] Infringement of the '517 Patent)

66.     Trellix incorporates its responses to Paragraphs 1–65 as if fully set forth herein.

67.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore denies them.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## [PLAINTIFF'S] COUNT IV
### ([Alleged] Infringement of the '038 Patent)

80.     Trellix incorporates its responses to Paragraphs 1–79 as if fully set forth herein.

81.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and therefore denies them.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

## [PLAINTIFF'S] COUNT V
### ([Alleged] Infringement of the '948 Patent)

97.     Trellix incorporates its responses to Paragraphs 1–96 as if fully set forth herein.

98.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint, and therefore denies them.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

## [PLAINTIFF'S] COUNT VI
### ([Alleged] Infringement of the '518 Patent)

112.    Trellix incorporates its responses to Paragraphs 1–111 as if fully set forth herein.

113.    Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and therefore denies them.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

## [PLAINTIFF'S] COUNT VII
### ([Alleged] Infringement of the '616 Patent)

129.    Trellix incorporates its responses to Paragraphs 1–128 as if fully set forth herein.

130.    Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint, and therefore denies them.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.     Denied.

146.     Denied.

## [PLAINTIFF'S] COUNT VIII
### ([Alleged] Infringement of the '997 Patent)

147.     Trellix incorporates its responses to Paragraphs 1–146 as if fully set forth herein.

148.     Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint, and therefore denies them.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

## [PLAINTIFF'S] COUNT IX
### ([Alleged] Infringement of the '918 Patent)

163.     Trellix incorporates its responses to Paragraphs 1–162 as if fully set forth herein.

164.    Trellix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint, and therefore denies them.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Trellix is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that any response to the relief requested in the Complaint is required, Trellix denies that Plaintiff has any valid claim pursuant to 35 U.S.C. § 271, et seq.  Trellix further denies that it has violated any of the Patent Laws of the United States with respect to the '137, '441, '517, '038, '948, '518, '616, '997, or '918 Patents.  Trellix also denies that Plaintiff is entitled to any of

the declaratory, legal, or equitable relief requested in its Prayer for Relief, or to any legal or equitable relief whatsoever, from Trellix in this matter or as a result of the Complaint.  Trellix requests that the Court deny all relief requested by Plaintiff.

## GENERAL DENIAL

Trellix further denies any allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## TRELLIX'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Trellix alleges and asserts the following defenses in response to the allegations of the Complaint.  Regardless of how such defenses are listed herein, Trellix undertakes the burden of proof only as to those defenses that are deemed affirmative defenses requiring such burden as a matter of law and does not accept or admit any burden it would not otherwise bear.  In addition to the affirmative defenses described below, Trellix specifically reserves all rights to allege additional affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States and/or at law or in equity that may now exist or in the future be available, including but not limited to those that become known through the course of this action.  Trellix further reserves the right to amend this Answer to include such defenses.  Pursuant to Federal Rule of Civil Procedure 8(c), Trellix, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

Trellix has not infringed, directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, any valid and enforceable claim of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

Plaintiff's claims are barred in whole or in part because each asserted claim of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents is invalid for failure to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C §§ 101, 102, 103, and 112.

The claims of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents are invalid and void for failure to comply with the conditions of patentability specified in 35 U.S.C. §§ 100 et seq.

### THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

The claims of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents are limited by the text of the Patents, the prosecution history, including that of related patents, and/or the prior art such that Plaintiff is estopped, or otherwise precluded, from asserting that any claim of the Patents are infringed by Trellix, either literally or by equivalents.

### FOURTH AFFIRMATIVE DEFENSE – ENSNAREMENT

Plaintiff cannot argue that the claims of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents are broad enough that an accused product or act would be found to infringe under the doctrine of equivalents because such a construction would render the claims invalid in view of the prior art.

### FIFTH AFFIRMATIVE DEFENSE – LICENSE

Plaintiff's claims for infringement under the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents are barred to the extent the allegedly unlawful activity was licensed or authorized by persons or entities with the right to license.

### SIXTH AFFIRMATIVE DEFENSE – DAMAGES LIMITATIONS AND FAILURE TO MARK

Plaintiff has failed to comply with the notice provisions of 35 U.S.C. § 287, and thus Plaintiff cannot recover any damages from Trellix's alleged infringement prior to the date the Complaint was filed.  Further, Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE – LIMITATION ON COSTS

Plaintiff is barred under 35 U.S.C. § 288 from recovering costs associated with this case.

### EIGHTH AFFIRMATIVE DEFENSE – LIMITATION ON CLAIMS

Plaintiff's claims for relief are barred or limited under the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

### NINTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## MUSARUBRA US LLC'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff Musarubra US LLC d/b/a Trellix ("Trellix") hereby asserts the following counterclaims against Plaintiff/Counter-Defendant Taasera Licensing LLC ("Taasera") and avers as follows:

### NATURE AND BASIS OF ACTION

1.      Trellix seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,673,137 (the "'137 Patent"), 8,327,441 (the "'441 Patent"), 8,850,517 (the "'517 Patent"), 8,955,038 (the "'038 Patent"), 8,990,948 (the "'948 Patent"), 9,071,518 (the "'518 Patent"), 9,092,616 (the "'616 Patent"), 9,608,997 (the "'997 Patent"), and 9,923,918 (the "'918 Patent") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1, et seq., damages, and such other relief as the Court deems just and proper.

### PARTIES

2.      Trellix is a limited liability company organized and existing under the laws of the State of Delaware with a place of business in Plano, Texas.

3.      On information and belief, based solely on Paragraph 1 of Taasera's Complaint, Taasera is a limited liability company organized and existing under the laws of Texas with its principal place of business in Plano, Texas.

### JURISDICTION AND VENUE

4.      If subject matter jurisdiction is proper for Taasera's claims, this Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

5.      Taasera has subjected itself to personal jurisdiction in this District by filing suit against Trellix in this District.

6.      Taasera has consented to venue in this District by filing suit against Trellix in this District.

## FIRST COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '137 PATENT

7.      Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

8.      Taasera has accused Trellix of infringing the '137 Patent.

9.      As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '137 Patent.

10.      Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '137 Patent.

11.      A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '137 Patent by Trellix.

12.      This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '137 PATENT

13.      Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

14.      As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '137 Patent.

15.     The claims of the '137 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '137 Patent.

17.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## THIRD COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '441 PATENT

18.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

19.     Taasera has accused Trellix of infringing the '441 Patent.

20.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '441 Patent.

21.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '441 Patent.

22.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '441 Patent by Trellix.

23.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## FOURTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '441 PATENT

24.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

25.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '441 Patent.

26.     The claims of the '441 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

27.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '441 Patent.

28.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## FIFTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '517 PATENT

29.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

30.     Taasera has accused Trellix of infringing the '517 Patent.

31.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '517 Patent.

32.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '517 Patent.

33.    A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '517 Patent by Trellix.

34.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SIXTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '517 PATENT

35.    Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

36.    As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '517 Patent.

37.    The claims of the '517 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

38.    A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '517 Patent.

39.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SEVENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '038 PATENT

40.    Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

41.    Taasera has accused Trellix of infringing the '038 Patent.

42.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '038 Patent.

43.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '038 Patent.

44.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '038 Patent by Trellix.

45.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## EIGHTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '038 PATENT

46.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

47.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '038 Patent.

48.     The claims of the '038 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

49.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '038 Patent.

50.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## NINTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '948 PATENT

51.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

52.     Taasera has accused Trellix of infringing the '948 Patent.

53.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '948 Patent.

54.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '948 Patent.

55.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '948 Patent by Trellix.

56.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## TENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '948 PATENT

57.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

58.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '948 Patent.

59.     The claims of the '948 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

60.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '948 Patent.

61.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## ELEVENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '518 PATENT

62.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

63.     Taasera has accused Trellix of infringing the '518 Patent.

64.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '518 Patent.

65.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '518 Patent.

66.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '518 Patent by Trellix.

67.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## TWELFTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '518 PATENT

68.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

69.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '518 Patent.

70.     The claims of the '518 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

71.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '518 Patent.

72.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## THIRTEENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '616 PATENT

73.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

74.     Taasera has accused Trellix of infringing the '616 Patent.

75.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '616 Patent.

76.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '616 Patent.

77.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '616 Patent by Trellix.

78.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FOURTEENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '616 PATENT**

79.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

80.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '616 Patent.

81.     The claims of the '616 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

82.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '616 Patent.

83.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FIFTEENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '997 PATENT**

84.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

85.     Taasera has accused Trellix of infringing the '997 Patent.

86.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '997 Patent.

87.     Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '997 Patent.

88.     A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '997 Patent by Trellix.

89.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SIXTEENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '997 PATENT**

90.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

91.     As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '997 Patent.

92.     The claims of the '997 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

93.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '997 Patent.

94.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SEVENTEENTH COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT OF THE '918 PATENT**

95.     Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though fully set forth herein.

96.    Taasera has accused Trellix of infringing the '918 Patent.

97.    As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Trellix and Taasera regarding the alleged infringement of the '918 Patent.

98.    Trellix does not and has not infringed, directly or indirectly, by inducement or contributorily, willfully or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '918 Patent.

99.    A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent Taasera from continuing to allege infringement of the '918 Patent by Trellix.

100.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

## EIGHTEENTH COUNTERCLAIM: DECLARATION OF INVALIDITY OF THE '918 PATENT

101.    Trellix incorporates by reference the preceding paragraphs of Trellix's Counterclaims as though set forth fully herein.

102.    As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Taasera and Trellix regarding the validity of the '918 Patent.

103.    The claims of the '918 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

104.    A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Taasera from continuing to allege validity of the '918 Patent.

105.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Taasera filed its Complaint with knowledge of the facts stated in this Counterclaim.

### TRELLIX'S PRAYER FOR RELIEF

WHEREFORE, Trellix requests that the Court enter a judgment in Trellix's favor and grant the following relief:

(a)    A judgment dismissing all claims in Plaintiff's Complaint with prejudice and a complete denial of Plaintiff's requests for damages, costs, attorney fees, expenses, interest, or any other form of relief;

(b)    A declaration that Trellix has not infringed, directly or indirectly, or in any other manner, any valid and enforceable claims of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents, either literally or under the doctrine of equivalents;

(c)    A declaration in favor of Trellix that all claims of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents are invalid or void;

(d)    A permanent injunction against Plaintiff and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Plaintiff from charging infringement or instituting or continuing any legal action for infringement of the '137, '441, '517, '038, '948, '518, '616, '997, and '918 Patents against Trellix, its customers, or anyone acting in privity with Trellix;

(e)    An order declaring that Trellix is the prevailing party and that this is an exceptional case, awarding Trellix its reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

(f)    An order awarding Trellix its costs and expenses of litigation, including but not limited to disbursements and expert witness fees; and

(g)     Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Trellix respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

By: */s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
William T. Nilsson
Texas State Bar No. 24123350
wnilsson@jw.com
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

**COUNSEL FOR DEFENDANT,
MUSARUBRA US LLC, D/B/A TRELLIX**

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the Court's electronic case filing system, and thus the foregoing document has been electronically served on counsel of record.

*/s/ Nathaniel St. Clair, II*
Nathaniel St. Clair II