The Honorable Rodney Gilstrap<br>
January 11, 2023<br>
Page 1

January 11, 2023

VIA CM/ECF

The Honorable Rodney Gilstrap
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, TX 75670

**Re: In Re Taasera Licensing LLC, Patent Litigation, Case No. 2:22-MD-03042-JRG;** *Palo Alto Networks, Inc. v. Taasera Licensing LLC, Quest Patent Research Corporation*, **Case No. 2:22-cv-00314-JRG**

Dear Judge Gilstrap:

  Declaratory-Judgment Plaintiff Palo Alto Networks, Inc. ("PAN") and Defendant Taasera Licensing LLC ("Taasera") hereby submit this joint letter under the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101, setting forth their respective positions on PAN's Motion for Partial Judgment on the Pleadings of Patent-Ineligibility Under 35 U.S.C. § 101 ("Motion") and the parties' disagreement as to whether claim construction is necessary to inform the Court's analysis.

  The parties' respective positions are set forth below.

The Honorable Rodney Gilstrap
January 11, 2023
Page 2

**I.       Taasera's Position: Claim Construction Is Necessary to Inform the Court's § 101 Analysis**

Declaratory-Judgment Plaintiff PAN alleges that U.S. Patent Nos. 6,842,796 ("the '796 patent"); 8,127,356 ("the '356 patent"); 8,850,517 ("the '517 patent"); 8,955,038 ("the '038 patent"); and 9,923,918 ("the '918 patent") (collectively, the "challenged patents") are directed to patent ineligible subject matter, and accordingly seeks to forego claim construction for the challenged patents.[1] However, based on PAN's arguments in its Motion, claim construction is necessary in determining whether the challenged patents are directed towards patent eligible subject matter.[2] Therefore, Declaratory-Judgment Defendant Taasera submits that claim construction will assist the Court in determining the scope of the claimed inventions of the challenged patents and the Patents-in-Suit themselves. *See Autumn Cloud LLC v. TripAdvisor, Inc.*, 2017 WL 1856232, at *1 (E.D. Tex. Apr. 3, 2017).[3]

PAN's Motion is premature and unsupported, particularly where there are numerous factual disputes. In *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, the Federal Circuit set forth a two-step framework for analyzing whether the claims at issue claim patent-eligible subject matter: (1) are the claims directed to a patent-ineligible concept; and (2) if so, whether the elements of each claim both individually and as an ordered combination, transform the nature of the claim into a patent-eligible application. Analysis of the challenged patents on a claim-by-claim and element-by-element basis would allow the Court to develop a fuller record from which to determine the scope of the inventions.

PAN's Motion incorrectly submits that the inventions of the challenged patents are directed to known, routine, and conventional elements. However, "[t]he inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art." *See Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).[4] PAN ignores the inventive concepts of the challenged patents, ignores numerous limitations, and reduces the inventions to "known" concepts allegedly "applied by humans."[5] In its effort to oversimplify the claims for its Motion, PAN itself raises

---

[1] PAN's Motion does not challenge the three remaining patents-in-suit—U.S. Patent Nos. 7,673,137; 8,327,441; and 8,990,948.

[2] *See Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012) ("[Claim construction] will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligible requires a full understanding of the basic character of the claimed subject matter.").

[3] "Courts often choose to deny motions seeking dismissal on the pleadings to obtain a more complete understanding of the claimed invention, because in many cases, it is not only more efficient to postpone patent eligibility determinations until after claim construction but, because the process will give the Court a fuller understanding of the patent, it is also more likely to lead the Court to the correct outcome with correct analysis." *Id.* Courts in this District have routinely denied Rule 12 motions made on § 101 grounds as premature. *See, e.g., Phoenix Licensing, LLC et al. v. Advance Am. Cash Advance Centers, Inc.*, No. 2:15-cv-01375-JRG-RSP, Dkt. 25 (E.D. Tex. Sept. 30, 2016); *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, 2018 WL 5306647, at *7 (E.D. Tex. Aug. 29, 2018); *Ectolink, LLC v. Elavon, Inc.*, 2016 WL 7670060, at *4 (E.D. Tex. Sept. 7, 2016). The Federal Circuit has also stated in certain cases "claim construction is helpful to resolve the question of patentability under § 101." *McRO, Inc. v. Bandai Namco Games Am., Inc.*, 837 F.3d 1299, 1311 (Fed. Cir. 2016) (finding claims were not directed to an abstract idea and instead to "claimed process[es] us[ing] a combined order of specific rules" that improved on existing technological processes in the field of computer animation.").

[4] As is the case here, an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Id.*

[5] *See DDR Holdings, LLC v. Hotels.com, L.P.*, 954 F. Supp. 2d 509, 527 (E.D. Tex. 2013) ("[I]nventions with specific applications or improvements to technologies in the marketplace are not likely to be so abstract" as to be ineligible for patent protection). The Federal Circuit has cautioned that "describing the claims at such a high level of abstraction

claim construction issues.

PAN's analysis of the '796 Patent mischaracterizes the invention as simply "identifying" and "extracting" information, which does not adequately consider the technological improvements that the claims are directed to. Dkt. 71 at 2. Claim 1 of the '796 Patent requires "a pattern that is matchable in accordance with a programming language that supports such a regularly identifiable expression," which PAN admits that it is not a step that can be performed by a human. Dkt. 71 at 3. The claims further require a "specified action" performed using the extracted information, construction of which is necessary to understanding the claims and not addressed by PAN.

PAN's '356 Patent argument reduces the patent to the concept of "sorting data" using "simple if/then logic." *Id*. at 6-7. In doing so, PAN ignores the claim limitations of claim 1 that are rooted in computer technology. These limitations include terms such as, "known exploit," "network administration traffic," and "another type of traffic known to be benign." PAN ignores potential constructions for these terms in order to improperly reduce the claims to merely "sorting packets of data." Dkt. 71 at 5.

PAN alleges that the '517 Patent is directed to simply "assigning a score based on risk," which can be "assessed mentally by a human." *Id*. at 10. But, this oversimplification ignores the many computer implemented steps of claim 1, which require storing "a plurality of rules," each of which identifies an "action sequence" which consists of at least two "performed actions." These terms are critical to the proper understanding of the claim and, therefore, whether the claims are drawn to an abstract idea. Further, the "action" terms can include "an application action" and "a system action," which are not even mentioned in PAN's Motion.

PAN ignores the majority of claim limitations in its '038 Patent and '918 Patent argument in an effort to improperly frame the claims as merely "determining compliance with a policy" and "restricting access to resources." Dkt. 71 at 13. The claim 1 limitations overlooked by PAN include terms such as, "plurality of policies" and "plurality of operating conditions," construction of which is necessary to determine whether the claims are directed to patent-ineligible subject matter.

The determination of eligibility of the claims that include the above terms presents factual issues that are inappropriate for resolution at this time without claim construction argument and expert testimony. Claim construction is necessary to provide meaning to the terms and obtain a proper understanding of the challenged patents, as well as the other Patents-in-Suit. Through claim construction, the Court may have the opportunity to obtain a fuller understanding of the Patents-in-Suit, the patented inventions, including the context of relevant intrinsic and extrinsic evidence which was outside the scope of PAN's Motion.[6] Accordingly, Defendants respectfully request that the Court defer a decision on PAN's Motion until it is permitted to undergo the claim construction process.

---

and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016).

[6] *See, e.g.*, *Autumn Cloud*, 2017 WL 1856232, at *1 (E.D. Tex. Apr. 3, 2017); *Secured Structures, LLC v. Alarm Sec. Grp., LLC*, 2016 WL 1253688, at *4 (E.D. Tex. Mar. 10, 2016) ("[W]here the parties dispute the scope and meaning of the asserted claims, as they do here, application of the principles governing a § 101 analysis is not a straightforward exercise.").

**II.     PAN's Position: Claim Construction Is <u>Not</u> Necessary for the Court's § 101 Analysis**

"Where it is clear that claim construction would not affect the issue of patent eligibility, there is no requirement that the court go through that exercise before addressing the eligibility issue." *Network Architecture Innovations LLC v. CC Network Inc.*, No. 2:16-CV-00914-JRG, 2017 WL 1398276, at *3 (E.D. Tex. Apr. 18, 2017) (citation omitted).[7]  During the meet and confer process, Taasera did not identify "any claim terms that the respondent believes need to be construed, why such is needed, [or] what intrinsic references support such position," as this Court's Standing Order requires.  For multiple reasons, Taasera's belated identification of a handful of plain-English terms fails to raise any *Markman* dispute material to the § 101 inquiry.

First, Taasera fails to propose constructions for any term it identifies.  Where, as here, a patentee has "provided no proposed construction of any terms . . . that would change the § 101 analysis," it is "appropriate for the district court to determine . . . ineligib[ility] under § 101 at the motion to dismiss stage." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017); *see also Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 525 (Fed. Cir. 2021) (§ 101 dismissal proper where patentee "did not provide any proposed construction, but rather stated that the terms simply 'should be construed'"); *VeriPath, Inc. v. Didomi*, 842 F. App'x 640, 644 (Fed. Cir. 2021) (same); *eDekka LLC v. 3Balls.com, Inc.*, No. 2:15-CV-541-JRG, 2015 WL 5579840, at *2 n.2 (E.D. Tex. Sept. 21, 2015) (granting § 101 motion before *Markman* where patentee "does not clearly provide a proposed construction").

Second, the Taasera-identified claim terms only confirm that the claimed technology is simple and conventional.  Where, as here, "the basic character of the claimed subject matter in dispute is clearly evident to the Court, no further construction of the claims is required." *Network*

---

[7] Pursuant to Local Rule CV-10(a)(5), PAN provides its portion of this joint four page letter in format of "double spaced and in a font no smaller than 12-point type."

*Architecture*, 2017 WL 1398276, at *3 (quotations omitted). On their face, the terms Taasera identifies are all in plain English, and none contains any technical jargon or terms of art. *See Clear with Computers, LLC v. Altec Indus., Inc.*, No. 6:14-CV-79-JRG, 2015 WL 993392, at *3 (E.D. Tex. Mar. 3, 2015), *aff'd*, 636 F. App'x 1015 (Fed. Cir. 2016) (rejecting argument that § 101 motion was "premature prior to claim construction" where "the claim language is relatively simple and neither party has identified any disputes presently ripe for claim construction").

Third, any construction of Taasera's proposed terms would be immaterial to the § 101 analysis because, as shown in PAN's § 101 motion, the recited claim elements are all in the abstract realm or admittedly conventional. Thus, even if these terms arguably had some specialized meaning for purposes of the challenged patents, their construction would have no material effect on the eligibility inquiry. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy."); *Network Architecture*, 2017 WL 1398276, at *4 n.2 (although claim term "might be subject to differing interpretations," no construction was needed because it was "abundantly clear" that its use in the claims was "abstract in nature").

Finally, even if Taasera had proposed any constructions, this Court would still be able to decide eligibility at the Rule 12 stage and "adopt the non-moving party's constructions or resolve the dispute to whatever extent is needed to conduct the § 101 analysis." *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019). Accordingly, to the extent Taasera is allowed to propose any constructions belatedly, the Court can simply adopt such constructions, which will not change the outcome of the § 101 analysis. *See eDekka*, 2015 WL 5579840, at *2 (concluding § 101 analysis would not be altered even if proposed construction was adopted").

PAN thus respectfully submits that no claim construction is needed to grant its motion.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *Alfred R. Fabricant* | *Michael R. Rueckheim* |
| Alfred R. Fabricant | Kelly C. Hunsaker |
| *Lead Counsel for Taasera Licensing LLC* | KHunsaker@winston.com |
| | Michael R. Rueckheim |
| | (Texas State Bar No. 24081129) |
| | MRueckheim@winston.com |
| | WINSTON & STRAWN LLP |
| | 225 Shoreline Drive, Suite 520 |
| | Redwood City, CA 94065 |
| | Telephone: (650) 858-6500 |
| | Facsimile: (650) 858-6550 |
| | |
| | Krishnan Padmanabhan |
| | KPadmanabhan@winston.com |
| | WINSTON & STRAWN LLP |
| | 200 Park Avenue |
| | New York, NY 10166-4193 |
| | Telephone: (212) 295-6700 |
| | Facsimile: (212) 294-4700 |
| | |
| | Melissa Richards Smith |
| | (Texas State Bar No. 24001351) |
| | melissa@gillamsmithlaw.com |
| | GILLAM & SMITH, LLP |
| | 303 South Washington Avenue |
| | Marshall, TX 75670 |
| | Telephone: 903-934-8450 |
| | Facsimile: 903-934-9257 |
| | |
| | *Counsel for Palo Alto Networks, Inc.* |