**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-md-03042-JRG-RSP |
| | | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00468-JRG-RSP | § § § | |

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | § § § | Case No. 2:22-cv-00468-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC., | § § § | |
| Defendants. | § § | |

**PLAINTIFF TAASERA LICENSING LLC'S
RESPONSE IN OPPOSITION TO DEFENDANT CROWDSTRIKE'S MOTION
TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(b)(6) (DKT. 26)**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ............................................................................................................. 2

III.  LEGAL STANDARD...................................................................................................... 2

IV.   ARGUMENT................................................................................................................... 4

      A.    Taasera's Complaint Has Sufficiently Pled Direct Infringement .......................... 4

      B.    Taasera Has Sufficiently Pled Indirect Infringement............................................. 7

            1.    Taasera Is Not Required to Show Pre-Suit Knowledge............................. 8

            2.    Taasera Has Sufficiently Alleged Specific Intent .................................... 11

      C.    Taasera's Complaint Alleges Sufficient Support of its Request for
           Injunctive Relief.................................................................................................... 14

      D.    To The Extent Any Aspect of the Motion is Granted, Taasera Should Be
           Given Leave to Amend .......................................................................................... 15

V.    CONCLUSION.............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Actus, LLC v. Bank of Am. Corp.*,
    No. 2-09-cv-102-TJW, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010) ......................................3

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
    No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................................10

*Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL
    4230582, at *2 9E.D. Tex. Sept. 4, 2017),
    *report and recommendation adopted*, No.2:16-CV-00693-RWS-RSP, 2017
    WL 4237723 (E.D. Tex. Sept. 22, 2017) ...............................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................3, 4

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) .................................................................................... *passim*

*BillJCo, LLC v. Cisco Sys., Inc.*,
    No. 2:21-cv-00181-JRG, 2021 WL 6618529 (E.D. Tex. Nov. 30, 2021) ............................3, 9

*Commonwealth Sci. & Indus. Rsch. Org. v. Buffalo Tech. Inc.*,
    492 F. Supp. 2d 600 (E.D. Tex. 2007) ..................................................................................15

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ........................12

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005) ................................................................................................................3

*EMA Electromechanics, Inc. v. Siemens Corp.*,
    No. 6:21-cv-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ..............................11

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
    No. 2:15-CV-1202-WCB, 2016 WL 1643315 (E.D. Tex. Apr. 26, 2016) ...............................9

*Estech Sys., Inc. v. Target Corp.*,
    No. 2:20-cv-123-JRG-RSP, 2020 WL 6496425 (E.D. Tex. Aug 10, 2020) ..........................10

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
  438 F.3d 1354 (Fed. Cir. 2006) ..................................................................................................11

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-cv-00070-JRG, 2020 WL 4931398 (E.D. Tex. Jul. 18, 2020) ...................................6

*InMotion Imagery Techs., LLC v. Imation Corp.*,
  2:12-CV-298-JRG, 2013 WL 1279055 (E.D. Tex. Mar. 26, 2013) ........................................10

*InMotion Imagery Techs. v. Brain Damage Films*,
  No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ..................................14

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ..................................................................................................5

*Kenexa Brassring, Inc. v. Taleo Corp.*,
  751 F. Supp. 2d 735 (D. Del. 2010) ...........................................................................................6

*KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2020 WL
  1500062, at *6 (E.D. Tex. Mar. 9, 2020),
  *report and recommendation adopted*,
  2020 WL 1495725 (E.D. Tex. Mar. 27, 2020) .........................................................................14

*Lochner Techs., LLC v. AT Labs Inc.*,
  No. 2:11-CV-242-JRG, 2012 WL 2595288 (E.D. Tex. July 5, 2012) ...........................8, 9, 10

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ...............................................................................................3, 4

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ..................................................................................................4

*Microsoft Corp. v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014) ..................................................................................................11

*Motiva Pats., LLC v. Sony Corp.*,
  No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051 (E.D. Tex. Sept. 27, 2019) .....................3

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
  No. 6:11-cv-495-LED-JDL, 2013 WL 12138894 (E.D. Tex. Nov. 21, 2013) .........................9

*O'Daniel v. Indus. Serv. Sols.*,
  922 F.3d 299 (5th Cir. 2019) ......................................................................................................2

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-CV-235-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) .....................................8

*Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    No. 6:11-cv-220, 2012, WL 9864381 (E.D. Tex. July 27, 2012) ......................................4, 10

*RightQuestion, LLC v. Samsung Elecs. Co.*,
    No. 2:21-CV-00238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) .................................9

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
    170 F. Supp. 3d 928 (E.D. Tex. 2016) ..............................................................................2, 10

*Semcon IP Inc. v. Kyocera Corp.*,
    No. 2:18-cv-197-JRG, 2019 WL 1979930 (E.D. Tex. May 3, 2019) .................................8, 14

*Signify N. Am. Corp. v. Robe Lighting Inc.*,
    No. 0:20-cv-62302-KMM, 2021 WL 3419187 (S.D. Fla. Mar. 16, 2021) ...........................14

*SiRF Tech., Inc. v. ITC*,
    601 F.3d 1319 (Fed. Cir. 2010) .........................................................................................6, 7

*Skinner v. Switzer*,
    562 U.S. 521 (2011) ...........................................................................................................2, 5

*Tanglewood E. Homeowners v. Charles-Thomas, Inc.*,
    849 F.2d 1568 (5th Cir. 1998) .............................................................................................14

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
    No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) ...................................8

*Ultravision Techs. LLC v. GoVision LLC*,
    No. 2:18-cv-100-JRG-RSP, 2020 WL 896767
    (E.D. Tex. Jan. 20, 2020) ....................................................................................8, 9, 10, 12

*Ultravision Techs, LLC v. RMG Networks Holding Corp*,
    No. 3:19-cv-01210-M, Dkt. 39 (N.D. Tex. Jul. 10, 2019).......................................................8

*Walker Digit., LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012).......................................................................................11

*Wooten v. McDonald Transit Assocs., Inc.*,
    788 F.3d 490 (5th Cir. 2015) .................................................................................................3

**Statutes**

28 U.S.C. § 1407....................................................................................................................10

35 U.S.C. § 271.........................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)...........................................................................................................15

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully submits this response in opposition to Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s (collectively, "CrowdStrike" or "Defendants") Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 26, the "Mot.").

## I.    INTRODUCTION

Taasera has sufficiently pled infringement.  A comparison of Taasera's complaint with the relevant case law reveals that CrowdStrike's motion should be denied.

Regarding direct infringement, Taasera has sufficiently pled that each CrowdStrike defendant directly infringes the Asserted Patents, either by causing the method to be automatically performed, or by "making" and "using" the system in the United States.  Both of the Defendants are domestic companies with locations in Texas.

Taasera's infringement allegations meet the *Twombly/Iqbal* standard and set forth sufficient factual bases for pleading infringement by mapping claims of the Asserted Patents to CrowdStrike's products.  Taasera's allegations specifically cite to public documents, including documents on CrowdStrike's website, that show how the  Asserted Patents are directly infringed by the CrowdStrike Defendants as well as how the CrowdStrike Defendants induce infringement by their customers.

With respect to indirect infringement, Taasera's allegations that the CrowdStrike Defendants had knowledge of the Asserted Patents since at least the filing date of the Complaint are sufficient to sustain indirect infringement claims.  These allegations, when considering the Complaint as a whole, result in a reasonable and plausible inference that CrowdStrike specifically intended to induce its customers to infringe the Asserted Patents and reasonably knew that their customers' acts constituted infringement.

CrowdStrike's Motion to dismiss Taasera's prayer for injunctive relief is premature.  For the foregoing reasons, CrowdStrike's Motion should be denied.

## II.      BACKGROUND

Taasera filed its Complaint in the Western District of Texas on October 21, 2022 (Case No. 6:22-cv-01094, Dkt. 1, the "Compl.") alleging infringement of U.S. Patent Nos. 7,673,137 (the "'137 Patent"); 8,327,441 (the "'441 Patent"); 8,850,517 (the "'517 Patent"); 8,955,038 (the "'038 Patent"); 8,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); 9,923,918 (the "'918 Patent") (collectively, the "Asserted Patents").

Taasera's Complaint alleges, *inter alia*, that Defendants have directly and indirectly infringed and are currently directly and indirectly infringing the Asserted Patents by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the Asserted Patents.  CrowdStrike's Motion to dismiss challenges six counts of the Complaint with respect to direct infringement, indirect infringement, and injunctive relief.

## III.     LEGAL STANDARD

The question on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will prevail on its claims, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  The Court must "accept all well-pleaded facts [in the complaint] as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019) (citation omitted).

After viewing the facts most favorably to the plaintiff, "the court must then decide whether those facts state a claim for relief that is plausible on its face." *Script*, 170 F. Supp. 3d at 935

(citation omitted).  The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *accord id*. at 559, (explaining that claims should only be dismissed at the pleading stage when there is "no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005))); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." (quoting *Twombly*, 550 U.S. at 556)).  Courts "are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences."  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 556).  "[W]here the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief."  *Motiva Pats., LLC v. Sony Corp.*, No. 9:18-CV-00180-JRG-KFG, 2019 WL 4737051, at *4 (E.D. Tex. Sept. 27, 2019) (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  At the 12(b)(6) stage, the court may decline to determine at this juncture whether asserted method claims require multiple steps or which actors must perform those steps.  *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-00181-JRG, 2021 WL 6618529, at *4 (E.D. Tex. Nov. 30, 2021) (citing *Actus, LLC v. Bank of Am. Corp.*, No. 2-09-cv-102-TJW, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010).

A motion to dismiss under Rule 12(b)(6) raises purely procedural questions that are governed by the law of the regional circuit. *In re Bill of Lading*, 681 F.3d at 1331 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)). In the Fifth Circuit, motions to dismiss "are viewed with disfavor and are rarely granted." *Lormand*, 565 F.3d at 232 (citation omitted). To survive a motion to dismiss on a claim for indirect (induced) infringement, a complaint must "contain facts plausibly showing that [an accused infringer] specifically intended their customers to infringe the [patent or patents-in-suit] and knew that the customers' acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. However, a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement." *Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-220, 2012, WL 9864381, at *5 (E.D. Tex. July 27, 2012); *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (internal quotation marks and citation omitted).

## IV.   ARGUMENT

### A.   Taasera's Complaint Has Sufficiently Pled Direct Infringement

Taasera's Complaint defines "CrowdStrike" to include both CrowdStrike, Inc. and CrowdStrike Holdings, Inc. Therefore, the allegations throughout the Complaint against "CrowdStrike" are directed against both individual defendants unless pled otherwise. The Complaint alleges that both of the CrowdStrike defendants directly infringe the Asserted Patents "by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the" Asserted Patents. Compl., ¶¶ 38, 51, 64, 80, 95, 129, 145. The Complaint references CrowdStrike's own publicly available documents showing how the Accused Products infringe. *Id.*, ¶¶ 39-41, 52-54, 65-70, 81-85, 96-

103, 114-119, 130-135.  The Complaint also identifies CrowdStrike locations and websites where it sells, operates, and provides technical support for the Accused Products to customers in the United States and in Texas.  *Id.*, ¶¶ 7, 8, 9, 10, 11.  Taasera is not required to "prove its case at the pleading stage."  *In re Bill of Lading*, 681 F.3d at 1339 (citing *Skinner*, 562 U.S. at 529-30).  Taasera's Complaint must place the "potential infringer . . . on notice of what activity . . . is being accused of infringement."  *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).  Taasera has met this pleading standard.

CrowdStrike's primary argument with respect to the direct infringement claims is that Taasera's Complaint has failed to "plausibly allege that either CrowdStrike defendant actually performs each and every element of the claimed methods."  Mot. at 4.  This is simply not true.  As to each of the Asserted Patents, Taasera alleges facts publicly available at the outset of the case which show how the accused CrowdStrike products meet each element of one or more claims of the Asserted Patents.  For example, the Complaint alleges that CrowdStrike infringes at least claim 6 of the '137 Patent.  Claim 6 of the '137 Patent recites:

> A computer implemented method for implementing security for a computing device comprising the steps of:
>
> interrupting the loading of a new program for operation with the computing device;
>
> validating the new program;
>
> if the new program is validated, permitting the new program to continue loading and to execute in connection with the computing device;
>
> if the new program is not validated, monitoring the new program while it loads and executes in connection with the computing device, wherein the step of monitoring the new program while it executes is performed at the operating system kernel of the computing device.

The Complaint alleges that the Accused Products infringe claim 6 of the '137 Patent by interrupting the loading of a new program for operation with the computing device.  For example,

CrowdStrike Falcon Insight EDR (with Falcon Agent) performs custom application blocking. Every '137 Patent Accused Product also permits the new program to continue loading and executing in connection with the computing device, if the new program is validated by permitting new programs to run if the new program was not blocked by the Custom Application Blocking feature. Finally, every '137 Patent Accused Product monitors the new program while it loads and executes in connection with the computer device. If the new program passes CrowdStrike Falcon Insight EDR (with Falcon Agent) Custom Application Blocking feature, it will continue to be monitored by CrowdStrike Kernel Exploit Prevention, for example, to determine if it exhibits suspicious behavior. Compl., ¶¶ 39-41.

The Complaint makes it clear that once the device is working, the product performs the asserted method. The CrowdStrike products causing the product to automatically perform a step of the method is similar to the theory approved in *SiRF Tech., Inc.*, where the accused infringer designed, made, and sold GPS chips in products with software that automatically performed a step of the claimed method. *SiRF Tech., Inc. v. ITC*, 601 F.3d 1319, 1330 (Fed. Cir. 2010). Users, when performing the claimed method (including Defendants themselves, when they use their devices), cause all of the method steps to be performed automatically. *See also*, *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG, 2020 WL 4931398, at *4 (E.D. Tex. Jul. 18, 2020); *Kenexa Brassring, Inc. v. Taleo Corp.*, 751 F. Supp. 2d 735, 751 (D. Del. 2010) ("[I]t is the software that performs all necessary steps of the patent."). Thus, CrowdStrike's argument that Taasera's allegations are conclusory and vague are incorrect.

Taasera has pled that "Defendants have and continue to directly infringe" the Asserted Patents, "either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, testing, offering to sell, selling, and/or importing into the

United States products that satisfy each and every limitation of one or more claims" of each of the Asserted Patents.  Compl., ¶¶ 38, 51, 64, 80, 95, 113, 129, 145.

CrowdStrike's argument that Taasera's Complaint is "devoid of allegations identifying the person or entity that allegedly performs each step of the asserted method claims." is inaccurate. The method claims of the Asserted Patents are directly infringed where the accused device automatically controls or operates devices to perform some or all aspects of the claims.  *See*, *e.g.*, *SiRF Tech., Inc.*, 601 F.3d at 1329.  Taasera identifies products, made, used, sold, and/or imported into the United States that practice each and every claim of the claimed methods.  Taasera does not improperly conflate the CrowdStrike entities, and Taasera makes it clear that both CrowdStrike entities contain Accused Products that perform the steps of the asserted method claims.  Both CrowdStrike entities are accused of and have, in fact, performed the steps of the asserted method claims and both entities have infringed and continue to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement the network security inventions claimed in the Patents-in-Suit.  Compl., ¶¶ 38, 51, 64, 80, 95, 113, 129, 145.  Accordingly, the Complaint clearly alleges both CrowdStrike entities are the direct infringers.

### B.    Taasera Has Sufficiently Pled Indirect Infringement

Taasera's allegations satisfy the plausibility standard for indirect infringement.  Taasera alleges that CrowdStrike had knowledge of the Asserted Patents at least as of the date of the filing of the Complaint. Compl., ¶¶ 43, 56, 72, 87, 105, 121, 137, 151 and Mot. at 10.  With knowledge of the Asserted Patents and of the infringing products, CrowdStrike knowingly and intentionally induced, and continues to induce, direct infringement by "others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe" the Asserted Patents, "but while remaining

willfully blind to the infringement.  Compl., ¶¶ 46, 59, 75, 90, 108, 124, 140, 154; *see*, *e.g.*, *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-cv-197-JRG, 2019 WL 1979930, at *4 (E.D. Tex. May 3, 2019) (denying motion to dismiss indirect infringement claim based on allegations that defendant "knowingly and intentionally inducing others, including [] customers and end users, to directly infringe . . . by making, using, offering to sell, selling and/or importing into the United States products . . . that include infringing technology" and had knowledge of the patents at least as of the date of the complaint); *see also*, *Ultravision Techs. LLC v. GoVision LLC*, No. 2:18-cv-100-JRG-RSP, 2020 WL 896767, at *11 (E.D. Tex. Jan. 20, 2020) (denying motion to dismiss indirect infringement claims); *see also*, *Ultravision Techs, LLC v. RMG Networks Holding Corp,*, No. 3:19-cv-01210-M, Dkt. 39 (N.D. Tex. Jul. 10, 2019) (denying motion to dismiss indirect infringement claims under the same facts present here).  The Complaint provides factual allegations that CrowdStrike instructs end-users how to perform the patented methods by providing detailed online information, manuals, documentation, and technical support, as of and after the date of the Complaint, which is sufficient to meet the pleading standard. Compl., ¶¶ 57, 151, 152.

### 1.    Taasera Is Not Required to Show Pre-Suit Knowledge

Defendants' argument that Taasera failed to plead facts that Defendants had pre-litigation knowledge of the Asserted Patents fails as a matter of law.  *See* Mot. at 9-11.  As this Court has recognized, the failure to allege pre-suit knowledge "is not a basis to dismiss [plaintiff's] indirect infringement claims."  *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)[1].  Rather, an allegation that the defendant had

---

[1] *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-235-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) (citing *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) (Gilstrap, J.) ("A pre-suit knowledge requirement for induced

knowledge of the patent as of the filing of the complaint is "sufficient to prove knowledge of the patent for purposes of indirect infringement, at least from the time of the complaint going forward." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at \*4 n.4 (E.D. Tex. Apr. 26, 2016) (holding that alleging knowledge "at least from the time of the complaint going forward" is sufficient to defeat a motion to dismiss indirect infringement claim) (collecting cases); *see also*, *e.g.*, *Lochner*, 2012 WL 2595288, at \*3; *see also*, *In re Bill of Lading*, 681 F.3d at 1345 (noting that complaints that allege knowledge "at the latest . . . when [defendant] was served with the complaint" are sufficient); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495-LED-JDL, 2013 WL 12138894, at \*3 (E.D. Tex. Nov. 21, 2013) ("Post-suit knowledge of the patents-in-suit alone does not provide a basis for dismissing Norman's indirect infringement claims with respect to alleged infringing activity occurring after the Second Amended Complaint"); *Ultravision*, 2020 WL 896767, at \*11 ("there is no pre-suit knowledge requirement to establish induced infringement").

There is no dispute that Defendants had actual knowledge of the Asserted Patents at least as early as the date of filing of the Complaint.  This is sufficient at the pleadings stage to support a claim for both pre-suit and post-suit induced infringement.  *RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at \*3 (E.D. Tex. Feb. 18, 2022) ("the Court has expressly held that it is 'premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced infringement' where it is clear that 'Defendants had knowledge of the Asserted Patents for at least some time during the infringement period.'") citing *BillJCo, LLC*, 2021 WL 6618529, at \*6; *see also*, *Lochner*, 2012

---

infringement would lead to absurd results.  If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit.").

WL 2595288, at *3 (denying motion to dismiss pre-suit indirect infringement claims where plaintiff alleged knowledge of the patent-in-suit "at least as early as the filing of the original complaint"); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017), *report and recommendation adopted*, No.2:16-CV-00693-RWS-RSP, 2017 WL 4237723 (E.D. Tex. Sept. 22, 2017) (same finding); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-123-JRG-RSP, 2020 WL 6496425, at *5 (E.D. Tex. Aug 10, 2020) (same finding); *Ultravision*, 2020 WL 896767 at *11 (same finding)[2].

There is no Fifth Circuit or Federal Circuit precedent that in multidistrict litigation cases transferred pursuant to 28 U.S.C. § 1407, the transferee court must apply the substantive law of the transferor court. Mot. at 11. Therefore, the cases from the Eastern District of Texas are just as persuasive as those from the Western District. Additionally, even the Western District of Texas acknowledges and agrees with the line of cases from the Eastern District of Texas holding that a defendant's knowledge of a patent can be established through the filing of the Complaint. *See Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *5 (W.D. Tex. May 12, 2014) (citing *InMotion Imagery Techs., LLC v. Imation Corp.*, 2:12-CV-298-JRG, 2013 WL 1279055 (E.D. Tex. Mar. 26, 2013) (lack of pre-suit knowledge of a patent is not a basis to grant a motion to dismiss); *Pat. Harbor, LLC*, 2012 WL 9864381, at *4 (same); *Lochner*, 2012 WL 2595288, at *3 (holding that a motion to dismiss should not be granted if it is based on the failure to allege pre-suit knowledge, because it is undisputed that since the filing of the complaint, the defendants had knowledge of the patent "for at least some time during the infringing

---

[2] CrowdStrike relies on *Script Sec. Sols. L.L.C.*, 170 F. Supp. 3d at 938 for the proposition that "Taasera cannot rely upon the filing of its complaint to establish pre-suit knowledge." Mot. At 10. However, that case does not support dismissal of induced infringement claims as it held that plaintiff "sufficiently pleaded inducement against [Defendants]." *Id.*

period"); *Walker Digit., LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 n.11 (D. Del. 2012) ("Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interest of judicial economy, the court finds that the better reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff."). [3]

Because there is no dispute that CrowdStrike has had knowledge of the Asserted Patents at least as early as the filing of the Complaint, CrowdStrike's Motion to dismiss the claims of pre-suit induced infringement should be denied.

### 2. Taasera Has Sufficiently Alleged Specific Intent

Taasera has sufficiently alleged specific intent by CrowdStrike to induce infringement. CrowdStrike alleges that Taasera has not alleged specific intent to induce infringement; however, CrowdStrike seeks to improperly impose a heightened pleading standard on Taasera in doing so. A plaintiff is not required to "plead facts establishing that each element of an asserted claim is met" and "need not even identify which claims it asserts are being infringed." *In re Bill of Lading*, 681 F.3d at 1335. "Providing instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) (citing *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363-65 (Fed. Cir. 2006)). The Complaint alleges for all claims of induced infringement that Defendants have and continue to indirectly infringe the Asserted Patents by knowingly and

---

[3] *See also*, *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-1001-ADA, 2022 WL 1241967, at *5 (W.D. Tex. Apr. 26, 2022) ("The Court recognizes that it may be impossible for EMA to allege SII's pre-suit knowledge of infringement without the benefit of fact discovery. So, in accordance with the Court's usual practice, the Court permits EMA to amend its Complaint after the start of fact discovery to include indirect and willful infringement claims, if able to elicit sufficient facts to support such allegations.")

intentionally inducing others, by actively encouraging customers and end-users, to engage in infringing acts, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, and that Defendants provide the Accused Products to customers and end-users for use in an infringing manner while providing detailed online instructions, product manuals, technical support, and documentation that instructs the customers and end-users how to use the Accused Products.  Compl.. ¶¶ 57, 151, and 152.

CrowdStrike's case law is inapposite.  CrowdStrike focuses on the *Core Wireless* case; however, it fails to acknowledge that Core Wireless involved a complaint pled under the now-defunct Form 18 standard.  *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) ("Form 18, however, applies only to direct infringement claims and thus cannot measure the sufficiency of indirect infringement pleadings.").  In *Core Wireless*, there were no substantive allegations regarding the underlying acts of direct infringement.  *Id*. at *3-*4.  Here, Taasera has set forth detailed allegations that meet the *Iqbal/Twombly* standard for direct infringement.  Further, as stated above, CrowdStrike ignores more recent case law from this District, including the *Ultravision* case.  Taasera respectfully submits that the *Ultravision* case is the most analogous case, as the allegations in that complaint were very similar to the allegations set forth by Taasera in its Complaint.  For the same reasons the Court denied the motion to dismiss in *Ultravision*, the Court should similarly deny CrowdStrike's Motion here.

For each of the Asserted Patents, Taasera's Complaint alleges, CrowdStrike indirectly infringes by "knowingly and intentionally inducing others, including CrowdStrike subsidiaries, customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents,

by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as the ['137 Patent] Accused Product (*e.g.*, products incorporating the Custom Application Blocking and Kernel Exploit Prevention features)." Compl., ¶ 42, 55, 71, 86, 104, 136.  The Complaint also alleges "Defendants with knowledge that these products, or use thereof, infringe the" Asserted Patents "at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce direct infringement" of the Asserted Patents "by providing these products to end-users for use in an infringing manner, as well as providing instruction and installation manuals on their support portal, and providing customer service through phone support and/or dedicated support staff that instruct end-users to use the products in an infringing manner."  *Id.*, ¶ 43.  The CrowdStrike websites identified in the Complaint advertise CrowdStrike's services and provide links for CrowdStrike customers to download and utilize the products and security services, as well as download instructions for installing and maintaining those products, and receiving "technical support to users via the CrowdStrike support portal."  *Id.* ¶¶ 43, 44.  The Complaint further explains how the use and installation of the CrowdStrike Falcon agent by CrowdStrike's customers (as encouraged by the "CrowdStrike Falcon Platform" and instruction manuals and documentation) infringes at least Claim 6 of the '137 Patent.  *Id.* ¶¶ 43, 44, 45.  Taasera's Complaint provides analogous factual allegations for each count.  Accordingly, CrowdStrike's argument that Taasera's arguments regarding CrowdStrike's instruction and installation manuals and customer service through phone support are "'threadbare recitals of the elements' . . . which fail to satisfy the *Twombly/Iqbal* pleading standard" fails.  *See* Mot. at 11.

Thus, considering the Complaint "as a whole" and "the facts . . . in the context of the technology disclosed in the [patent] and the [security software] industry," it is "reasonable and

plausible" to infer that CrowdStrike specifically intended to induce its customers to infringe the Asserted Patents and knew that the customers' acts constituted infringement.  *In re Bill of Lading*, 681 F.3d at 1340; *see also*, *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1 (E.D. Tex. Aug. 10, 2012) (finding allegation that defendant "actively induced others to infringe" sufficient to satisfy specific intent requirement and state a claim for induced infringement and noting that detailed factual support is not necessary for every element of inducement); *see also*, *Semcon IP*, 2019 WL 1979930, at *3-*4.

Accordingly, Taasera has sufficiently pled intent for induced infringement, and Defendants' Rule 12(b)(6) Motion should be denied.

### C.  Taasera's Complaint Alleges Sufficient Support of its Request for Injunctive Relief

Taasera's prayer for injunctive relief should not be dismissed at the pleadings stage because it would be premature and based solely on speculation.  "Courts are generally reticent 'to dismiss requests for injunctive relief at the pleading stage and have held that '[a] claim for permanent injunction should not be stricken at the pleading stage when the underlying claim is not dismissed.'"  *Signify N. Am. Corp. v. Robe Lighting Inc.*, No. 0:20-cv-62302-KMM, 2021 WL 3419187, at *3 (S.D. Fla. Mar. 16, 2021) (internal citations omitted) (compiling cases where motion to dismiss request for injunctive relief at the pleadings stage was denied).  Taasera's "request for permanent injunctive relief should not be dismissed here as the underlying claim upon which that relief is being sought still remains in this case."  *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020).

Whether the court will grant injunctive relief on the merits is a matter of speculation, which "forms no part of the disposition of the rule 12(b)(6) motion before the court."  *Tanglewood E.*

*Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1998).   CrowdStrike's

argument that a plaintiff that does not have a product that practices the Patents-in-Suit should not

be entitled to injunctive relief is legally erroneous.   *Commonwealth Sci. & Indus. Rsch. Org. v.*

*Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007) (granting permanent injunction to

non-practicing entity, a research institution that relied on revenue from licensing to fund research

and development).

Accordingly, CrowdStrike's Motion to dismiss Taasera's prayer for injunctive relief

should be denied.

### D.      To The Extent Any Aspect of the Motion is Granted, Taasera Should Be Given Leave to Amend

To the extent the Court finds any aspect of the Complaint is deficient, Taasera should d be

granted leave to amend additional facts in support of its claims.  *See* Fed. R. Civ. P. 15(a)(2) ("The

court should freely give leave [to amend] when justice so requires.").

## V.      CONCLUSION

For the foregoing reasons, Taasera respectfully requests that the Court deny CrowdStrike's

Motion to Dismiss under Rule 12(b)(6) (Dkt. 26).

Dated:  January 16, 2023                    Respectfully submitted,

 /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com

**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

**ATTORNEYS FOR PLAINTIFF**
**TAASERA LICENSING LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 16, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant