# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TAASERA LICENSING LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CROWDSTRIKE, INC. and**<br>**CROWDSTRIKE HOLDINGS, INC.,**<br><br>    **Defendants.** | **Civil Action No. 2:22-md-03042-JRG**<br>**Civil Action No. 2:22-cv-468-JRG** |

## <u>CROWDSTRIKE'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Taasera Has Yet to Identify a Single Entity that Is Alleged to Practice All Steps of the Asserted Method Claims | 1 |
| II. | Taasera's Induced Infringement Allegations Are Insufficient | 4 |
| III. | Taasera's Improper Group Pleading Is Fatal to Its Complaint | 5 |
| IV. | Taasera's Threadbare Request for a Permanent Injunction Should Be Stricken | 6 |
| V. | Conclusion | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................2

*GlaxoSmithKline LLC v. Teva Pharm. U.S., Inc.*,
  976 F.3d 1347 (Fed. Cir. 2020) ..............................................................................................4

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ....................................................................................................3

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016) ..............................................................................................3

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020) ..............................................................................................1

*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
  601 F.3d 1319 (Fed. Cir. 2010) ..............................................................................................2

*St. Paul Mercury Ins. Co. v. Williamson*,
  224 F.3d 425 (5th Cir. 2000) ..................................................................................................6

*Ultravision Techs., LLC v. Govision, LLC*,
  No. 2:18-cv-00100-JRG-RSP, 2020 WL 896767 (E.D. Tex. Jan. 21, 2020) ..........................5

*Vocalife LLC v. Amazon.com, Inc.*,
  No. 2:19-CV-00123-JRG, 2020 WL 5815950 (E.D. Tex. Sep. 30, 2020) ..............................3

Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (together, "CrowdStrike") respectfully file this Reply in Support of Its Motion to Dismiss Plaintiff Taasera Licensing LLC's ("Taasera") Complaint (Dkt. No. 26, "Motion").[1]

## I.   Taasera Has Yet to Identify a Single Entity that Is Alleged to Practice All Steps of the Asserted Method Claims

Taasera's Complaint fails to allege a plausible claim for infringement for the six asserted method-claim patents because it fails to identify a single person or entity that allegedly practices each step of the claimed methods. Rather than identify which person or entity performs each step of the asserted method claims, Taasera ties its method claim allegations to "Accused Products" that "practice" the methods. The law is clear that products cannot practice method claims by themselves; there must be a person or entity responsible for performing the claimed methods. *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314-15 (Fed. Cir. 2020).

Taasera's response to the Motion does nothing to solve the problem. Instead, Taasera argues without pointing to any support that the Complaint does identify a direct infringer that practices every step of the asserted method claims, and that the Federal Circuit has sanctioned method-claim infringement theories based on products practicing the asserted method claims. Taasera is wrong on both the facts and the law. First, the facts: contrary to Taasera's suggestion, Taasera's method-claim allegations center entirely on CrowdStrike products "practicing" the claims. *See, e.g.*, Complaint, Dkt. No. 1, ("Compl.") ¶¶ 39-41 (repeatedly alleging that the "Accused Product practices" each step of the method claim). But the Complaint does not identify the person or entity—e.g., CrowdStrike, Inc.; CrowdStrike Holdings, Inc.; the end user; or an unnamed third-party—that is claimed to be responsible for performing the steps of the asserted method claims. Unable to point to any allegations that identify a particular responsible person or

---

[1] All citations to "Dkt. No." herein refer to docket entries in Case No. 2:22-cv-468-JRG.

entity, Taasera instead points to its boilerplate recital of the definition of infringement under Section 271(a). But Taasera's rote recitation of the language of Section 271 cannot salvage the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). If anything, by reciting every way in which a patent can be infringed (make, use, sale, offer for sale) Taasera has muddied the water as to who it believes the direct infringer is: the entity that makes the Accused Product, the entity that sells the Accused Product, the customer, or someone else. The Complaint is utterly ambiguous on this point. And it is incumbent upon Taasera to clearly plead its theory of direct infringement.

Second, Taasera is also wrong on the law. Taasera relies principally on the Federal Circuit's decision in *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010), to support its vague allegations of direct infringement. This case is inapposite. As a threshold matter, this case has nothing to do with the sufficiency of method-claim allegations at the pleading stage. But more importantly, the Federal Circuit made clear that (1) "the method claims at issue here are drawn to actions which can be performed and are performed by a single party," (2) that the claims did not require actions to be taken by third parties (i.e., customers), and (3) the products were configured to automatically configured to execute the steps of the claims *without* user intervention. *Id.* at 1329. But Taasera's own allegations belie its reliance on *SiRF*. Far from alleging that the asserted method claims are practiced "automatically" without user intervention, Taasera asserts that "Defendants encourage and induce their customers of the Accused Products to perform the methods claimed in the Asserted Patents." Compl. ¶ 44.

Taasera attempts to cure this deficiency in its brief, arguing "[t]he method claims of the Asserted Patents are directly infringed where the accused device automatically controls or

2

operates devices to perform *some or all aspects of the claims*." Taasera's Response in Opposition, Dkt. No. 30 ("Resp.") at 7 (emphasis added). But even this new theory is impermissibly vague, as it hedges as to whether "some or all" of the steps of the method claims are practiced by a product. Tellingly, Taasera does not cite the Complaint to support this new theory. Nor could it, as the Complaint does not allege that the products "automatically" practice the method claims with no user intervention. Furthermore, as this Court has recognized, "as a matter of law, a method claim is 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123-JRG, 2020 WL 5815950, at *2 (E.D. Tex. Sep. 30, 2020) (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)).

CrowdStrike's concerns about the vagueness of Taasera's direct infringement allegations are not trivial. There is a significant difference between a straightforward direct infringement claim and a divided infringement claim. Divided infringement claims require additional elements, including a showing that one party has the requisite direction or control over others' performance, or that the actors form a joint enterprise such that performance of every step is attributable to the controlling party. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). Furthermore, there is a significant difference between infringement theories based on products that "automatically" practice claim elements without user intervention and those based on theories of end users practicing the claimed methods.

The seriousness of Taasera's pleading deficiency was recently underscored in its infringement contentions served on January 17, 2023. Ex. 5. As with its Complaint, Taasera's infringement contentions fail to identify the person or entity that allegedly practices the asserted method claims and simply incorporate contentions against products. *See id.* at 14-17. To the

3

extent Taasera now claims some portion of its infringement allegations rely on "automatic" steps taken by the products, the infringement contentions fail to disclose which aspects of the claims are "automatically" performed by the products and those aspects which are performed through human intervention. Accordingly, Taasera's Complaint should be dismissed with respect to all asserted method claims. And to the extent the Court is inclined to allow Taasera to amend its Complaint, Taasera should be required to articulate clearly the person or entity that it believes practices each limitation of the asserted method claims.

## II.     Taasera's Induced Infringement Allegations Are Insufficient

The parties disagree about whether an induced infringement claim is proper without an allegation of pre-suit knowledge. Taasera improperly requests this Court to set aside the case law from the Western District of Texas and apparently contests that a transferee Court in a multi-district litigation is required to apply the substantive law of the transferor court. Resp. at 10. But CrowdStrike provided ample support for the proposition that this Court should apply the law of the transferor forum. Mot. at 11. Tellingly, Taasera fails to identify any authority suggesting otherwise.

Setting aside the issue of pre-suit knowledge, however, Taasera's induced infringement claims fail as a matter of law because Taasera's Complaint is devoid of even a single allegation that either CrowdStrike entity took an "affirmative step" of inducement after it had knowledge of the Asserted Patents. *See GlaxoSmithKline LLC v. Teva Pharm. U.S., Inc.*, 976 F.3d 1347, 1369 (Fed. Cir. 2020) ("Our caselaw is clear that inducement requires "an affirmative act to encourage infringement.")

In response, Taasera points to webpages that "advertise CrowdStrike's services" and provide links to "download instructions for installing and maintaining [CrowdStrike] products." Resp. at 13. But given that these webpages existed *before* Taasera even alleges CrowdStrike had

4

knowledge of the patents, the mere maintenance of these webpages cannot be an "affirmative step" of inducement made with knowledge of the Asserted Patents. *Id.* at *6 ("[Defendant] simply continued its business as usual. It did not highlight the instruction in the User Guide to customers or advertise the [] infringing features; in fact, literally no change in [defendant's] behavior is alleged. It is clear to the Court that failure to change behavior in light of a new fact cannot be characterized as an affirmative step"). Furthermore, the case on which Taasera relies to support its induced infringement claim, *Ultravision Techs., LLC v. Govision, LLC*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 896767 (E.D. Tex. Jan. 21, 2020), does not address—much less support—a failure to allege affirmative acts of inducement that occurred after knowledge of the asserted patents.

Since Taasera has not (and cannot) identify any affirmative step of inducement that occurred after CrowdStrike had knowledge of the Asserted Patents, the Court should dismiss all claims of induced infringement.

### III. Taasera's Improper Group Pleading Is Fatal to Its Complaint

Another glaring deficiency is Taasera's improper group pleading. Rather than identify a single person or entity that practices the asserted method claims, Taasera conflates two distinct CrowdStrike entities and impermissibly attributes all alleged acts of infringement to both CrowdStrike entities as if they are a single entity. As set forth in CrowdStrike's Motion, courts have routinely dismissed infringement claims under similar circumstances. *See* Mot., at 7-8. CrowdStrike fails to address these cases, much less provide authority permitting these sort of vague group pleadings.

In its response, Taasera doubles down on this approach, noting that its "Complaint defines 'CrowdStrike' to include both CrowdStrike, Inc. and CrowdStrike Holdings, Inc." Resp. at 4. This argument misses the mark. Taasera's Complaint is insufficient precisely because it

5

improperly lumps both CrowdStrike entities together without articulating which entity is responsible for the actions in the Complaint. The Complaint does not identify which CrowdStrike entity allegedly sells the Accused Products, which CrowdStrike entity allegedly uses or tests the Accused Products, or which CrowdStrike entity allegedly induces end users to perform the claimed methods. Of course, Taasera could not plausibly allege those facts specifically against CrowdStrike Holdings, Inc. because, as its name would suggest, it is a holding company. It does not have a sales division. It does not have employees. It does not provide instructions to customers on how to operate the CrowdStrike Accused Products.

Accordingly, the entirety of Taasera's Complaint should be dismissed.

## IV.  Taasera's Threadbare Request for a Permanent Injunction Should Be Stricken

Finally, the Court should dismiss or strike Taasera's request for a permanent injunction. Tellingly, Taasera fails to identify a single paragraph from the Complaint that provides the supposed "[s]ufficient [s]upport of its [r]equest for [i]njunctive [r]elief." Resp. at 14. Nor could it. The Complaint provides no factual allegations supporting the elements of a permanent injunction. There are no factual allegations regarding irreparable harm. There are no factual allegations about the inadequacy of legal remedies. While Taasera cites authority for the proposition that a non-practicing entity could under narrow circumstances be entitled to a permanent injunction, it provides no authority for the proposition that a non-practicing entity can pursue a permanent injunction without pleading any facts that would support such an extraordinary remedy. CrowdStrike is entitled to adequate factual allegations that provide fair notice of the basis for a permanent injunction. As the Fifth Circuit has explained, "[t]he function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir.

2000). As Taasera has failed to do so, CrowdStrike respectfully requests the Court strike such requested relief.

**V.      Conclusion**

For the foregoing reasons, CrowdStrike respectfully requests that the Court dismiss (1) Taasera's direct infringement claims for Courts I–V and VII, (2) Taasera's indirect infringement claims for all Asserted Patents, and (3) Taasera's claim for permanent injunctive relief.

Dated: January 20, 2023                    Respectfully submitted,

                                                   By:  */s/ Irene Yang*

    Michael J. Bettinger, Lead Attorney
    California State Bar No. 122196
    mbettinger@sidley.com
    Irene Yang
    California State Bar No. 245464
    irene.yang@sidley.com
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, CA 94104
    Telephone: (415) 772-1200
    Facsimile: (415) 772-7400

    Andrew T. Langford
    Texas State Bar No. 24087886
    alangford@sidley.com
    Erik B. Fountain
    Texas State Bar No. 24097701
    efountain@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, TX 75201
    Telephone: (214) 981-3300
    Facsimile: (214) 981-3400

    J. Stephen Ravel
    Texas State Bar No. 16584975
    steve.ravel@kellyhart.com
    Kelly Ransom
    Texas State Bar No. 24109427
    kelly.ransom@kellyhart.com
    KELLY HART & HALLMAN LLP
    303 Colorado Street, Suite 2000
    Austin, TX 78701
    Telephone: (512) 495-6429
    Facsimile: (512) 495-6610

J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

**ATTORNEYS FOR DEFENDANTS CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.**

9

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on January 20, 2023.

                                            /s/ Irene Yang
                                            Irene Yang