IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION<br><br>THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00303-JRG | Case No. 2:22-md-03042-JRG |
| TREND MICRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TAASERA LICENSING LLC,<br><br>Defendant. | Case No. 2:22-cv-00303-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RELATED TO TAASERA'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY UNDER THE FIRST-OT-FILE RULE, AND TO DISMISS FOR FAILURE TO STATE A CLAIM (Dkt. No. 14)**

- 2 -

Plaintiff Trend Micro, Inc. ("Trend Micro U.S.") respectfully submits the following supplemental brief to address the question of whether a district court conducting pretrial proceedings under 28 U.S.C. §1407(a) may transfer a case to itself under any venue statute. This issue relates to Taasera's pending Motion to Dismiss Complaint for Declaratory Judgment for Lack of Subject Matter Jurisdiction, or in the Alternative, to Transfer or Stay Under the First-to-File Rule, and to Dismiss for Failure to State a Claim (Case No. 2:22-cv-303, Dkt. No. 14) ("Taasera's Motion") which is set for an in-person hearing on Thursday, February 2, 2023, at 9:00 a.m. CT in Marshall, Texas (Case No. 2:22-md-3042, Dkt. No. 98). Taasera's Motion was filed in the Northern District of Texas on April 14, 2022 and briefing completed on May 19, 2022. The Judicial Panel on Multidistrict Litigation issued its Transfer Order on August 3, 2022, sending Trend Micro U.S.'s declaratory judgment action to this Court for coordinated or consolidated pretrial proceedings. Case No. 2:22-md-3042, Dkt. No. 1 at 3.

The question of whether a district court conducting pretrial proceedings under 28 U.S.C. §1407(a) may transfer a case to itself under any venue statute was not briefed and Plaintiff respectfully submits that the issue is highly relevant to Taasera's Motion.

28 U.S.C. § 1407(a) instructs the Panel that each action transferred for coordinated or consolidated pretrial proceedings "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." In *Lexecon Inc. v. Milberg Weiss*, the Supreme Court expressly addressed the issue of whether a district court conducting pretrial proceedings under §1407(a) may invoke § 1404(a) to assign a transferred case it itself for trial. 523 U.S. 26, 28 (1998). The Court held that a transferee court does not have such authority because § 1407(a) is straightforward in imposing on the Panel a responsibility to remand any action to the original district court "at or before the

- 3 -

conclusion of such pretrial proceedings." *Id*. The Court noted that the defendant may be correct that permitting the transferee court to transfer a matter to itself might be more desirable, but that the venue for resolving that issue is the floor of Congress. *Id*. at 40. Indeed, the Court concluded "the legislative history tends to confirm that self-assignment is beyond the scope of the transferee court's authority." *Id*. at 39.

While *Lexecon* involved a motion to transfer under §1404(a), in *Shah v. Pan Am. World Serv., Inc.*, the Second Circuit analyzed whether *Lexecon*'s reasoning applies to other venue statutes. 148 F.3d 84, 90-91 (2d Cir. 1998). The court found that it did – concluding that "*Lexecon* recognizes that '*no* exercise in rulemaking can read . . . out of the statute' the MDL panel's obligation to remand each action to its respective transferor court at or before the conclusion of pretrial proceedings." *Id*. (emphasis in original). In short, the court concluded "*Lexecon* and §1407 require that the MDL panel remand to the transferor court any action 'at or before the conclusion of . . . pretrial proceedings,' and any further transfer of venue for trial under any statute must follow such remand." *Id*. at 91. Citing *Shah*, the Federal Circuit concluded "it does not appear that the MDL court has authority to transfer the Kansas action to the Southern District of New York or to any other district court." *In re ICM, Inc.*, 542 F. App'x 996, 997(Fed. Cir. 2013) (Mem).

Based on the above, Trend Micro U.S. respectfully submits that an MDL court does not have the authority to grant Taasera's Motion to the extent it requests a transfer to this Court.

- 4 -

Dated: January 23, 2023

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 07921800
**GILLAM & SMITH, LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Holly Engelmann
Texas State Bar No. 24040865
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Facsimile: (214) 257-7201
hengelmann@duanemorris.com

D. Stuart Bartow
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 847-4150
Facsimile: (650) 618-8505
dsbartow@duanemorris.com

*Counsel for Plaintiff Trend Micro, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on January 23, 2023.

*/s/ Melissa R. Smith*

DM2\17193239.1