# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-md-03042-JRG-RSP |
| | § | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00468-JRG-RSP | § § § | |

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | § § | Case No. 2:22-cv-00468-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC., | § § § § | |
| Defendants. | § | |

**PLAINTIFF TAASERA LICENSING LLC'S SUR-REPLY
IN FURTHER OPPOSITION TO DEFENDANT CROWDSTRIKE'S MOTION
TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(b)(6) (DKT. 26)**

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully submits this sur-reply in further opposition to Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s (collectively, "CrowdStrike" or "Defendants") Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 26, the "Mot.").[1]

### I. TAASERA HAS SUFFICIENTLY IDENTIFIED THE ENTITY PRACTICING ALL STEPS OF THE ASSERTED METHOD CLAIMS

Taasera alleges that a single entity practices all steps of the claimed methods—each of the Defendants independently do so through at least "use" of the Accused Products in the United States. Complaint ("Compl."), ¶¶ 38, 51, 64, 80, 95, 113. 129, 145. In the context of direct infringement, each of these entities is responsible for practicing the methods. Thus, CrowdStrike's assertion that Taasera "ties its method claim allegations" to the Accused Products rather than a "specific person or entity" is incorrect. CrowdStrike appears to be impermissibly requiring that the plaintiff identify a *particular individual* responsible for performing each step of the claimed method, despite no requirement in the law. (Dkt. 33, "Reply").

Taasera's Complaint also gives a detailed step-by-step analysis of how the CrowdStrike entities are responsible for performing the methods when they use the Accused Products. Compl., ¶¶ 38-41, 51-54, 64-70, 80-85, 95-103, 113-119, 129-135. The analysis includes screenshots of the Accused Products performing the patented methods which were taken from CrowdStrike's webpages and documentation, further demonstrating that the CrowdStrike entities use the Accused Products to perform the method steps. As stated in Taasera's Response, the Complaint also

---

[1] Defendants' Reply was over the five page limit, and therefore the last two pages of their argument should be stricken. Notwithstanding, out of an abundance of caution, Taasera will address CrowdStrike's arguments.

identifies that CrowdStrike provides technical support via a support line and maintains employees to assist customers with installation, troubleshooting, and other issues involving the Accused Products. Compl., ¶¶ 43, 44, 56, 57, 72, 73, 87, 88, 105, 106, 122, 123, 137, 138, 151, 152. In doing so, the technical support teams must use, test, and perform each and every step of the asserted method claims of the Asserted Patents. Accordingly, Taasera has identified the individual companies themselves, as well as employees and support staff who practice and perform the method claims of the Asserted Patents. That Taasera has identified multiple distinct entities that each perform the claimed methods does not mean it has "muddied the water as to who it believes the direct infringer is." Reply at 2. Taasera has expressly and sufficiently pled in its Complaint, and further clarified in its Response, who the direct infringers are and how such infringement has occurred.

CrowdStrike mischaracterizes Taasera's reliance on *SiRF Tech. Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010), which explains that a product can be configured to automatically execute steps of a method claims rather than a user performing the step. SiRF Tech, at 1331. Similarly, here, while CrowdStrike entities are each responsible for performing the method, that does not exclude the ability of the Accused Products to automatically perform some of the claimed method steps when the Accused Products are configured by CrowdStrike e.g., during initial setup. Taasera's Complaint specifically identifies instances where the Accused Products automatically perform functions that constitute steps. For example, the Complaint alleges that "CrowdStrike Falcon Insight EDR (with Falcon Agent) analyzes endpoint activity to automatically identify attacker behavior." Compl., ¶ 52; *see also* ¶ 99. CrowdStrike's argument that the Complaint does not identify steps that can be automatically performed by the Accused Products fails as it completely overlooks the detailed infringement analysis.

CrowdStrike's remaining arguments regarding divided infringement claims and their requirements are irrelevant. Taasera does not allege that any asserted claim is directly infringed through divided infringement. CrowdStrike's argument based on a mischaracterization of Taasera's Infringement Contentions is also irrelevant to its Motion, which is limited to the disclosures in the Complaint.

Accordingly, CrowdStrike's motion to dismiss the asserted method claims with respect to direct infringement should be denied.

## II. TAASERA'S INDUCED INFRINGEMENT ALLEGATIONS ARE SUFFICIENT

Case law from other District Judges in the Western District of Texas is not precedential regardless of whether this case was consolidated for MDL proceedings or not. On the issue of pre-suit knowledge, the Court should follow its prior guidance and refuse to dismiss inducement allegations because CrowdStrike had actual knowledge of the patents at least as of the date the complaint was filed. CrowdStrike's argument that the complaint fails to allege an "affirmative step" to encourage infringement was taken after it was put on notice of its infringement is also improper. The continuing maintenance of the webpages, instructions, and downloadable user guides could constitute such a step. ("CrowdStrike makes its security services available on its website, widely advertises those services, provides applications that allow partners and users to access those services, provides instructions for installing and maintaining those products, and provides technical support to users via the CrowdStrike support portal.") Compl., ¶¶ 44, 57, 73, 88, 106, 122, 138, 152. To the extent CrowdStrike has provided technical support and installation assistance to customers for the Accused Products, this also constitutes an affirmative step. Compl., ¶¶ 43, 44, 56, 57, 72, 73, 87, 88, 105, 106, 122, 123, 137, 138, 151, 152.

The Reply brief cites *from the dissent* of the *GSK* case for the proposition that "passive maintenance of the pre-issuance press releases is not an affirmative act of inducement." Reply at 4-5, citing *GSK*. But that statement is not the law. The *majority* in that case held that there was substantial evidence to support the jury verdict of induced infringement based on the same press releases. *See GlaxoSmithKline LLC v. Teva Pharm. USA, Inc*. 976 F.3d 1347 (Fed. Cir. 2021). (There was ample record evidence of promotional materials, press releases, product catalogs, the FDA labels, and testimony of witnesses from both sides, to support the jury verdict of inducement to infringe the designated claims for the period of the '000 reissue patent.) The case law cited by CrowdStrike compels denial of its motion.

### III.    TAASERA DOES NOT IMPROPERLY GROUP DEFENDANTS

Taasera's pleading states that each Defendant individually infringes, and that is all that is required at the pleadings stage. CrowdStrike contends that "CrowdStrike [sic] fails to address these cases, much less provide authority permitting these sort of vague group pleadings." Reply at 5. However, ample case law supports the grouping of related corporate entities in a single complaint. *Marking Object Virtualization Intel., LLC v. Hitachi Ltd*., No. 2:16-cv-01055-JRG, 2017 WL 11631001, at *3 (E.D. Tex. Sept. 25, 2017) ("Courts have held that complaints that used collective terms to refer to acts of all defendants were sufficient under Rule 12(b)(6)"); *See, e.g.*, *Zond, Inc. v. Fujitsu Semiconductor Ltd*., 990 F. Supp. 2d 50, 53 (D. Mass. 2014) (holding that despite its group format the plaintiff provided each individual defendant with fair notice of each claim alleged against it); *WAG Acquisition, LLC v. Multi-Media, LLC*, No. CIV.A. 14-1661 ES JA, 2015 WL 5310203, at *7 (D.N.J. Sept. 10, 2015); *Marposs Societa Per Zxioni v. Jenoptik Automotive North America*, LLC, 262 F.Supp.3d 611 (N.D. Ill. 2017); *See, e.g. Sanders v. JGWPT Holdings, Inc.*, No. 14 C 9188, 2016 WL 4009941, at *10 (N.D. Ill. July 26, 2016)("'Group pleading' that refers

to 'Defendants' collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims."); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.,* No. 19-cv-05784-JST, 2021 WL 9763371 (N.D. Cal. Feb. 8, 2021); See also, *Tivoli LLC v. Sankey*, No. SA CV 14-1285-DOC (JCGx), 2015 WL 12683801, at *3 (C.D. Cal. Feb. 3, 2015).

Furthermore, the *Bestfoods*, *In re Sunstates Corp.*, *Bridas S.A.P.I.C.* cases that CrowdStrike cites in its Response do not apply here, where Taasera does not generally assume either CrowdStrike entity is liable for the conduct of its separate subsidiaries. Taasera asserts that both entities individually perform the infringing acts. As discovery develops, and the relative business roles of each of the defendants becomes clearer, Taasera may update or alter its theory of the case based on those facts. But now, absent undisputed facts to the contrary, Taasera is permitted to treat each entity under the same corporate umbrella as a separate infringer.

**IV.   TAASERA'S REQUEST FOR A PERMANENT INJUNCTION HAS BEEN PROPERLY PLED**

Taasera has sufficiently plead its request for a permanent injunction. See Resp. at 14-15. CrowdStrike merely sets forth vague reiterations of its arguments from its Motion to Dismiss. CrowdStrike has been given fair notice of Taasera's claim and the grounds upon which the plaintiff relies.  Any issues or disadvantages that CrowdStrike believes it has experienced has been created by CrowdStrike itself and its decision to ignore such relevant and sufficient information or refuse to accept it as sufficient. Since the underlying claim upon which that relief is being sought still remains in the case, Taasera's request for permanent injunctive relief should not be dismissed. *KIPB LLC v. Samsung Elecs. Co*., No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020).

Dated: January 24, 2023

Respectfully submitted,

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on January 24, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Alfred R. Fabricant*
Alfred R. Fabricant