# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-md-03042-JRG |
| | § | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00303-JRG | § § § § | |
| | § | |
| TREND MICRO, INC., | § § | Case No. 2:22-cv-00303-JRG |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| TAASERA LICENSING LLC, | § § § | |
| Defendant. | § § § | |

**DEFENDANT TAASERA LICENSING LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF TREND MICRO, INC.'S SUPPLEMENTAL BRIEF (DKT. 122) RELATED TO TAASERA'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY UNDER THE FIRST-TO-FILE RULE, AND TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. 14 in 2:22-cv-00303-JRG)**

Trend Micro, Inc. ("Trend Micro U.S.") filed a declaratory judgment action in the Northern District of Texas against Taasera Licensing LLC ("Taasera") on March 4, 2022. Before that case was consolidated into the present MDL proceeding, Taasera filed a Motion to Dismiss the Declaratory Judgment Complaint, or to transfer under the First-to-File Rule because Taasera had previously sued Trend Micro U.S.'s Japanese Parent Company, Trend Micro Incorporated, in the Eastern District of Texas, Case No. 2:22-cv-00303, Dkt. 14.

Trend Micro U.S. now argues that post-consolidation, this Court lacks the authority to transfer the case to itself and, therefore, the transfer portion of Taasera's Motion should be denied. Trend Micro U.S. relies on *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26, 28 (1998), which held that a district court conducting pretrial proceedings pursuant to 28 U.S.C. § 1407(a) may not invoke § 1404(a) to assign a transferred case to itself for trial. This case is distinguishable for two reasons.

First, Taasera requests that the case be transferred under the First-to-File Rule, not § 1404(a), and therefore the motion is outside the scope of *Lexecon*. Trend Micro U.S. cites to *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84 (2d Cir. 1998), for the proposition that *Lexecon* also applies to a bankruptcy statute, 28 U.S.C. § 127(b)(5), and *In re ICM, Inc.*, 542 F. App'x 996, 997 (Fed. Cir. 2013), which only restates the holding of *Lexecon* regarding § 1404(a) in *dicta*.[1] But the *Shah* case holds that *Lexecon* applies to all "venue statute[s]." *Shah*, 148 F.3d at 90. The First-to-File-Rule is not a venue statute, or a statute at all, but rather a discretionary doctrine resting on "principles of comity and sound judicial administration" to avoid "the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal

---

[1] In practice, district courts presiding over consolidated MDL proceedings do grant transfers under § 1404(a). *See, e.g.*, *Proven Networks, LLC. v. Netapp, Inc.*, W-20-CV-00369-ADA, 2021 WL 4875404, at *2, *6 (W.D. Tex. Oct. 19, 2021) (MDL judge granting motion to transfer member case to Northern District of California for trial only, ordering Defendant to bring a motion for entry of transfer at the "conclusion of the pretrial proceedings.").

resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). There is no authority preventing the second-filed case from being transferred to the first-filed court under this discretionary, non-statutory doctrine.

Second, under the First to File Rule, transfer to the first-filed court is *required* once it has been determined that there is identity of issues. "If the [second-filed court] finds that the issues in the two case[s] might substantially overlap, the proper course of action [is] for the court to transfer the case to the [first-filed court] to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 2:13-CV-3798, 2013 WL 6388562, at *2 (N.D. Tex. Dec. 5, 2013) (quotation omitted). Because the first-filed court is the Eastern District of Texas, the MDL consolidation does not deprive this Court of the authority to do what is required by the First-to-File-Rule. And, if transfer is found to not be appropriate, dismissal is still within the authority of the MDL court.

Assuming *arguendo* that *Lexecon* can be read as broadly as Trend Micro U.S. does, it creates an additional severe problem for Trend Micro. The logic behind *Lexecon* is that the statutory language of § 1407(a) states that each action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). Trend Micro's reading of *Lexecon* prohibits *all* transfers of *any sort* once the case is consolidated for MDL. But Trend Micro Japan makes no mention of this case law in its own briefing, seeking to transfer back to the Northern District of Texas under § 1404(a). Case No. 2:23-cv-00441, Dkt. 45. Trend Micro simultaneously seeks to prevent this Court from hearing the First-to-File-Rule dispute while it also seeks a transfer under the same statute it contends is impermissible. If Trend Micro's position is adopted, the two pending § 1404(a) motions (2:21-cv-441, Dkt. 45 and 2:22-cv-63 Dkt. 23) must be denied as well.

2

Dated: January 26, 2023

Respectfully submitted,

/s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR DEFENDANT***
***TAASERA LICENSING LLC***

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 26, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


/s/ Alfred R. Fabricant
Alfred R. Fabricant