IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | § | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § | Case No. 2:22-MD-03042-JRG |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| THIS DOCUMENT RELATES TO ALL ACTIONS | § § | |

## JOINT MOTION FOR ENTRY OF OPPOSED PROTECTIVE ORDER

Pursuant to this Court's Third Amended Docket Control Order dated January 5, 2023 (Dkt. 84), the Parties comprising Taasera Licensing LLC ("Taasera"), Quest Patent Research Corporation ("QPRC"), Palo Alto Networks Inc. ("Palo Alto Networks"), Check Point Software Technologies, Ltd. ("Check Point"), Trend Micro Incorporated ("Trend Micro Japan"), Trend Micro, Inc. ("Trend Micro US"), CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (collectively, "CrowdStrike"), Fortinet, Inc. ("Fortinet"), and Musarubra US LLC d/b/a Trellix ("Trellix") (collectively, "Defendants") have met and conferred and hereby submit competing forms of the proposed Protective Order. The Proposed Protective Order with a single dispute in Paragraph 16 is attached hereto as Exhibit A. The Parties' positions are below:

**Defendants' Position regarding the dispute over Cross-Production of Plaintiffs' Discovery Responses (¶ 16)**

The Discovery Order is clear that each party must produce documents that are "relevant to the pleaded claims or defenses involved in this action." Dkt. No. 137 at ¶ 3(b). In addition, Federal Rule of Civil Procedure 5 and Local Rule CV-5 require service of discovery on a party and only absent a court order, that service must be made to all defendants. Plaintiffs refusal to include a cross-production provision is an attempt to exempt themselves from this Court's requirements, the Federal Rules, and the Local Rules of this District.

During negotiations of the Protective Order, the Defendants sought to include a provision that allows cross-production of Plaintiffs' discovery responses (related to the pleaded claims or defenses involved in the litigation) to one Defendant Group's discovery requests to the other Defendant Groups in an effort to streamline the discovery process and avoid the issuance of subpoenas and further discovery disputes on this issue. Plaintiffs refused, arguing that discovery responses regarding, for example, conception and reduction to practice would not need to be shared under the Discovery Order. Plaintiffs also complain that they would be burdened if they were required to respond to twenty-five different interrogatories per Defendant Group[1] and that it should have negotiated lower limits on discovery and/or required the Defendant Groups to serve common interrogatories that would count against every Defendant Group's limits.

These complaints have not exempted parties from their discovery obligations in this Court. In *Fleet Connect Solutions LLC v. Waste Connections US, Inc.*, No. 2:21-cv-00365-JRG, Dkt. 59 at 3-4 (E.D. Tex. June 29, 2022), this Court ordered the production of infringement contentions served in other cases on the same or related patents because they were relevant to the claims and defenses at issue. In *KAIFI LLC v. T-Mobile US, Inc.*, No. 2:20-cv-00281-JRG, Dkt. 423 at 1-2 (E.D. Tex. Nov. 18, 2021), this Court ordered the production of expert infringement reports, expert damages reports, and the transcripts and exhibits from the deposition of those expert witnesses taken in a related case. These are just two in a long line of cases where this Court has repeatedly held that production of relevant information must be produced. *See Infernal Tech., LLC v.*

---

[1] According to footnote 3 of the Discovery Order (Dkt. 137), there are a total of six Defendant Groups, which sets a maximum of 150 total interrogatories allowed to be served on Plaintiffs—much less than the "several hundred non-overlapping interrogatories" Plaintiffs argue as burdensome. Moreover, Plaintiffs chose to bring numerous lawsuits; having to respond to twenty-five interrogatories per defendant is an expected consequence. Also, the negotiated twenty-five limit is significantly less than the Court's Sample Discovery Order for Patent Cases limit of forty interrogatories.

*Microsoft Corp.*, No. 2:18-cv-00144-JRG, Dkt. 90 at 4 (E.D. Tex. May 3, 2019) ("Plaintiff's prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case"); *see also Spacetime 3D, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00372-JRG, Dkt. 96 at 3 (E.D. Tex. Nov. 23, 2020) ("production of expert discovery from cases with comparable or arguably comparable license was proper and needed to occur"); *see also Tivo, Inc. v. Verizon Comms., Inc.*, No. 2:09-cv-00257-JRG, Dkt. 298 at 2 (E.D. Tex. June 8, 2012) (ordering production of expert damages report from prior litigation regarding patent that was prior art to the current patent-in-suit).

Plaintiffs' discovery responses about the Asserted Patents are relevant to how Plaintiffs interpret the scope of its claims, how Plaintiffs perceive the bounds of its patents to be, how they interpret the claims (which is critical to the claim construction proceedings, issues of infringement and invalidity), valuation and damages theories, Plaintiffs' credibility, the scope of available prior art, non-infringing alternatives, and secondary indicia of non-obviousness. These discovery responses are clearly relevant and important and should be produced under the Court's Discovery Order, Federal Rule 5, and Local Rule CV-5. Any concerns about disclosure of a Defendant Group's confidential information can be resolved through redactions and consent.[2] It will streamline discovery to include a cross-production provision in the governing Protective Order to avoid further conflicts and potential motions to compel. Thus, Defendants request the inclusion of the following in Paragraph 16: "but Plaintiff is required to produce discovery responses relevant to the pleaded claims and defenses, even if they are designated as containing Plaintiff's DESIGNATED MATERIAL."

---

[2] Defendants are willing to highlight proposed redactions to alleviate any anticipated burden.

**Taasera and QPRC's Position:**

Defendants seek to add an additional sentence to Paragraph 16 stating that "Plaintiff is required to produce discovery responses relevant to the pleaded claims and defenses, even if they are designated as containing Plaintiff's DESIGNATED MATERIAL." Taasera and QPRC oppose the concept of cross-production of their discovery responses among the Defendants, which would allow Defendants to coordinate to subvert the per-defendant Interrogatory limits that were agreed upon in the Discovery Order.

In the Discovery Order, the Parties agreed to limits of 25 Interrogatories per party. *See* Dkt. 137 ¶ 5(a). Allowing the Defendants to cross-produce Plaintiff's Responses to their Interrogatories effectively means that the Defendants could serve several hundred non-overlapping Interrogatories. Instead of each Defendant using one Interrogatory to seek information regarding, for example, Conception and Reduction to Practice of the claimed inventions, allowing the proposed cross-production would allow only *one* Defendant to serve a *single* Interrogatory on this topic and share it with the remaining Defendants. The discovery limits in the Discovery Order were negotiated in good faith based on a common understanding that each party was going to use its 25 Interrogatories wisely in order to assist in proving its case. Had this cross-production issue been known at the time, Plaintiff's would have negotiated far lower Interrogatory limits for the Defendants.

Defendants' proposed language adds an additional complication: Plaintiffs' responses to Defendants' Interrogatories will inevitably contain confidential information belonging to each individual defendant. For example, Defendants may serve interrogatories that ask the Plaintiffs for their contentions regarding willfulness or inducement. The responses to these Interrogatories would be individualized to each Defendant, and cross-producing these to other Defendants would

require the additional burdensome step of redactions.

For these reasons, Defendants' additional proposed language in Paragraph 16 should be stricken.

Dated: February 14, 2023

Respectfully submitted,

 /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670

Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR TAASERA LICENSING LLC and QUEST PATENT RESEARCH CORPORATION***


*/s/ Michael R. Rueckheim (with permission)*
Kelly C. Hunsaker
Email: KHunsaker@winston.com
Michael R. Rueckheim
(Texas State Bar No. 24081129)
Email: MRueckheim@winston.com
Eimeric Reig-Plessis
Email: EReigPlessis@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Krishnan Padmanabhan
Email: KPadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Melissa R. Smith
(Texas State Bar No. 24001351)
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

***ATTORNEYS FOR PALO ALTO NETWORKS, INC.***


*/s/ Eric H. Findlay (with permission)*
Eric H. Findlay
Email: efindlay@findlaycraft.com

State Bar No. 00789886
Debby E. Gunter
Email: dgunter@findlaycraft.Com
State Bar No. 24012752
**FINDLAY CRAFT, P.C.**
102 North College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 534-1100
Facsimile: (903)-534-1137

Clement S. Roberts
Email. croberts@orrick.com
CA State Bar No. 209203
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Alyssa Caridis
Email: acaridis@orrick.com
Jake O'Neal (Admitted *Pro Hac Vice)*
Email: jake.oneal@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 612-2372
Facsimile: (213) 612-2499

Evan Brewer (Admitted *Pro Hac Vice*)
Email: ebrewer@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
100 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7497
Facsimile: (650) 614-7401

***ATTORNEYS FOR CHECK POINT SOFTWARE TECHNOLOGIES LTD.***


 /s/ *Holly Engelmann (with permission)*
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**

303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

***ATTORNEYS FOR TREND MICRO INCORPORATED AND TREND MICRO, INC.***


 /s/ *Irene Yang (with permission)*
Irene Yang
Email: irene.yang@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

J. Stephen Ravel
State Bar No. 16584975
Email: steve.ravel@khh.com
Kelly Ransom
State Bar No. 24109427
Email: Kelly.ransom@kellyhart.com
**KELLY HART & HALLMAN LLP**
303 Colorado Street, Suite 2000
Austin, Texas 75201
Telephone: (512) 495-6429
Facsimile: (512) 495-6401

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**

201 E. Howard St.
Henderson, Texas 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

***ATTORNEYS FOR CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.***


 /s/ *Alice Snedeker (with permission)*
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Alice Snedeker
**DUANE MORRIS LLP**
1075 Peachtree St NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6989

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

***ATTORNEYS FOR FORTINET INC.***


 /s/ *Nathaniel St. Clair, II (with permission)*
Nathaniel St. Clair, II
State Bar No. 24071564
Email: nstclair@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5948
Facsimile: (214) 661-6848

*ATTORNEY FOR MUSARUBRA US LLC, d/b/a TRELLIX*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 14, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that all counsel of record have met and conferred in accordance with Local Rule CV-7(h) and this joint motion is unopposed.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant