# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION § § § § THIS DOCUMENT RELATES TO CIVIL § ACTION NO. 2:21-CV-00441-JRG § | CIVIL ACTION NO. 2:22-MD-03042-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Taasera Licensing LLC's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") (2:21-cv-00441-JRG, Dkt. No. 39) filed by Defendant Trend Micro Incorporated ("Trend Micro Japan"). On February 21, 2023, the Court held a hearing regarding the Motion. (Dkt. No. 79). Having considered the Motion, the subsequent briefing, the oral arguments, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

On November 30, 2021, Taasera Licensing LLC ("Taasera") filed suit against Trend Micro Japan for patent infringement in the Eastern District of Texas. (Dkt. No. 1). Thereafter, on August 19, 2022, Taasera filed its Amended Complaint for Patent Infringement ("Amended Complaint"), asserting infringement of U.S. Patent Nos. 6,842,796 (the "'796 Patent"); 7,673,137 (the "'137 Patent"); 8,327,441 (the "'441 Patent"); 8,850,517 (the "'517 Patent"); 8,955,038 (the "'038 Patent"); 8,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); and 9,923,918 (the "'918 Patent (collectively, the "Asserted Patents"). (Dkt. No. 33 ¶¶ 7–16). Beginning on August 3, 2022, and for tag-along cases filed thereafter, the United States Judicial Panel on Multidistrict Litigation (the "Panel") centralized the above-captioned litigation

in the Eastern District of Texas and transferred the following cases to the same (categorized by their original jurisdictions) for consolidated pretrial proceedings:

- Eastern District of Texas:
    - *Taasera Licensing LLC v. Trend Micro Incorporated*, Case No. 2:22-CV-00441-JRG
    - *Taasera Licensing LLC v. Check Point Software Technologies Ltd.*, Case No. 2:22-CV-00063-JRG
    - *Taasera Licensing LLC v. Fortinet Inc.*, Case No. 2:22-CV-00468-JRG
    - *Taasera Licensing LLC v. Musrubra US LLC d/b/a Trellix*, Case No. 2:22-CV-00427-JRG

- Northern District of Texas:
    - *Trend Micro, Inc. v. Taasera Licensing LLC*, Case No. 2:22-CV-00303-JRG

- Southern District of New York:
    - *Palo Alto Networks, Inc. v. Taasera Licensing LLC*, *Quest Patent Research Corporation*, Case No. 2:22-CV-00415-JRG

- Western District of Texas:
    - *Taasera Licensing LLC v. CrowdStrike, Inc.*, *CrowdStrike Holdings, Inc.*, Case No. 2:22-CV-00468-JRG

(Dkt. No. 19 at 1, 3). On September 2, 2022, Trend Micro Japan filed the instant Motion, requesting that the Court dismiss Taasera Licensing LLC's ("Taasera") claims for direct infringement, indirect infringement, and injunctive relief. (Dkt. No. 39 at 5–6).

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). "To survive dismissal at the pleading stage, a complaint must state 'enough facts such that the claim to relief

is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true.  *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'"  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  However, the plaintiff is not required to prove its case at the pleading stage.  *Id.*  Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings whereas more complex technologies may demand more.  *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III. DISCUSSION

Trend Micro Japan argues that Taasera fails to state a claim for direct infringement, indirect infringement, and injunctive relief. (Dkt. No. 39 at 11, 13, 17). The Court considers each issue in turn.

#### A. Direct Infringement

Trend Micro Japan argues that the allegations within the Amended Complaint are "entirely conclusory and . . . implausible because they are directly contradicted by the Trend Micro Group's public financial disclosures . . . ." (*Id.* at 11). It asserts that its corporate structure is composed of Trend Micro Japan, which is the parent company to Trend Micro America, Inc., which is the parent company to Trend Micro Incorporated ("Trend Micro U.S."). (*Id.* at 6). According to Trend Micro Japan, Trend Micro U.S., not itself, is actually responsible for managing and selling Trend Micro Branded products in the United States. (*Id.* at 11).

In Trend Micro Japan's view, Taasera conflates it with the Trend Micro Group subsidiaries. (*Id.*). For example, it contends that Taasera accuses Trend Micro Japan and its unnamed subsidiaries of infringement "by failing to identify which entity is committing which act or acts of infringement." (*Id.* at 11–12). Trend Micro Japan does not conduct business in the United States, it argues, but Trend Micro U.S., which is not specifically mentioned in the Amended Complaint, actually conducts business in the United States. (*Id.* at 12). To the extent that Taasera's pleading is an attempt to state a claim for vicarious liability for direct infringement, Trend Micro Japan contends that Taasera fails to mention doctrines of alter ego or single business enterprise or plead the elements of agency. (*Id.* at 12–13).

Taasera responds that its pleading of direct infringement is sufficient, arguing that it contains the necessary factual support and places the potential infringer, Trend Micro Japan, on

notice of the accused infringing activity. (Dkt. No. 43 at 10 (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). Taasera disputes that Trend Micro Japan does not conduct business in the United States and states that "a vague corporate structure table from its 2021 earnings report" fails to show that it "does not import, sell, or offer for sale the Accused Products in the United States." (*See id.*). Taasera also argues that the Amended Complaint clearly accuses only Trend Micro Japan and not unnamed subsidiaries. (*Id.* at 12 (noting examples from the Amended Complaint)).

The Court finds that Taasera states a plausible claim for direct infringement. To state such a claim, the plaintiff must allege that an entity "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271. Taasera pleads that Trend Micro Japan "has and continues to directly infringe" the Asserted Patents, "either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing in the United States products that satisfy each and every limitation of one or more claims of" the Asserted Patents. (Dkt. No. 33 ¶ 34, 45, 56, 67, 82, 95, 111, 140, 216). In a footnote, Taasera links to Trend Micro Japan's website and alleges that Trend Micro Japan distributes the accused products to customers and end-users in Texas and this District through its website. (*Id.*). This Court has found similar pleadings sufficient to state a claim. *See Orange Electronic Co. Ltd v. Autel Intelligent Technology Corp., Ltd.*, No. 2:21-CV-00240-JRG, 2022 WL 4368160, at *6 (E.D. Tex. Sept. 21, 2022) (holding that the plaintiff articulated the standard for patent infringement and provided the defendant with proper notice of the complaint).

Trend Micro Japan primarily argues that Taasera's direct-infringement allegations are "conclusory and are implausible because they are directly contradicted by the Trend Micro Group's public financial disclosures as to which Group entity operates in which countries." (Dkt. No. 39 at 11). Trend Micro Japan asserts that Trend Micro U.S., not itself, manages and sells Trend Micro branded products in the United States. (*Id.*). Trend Micro Japan cites to a chart within its "Report of Earning Results (Consolidated) for Fiscal Year Ending December 31, 2021," which Trend Micro Japan purports to show "which Group entity operates in which countries." (*Id.* (citing Dkt. No. 21-2 at 16)). The chart fails to clarify the corporate structure of the Trend Micro Group or elucidate which entity operates in which market for purposes of disputing Taasera's claims of patent infringement. (Dkt. No. 21-2 at 16). The chart broadly identifies the "main companies" in each region that are responsible for the "sales of the products" but does not detail each entity's share of the market with any level of specificity. (*Id.*).

Although Trend Micro Japan contends that Taasera fails to identify which entity is accused of committing which act or acts of infringement (Dkt. No. 39 at 11–12), upon review of the Amended Complaint, Trend Micro Japan is the only entity accused of direct infringement. (*See generally* Dkt. No. 33). Specifically, Taasera pleads, "Defendant has and continues to directly infringe," the Asserted Patents, "either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the" Asserted Patents. (*Id.* ¶¶ 34, 45, 56, 67, 82, 95, 111, 140, 216).[1] The Amended Complaint clearly identifies Trend Micro Japan as committing alleged acts of direct infringement.

---

[1] Taasera lists Trend Micro Japan (i.e., Trend Micro Incorporated) as the only entity accused in the case caption of the Amended Complaint. (Dkt. No. 33 at 1). Further, in the introductory paragraph, the Amended Complaint states,

### B. Induced Infringement

#### 1 Specific Intent

Trend Micro Japan argues that Taasera's allegations are merely a threadbare recitation of specific intent to induce infringement. (Dkt. No. 39 at 14). It contends that such assertions that Trend Micro Japan provides information, manuals, and documentation fail to "identify at even a basic level how the instructions direct customers to use the accused products in an infringing manner." (*Id.* at 15). According to Trend Micro Japan, Taasera's allegations for induced infringement are conclusory and mere citations to Trend Micro Japan's websites, without more, do not satisfy the *Twombly* and *Iqbal* standards. (*Id.* (citing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015)).

Taasera responds that "[p]roviding instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement." (Dkt. No. 43 at 14 (quoting *Microsoft Corp. v. DataTern, Inc*., 755 F.3d 899, 905 (Fed. Cir. 2014)). Taasera asserts that its Amended Complaint is adequate since, for example, it alleges that "Trend Micro Japan infringes by, among other things, encouraging the use of its products incorporating the integrated Application Control feature." (*Id.*). Taasera also contends that Trend Micro Japan's website, which is cited in the Amended Complaint, provides links to Trend Micro Japan's customers to download and utilize the accused products, which utilize the Application Control feature, such as Apex One and Vision One. (*Id.* at 14–15). For example, the Amended Complaint, Taasera argues, "explains how the use of the Apex One by Trend Micro Japan's customers (as encouraged by the Trend Micro Online Help Center and/or in the Trend Micro Knowledge Base at the Trend Micro

---

"Plaintiff Taasera Licensing LLC ('Taasera Licensing; or 'Plaintiff') for its Amended Complaint against *Defendant Trend Micro Incorporated* ('*Trend Micro*') alleges as follows . . . ." (*Id.* (emphasis added))

7

Japan website, and instruction manuals and documentation) infringes at least Claim 1 of the '137 Patent." (*Id.*).

Trend Micro Japan replies that "the Amended Complaint fails to plausibly allege that Trend Micro Japan, as opposed to some other entity, is 'providing the product manuals and documentation that instruct customers and end-users how to use the Accused Products in an infringing [manner][.]'" (Dkt. No. 46 at 4 (quoting Dkt. No. 33 ¶¶ 40, 51, 62, 77, 90, 106, 121, 135, 147)). It characterizes Taasera's assertion as implausible, arguing that it is unclear as to whether the "customers and end-users" are those of Trend Micro Japan or, for example, Trend Micro U.S. (*Id.*). As a result, Trend Micro Japan contends that the Amended Complaint fails to present facts to show that "the alleged infringer's actions induced infringing acts." (*Id.* at 5 (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 472 F.3d 1293, 1304 (Fed. Cir. 2006)).

Taasera notes that "[i]ndirect infringement allegations by definition involve the conduct of others, as the indirect infringer cannot also be the direct infringer." (Dkt. No. 50 at 4). It contends that Trend Micro Japan fails to adequately dispute the ownership of documents identified in the Amended Complaint when such documents include Trend Micro Japan's logo and "Copyright © 2003-2010 Trend Micro Incorporated." (*Id.* at 5).

The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129 (Fed. Cir. 2018)). "'[A]ctive steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Patents LLC*, 408 F. Supp. 3d at 828 (quoting *Barry*, 914 F.3d at 1334 (identifying the defendants'

8

employees, who provided technical support for customers performing the infringing acts, as evidence supporting induced infringement)).

The Court finds that Taasera adequately states a claim for induced infringement. The Amended Complaint refers to Trend Micro Apex One and Trend Micro Vision One (the "'137 Accused Products"), which allegedly incorporate the Application Control feature and infringes the claimed method. (Dkt. No. 33 ¶ 45). The Amended Complaint provides:

> 49. Defendant has and continues to indirectly infringe one or more claims of the '137 Patent by ***knowingly and intentionally inducing*** others, ***including Trend Micro subsidiaries, customers, and end-users***, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as '137 Accused Products (e.g., ***products incorporating the Application Control feature***).
>
> 50. Defendant has and continues to indirectly infringe one or more claims of the '137 Patent including, but not limited to, claim 1, by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the infringing Accused Products. For example, ***Defendant***, with knowledge that these products, or the use thereof, infringe the '137 Patent at least as of the date of the original Complaint, ***knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '137 Patent by providing these products to end-users for use in an infringing manner***.
>
> 51. Defendant induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '137 Patent, but while remaining willfully blind to the infringement. ***Defendant provides detailed information about how to use the Accused Products in the Trend Micro Online Help Center and/or in the Trend Micro Knowledge Base at the Trend Micro website. Defendant provides product manuals and documentation that instruct customers and end-users how to use the Accused Products in an infringing manner, including specifically how to use the Application Control and Predictive Machine Learning features***."

(Dkt. No. 33 ¶ 38–40 (emphasis added)).[2]  The Amended Complaint contains a link purportedly allowing Trend Micro Japan's customers to download the '137 Accused Products.  (*Id.* ¶¶ 45 n.7, 48 n.9).  It also contains links that provide instructions about how to use the Application Control feature.  (*See id.* ¶ 51 n.10, n.11).  Drawing all reasonable inferences in favor of Taasera, it has plausibly alleged that Trend Micro Japan "knowingly and intentionally induced" its "subsidiaries, customers, and end-users" to directly infringe the '137 Patent.  *See Iqbal*, 556 U.S. at 678; *see also RightQuestion*, 2022 WL 507487, at *3 (finding that the plaintiff sufficiently stated a claim for induced infringement "[b]y pointing to literature 'advertising an infringing use' and 'instructing how to engage in an infringing use' and including corresponding claim recitations which indicate how such use of the Accused Products allegedly infringes the Asserted Patents").

Trend Micro Japan argues that the Amended Complaint is ambiguous as it fails to allege that Trend Micro Japan is instructing "customers and end-users" how to use Accused Products in an infringing manner and is unclear as to whether said "customers and end-users" are those of Trend Micro Japan or some other entity.  (Dkt. No. 46 at 4).  The Court has already addressed this purported ambiguity in the context of direct infringement, and the Court sees no material confusion as to which entity Taasera accuses of induced infringement.  Here, Trend Micro Japan is the only entity accused in the case caption of the Amended Complaint.  (*Id.* at 1).  In the introductory paragraph, Taasera states, "Plaintiff Taasera Licensing LLC ('Taasera Licensing' or 'Plaintiff') for its Amended Complaint against ***Defendant Trend Micro Incorporated ('Trend Micro')*** alleges as follows . . . ."  (*Id.* (emphasis added)).  Further, the Amended Complaint provides that "Defendant has and continues to indirectly infringe one or more claims of the '137 Patent by

---

[2] For purposes of the Motion, the Court designates paragraphs 49, 50, and 51 of the Amended Complaint, which pleads infringement of the '137 Patent, as representative of this dispute.  (*See* Dkt. No. 33 ¶¶ 38–40, 49–51, 60–62, 75–77, 88–90, 104–106, 119–121, 133–135, 145–147).

***knowingly and intentionally inducing*** others, ***including Trend Micro subsidiaries, customers, and end-users***, to directly infringe . . ." (*Id.* ¶ 49 (emphasis added)).

The parties dispute the applicability of *Core Wireless*, 2015 WL 4910427, at \*4. (Dkt. No. 39 at 14; Dkt. No. 43 at 15–16; Dkt. No. 46 at 5). Trend Micro Japan compares the pleadings in *Core Wireless* to those in this case, arguing that "these allegations are as threadbare and conclusory as those that were dismissed in *Core Wireless*." (Dkt. No. 39 at 14). Trend Micro Japan appears to misunderstand *Core Wireless* because the court in that case dismissed the complaint for "'failing to allege *any* facts . . . even at a basic level,' that were specific to the defendant." *Motiva*, 408 F. Supp. 3d at 832 (distinguishing *Core Wireless*, 2015 WL 4910427, at \*4). In *Core Wireless*, the plaintiff failed to identify "which functionalities of the accused products [were] at issue, or how the instructions direct[ed] customers to use those products in an infringing manner." *Core Wireless*, 2015 WL 4910427, at \*4. Rather, for example, Taasera cites to instructive materials on Trend Micro Japan's website that teach how to utilize the '137 Accused Products, which include the allegedly infringing Application Control feature. (Dkt. No. 33 ¶¶ 45 n.7, 48 n.9). Trend Micro Japan would have this Court impose a higher pleading standard than what is required by the Supreme Court. *Twombly*, 550 U.S. at 556 (requiring enough facts at the Rule 12(b)(6) stage to establish "a reasonable expectation that discovery will reveal evidence" supporting a claim for relief). Based on the foregoing, the Court finds that Taasera satisfies the requisite pleading standard for induced infringement.

### 2    Knowledge

Trend Micro Japan states, "Taasera's allegations of indirect infringement also fail to the extent that it does not plead pre-suit knowledge of the asserted patents." (Dkt. No. 39 at 16). It argues that a complaint may give rise to post-filing knowledge for purposes of induced

infringement but cannot be used to establish pre-suit knowledge. (*Id.* (citing *Script*, 170 F. Supp. at 937)). It therefore contends that Taasera cannot rely on the filing date of the original complaint to establish pre-suit knowledge of the Asserted Patents or alleged infringement. (*Id.*).

Taasera responds that this Court has recognized that the failure to allege pre-suit knowledge is not a basis to dismiss a plaintiff's indirect infringement claims. (Dkt. No. 43 at 16 (citing *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)). According to Taasera, it is sufficient to allege that the defendant had knowledge of the patent by way of the complaint's filing. (*Id.* at 16–17 (collecting cases)). Taasera further contends that the parties do not dispute Trend Micro Japan's actual knowledge of the Asserted Patents, which is at least as early as the initial complaint's filing date. (*Id.* at 17 (collecting cases)).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the alleged infringer. *See Motiva*, 408 F. Supp. 3d at 828.

The Court agrees with Taasera. The parties do not dispute that Trend Micro Japan had knowledge of the Asserted Patents at the time the original complaint was filed, which is sufficient in this context. *RightQuestion*, 2022 WL 507487, at *3 (citing *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021). Notably, Trend Micro Japan fails to cite relevant caselaw to support its contentions.[3] Further, distinguishing between

---

[3] Trend Micro Japan also fails to address the prior precedent from this Court that Taasera cites in its response. (*See generally* Dkt. No. 46)

pre- and post-suit knowledge is "premature at this early stage" because it is clear that "[Trend Micro Japan] had knowledge of the Asserted Patents for at least some time during the infringement period." *BillJCo*, 2021 WL 6618529, at *6 (collecting cases). The only case that Trend Micro Japan cites to support its position is *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016). Nevertheless, this Court has previously rejected Trend Micro Japan's application of that case. *RightQuestion*, 2022 WL 507487, at *3. Contrary to Trend Micro Japan's interpretation of *Script* that a complaint "cannot be used to establish pre-suit knowledge" (Dkt. No. 39 at 16), this Court did not issue any such ruling. In *Script*, this Court concluded that the filing of a complaint was sufficient to provide a defendant with post-suit knowledge of the Asserted Patents. 170 F. Supp. 3d at 937. Such a ruling does not conflict this Court's refusal to distinguish pre- and post-suit knowledge for the reasons state herein. Taasera adequately pleads the requisite level of knowledge to place Trend Micro Japan on notice of the Asserted Patents.

### 3   Willful Blindness

Trend Micro Japan argues that Taasera's allegations of pre-suit knowledge in the context of willful blindness are conclusory, arguing that Taasera fails to assert any facts relating to affirmative acts taken by Trend Micro Japan to avoid gaining actual knowledge of the Asserted Patents. (Dkt. No. 39 at 16). Specifically, Trend Micro Japan states that the Amended Complaint "lacks allegations of a specific policy or action undertaken to avoid gaining knowledge of the [A]sserted [P]atents." (*Id.* at 17). The Supreme Court held that willful blindness is a substitute for actual knowledge in the context of infringement. *Global-Tech*, 563 U.S. at 766; *Motiva*, 408 F. Supp. 3d at 836–37. Willful blindness is also sufficient to satisfy the knowledge requirement for induced infringement. *Motiva*, 408 F. Supp. 3d at 828 (affirming finding of induced infringement where a defendant "willfully blinded itself to the infringing nature of the sales it

encourages" its customers "to make"). The Court has concluded that the Amended Complaint states a sufficient claim for induced infringement and need not consider the adequacy of every possible induced-infringement-pleading alternative at this stage of the case. *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-220, 2012, WL 9864381, at *5 (E.D. Tex. July 27, 2012) (noting that a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement") (citing *In re Bill of Lading*, 681 F.3d at 1336)).

### C. Injunctive Relief

Trend Micro Japan contends that Taasera's claim for injunctive relief contains no supporting facts that Taasera has suffered or will suffer an irreparable injury because "ownership of an infringed patent is not enough to establish irreparable injury." (Dkt. No. 39 at 17, 18 (citing *z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440–41 (E.D. Tex. 2006)). Trend Micro Japan further contends that a finding of irreparable injury to sustain a request for an injunction is not plausible where a plaintiff does not allege that its product practices the Asserted Patents or that it has suffered lost profits, loss of market share, or loss of brand recognition. (*Id.* at 18).

Taasera argues that dismissing its claim for injunctive relief is premature. (Dkt. No. 43 at 18). In Taasera's view, whether a court grants an injunction is a "matter of speculation," which should not be a part of this Court's decision regarding the instant Motion. (*Id.* at 19). Taasera contends that a plaintiff need not have a product that practices the Asserted Patents to be entitled to injunctive relief and argues that this Court has previously granted a permanent injunction to a non-practicing entity. (*Id.*).

The Court finds that Taasera's claim for injunctive relief should not be dismissed at this stage because its claim for direct infringement (i.e., "the underlying claim upon which that relief

is being sought") remains in this case. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1988); *KIPB LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020). Injunctive relief is a "speculative," post-trial decision for the Court to decide, which is premature at this juncture. While Trend Micro Japan argues that Taasera is not entitled to injunctive relief as a non-practicing entity, courts, including this District, have awarded injunctive relief to such parties. *See, e.g.*, *Commonwealth Sci. & Indus. Rsch. Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007).

### IV. CONCLUSION

For the reasons set forth herein, the Motion (Dkt. No. 39) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 13th day of March, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE