# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | Case No. 2:22-md-03042-JRG |
| | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## JOINT MOTION FOR ENTRY OF OPPOSED E-DISCOVERY ORDER

Pursuant to this Court's Discovery Order dated February 7, 2023 (Dkt. 137), the Parties comprising Taasera Licensing LLC ("Taasera"), Check Point Software Technologies, Ltd. ("Check Point"), Trend Micro Incorporated ("Trend Micro Japan"), CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (collectively, "CrowdStrike"), Fortinet, Inc. ("Fortinet"), and Musarubra US LLC d/b/a Trellix ("Trellix") (collectively, "Defendants") hereby submit competing forms of the Proposed E-Discovery Order. The Parties' proposed E-Discovery Order is attached as Exhibit 1, which includes Defendants' opposed additions to the Court's model order in brackets. The Parties were able to reach agreement on almost all provisions of the E-Discovery Order, but Defendants' proposed "good cause" provision remains in dispute:

**Plaintiff's Position**

Defendants seek to add an additional requirement to the Court's Model E-Discovery Order. This requirement is that each party must establish "good cause" *before* it may seek email discovery. Plaintiff should not be required to show "good cause" in order to seek email discovery on relevant issues, such as willfulness, inducement, and specific issues related to the operation of the Accused Products.

Defendants' proposed footnote 2 is nothing more than attorney argument, which is not appropriate for the E-Discovery Order. The argument therein, that there is no basis for email discovery because willfulness and pre-suit knowledge is not asserted in this case, fails as it does not consider Plaintiff's other allegations. Also, Plaintiff may explore issues of willfulness and pre-suit knowledge through discovery and Defendants provide no legal precedent to the contrary.

Defendants' additional "good cause" requirement merely aims to slow the process of email discovery if not prevent it all together because the proposed language in the e-discovery order does not explain *how* "good cause is established" in the context of email discovery. Defendants' proposed requirement also fails to identify *who* decides whether "good cause is established." Defendants' proposal is not in the interest of efficiency and avoiding future conflicts as they have represented to Plaintiff. Rather, the addition of an undefined "good cause" requirement would introduce more confusion and conflicts.

E-mail discovery in this case is not limited to issues that require proof of a mental state. Depending on the state of discovery, Plaintiff may seek e-mail discovery regarding other issues, such as the design and development of the Accused Products as well as the marketing and sales of the Accused Products, including whether certain features are held out to customers as valuable or important. If Defendants' proposed "good cause" requirement is rejected, any party in receipt of e-mail discovery requests still may object to those requests as unnecessary, irrelevant, burdensome, duplicative, or for any other reason. But requiring that a party propounding e-mail discovery requests first prove there is "good cause" for e-mail discovery inverts the e-mail discovery process already defined in the model order, and adds an unnecessary hurdle intended to delay the production of e-mail.

**Defendants' Position**

The sole dispute between the parties pertains to the gating issue of whether email discovery is warranted or necessary in litigation where there are no allegations of willfulness or pre-suit knowledge of the Plaintiff or the Asserted Patents and no allegations of copying or competition between the Plaintiff and any of the Defendants. As the Court is aware, email discovery is not warranted or necessary in every case, and thus, the Court's Model E-Discovery Order ("Model EDO") is not entered automatically and is not included as part of the Court's Sample Docket Control Order for Patent Cases. Instead, parties may request entry of the Model EDO by establishing reasonable need. Here, the Parties have agreed to many provisions of the Model EDO – namely, the production of electronically stored information, which Defendants have already begun producing in volume. The parties, however, do not agree that email discovery is warranted.

While working with the Plaintiff on a Proposed EDO for electronically stored information, Defendants have repeatedly requested that Plaintiff articulate some basis as to why email discovery is necessary in this case, but Plaintiff has not done so. Email discovery has not been shown to be proportional to the needs of the case under Rule 26(b), and it is not. Plaintiff does not dispute that there are no allegations of copying or competition between Plaintiff and any of the Defendants. And while Plaintiff suggested that email discovery *may* be relevant to Defendants' knowledge of Plaintiff and/or the Asserted Patents, each Defendant has served responses to Taasera's Common Interrogatory 6 (seeking information about first awareness) stating that they had no pre-suit knowledge of Taasera or the Asserted Patents. Thus, any potentially relevant emails on these issues would post-date the filing of the lawsuits, which would be covered by attorney-client or work product privilege and excepted from logging pursuant to ¶ 12(b) the Court's Discovery Order (Dkt. 137). Moreover, the burden of any email discovery is disproportionately one-sided here, where

Taasera has significantly fewer custodians than their email discovery limitations and purchased the asserted patents from IBM and an apparently now-defunct and unrelated company called Taasera, Inc.

Defendants are not refusing to engage in email discovery, but are respectfully requesting the Court order the requesting party to articulate a reasonable basis and good cause for seeking email discovery before the producing party undertakes the burden of identifying custodians, negotiating search terms, and gathering, reviewing, and producing emails. As the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases notes, "[e]xcessive e-discovery, including disproportionate, overbroad email production requests, carry staggering time and production costs that have a debilitating effect on litigation. . . . Generally, the production burden of these expansive requests outweighs the minimal benefits of such broad disclosure." Introduction to Model Order Regarding E-Discovery in Patent Cases at 2 (Fed. Cir. 2011).

Pursuant to Paragraph 3 of the Court's Discovery Order (Dkt. No. 137), P.R. 3-4(a), and Fed. R. Civ. P. 26(b), Defendants have already begun substantive document productions of electronically stored information. Defendants have also begun to offer source code for inspection. In light of these substantive productions of core relevant information, Plaintiff has not identified any topic or area that is missing and for which email discovery would uncover relevant material. Plaintiff has also already sent each Defendant a six-page demand letter with more than fifty discrete topics of document requests which do not necessitate email discovery. In short, there has been no identified need for email discovery.

Finally, Defendants note the practical inefficiencies of beginning email discovery – and specifically the identification of custodians, exchange of search terms and depositions – *before* the parties have articulated reasonable basis and established good cause for needing email discovery.

Unless and until Plaintiff is able to articulate what topics it believes are relevant for email discovery, Defendants cannot meaningfully identify potentially relevant custodians.

Dated:  April 12, 2023                                Respectfully submitted,

                                                        /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

5

/s/ *Evan D. Brewer (with permission)*
Eric H. Findlay
Email: efindlay@findlaycraft.com
State Bar No. 00789886
Debra E. Gunter
Email: dgunter@findlaycraft.com
State Bar No. 24012752
**FINDLAY CRAFT, P.C.**
102 North College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 534-1100
Facsimile: (903)-534-1137

Clement S. Roberts
Email: croberts@orrick.com
CA State Bar No. 209203
Sarah K. Mullins
Email: sarahmullins@orrick.com
CA State Bar No. 324558
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Evan D. Brewer (Admitted *Pro Hac Vice*)
Email: ebrewer@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: (206) 839-4300

Alyssa Caridis
Email: acaridis@orrick.com
Jake O'Neal
Email: jake.oneal@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 South Grand Avenue, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 629-2020

***ATTORNEYS FOR CHECK POINT SOFTWARE TECHNOLOGIES LTD.***

/s/ *Holly Engelmann (with permission)*
Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
Email: tom@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

Brianna M. Vinci
Email: bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S 17th Street
Philadelphia, PA 19103
Email: bvinci@duanemorris.com
Telephone: (215) 979-1198

Daryl Stuart Bartow
Email: DSBartow@duanemorris.com
**DUANE MORRIS LLP**

7

4300 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone (650) 687-8443
Gilbert Andrew Greene
Email: BGreene@duanemorris.com
**DUANE MORRIS LLP**
7500 Rialto Boulevard Building 1, Suite 230
Austin, TX 78735
Telephone: (512) 277-2246
Fax: (512) 277-2301

William Andrew Liddell
Email: WALiddell@duanemorris.com
**DUANE MORRIS LLP**
900 S. Capital of Texas Highway, Suite 300
Austin, TX 78746
Telephone: (512) 277-2272
Fax: (512) 227-2301

***ATTORNEYS FOR TREND MICRO INCORPORATED***


 /s/ *Irene I. Yang (with permission)*
Irene I. Yang
Email: irene.yang@sidley.com
Michael J. Bettinger
Email: mbettinger@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Andrew T. Langford
Email: alangford@sidley.com
Eric B. Fountain
Email:  efountain@sidley.com
**SIDLEY AUSTIN LLP**
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3400
Facsimile: (214) 981-3400


G. Blake Thompson

8

State Bar No. 24042033
Blake@TheMannFirm.com
J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
201 E. Howard Street
Henderson, Texas 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

***ATTORNEYS FOR CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.***


 /s/ *Alice E. Snedeker (with permission)*
Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
Email: tom@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet
GA Bar No. 287789
Email: mcgaudet@duanemorris.com
Alice E. Snedeker
GA Bar No. 151066
Email: aesnedeker@duanemorris.com
David C. Dotson
GA Bar No. 138040
Email: dcdotson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: (404) 253-6902
Fax: (404) 253-6901

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com

**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

Christopher J. Tyson
VA Bar No. 81553
Email: cjtyson@duanemorris.com
DUANE MORRIS LLP
505 9th Street, NW, Suite 1000
Washington, D.C. 20004-2166
Telephone: (202)-776-7800
Fax: (202) 776-7801

Irfan Hassam-Malani
IL Bar No. 6339087
Email:  imalani@duanemorris.com
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone:  (312) 499-6700
Fax: (312) 27-2999

*ATTORNEYS FOR FORTINET INC.*


/s/ *Blake T. Dietrich (with permission)*
Nathaniel St. Clair, II
State Bar No. 24071564
Email: nstclair@jw.com
Blake T. Dietrich
State Bar No. 24087420
Email: bdietrich@jw.com
William T. Nilsson
State Bar No. 24123350
Email:  wnilsson@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5948
Facsimile: (214) 661-6848

*ATTORNEY FOR MUSARUBRA US LLC, d/b/a TRELLIX*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 12, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel of record have met and conferred in accordance with Local Rule CV-7(h) and are at an impasse concerning the E-Discovery Order and need the Court's intervention.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
