IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE TAASERA LICENSING LLC LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | ) ) ) ) ) ) ) Case No. 2:22-md-03042-JRG<br><br>**JURY TRIAL DEMANDED** |

# E-DISCOVERY ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include metadata fields showing the following information if such fields exist: BegAttach, EndAttach, Custodian, Subject, Title, Sent Date, To, From, CC, BCC, Author, File Name, Last Modified Date, Created Date, Text Path, Native Path.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format or in a native format.

TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. To the extent that the Producing Party is reproducing documents it received from a third party, those documents shall be produced with the metadata the Producing Party received them with intact to the extent reasonably available. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents.** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes including, but not limited to, backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, text messages, instant messages and chats (including but not limited to internal corporate chat and communication platforms), and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

G. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").[1]

7. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

8. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

9. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 13th day of April, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] A party seeking email discovery shall meet and confer with the party from which production of email is sought to determine whether email discovery is necessary, per the Court's instruction during the monthly telephonic status conference on April 13, 2023.