**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TAASERA LICENSING LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:22-md-03042-JRG** |
| **CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.,** | **Civil Action No. 2:22-cv-468-JRG** |
| **Defendants.** | |

**CROWDSTRIKE'S RESPONSE TO TAASERA'S MOTION
<u>FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS</u>**

# TABLE OF CONTENTS

I.      Background ................................................................................................................. 1

II.     Taasera Has No Good Cause to Add Five Accused Products and Services ....................... 2

III.    Taasera's Amended Contentions Fail to Comply with P.R. 3-1(c) ................................... 6

IV.     If Taasera Is Granted Leave to Amend, It Should Be Compelled to Provide Claim
        Charts and CrowdStrike Should be Given an Opportunity to Amend Invalidity
        Contentions ................................................................................................................. 7

V.      Conclusion .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexsam, Inc. v. IDT Corp.*,
  2011 WL 108725 (E.D. Tex. Jan. 12, 2011)...........................................................................7

*Eon Corp. IP Holdings, LLC v. Sensus USA Inc.*,
  2010 WL 346218 (E.D. Tex. Jan. 21, 2010)...........................................................................6

*Global Sessions LP v. Travelocity.com LP,*
  2012 WL 1903903 (E.D. Tex. May 25, 2012)........................................................................6

*STMicroelectronics, Inc. v. Sandisk Corp.*,
  2006 WL 8422185 (E.D. Tex. Sep. 6, 2006) ...................................................................3, 5, 6

*Team Worldwide Corp. v. Acad., Ltd.*,
  2020 WL 4601635 (E.D. Tex. Aug. 11, 2020) .......................................................................5

*Tivo Inc. v. Samsung Electronics Co. Ltd.*,
  2016 WL 5172008 (E.D. Tex. July 22, 2016) ........................................................................4

Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (together, "CrowdStrike") respectfully file this Response to Plaintiff Taasera Licensing LLC's ("Taasera") Motion for Leave to Amend Its Disclosure of Asserted Claims and Infringement Contentions (Dkt. No. 48).[1]

## I.    Background

Taasera filed its complaint against CrowdStrike on October 21, 2022 in the Western District of Texas, asserting eight patents.[2] After being transferred and consolidated in the above-captioned multi-district litigation in this District, the Court entered the operative Third Amended Docket Control Order, which established a January 17, 2023 deadline for Taasera to serve its infringement contentions ("Original Contentions"). *See* Case No. 2:22-cv-00468, Dkt. No. 84. Pursuant to P.R. 3-1(b), the Original Contentions identify two accused products:[3] CrowdStrike Falcon Insight EDR and CrowdStrike Falcon Insight EDR with Falcon Spotlight. Taasera also provided claim charts for the two accused products. Over the following weeks, the parties exchanged correspondence regarding myriad deficiencies in Taasera's infringement contentions.

On March 6, 2023, Taasera served its proposed First Amended Infringement Contentions ("Amended Contentions"). Rather than meaningfully address the deficiencies in the Original Contentions,[4] the Amended Contentions raised new issues. In particular, the Amended Contentions identified five new products and services that were not included in either the Original Contentions or the complaint: CrowdStrike Falcon XDR, CrowdStrike Falcon Prevent,

---

[1] All citations to "Dkt. No." herein refer to docket entries in Case No. 2:22-cv-468-JRG.

[2] U.S. Patent Numbers 7,673,137, 8,327,441, 8,850,517, 8,955,038, 8,990,948, 9,092,616, 9,608,997, and 9,923,918 ("Asserted Patents").

[3] There is a stray reference to "CrowdStrike XDR" in Taasera's claim charts, but Taasera did not identify "CrowdStrike XDR" as an accused product or chart any claim against it.

[4] Defendants disagree that Taasera's failure to chart new products is the only deficiency in the Amended Contentions. The contentions remain defective for reasons previously raised by Defendants, and all proposed amendments rely on publicly available information that could have been raised before.

CrowdStrike Falcon Complete, CrowdStrike Falcon OverWatch, and CrowdStrike Falcon Fusion. The Amended Contentions fail to provide claim charts for these new products and services.

Upon receiving the Amended Contentions, counsel for CrowdStrike asked Taasera to provide its good cause for adding five new products/services to the case six weeks after the P.R. 3-1 deadline. Counsel for Taasera argued that the new products and services "were already accused under Plaintiff's original contentions." Ex. 1, at 3. The parties met and conferred to discuss the Amended Contentions. *Id*. On that call, Taasera was unable to articulate any good cause. Counsel for CrowdStrike responded that (beyond the lack of good cause) CrowdStrike could not evaluate the Amended Contentions because they do not contain the claim charts required by PR. 3-1(c). *Id*. at 1. Taasera would not agree to provide any additional claim charts with the Amended Contentions. Instead, Taasera simply suggested that it may eventually provide claim charts with its expert reports. *Id*. In view of Taasera's failure to articulate good cause and provide the required claim charts, in addition to myriad other unaddressed deficiencies, CrowdStrike opposed the Amended Contentions, and Taasera filed the present motion.

## II.     Taasera Has No Good Cause to Add Five Accused Products and Services

The Local Patent Rules provide that leave to amend infringement contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). Taasera has never attempted to articulate good cause, and it cannot because its contentions are based entirely on public information. Instead, Taasera seeks to excuse itself from meeting this burden by arguing that the Original Contentions already accused these products and the "requested amendment was made in order to address CrowdStrike's complaint that the infringement contentions did not specifically identify ***all*** accused products by name." Mot. at 5-

2

6. This is demonstrably false. The entirety of the "Accused Instrumentalities" section of the Original Contentions is provided below for the Court's reference:

> **B.   ACCUSED INSTRUMENTALITIES**
>
> Taasera is currently aware that the following endpoint security products infringe the '137 Patent, '441 Patent, the '517 Patent, the '948 Patent, and the '616 Patent:
>
> CrowdStrike Falcon Insight EDR
>
> Taasera is currently aware that the following endpoint security products infringe the '038 Patent, the '997 Patent, and the '918 Patent:
>
> CrowdStrike Falcon Insight EDR with Falcon Spotlight
>
> Taasera reserves the right to amend this list of accused instrumentalities, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery including, but not limited to, the inclusion of newly-released products or any other equivalent devices ascertained through discovery.

This disclosure identifies only two accused products. The Local Rules are clear. They require plaintiffs to specifically identify each accused instrumentality by name:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. ***This identification shall be as specific as possible***. Each product, device, and apparatus must be ***identified by name*** or model number, if known…

P.R. 3-1(b). These rules "demonstrate high expectations as to plaintiff's preparedness before bringing suit, requiring plaintiff to disclose preliminary infringement contentions before discovery has even begun." *STMicroelectronics, Inc. v. Sandisk Corp.*, 2006 WL 8422185, at *1 (E.D. Tex. Sep. 6, 2006).

With its original P.R. 3-1(b) disclosure failing to name the five new products and services, Taasera plucks boilerplate language from another section contending that "the claim charts are representative of all accused CrowdStrike endpoint security products." Dkt. No. 48-2,

3

at 3. But Taasera's position that this is the required "identification" *by name* that is "as specific as possible" is indefensible. Nor does Taasera explain how Defendants were supposed to know that these were at issue from the boilerplate language, let alone how they map to the claims.

What's more, the assertion that the originally-charted Falcon Insight EDR and Spotlight products are representative of every other product or service in the amendments is incorrect. Each of these products and services provides unique features associated with unique source code—they are not interchangeable. Koster Decl. ¶ 4. Taasera's position—that CrowdStrike must guess what may be at issue in these new accused products and services with no claim chart—is the antithesis of the notice function contemplated by this Court's Local Rules. For example, Falcon Prevent is a next-generation antivirus product. Ex. 2.  Falcon Fusion is a workflow automation tool. Ex. 3. Falcon OverWatch and Falcon Complete are different managed services, and nothing else is a managed service. Exs. 4-5. Falcon Spotlight is a vulnerability management tool with AI-driven prioritization. Ex. 6. Falcon Insight EDR concerns endpoint detection; Falcon Insight XDR allows for cross-domain detections (extended detection and response). Exs. 7-8. Taasera cannot foist its obligation to identify the accused functionality with specificity onto CrowdStrike by declaring that these distinct offerings are represented by two products it charted (poorly), and refuse to provide any additional charts or detail until expert reports. Ex. 1 at 1.

In any event, this Court has repeatedly held that this sort of vague language fails to comply with the Local Rules. For example, in *Tivo Inc. v. Samsung Electronics Co. Ltd.*, the Court explained that "[Plaintiff] cannot simply rely on the 'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions." 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016). More recently,

the Court held that "Plaintiff must still clearly identify accused products," and that "the catch-all language used by Plaintiff in its infringement contentions is no substitute under the rules for proper identification of accused products." *Team Worldwide Corp. v. Acad., Ltd.*, 2020 WL 4601635, at *5 (E.D. Tex. Aug. 11, 2020).

Nor can Taasera credibly argue that it has good cause to amend because the new products and services were unknown at the time of the Original Contentions. All five of the newly accused products and services were publicly known before the Original Contentions were served on January 17, 2023. Had Taasera simply searched CrowdStrike's website, it would have found information about all of the newly accused offerings and realized they are different products and services: Falcon Insight XDR, Falcon Prevent, Falcon Complete, Falcon OverWatch, and Falcon Fusion.[5] In its motion, Taasera suggests that the amendment was made in response to documents produced in this case. Mot. at 3. Tellingly, Taasera does not attach or describe those documents. But those particular documents are *publicly available* documents from CrowdStrike's website that refer to products Taasera named in its Original Contentions. And the production of publicly available documents provides no good cause to amend contentions. *See STMicroelectronics*, 2006 WL 8422185, at *3.

While the Court has allowed plaintiffs to add new products to the case where those products were not previously known, it has denied leave to amend to add products that were already in the public domain. For example, in *STMicroelectronics*, the Court largely denied a motion to amend because "most all the products were readily available in the marketplace well prior to the [P.R. 3-1] deadline." 2006 WL 8422185, at *3. The Court further explained that to allow amendments for a plaintiff that "was not diligent in its investigation" would "open[] a

---

[5] *See* Exs. 2-5, 7 (data sheets for each product/service from CrowdStrike's website).

5

floodgate of new products." *Id*. The same rationale applies here. Taasera cannot establish good cause to add new products to this suit when its amendments rely entirely on publicly available websites, and those products were publicly known before the Original Contentions were due.

### III.    Taasera's Amended Contentions Fail to Comply with P.R. 3-1(c)

Beyond failing to establish good cause, Taasera's motion fails for another independently dispositive reason: the Amended Contentions do not contain any claim charts for the newly accused products. The Local Rules are unambiguous: plaintiffs are required to provide a "chart identifying specifically where each element of each asserted claim is found within each Accused instrumentality." P.R. 3-1(c). It is not enough for Taasera to chart each claim against only one of the seven products identified in the Amended Contentions. *See Eon Corp. IP Holdings, LLC v. Sensus USA Inc.*, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010) ("EON's infringement contentions are deficient because they fail to identify each accused instrumentality in its 3-1(c) chart. The infringement contentions include one claim chart for each asserted claim."). Allowing Taasera to serve Amended Contentions that plainly fail to comply with the Local Rules would invite further disputes and motion practice.

The Court has rejected amendments that were deficient under the Local Rules, let alone where no charts were provided. For example, in *Global Sessions LP v. Travelocity.com LP*, the proposed amended infringement contentions failed to comply with P.R. 3-1(c). 2012 WL 1903903, at *1-2 (E.D. Tex. May 25, 2012). The Court observed that the plaintiff "fail[ed] to adequately chart" all of the accused products. *Id*. at *4. The Court found this particularly troubling given that, as here, "all of the newly accused [products] are publicly available." *Id*. at *5. In denying leave, the Court found that the lack of compliance with Local Rules evinced a lack of "sufficient diligence to show good cause." *Id.* A similar result is warranted here.

6

IV.     **If Taasera Is Granted Leave to Amend, It Should Be Compelled to Provide Claim Charts and CrowdStrike Should be Given an Opportunity to Amend Invalidity Contentions**

Alternatively, and to the extent the Court is inclined to allow the Amended Contentions, CrowdStrike requests that the Court (1) order Taasera to prepare infringement charts separately for each accused product or service that fully comply with P.R. 3-1(c) within 14 days, and (2) grant CrowdStrike leave to amend its invalidity contentions within 45 days thereafter. As set forth above, the Local Rules mandate detailed claim charts for all accused products, and compelling Taasera to comply with those requirements is necessary to ensure CrowdStrike is on notice of the new theories of infringement. CrowdStrike and the other defendants in the MDL are already preparing claim construction positions. As the Local Rules contemplate, CrowdStrike is entitled to understand Taasera's theories of infringement for all accused products *before* claim construction commences. If Taasera is permitted to amend its contentions, CrowdStrike respectfully requests that the Court extend the current claim construction schedule to allow CrowdStrike to analyze the new infringement theories. And, as the Court has previously explained, once a plaintiff is allowed to expand its case through amended contentions a "Defendant would be severely prejudiced unless the Court also allows [the] Defendant to amend its invalidity contentions." *Alexsam, Inc. v. IDT Corp.*, 2011 WL 108725, at *2 (E.D. Tex. Jan. 12, 2011). To the extent the claim construction schedule requires a brief extension, fact discovery and follow on deadlines may also need to be briefly extended.

V.      **Conclusion**

For the reasons set forth above, CrowdStrike requests that the Court deny Taasera's Motion for Leave to Amend Infringement its Infringement Contentions (Dkt. No. 48) or, alternatively, grant the relief described in Section IV above.

Dated: April 19, 2023

Respectfully submitted,

By:  _/s/ Irene Yang_____
    Michael J. Bettinger, Lead Attorney
    California State Bar No. 122196
    mbettinger@sidley.com
    Irene Yang
    California State Bar No. 245464
    irene.yang@sidley.com
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, CA 94104
    Telephone: (415) 772-1200
    Facsimile: (415) 772-7400

    Andrew T. Langford
    Texas State Bar No. 24087886
    alangford@sidley.com
    Erik B. Fountain
    Texas State Bar No. 24097701
    efountain@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, TX 75201
    Telephone: (214) 981-3300
    Facsimile: (214) 981-3400

    J. Mark Mann
    State Bar No. 12926150
    Mark@TheMannFirm.com
    G. Blake Thompson
    State Bar No. 24042033
    Blake@TheMannFirm.com
    MANN | TINDEL | THOMPSON
    201 E. Howard St.
    Henderson, Texas 75654
    (903) 657-8540
    (903) 657-6003 (fax)

    **ATTORNEYS FOR DEFENDANTS**
    **CROWDSTRIKE, INC. and**
    **CROWDSTRIKE HOLDINGS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing document has been

served electronically on all counsel of record via the Court's ECF system on April 19, 2023.

<u> /s/  *Irene Yang*                                    </u>
Irene Yang