# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TAASERA LICENSING LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**CROWDSTRIKE, INC. and**<br>**CROWDSTRIKE HOLDINGS, INC.,**<br><br>　　Defendants. | **Civil Action No. 2:22-md-03042-JRG**<br>**Civil Action No. 2:22-cv-468-JRG** |

## CROWDSTRIKE'S SUR-REPLY TO TAASERA'S MOTION
## FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS

# **TABLE OF CONTENTS**

I. Taasera's Original Contentions Do Not Identify or Chart the New Contentions ............... 1

II. Taasera Fails to Establish Good Cause ............................................................................. 3

III. Leave to Amend Should be Bilateral ................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
   359 F. Supp. 2d 558 (E.D. Tex. 2005) ....................................................................................3

*Comput. Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) ............................................................................2

*Juxtacomm Techs., Inc. v. Ascential Software Corp.*
   548 F. Supp. 2d 379 (E.D. Tex. 2008) ....................................................................................2

*Global Sessions LP v. Travelocity.com LP*,
   2012 WL 1903903 (E.D. Tex. May 25, 2012).....................................................................4, 5

*Mediostream, Inc. v. Microsoft Corp.*,
   2010 WL 4118589 (E.D. Tex. Oct. 18, 2010) ........................................................................3

## I.  Taasera's Original Contentions Do Not Identify or Chart the New Contentions

In an attempt to elude its failure to comply with P.R. 3-1, Taasera doubles down on its assertion that its Original Contentions disclose all of the CrowdStrike products in the Amended Contentions. Reply at 1. Not so. The "Accused Instrumentalities" section of the Original Contentions identifies only CrowdStrike Falcon Insight EDR and CrowdStrike Falcon Insight EDR with Falcon Spotlight. Resp. at 3. This section does not assert that *all* CrowdStrike products or *all* endpoint security products are accused. It identifies two products and two products only. Rather than show otherwise, Taasera directs the Court to the boilerplate preamble to the claim charts, which merely states that "Taasera believes that the endpoint security products cited in the claim charts are representative of all accused CrowdStrike endpoint security products." Reply at 2. But saying that the charted products are representative of "all accused products" is not the same thing as actually accusing or even identifying all of CrowdStrike's endpoint security products. Moreover, this sort of vague reference to other unidentified and uncharted products fails to comply with P.R. 3-1, which unambiguously requires the identification of accused products to be "as specific as possible," including providing product names or model numbers.

But even if a vague allegation of "representativeness" were allowed under the Local Rules, the unrebutted record shows that the newly identified products are not representative of the products identified in the Original Contentions. As set forth in CrowdStrike's publicly available product literature, the newly identified products range from a workflow automation tool, managed services, a vulnerability management tool with AI-driven prioritization, and cross-domain detection platforms. Fountain Decl., Exs. 2-8. This is not the case where there is a single software product with many iterative features. And Taasera offers no argument to the contrary.

Taasera's case law concerning representative charting is inapposite. For instance, in

*Juxtacomm Techs., Inc. v. Ascential Software Corp.*, the Court explained that representative charting may be permitted "where separate charts would be identical for each product." 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008). But Taasera does not even attempt to argue that the newly identified products are functionally "identical," and as CrowdStrike's declarant Mr. Koster submitted, they are not. Koster Decl. ¶ 4. Taasera also omits that the Court permitted representative charting in *Juxtacomm* with the caveat that the plaintiff would be precluded from arguing that the accused products infringe in "any manner differently" than set forth in the representative chart. *Id*. Perhaps recognizing the major technical distinctions across the newly identified products, it seems that Taasera seeks to preserve its ability to argue varying theories of infringement across CrowdStrike's product line without disclosing to CrowdStrike what those are. Taasera also ignores case law from this district striking "representative" charting where the accused products are not identical. *See, e.g., Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (striking contentions against Windows Vista because plaintiff charted only Windows XP, and noting the two products were meaningfully different).

Unable to defend its assertion that the charted products are somehow "representative" of the newly identified and products, Taasera now argues that it failed to chart the newly identified products because "CrowdStrike has not made code for all the Accused Products available." Resp. at 3. Once again, Taasera runs headlong into the Local Rules, which do not allow a plaintiff to defer identifying and charting accused products until after source code is produced. To the contrary, the Local Rules demand identification and charting of accused products early in the case—*before* source code produced. This makes sense. After all, a defendant could not possibly provide relevant source code if plaintiff cannot even identify the relevant products or chart the accused functionality, disclosing what features or functionality is at issue in the case. *See* P.R. 3-

2

4(a) (limiting source code production to those products identified and charted); *Mediostream, Inc. v. Microsoft Corp.*, 2010 WL 4118589, at *4 (E.D. Tex. Oct. 18, 2010) (permitting source code discovery "insofar as it relates to the accused functionality"). This rule prevents source code production from turning into a fishing expedition for unaccused, uncharted, and irrelevant products. Nor do the Discovery Order's provisions on source code excuse Taasera's obligations to timely identify and chart all accused products. At best, the Discovery Order allows Taasera to defer charting particular *elements* of accused products until after the production of source code. Dkt. No. 137 ¶ 3(a). But Taasera did not simply fail to identify *some* elements of accused products; it failed to chart *any* elements of *any* of the newly identified products.

Taasera's cited authority does not justify a complete failure to identify and chart accused products. In *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, the Court observed that charts completed prior to source code production may not be "highly specified." 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005). And that makes sense. Certain technical limitations of software-related claims may require source code to establish a clear infringement theory. But recognizing that pre-source code charts may not be "highly specified" is not the same thing as permitting a party to forego charting until source code is produced. Unsurprisingly, Taasera provides no authority allowing a plaintiff to disregard its P.R. 3-1 obligations until after source code is produced.

## II.     Taasera Fails to Establish Good Cause

Unable to demonstrate good cause for its untimely and deficient Amended Contentions, Taasera attempts to shift the burden to CrowdStrike. Taasera also makes the demonstrably false assertion that "CrowdStrike fails to address any of the good cause factors." Reply at 1. But CrowdStrike's Response explains at length how the good-cause analysis strongly favors denial of Taasera's Motion to Amend. For example, CrowdStrike has established that Taasera missed the

3

operative deadline to identify and chart accused products by six weeks. Resp. at 2. And Taasera continues to miss this deadline, as it has yet to provide charts for the newly identified products. Taasera has yet to proffer any reason why it was unable to timely identify and chart all accused products. Nor could it, given the volume of publicly available material describing the functionality of each newly identified product. *See* Fountain Decl., Exs. 2-8. This information has been publicly available since long before Taasera filed its complaint. Taasera does not even attempt to argue that the publicly available materials are insufficient to apprise Taasera of the features and functionality of the newly identified products.

CrowdStrike has also established that Taasera's deficient Amended Contentions evince a lack of diligence. Resp. at 5-6. In *Global Sessions LP v. Travelocity.com LP*, the Court denied a motion to amend for this very reason. 2012 WL 1903903, at *4-5 (E.D. Tex. May 25, 2012). Unable to find countervailing authority, Taasera strains to parse *Global Sessions* by suggesting there's a distinction between being unable to chart publicly available websites and being unable to chart products described on publicly available websites. *See* Reply at 4. Aside from lacking any basis in law or fact, this exception would turn P.R. 3-1(b) on its head in software cases, allowing plaintiffs to forego identifying or charting products until it has access to source code. Taasera's utter dearth of authority demonstrates that this has never been the rule in this District.

Taasera has also failed to establish the importance of the amendment. Indeed, the only argument that Taasera has made regarding importance is that denying leave to amend would limit the accused products to those specifically identified in the Original Contentions. Reply at 1. But that is a problem of Taasera's own making. Tellingly, Taasera cites no authority establishing that Courts overlook an abject lack of diligence on the basis of the "importance" of the amendment. In fact, this Court has held the exact opposite. In *Global Sessions*, the Court

explained that the supposed "importance" of adding the previously unaccused products is "muddied by the fact that [plaintiff] could have charted these publicly available [accused products] at the initial outset of litigation." 2012 WL 1903903, at *6. The Court further explained that the "relative importance of [the newly identified products] should have generated a commensurate amount of diligence. *Id*. The same logic holds true here. If the newly identified (and still uncharted) CrowdStrike products were as important to the litigation as Taasera now asserts, Taasera should have acted with diligence commensurate with the importance of its products. It failed to do so, and its motion should be denied.

Finally, allowing Taasera to drastically expand its case with uncharted products at this juncture would significantly prejudice CrowdStrike. CrowdStrike would be forced to navigate all aspects of this case—claim construction, invalidity contentions, fact discovery, and infringement defense—without the benefit of infringement contentions from Taasera. CrowdStrike would be highly prejudiced without having such expanded infringement positions in time for passed and soon-to-pass deadlines. Allowing the sweeping and untimely amendment would also require an extension of the case schedule for the entire MDL and additional claim construction briefing to address any new constructions implicated by expanded contentions.

### III.   Leave to Amend Should be Bilateral

Contrary to Taasera's assertion, it is not premature for the Court to grant CrowdStrike leave to supplement its invalidity contentions should Taasera be permitted to substantially expand its infringement contentions. In fact, the Discovery Order entered in this case specifically permits CrowdStrike to amend its invalidity contentions if Taasera supplements its charts based on source code review, which is consistent with what CrowdStrike now asks the Court to permit. Dkt. No. 137 ¶ 3. Any amendment, if granted, at this juncture should be bilateral.

Dated: May 5, 2023

Respectfully submitted,

By: /s/ Irene Yang
Michael J. Bettinger, Lead Attorney
California State Bar No. 122196
mbettinger@sidley.com
Irene Yang
California State Bar No. 245464
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Andrew T. Langford
Texas State Bar No. 24087886
alangford@sidley.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

**ATTORNEYS FOR DEFENDANTS CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on May 5, 2023.

                                                  _/s/ Irene Yang_
                                                  Irene Yang