# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TAASERA LICENSING LLC § § | |
| *Plaintiff,* § § § | Consol. Civ. A. No. 2:22-MD-03042-JRG |
| v. § § | Indiv. Civ. A. No. 2:22-CV-00427-JRG |
| MUSARUBRA US LLC, D/B/A TRELLIX § § | |
| *Defendant.* § § § | |

**DEFENDANT MUSARUBRA US LLC D/B/A TRELLIX'S  REPLY IN SUPPORT OF OPPOSED MOTION TO PARTIALLY DISQUALIFY DR. ERIC COLE (DKT. NO. 219)**

I.  DR. COLE HAD ACCESS TO RELEVANT, CONFIDENTIAL INFORMATION

Dr. Cole had access to confidential information relevant to this case while serving as CTO and SVP of McAfee from 2009 to 2011. This is confirmed by Dr. Cole's prior sworn statements which directly contradict Taasera's Response (Dkt. No. 222) and Dr. Cole's declaration submitted therewith (Dkt. No. 222-7) (the "Cole Declaration"). Dr. Cole has – for years – emphasized his extensive involvement in leading the development of McAfee's cybersecurity products, updating those products, and guiding McAfee's intellectual property efforts. (*See* Dkt. No. 219 at 2, 8–9; Exs. A–D). Plaintiff's characterization of the then-CTO of McAfee as a mere figurehead with no technical involvement or access to confidential information defies logic and Dr. Cole's own earlier admissions. Dr. Cole's past statements are too numerous to be cast aside so casually.

Before filing its Motion, Trellix provided Plaintiff with many public statements from Dr. Cole regarding his role at McAfee and requested any additional information that Plaintiff and Dr. Cole could provide. (*See* Ex. L at 5, 8). Instead of substantively explaining these statements, Plaintiff waited until its Response to address Dr. Cole's responsibilities at McAfee.[1] In the Cole Declaration, Dr. Cole frequently states that he does not recall making the statements in Exhibits B–D. For example, Dr. Cole states that he does not recall saying that he was recruited to "redesign [McAfee's] entire product line." (Dkt. No. 222-7 ¶ 26). However, that statement was made in a video provided to Plaintiff before Trellix filed its Motion, a link and transcript of which is shown in Exhibit D. *See* https://www.gula.tech/blog/gtcf14 (at 2:36–2:42); (Ex. L at 5). The video clearly shows Dr. Cole making those statements on camera. Dr. Cole's equivocations are a distraction.

Perhaps more importantly, the Cole Declaration contradicts Dr. Cole's prior sworn declarations, trial testimony, and expert reports from other federal district court cases all under penalty of perjury and much closer in time to his McAfee employment. The below comparison

---

[1] In light of Dr. Cole's sworn declaration, Trellix no longer believes voir dire is needed.

between the Cole Declaration and a sworn declaration Dr. Cole submitted in *Centripetal Networks, Inc. v. Keysight Techs., Inc.*, No. 2:17-cv-383-HCM-LRL, (Dkt. No. 178) (E.D. Va. June 7, 2018) (Ex. N) (the "Centripetal Declaration") illustrates these stark inconsistencies:[2]

| Cole Declaration (Dkt. No. 222-7) | Centripetal Declaration (Ex. N) |
|---|---|
| "I was not involved in any of the actual development of the products. . . . I was not involved in the development of [product] features . . . ." (Dkt. No. 222-7 ¶ 9).<br><br>"I unequivocally did not prototype new products or technology at McAfee." (*Id*. ¶ 25). | "As Chief Technical Officer for McAfee . . . . I was not only responsible for the development of new products, but also the ongoing challenge of keeping existing products up to date and relevant in the market." (Ex. N ¶ 13). |
| "I did not participate in invention disclosure meetings or other meetings regarding intellectual property during my time at McAfee . . . . As stated I was not involved or a named inventor on any McAfee patents so do not recall having any involvement in capturing intellectual property." (*Id*. ¶ 21–22). | "I worked closely with groups tasked with the development of intellectual property." (*Id*. ¶ 13). |
| "I did partially oversee key technologists and evangelists who consulted on McAfee solutions, but it was not in their capacity as product designers. I did not develop, work on, or have access to any of McAfee's source code." (*Id*. ¶ 24). | "In my industry experience in the development of software both at Lockheed Martin and McAfee . . . I am very familiar with software, especially software development in the context of computer security products." (*Id*. ¶ 15).<br><br>"Based on my industry experience, it is not uncommon for software companies to develop source code for a product family using one similar codebase. . . ." (*Id*. ¶ 18). |

---

[2] The Centripetal Declaration is but one example of Dr. Cole's past sworn statements that directly contradict the Cole Declaration. *See, e.g., Gubarev v. Buzzfeed, Inc.*, No. 1:17-cv-60426-UU (S.D. Fla.) (Dkt. No. 246-2 ¶ 10) (report stating at McAfee "I worked closely with groups tasked with the development of intellectual property."); *Eli Lilly & Co. v. Tyco Integrated Security, LLC*, No. 9:13-cv-80371-BB (S.D. Fla.) (Dkt. No. 468 at 27:16–20) (trial testimony stating his responsibility at McAfee was to "mak[e] sure that the security products we currently had and the new products that we were developing met the needs of [McAfee's] customers"), (*id*. at 32:23–25) ("[A]t McAfee, I did work on many groundbreaking cybersecurity research. And I did submit and get issued several patents."); *Finjan, Inc. v. Blue Coat Systems, Inc.*, No. 5:13-cv-03999-BLF (N.D. Cal.) (Dkt. No. 407 at 460:25 to 461:5) ("After Lockheed Martin I went to McAfee . . . I was their CTO. I helped evaluate and look at a lot of their technologies. . . . I also helped engineer McAfee getting acquired by Intel."). In light of this sworn testimony, the Cole Declaration is not credible.

After Trellix objected to Dr. Cole in this case, Dr. Cole has continued to publicly represent his role at McAfee in ways that contradict the Cole Declaration. For example, a version of Dr. Cole's current curriculum vitae ("CV") dated May 1, 2023[3] states that Dr. Cole was "focused on identifying and capturing intellectual property and driving innovation across the company" which he disputes in the Cole Declaration (*Compare* Ex. O at 2 *with* Dkt. No. 222-7 ¶¶ 21–22).[4] Even the roles Dr. Cole admits he had – "influenc[ing] the company's overall strategic and technical direction, development, and growth in digital security solutions" (*id.* at ¶ 16) – no doubt required access to relevant confidential information, more so for a cybersecurity CTO and SVP.

## II.  TRELLIX HAD A CONFIDENTIAL RELATIONSHIP WITH DR. COLE

Plaintiff's allegations placed McAfee and its versions of the accused products at issue. Based on the fact that McAfee was Trellix's predecessor, as well as the overlap between the accused products and products offered for sale by McAfee when Dr. Cole was CTO and SVP,[5] there is a more than reasonable basis to conclude Dr. Cole had a confidential relationship.

During Dr. Cole's tenure at McAfee, several agreements and codes of conduct applicable to *all* McAfee employees were in place containing confidentiality obligations.[6] (Dkt. No. 219 at 2–3; *see also* Exs. E–I). Dr. Cole does not dispute this. Instead, Plaintiff ignores Trellix's evidence, arguing that the agreements were applicable to "other employees" besides just Dr. Cole. (Dkt. No. 222 at 9). Plaintiff apparently believes that Dr. Cole was the sole exception to McAfee's company-

---

[3] Plaintiff never produced Dr. Cole's May 1 CV which Trellix itself located online.
[4] Dr. Cole recently testified about what would be "reasonable" corporate IP practices based on his experience at McAfee. *See, e.g.*, *Freshub, Inc., et al. v. Amazon.com, Inc., et al.*, Case 1:19-cv-00885-ADA (W.D. Tex.) (Dkt. No. 142 at 3, 7). Said another way, he has in the past justified his credentials and "expert" opinions with the very McAfee experience he now disavows.
[5] McAfee sold versions of several of the accused products in this case as of April 2010. (Ex. J at 2–4) (2010 McAfee product page listing many of the same accused products).
[6] This Court and others have made public record of McAfee's confidentiality provisions and employee handbooks. *See, e.g.*, *McAfee, LLC v. Kinney*, Civ. A. No. 4:19-CV-463 (Dkt. No. 96 at 1–2) (E.D. Tex. Aug. 29, 2019); *Reichner v. McAfee, Inc.*, No. 2:11-cv-06471-BMS (E.D. Pa.) (Dkt. No. 6, Ex. 2) (McAfee 2008 Employee Handbook).

wide policies. Dr. Cole cannot even deny that he signed a NDA or other confidentiality agreement with McAfee, only declaring that he "cannot recall" whether he did or not. (Dkt. No. 222-7 ¶ 11).

Plaintiff argues in its Response that "Dr. Cole never had a relationship with Trellix," primarily because "Trellix and McAfee are not related entities." (Dkt. No. 222 at 7). Plaintiff also suggests that "Trellix attempts to cast itself as merely a re-named McAfee, but this again appears to be far from the truth." (*Id.* at 8). Plaintiff's current argument appears to be a departure from its allegations in this case, as shown by Plaintiff's Complaint, which refers to the accused products as "McAfee/Trellix" products and alleges that Trellix "obtained the accused product lines from McAfee, LLC." (Dkt. No. 1 (Individual Action) ¶ 35). If Plaintiff will stipulate that McAfee products, including any use or sales of McAfee products prior to Trellix's formation in 2022, are not accused of infringement in this case and that Plaintiff does not seek damages from such use or sales, Trellix will accept that narrowing and withdraw its objection to Dr. Cole.

## III. TRELLIX'S MOTION WAS TIMELY AND PROCEDURALLY PROPER

The Motion to Partially Disqualify is not a motion for a protective order, and Paragraph 5(e) therefore does not apply here.[7] In any event, there is no question that the March 30 CV was incomplete and not current. It took weeks for Plaintiff to disclose Dr. Cole's background which is why Trellix could not fully object until April 26. Dr. Cole's recent actions confirm this.

As demonstrated by the extensive email exchange between the MDL Defendants and Plaintiff between March 30 and April 21, Plaintiff's disclosure on March 30 was woefully incomplete.[8] (*See* Dkt. No. 219 at 4–5; Ex. L). In fact, additional details not disclosed in the March

---

[7] Contrary to Plaintiff's suggestion, Trellix's Motion is procedurally proper and appropriately named as the Court has granted expert disqualification motions under similar circumstances without finding that a motion for protective order is required. *See, e.g.*, *Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-213-JRG, (Dkt. No. 79) (E.D. Tex. Mar. 15, 2022); *Lake Cherokee Hard Drive Tech., L.L.C. v. Bass Computers, Inc.*, No. 2:10-CV-216-JRG, 2012 WL 708354 (E.D. Tex. Mar. 5, 2012).

[8] Plaintiff's interpretation of Paragraph 5(e) is also incorrect. *Godo Kaisha IP Bridge 1 v.*

30 CV have come to light even after Trellix objected to Dr. Cole on April 26. For example in the Cole Declaration, Dr. Cole now states that his employment with McAfee ended in 2011, a year later than was initially disclosed. (*See* Dkt. No. 222-6 ¶ 5 n. 1). Further, Dr. Cole's May 1 CV includes substantially more information than the version dated September 1, 2022 that was provided on March 30. (*Compare* Ex. O *with* Ex. A).[9] The May 1 CV is four pages longer than the March 30 CV provided by Plaintiff, includes one more position in Dr. Cole's professional history, and 24 additional matters listed as expert witness experience. (*See generally* Ex. O). The fact that the May 1 CV so drastically differs from the CV sent on March 30 confirms that Dr. Cole's CV was materially deficient and outdated and that the MDL Defendants were justified in requesting additional information.

Finally, Plaintiff does not address the fact that Plaintiff's silence accounts for nearly half of the six week time from March 30 to when Trellix filed its Motion. (Dkt. No. 219 at 13–14). Trellix and the other MDL Defendants waited weeks for responses to basic requests. As stated in the Motion, Trellix's understanding also reflects the manner in which the parties have communicated throughout the MDL Action where there are outstanding requests on behalf of the MDL Defendants. Plaintiff's interpretation undermines the purpose of Paragraph 5(e) to efficiently resolve disputes and avoid needless, serial motion practice.

---

*Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-213-JRG, (Dkt. No. 79 at 5) (E.D. Tex. Mar. 15, 2022) ("While IP Bridge asserts that the fifteen-day window runs from the time the objection is first raised, the Court notes that '[t]he notice' referred to in the Protective Order is not expressly defined as the initial objection. . . . Rather, '[t]he notice' follows the event that '[t]he Parties are unable to resolve any objection.'") (internal citations omitted). Trellix filed its Motion on May 12, 2023, four days after the parties reached an impasse on May 8. (Ex. L at 3).

[9] Interestingly, this new May 1 CV confirms that Dr. Cole was "focused on identifying and capturing intellectual property and driving innovation across the company." (Ex. N at 2). It is troubling that Dr. Cole would dispute this role in the Cole Declaration filed just days later. (Dkt. No. 222-7 ¶¶ 20-21). Equally troubling is the fact that this information was omitted from the March 30 CV to Trellix. (Ex. A at 1). Even Dr. Cole's McAfee job description in the March 30 CV was incomplete as shown by the materially different May 1 CV.

Date: May 24, 2023　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:　*/s/ Nathaniel St. Clair, II*
　　　　　　　　　　　　　　　　　　　　　　Nathaniel St. Clair, II
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24071564
　　　　　　　　　　　　　　　　　　　　　　nstclair@jw.com
　　　　　　　　　　　　　　　　　　　　　　Blake T. Dietrich
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24087420
　　　　　　　　　　　　　　　　　　　　　　bdietrich@jw.com
　　　　　　　　　　　　　　　　　　　　　　William T. Nilsson
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24123350
　　　　　　　　　　　　　　　　　　　　　　wnilsson@jw.com
　　　　　　　　　　　　　　　　　　　　　　**JACKSON WALKER LLP**
　　　　　　　　　　　　　　　　　　　　　　2323 Ross Ave., Suite 600
　　　　　　　　　　　　　　　　　　　　　　Dallas, TX  75201
　　　　　　　　　　　　　　　　　　　　　　Telephone: (214) 953-6000

　　　　　　　　　　　　　　　　　　　　**COUNSEL FOR DEFENDANT,**
　　　　　　　　　　　　　　　　　　　　**MUSARUBRA US LLC, D/B/A TRELLIX**

## CERTIFICATE OF SERVICE

　　The undersigned hereby certifies that on May 24, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

　　　　　　　　　　　　　　　　　　　　　　*/s/Nathaniel St. Clair, II*
　　　　　　　　　　　　　　　　　　　　　　Nathaniel St. Clair, II