# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | Case No. 2:22-md-03042-JRG <br><br> **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:21-CV-00427-JRG | |
| TAASERA LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>MUSARUBRA US LLC, d/b/a TRELLIX,<br><br>Defendant. | Case No. 2:22-cv-00427-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF TAASERA LICENSING LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANT MUSARUBRA US LLC, d/b/a TRELLIX'S OPPOSED MOTION TO PARTIALLY DISQUALIFY DR. ERIC COLE (DKT. 219)**

**I. TRELLIX'S RE-NAMING OF ITS MOTION DOES NOT MAKE IT TIMELY**

Taasera disclosed Dr. Cole's work for McAfee in the original CV that was provided to Trellix on March 30, and Trellix's various excuses for why it did not object for 27 days are irrelevant. Trellix again blames the "extensive e-mail exchange" and notes that the CV it received was "incomplete and not current." Dkt. 227, "Reply", 4. But none of these issues cure the basic procedural dilemma, which is that Trellix was in possession of the information it needed to formulate the present objection to Dr. Cole, but instead did nothing while other defendants sought clarification of Dr. Cole's other experience.[1] The re-naming of the motion for protective order as a motion to disqualify an expert does not cure this blunder. Trellix is seeking to bar Dr. Cole from viewing Trellix's confidential information and serving as an expert on infringement based on that confidential information. Motion, Dkt. 219, at 1. But Trellix is *not* objecting to Dr. Cole serving as an expert on invalidity. The motion is, clearly, a motion for protective order pursuant to Paragraph 5(e) of the Protective Order, and re-naming the motion does not change that fact.[2] Trellix's belated and procedurally improper objection should not be entertained, and the Motion should be denied.

**II. TRELLIX HAS NOT MET ITS BURDENS TO SHOW DR. COLE HAD A CONFIDENTIAL RELATIONSHIP WITH TRELLIX**

Trellix once again confuses the burdens on this Motion, stating that because the Complaint

---

[1] Trellix argues that Taasera "does not address" that alleged "silence" from Taasera in responding to a multitude of additional questions about Dr. Cole's experience led to additional delay. Reply, 5. But this correspondence all occurred *after* the objection period ended, and that Taasera required time to correspond with Dr. Cole in response to additional questions is not material to the procedural defect here.

[2] Trellix also argues that the Court has granted expert disqualification motions under "similar circumstances." Reply, 4 fn. 7. This is false. In *Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-213-JRG, (Dkt. No. 79) (E.D. Tex. Mar. 15, 2022), the expert was disclosed pursuant to the protective order in that case on October 27, 2021, and two days later, the defendant properly objected. Slip Op. at 2. And in *Lake Cherokee Hard Drive Techs., LLC v. Bass Computers, Inc.*, No. 2:10-cv-216-JRG, 2012 WL 708354 (E.D. Tex. Mar. 5, 2012), the plaintiff appears to have raised no issue regarding the timeliness of the objection.

in this action alleges that Trellix "obtained the accused product lines from McAfee, LLC," Taasera has somehow admitted that Trellix and McAfee are one and the same. Reply, 4. But "obtaining product lines" from another company does not mean that those two companies are one and the same. The party seeking disqualification bears the burden of proving both elements of the *Koch* test. *Koch Refin. Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir.1996). Trellix has not come forward with any evidence sufficient to show that McAfee and Trellix are related entities, or that Trellix is a successor-in-interest to the original McAfee business from 2010, and therefore cannot meet its burden. *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-cv-00266-JRG, 2020 WL 2306600, at *5 (E.D. Tex. May 8, 2020) ("it is undisputed that the Defendants did not share a confidential relationship [with the proposed expert]"). This alone is fatal to this motion.

Trellix also makes an offer in its Reply, noting that it will drop this Motion if Taasera stipulates that it will not seek damages from Trellix for pre-2022 activities. Reply, 4. At this stage of the case, with Trellix's status as a successor-in-interest still unclear, and with source code for prior products yet to be reviewed, Taasera does not accept this offer. Notably, the earliest date upon which Taasera may seek damages is six years prior to the filing of the Complaint in this action on October 31, 2022. 35 U.S.C. § 286. Even if Trellix is liable for damages from infringement in 2016, that is still over five years and two acquisitions after Dr. Cole's employment with McAfee ended. Trellix's offer appears to merely be an attempt to limit discovery and exposure in this case based on its baseless motion to disqualify.

### III. TRELLIX HAS NOT MET ITS BURDEN TO SHOW DR. COLE RECEIVED RELEVANT CONFIDENTIAL INFORMATION

Although the untimeliness of the Motion and the lack of a relationship with the Defendant are each independent reasons to deny the Motion, Trellix also fails to meet its burden to show that

Dr. Cole received confidential or privileged information relevant to this action. Rather than respond to Taasera's position in the opposition brief, namely that Trellix has not come forward with any witnesses or documents showing that he received relevant confidential information, and that he could not possibly have had involvement in designing products that were already being sold when he joined the company, Trellix instead attempts to attack Dr. Cole's credibility by pointing to alleged "inconsistencies" in his testimony that are not inconsistent at all.

The second prong of the *Koch* test is whether the opposing party disclosed "confidential or privileged information" relevant to the instant case to the expert. *Koch*, 85 F.3d at 1181. Trellix has not met its burden to show that Dr. Cole received any confidential or privileged information relevant to this case. Trellix points to statements made in a declaration in another action where he made three alleged "inconsistent" statements with his declaration in this case, which are not inconsistent at all. First, he stated that he was "not only responsible for the development of new products, but also the ongoing challenge of keeping existing products up-to-date and relevant in the market." Reply, 2 (quoting Exhibit N ¶ 13). Dr. Cole has already explained that "product development" in that context was related to relaying requests for certain features from customers to the product teams. Dkt. 222-7, ¶¶ 9-10, 16-17, 24-28. Dr. Cole did not work on or have access to source code and does not even know if the features customers were requesting were added to the products. *Id.*, ¶¶ 24, 26. Second, Trellix notes that he stated that he "worked closely with groups tasked with the development of intellectual property." Reply, 2 (quoting Exhibit N ¶ 13). But "working closely" with groups that also had the role of developing IP does not mean that Dr. Cole was involved in confidential discussions regarding current products. Dr. Cole is not a named inventor on *any* McAfee patents or patent applications, and Trellix presents no evidence that he should have been. Dkt. 222-7, ¶¶ 12, 20. Finally, Trellix cites to a statement about Dr. Cole's

3

general industry experience, which is specifically about his roles "both at Lockheed Martin and McAfee." Reply, 2 (quoting Exhibit N ¶¶ 15, 18). Again, this general statement about the computer security industry does nothing to meet Trellix's burden to show that he received confidential or privileged information about the products in this case.

Dr. Cole had no involvement in product development or design during his brief period at McAfee. Dkt. 222-7, ¶ 9. Even assuming that Trellix is correct that earlier versions of the accused products were "available" when Dr. Cole was at McAfee, then it necessarily means that those products were already designed and developed before Dr. Cole arrived for his brief tenure at McAfee. Already-designed products which appear to have been marketed at the time Dr. Cole was at McAfee in a role completely different from product design means that Dr. Cole could not have had involvement in the design of those products.

Fourth, Trellix cites to a public speaking engagement where Dr. Cole allegedly stated that he was recruited to "redesign [McAfee's] entire product line." He does not recall making this statement and cannot confirm whether the transcription is accurate. *Id.* ¶ 26. However, in receiving feedback from customers and providing a list of features that were desired by customers and that would make the products more competitive, that was provided to executives in McAfee and used as one of the data points for deciding what new features to put into products and at a high level would impact the product line. *Id.* This remark, even if accurate, does not imply that Dr. Cole was overseeing product design directly. This "tenuous and indirect" relationship between the defendant and Dr. Cole and the "clear absence of evidence" regarding whether specific confidential information was actually disclosed to Dr. Cole compels denial of the Motion. *Intertrust Techs. Corp.*, 2020 WL 2306600, at *6 (refusing to disqualify expert because defendant had failed to come forward with a confidentiality agreement or actual evidence that relevant

confidential information was disclosed); *Return Mail, Inc. v. United States*, 107 Fed. Cl. 459, 467-68 (Fed. Cl. 2012) (declining to exclude expert because defendant did not come forward with specifics of expert's tenure of employment where expert "affirmatively denie[d] any knowledge of relevant confidential information concerning the USPS technology alleged as infringing"). Trellix therefore cannot meet its burden to show that Dr. Cole should be disqualified.

Dated:  May 26, 2023

Respectfully submitted,

 */s/ Alfred R. Fabricantt*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Justin Kurt Truelove
State Bar No. 24013653

Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***



## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ Alfred R. Fabricant
Alfred R. Fabricant