# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-md-03042-JRG |
| | § | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00468-JRG | § § § § | ▇▇▇▇▇▇▇▇▇▇▇ |
| TAASERA LICENSING LLC, | § § § | Case No. 2:22-cv-00468-JRG |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § § | ▇▇▇▇▇▇▇▇▇▇▇ |
| CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC., | § § § § | |
| Defendants. | § | |

**TAASERA'S REPLY IN FURTHER SUPPORT OF PARTIALLY OPPOSED MOTION
FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS RELATIVE TO DEFENDANTS
CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC. (DKT. 193)**

## TABLE OF CONTENTS

**Page(s)**

I. EACH GOOD CAUSE FACTOR FAVORS GRANTING LEAVE .................................. 1

II. TAASERA'S AMENDED CONTENTIONS COMPLY WITH P.R. 3-1(c) ..................... 4

III. CROWDSTRIKE'S REQUEST TO AMEND ITS INVALIDITY CONTENTIONS IS PREMATURE ...................................................................................... 5

IV. CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexsam, Inc. v. IDT Corp.*,
    No. 2:07-CV-420-CE, 2011 WL 108725 (E.D. Tex. Jan. 12, 2011) .........................................5

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005) ...................................................................................3

*Glob. Sessions LP v. Travelocity.com LP*,
    No. 6:10CV671 LED-JDL, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ..............................4

*Juxtacomm Techs., Inc. v. Ascential Software Corp.*,
    548 F. Supp. 2d 379 (E.D. Tex. 2008) ...................................................................................4

*Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*,
    No. 2:12-CV-832-JRG-RSP, 2014 WL 12609359 (E.D. Tex. Apr. 25, 2014) .........................4

*STMicroelectronics, Inc. v. Sandisk Corp.*,
    No. 4:05CV45, 2006 WL 8422185 (E.D. Tex. Sept. 7, 2006) ..................................................3

## I. EACH GOOD CAUSE FACTOR FAVORS GRANTING LEAVE

CrowdStrike fails to address any of the good cause factors in its Response (Dkt. No. 201), each of which favors granting Taasera leave to amend.

The first good cause factor weighs in favor of granting leave because Taasera did not fail to meet a deadline, but timely served initial infringement contentions identifying the Accused Products. CrowdStrike was on notice of Taasera's infringement theory as Taasera identified all "CrowdStrike endpoint security products" in its initial infringement contentions and specifically named multiple products of the Falcon series products that are accused in this case. CrowdStrike confirmed that it was on notice of the Accused Products when it produced documents related to each of these products, including the supposed "new" products. These "new" products are just bundles of a variety of Accused Products under the main accused Falcon product line.

The second factor favors granting leave as the CrowdStrike Falcon products specifically named in the amended contentions are important to the case. Although Taasera's position is that the Falcon products specifically named in the amendment were already accused in the initial contentions, should the Court deny Taasera's Motion, a significant number of already Accused Products would effectively be excluded.

The third factor favors granting leave because neither the Court nor the parties would be prejudiced. The fourth and final factor favors granting leave as no scheduled deadlines or hearings would need to be continued if the amendment is allowed. CrowdStrike's argument that deadlines may need to be briefly extended is based on speculation that CrowdStrike may need to amend its invalidity contentions in response to Taasera serving additional claim charts for the accused Falcon products, but the amendment for which leave is requested adds no claim charts and changes no infringement theories.

CrowdStrike's argument regarding good cause centers on the fact that Taasera allegedly did not specifically name certain types of CrowdStrike Falcon products, despite Taasera contending that these products are covered by its initial contentions. CrowdStrike's argument improperly dismisses Taasera's claim charts as well as the other sections of the infringement contentions cover sheet outside of the "Accused Instrumentalities" section. But CrowdStrike cannot deny that the initial contentions specifically named the CrowdStrike Falcon XDR (which it now claims is a "new product"), as well as "all accused CrowdStrike endpoint security products":

> **C.    CLAIM CHARTS**
>
> Claim charts identifying a location of every element of every asserted claim of the Taasera Patents within Accused Products are attached hereto as Appendices A-H. <mark>Taasera believes that the endpoint security products cited in the claim charts are representative of all accused CrowdStrike endpoint security products.</mark> Taasera reserves the right to amend these claim charts, as well as other information contained in this document and the Appendices hereto, to incorporate new information learned during the course of discovery including, but not limited to, information that is not publicly available or readily discernible without discovery. Taasera further reserves the right to amend these claim charts, as well as other information contained in this document and the Appendices attached hereto, pursuant to Patent Local Rules 3-1(g) and 3-6.

> Representativeness: CrowdStrike Falcon Insight EDR, depicted in this chart, is believed to be representative of other CrowdStrike products, including at least CrowdStrike Falcon XDR, for the purposes of infringement of the '137 patent. Based on publicly available information, Taasera Licensing believes that CrowdStrike Falcon Insight EDR, charted herein, and other CrowdStrike products share substantially the same structure and functionality with respect to the components which are relevant to infringement given that, among other things, the endpoint solutions comprise the same or similar CrowdStrike endpoint agent. Should discovery yield documents or information demonstrating that Defendant sells other infringing endpoint solutions which are not represented by the CrowdStrike Falcon Insight EDR, Taasera Licensing reserves the right to amend its infringement contentions to include a chart mapping the claims of the '137 patent to the structure and function of the newly-discovered security product.

CrowdStrike was on notice of Taasera's infringement theory against its endpoint security products, including *all* Falcon products. Contrary to CrowdStrike's argument, Taasera's amendment was in response to CrowdStrike's letter, not to the Falcon product documents it produced. Resp. at 5. Despite CrowdStrike clearly being on notice of the Accused Products, Taasera moved fast to amend its contentions which included adding the specific names of each CrowdStrike Falcon endpoint security product in response to CrowdStrike's February 20, 2023

letter. Although Taasera's initial contentions were not deficient, Taasera was diligent in amending its contentions in response to CrowdStrike's request for additional specificity.

CrowdStrike's disagreement with Taasera's representativeness position does not factor into the good cause analysis, and CrowdStrike provides no reason that it should. CrowdStrike submits an employee declaration stating that each product has unique source code. Resp. at 4 (citing Koster Decl., ¶ 4). But having unique source code does not prevent products from being representative for the purposes of infringement. Setting aside that CrowdStrike's declaration is too high-level to make a determination on representativeness, CrowdStrike has not made code for all of the Accused Products available so that the claim can be addressed. Once CrowdStrike produces source code for each of the Accused Products in the amended contentions, Taasera will be able to provide highly detailed contentions for each of the accused software products and services. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005) ("[U]ntil plaintiffs have access to [source code], plaintiffs are typically unable to give highly specified infringement contentions."). Taasera reserved the right in its contentions to amend them once source code is produced, and the Discovery Order in this case specifically provides Taasera the opportunity to do so. Dkt. No. 137. Taasera will provide individual claim charts for each Accused Product when amending its charts in response to the production of source code that CrowdStrike admits is the basis for the differences in the products.

CrowdStrike's reliance on *STMicroelectronics* is misplaced. There, the Court denied a motion to amend because most of the products were readily available in the marketplace and to allow an amendment would "open[] a flood gate [sic] of new products," which included "hundreds of product families which would comprise thousands of different commercial products." *STMicroelectronics, Inc. v. Sandisk Corp.*, No. 4:05CV45, 2006 WL 8422185, at *2-*3 (E.D. Tex.

3

Sept. 7, 2006). Here, no new products are being added because Taasera accused CrowdStrike's Falcon endpoint security products in its preliminary contentions. Taasera looks only to specifically name four accused Falcon products[1] in response to CrowdStrike's deficiency letter.

## II.   TAASERA'S AMENDED CONTENTIONS COMPLY WITH P.R. 3-1(c)

CrowdStrike strays off course from the good cause factors arguing that each accused Falcon product must be charted. *See* Resp. at 6. That is legally incorrect. This Court has long held that plaintiffs may use single charts to represent multiple products. *Juxtacomm Techs., Inc. v. Ascential Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008) ("[T]his Court has allowed plaintiffs to use a single chart applicable to multiple products where separate charts would be identical for each product."); *see Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*, No. 2:12-CV-832-JRG-RSP, 2014 WL 12609359 (E.D. Tex. Apr. 25, 2014) (explaining that a separate infringement chart is not required for each accused product). Taasera has done just that by charting individual CrowdStrike Falcon products as they are exemplary of CrowdStrike's other Falcon products. As stated above, Taasera will provide individual charts upon receipt of each Accused Product's source code which shows the differences in the Falcon products.

CrowdStrike misinterprets the term "publicly available" in its example of *Global Sessions LP* by confusing the difference between infringing websites and infringing software. In *Global Sessions LP*, the plaintiff failed to list and/or chart publicly accessible domain names where the infringing products were the websites, web browsers, and servers. *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10CV671 LED-JDL, 2012 WL 1903903, at *5–*7 (E.D. Tex. May 25, 2012). However, the plaintiff was still granted leave to amend its contentions to add specificity and detail to products within the named Travelocity.com and Amazon.com domains. *Id.* Here, the

---

[1] The CrowdStrike Falcon XDR was specifically identified in Taasera's preliminary contentions and, contrary to CrowdStrike's assertions, is not newly identified in the amendment.

4

Accused Products are network security products, not a website. CrowdStrike's infringing software cannot be publicly accessed or tested.

### III. CROWDSTRIKE'S REQUEST TO AMEND ITS INVALIDITY CONTENTIONS IS PREMATURE

CrowdStrike's argument that it should automatically have leave to amend its invalidity contentions or submit additional claim constructions if Taasera serves charts for each Accused Product is premature and based only on the speculation that Taasera will include new theories of infringement and will "expand its case." *See* Resp. at 7. This issue is not ripe for consideration and has no bearing on whether good cause exists for the present amendment that adds no new infringement theories. The *Alexsam* case is inapposite as Taasera is not "expand[ing] its case." *Id.* Further, *Alexsam* is vastly different from this case as the plaintiff there added new products and infringement theories, and the parties both played major roles in significant delays to the case schedule. *Alexsam, Inc. v. IDT Corp.*, No. 2:07-CV-420-CE, 2011 WL 108725 (E.D. Tex. Jan. 12, 2011). Here, Taasera is not adding new products, is not introducing new infringement theories, and is not delaying the case schedule.

### IV. CONCLUSION

For the foregoing reasons, Taasera respectfully requests leave to amend its Infringement Contentions, pursuant to P.R. 3-6(b), and denial of CrowdStrike's request to amend its Invalidity Contentions.

Dated:  April 27, 2023

Respectfully submitted,

/s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com

5

Vincent J. Rubino, III  
NY Bar No. 4557435  
Email: vrubino@fabricantllp.com  
Joseph M. Mercadante  
NY Bar No. 4784930  
Email: jmercadante@fabricantllp.com  
**FABRICANT LLP**  
411 Theodore Fremd Avenue,  
Suite 206 South  
Rye, New York 10580  
Telephone: (212) 257-5797  
Facsimile: (212) 257-5796  

Jennifer L. Truelove  
Texas State Bar No. 24012906  
Email: jtruelove@mckoolsmith.com  
**MCKOOL SMITH, P.C.**  
104 E. Houston Street, Suite 300  
Marshall, Texas 75670  
Telephone: (903) 923-9000  
Facsimile: (903) 923-9099  

***ATTORNEYS FOR PLAINTIFF***  
***TAASERA LICENSING LLC***



### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2023, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ Alfred R. Fabricant
Alfred R. Fabricant