# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION <br><br> THIS DOCUMENT RELATES TO CASE NO. 2:22-cv-00468-JRG | § § § § § § § § | Case No. 2:22-md-03042-JRG <br><br> **JURY TRIAL DEMANDED** <br><br> ▮▮▮▮▮▮▮▮▮▮ |
| TAASERA LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | Case No. 2:22-cv-00468-JRG <br><br> **JURY TRIAL DEMANDED** <br><br> ▮▮▮▮▮▮▮▮▮▮ |

**PLAINTIFF TAASERA LICENSING LLC'S PARTIALLY OPPOSED
MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF
ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS RELATIVE
TO DEFENDANTS CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC.**

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully moves this Court for leave to amend its Infringement Contentions pursuant to P.R. 3-6(b). Plaintiff seeks leave to amend its Infringement Contentions to address alleged deficiencies raised by Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (collectively, "CrowdStrike" or "Defendants"). Defendants identified various alleged deficiencies in Taasera's infringement contentions in a correspondence dated February 20, 2023, and requested that Taasera explain, in detail, how and why the deficiencies can be remedied by no later than March 6, 2023. Taasera moved diligently to prepare amended infringement contentions addressing each of CrowdStrike's concerns. Taasera served CrowdStrike with the amended infringement contentions by the requested deadline of

March 6, 2023, along with a letter explaining how each alleged deficiency was addressed. Defendants indicated that they oppose the amended infringement contentions with respect to the identification of what it contends are "new" products. In response to CrowdStrike's letter, Taasera provided specific identifications of the CrowdStrike endpoint security products that were covered by the initial infringement contentions, namely the different variations of CrowdStrike's Falcon product. Defendants have not indicated that they oppose the other changes in the amended infringement contentions, making this Motion for leave to amend partially opposed.

Defendants will not be prejudiced because they received Taasera's amended infringement contentions over three weeks before the deadline for invalidity contentions, with over six months remaining in fact discovery, and six weeks before the parties in this case will exchange claim terms for construction. Finally, this case is in its very early stages and the relief requested will not require changing any deadlines in this case.

**I.     BACKGROUND**

On October 21, 2022, Taasera filed suit against Defendants in the Western District of Texas for infringement of U.S. Patent Numbers 7,673,137, 8,327,441, 8,850,517, 8,955,038, 8,990,948, 9,092,616, 9,608,997, and 9,923,918 ("Asserted Patents"). *See* Case No. 2:22-cv-00468, Dkt. 1. Taasera alleges Defendants infringe the Asserted Patents "by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement the network security inventions claimed in the Patents-in-Suit." *Id*., ¶ 33. Taasera's Complaint alleged that "the Accused Products include at least CrowdStrike Falcon Insight EDR (with Falcon Agent), CrowdStrike Falcon Insight EDR (with Falcon Agent) and with Falcon Agent and Falcon Spotlight." *Id*.

Pursuant to P.R. 3-1 and P.R. 3-2 and the Third Amended Docket Control Order entered in this case (Dkt. 84), Taasera served its Infringement Contentions on January 17, 2023, charting the

CrowdStrike Falcon Insight EDR to each asserted claim of the '137 Patent, the '441 Patent, the '517 Patent, the '948 Patent, and the '616 Patent, and the CrowdStrike Falcon Insight EDR with Falcon Spotlight to each asserted claim of the '038 Patent, the '997 Patent, and the '918 Patent. *See* Dkt. 111; Ex. 1 at 2-3.

The cover pleading of the infringement contentions stated "Taasera believes that the endpoint security products cited in the claim charts are representative of all accused CrowdStrike endpoint security products." Ex. 1 at 3. Taasera's cover pleading also reserved "the right to amend this list of accused instrumentalities" including the right to incorporate "any other equivalent devices ascertained through discovery." *Id*. Each chart of Taasera's infringement contentions contained a representativeness section explaining that the charted CrowdStrike Falcon Insight EDR products were representative of the other CrowdStrike products, including at least the CrowdStrike Falcon XDR and the CrowdStrike Falcon XDR with Falcon Spotlight.

After Taasera served its infringement contentions, CrowdStrike produced a number of documents on February 14, 2023. CrowdStrike's production included documents regarding the CrowdStrike Falcon Complete, CrowdStrike Falcon OverWatch, CrowdStrike Falcon Prevent, CrowdStrike Falcon Insight EDR with Falcon Spotlight and Falcon Fusion, CrowdStrike Falcon XDR with Falcon Spotlight and Falcon Fusion, and CrowdStrike Falcon Prevent with Falcon Spotlight and Falcon Fusion.

After producing documents on these Accused Products, CrowdStrike wrote Taasera a letter "to raise various deficiencies" in Taasera's infringement contentions, on February 20, 2023. Ex. 2 at 1. Therein, CrowdStrike alleged that the identification of "CrowdStrike endpoint security products" was "insufficient to put Defendants on notice of infringement as to any other product other than what Taasera identified as the accused products in the cover pleading," which were the

CrowdStrike Falcon Insight EDR and CrowdStrike Falcon Insight EDR with Falcon Spotlight. *Id*. at 15.

Taasera responded to CrowdStrike's letter on March 6, 2023, and provided amended contentions addressing CrowdStrike's alleged deficiencies. Regarding the identification of accused products, Taasera included more specific identifications of the various accused CrowdStrike Falcon products. Each of the CrowdStrike Falcon products that were added to the list of accused instrumentalities were included in CrowdStrike's earlier document production. Specifically, Taasera added CrowdStrike Falcon Complete, CrowdStrike Falcon OverWatch, CrowdStrike Falcon Prevent, CrowdStrike Falcon Insight EDR with Falcon Spotlight and Falcon Fusion, CrowdStrike Falcon XDR with Falcon Spotlight and Falcon Fusion, and CrowdStrike Falcon Prevent with Falcon Spotlight and Falcon Fusion.

## II.     LEGAL STANDARD

"[T]he primary purpose of [preliminary infringement contentions] is to give a defendant notice of a plaintiff's specific theories of infringement." *Honeywell Int'l Inc. v. Acer Am. Corp*., 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009). Contentions only need provide "adequate notice and information with which each party can litigate their cases." *Ultravision Techs., LLC v. Lamar Advert. Co*., No. 2:16-CV-374-JRG-RSP, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017). Infringement contentions "need not disclose 'specific evidence nor do they require a plaintiff to prove its infringement case. . . .'" *Mobility Workx, LLC v. Cellco P'ship, No*. 4:17-cv-872, 2019 WL 5721814, at *5 (E.D. Tex. Nov. 5, 2019) (quoting *ROY-G-BIV Corp. v. ABB, Ltd*., 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014) (further citations omitted). "A degree of generality is permitted because '[i]nfringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim.'" *Id*. (citation omitted).

Under the Local Rules of the Eastern District of Texas, Appendix B Patent Rules, leave to amend infringement contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause in this context 'requires a showing of diligence.'" *Intellectual Ventures II LLC v. FedEx Corp.*, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). "The Court has broad discretion to allow amendments to infringement contentions and considers four factors on ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-JRG, 2012 WL 12904284, at *2 (E.D. Tex., Mar. 16, 2012) (citations omitted).

### III. ARGUMENT

All four "good cause" factors weigh in favor of granting Taasera leave to amend its infringement contentions.

Regarding the first factor, "the explanation for the party's failure to meet the deadline," Taasera has not failed to meet a deadline as it timely served its initial infringement contentions which sufficiently placed CrowdStrike on notice of its theories of infringement. The initial infringement contentions identified all "CrowdStrike endpoint security products" and charted the representative CrowdStrike Falcon Insight EDR and CrowdStrike Falcon Insight EDR with Falcon Spotlight products. The requested amendment was made in order to address CrowdStrike's complaint that the infringement contentions did not specifically identify all accused products by

name. Once CrowdStrike notified Taasera of alleged deficiencies,[1] Taasera moved diligently to provide amended contentions within two weeks that addressed each alleged deficiency. This factor weighs in favor of allowing the amendment.

The second factor, "the importance of what the Court is excluding," also weighs in favor of granting leave to amend as the importance of having a complete listing of accused products is high. The products specifically named in the amended contentions are variations of the charted Falcon Insight products and were covered under Taasera's initial infringement contentions which accused all CrowdStrike endpoint security products. Denying leave to amend to add the specific identification of these products at this stage could remove significant accused CrowdStrike Falcon products from the case. Accordingly, this factor weighs in favor of good cause to amend the Infringement Contentions.

The third factor weighs in favor of granting leave to amend because neither the Court nor the parties would be prejudiced. Taasera's amendment merely cures deficiencies that CrowdStrike, itself, alleged. The listing of products in the amended contentions includes products that CrowdStrike has already produced documents regarding, which shows it was already on notice of the products. This case is still in its early stages. The amended contentions were served on March 6, 2023, three weeks before CrowdStrike's invalidity contentions were due, six weeks before the parties in this case will exchange claim terms for construction, and over six months before fact discovery closes. CrowdStrike has not indicated that its invalidity theories were affected by the amended infringement contentions, and it timely served its invalidity contentions. Dkt. 187. The

---

[1] CrowdStrike's letter to Taasera regarding its infringement contentions also raised a number of what CrowdStrike contended were technical deficiencies in the contentions, which were also addressed in the amendment. However, during the meet and confer process, CrowdStrike never indicated that it opposed these amendments, which were made at CrowdStrike's request.

*Markman* hearing in this case is not scheduled to occur until August 16, 2023 and expert discovery ends on October 23, 2023. Dkt. 84. For at least these reasons, the third factor weighs strongly in favor of granting leave to amend. *See Performance Pricing, Inc. v. Google, Inc.*, No. 2:07-cv-432, 2009 U.S. Dist. LEXIS 84211, at *13 (E.D. Tex. Sep. 15, 2009) ("prejudice is significantly lessened when amendment occurs prior to the Markman hearing."); *Adrain v. Vigilant Video, Inc.*, No. 2:10-cv-173-JRG, 2013 WL 1984369, at *2 (E.D. Tex. May 13, 2013) ("find[ing] the third factor of prejudice to be de minimis, at best," where "no new terms need to be construed from the addition of these claims, and [p]laintiff's infringement theories would remain the same").

Finally, the fourth factor weighs heavily in favor of granting leave to amend because no scheduled deadlines or hearings would need to be continued if the amendment is allowed.

Plaintiff served Amended Infringement Contentions, including 410 pages of claim charts, on Defendants on March 6, 2022. Due to the large volume of the Amended Infringement Contentions, Taasera has not filed them with this Motion. Taasera will of course provide the Amended Infringement Contentions to the Court upon request.

## IV.   CONCLUSION

For the foregoing reasons, Taasera respectfully requests leave to amend its Infringement Contentions, pursuant to P.R. 3-6(b).

Dated:  April 5, 2023

Respectfully submitted,

 /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com

Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF***
***TAASERA LICENSING LLC***



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2023, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ Alfred R. Fabricant
Alfred R. Fabricant

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel of record have met and conferred in accordance with Local Rule CV-7(h) and this motion is partially opposed by Defendant.

/s/ Alfred R. Fabricant
Alfred R. Fabricant