**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TAASERA LICENSING LLC,** | **MDL Case No. 2:22-md-03042-JRG** |
| **Plaintiff,** | **Civil Case No. 2:22-cv-00063-JRG** |
| v. | **DEMAND FOR JURY TRIAL** |
| **CHECK POINT SOFTWARE TECHNOLOGIES LTD.,** | |
| **Defendant.** | **THIS DOCUMENT RELATES TO 2:22-cv-00063-JRG** |

## DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

In accordance with this Court's Sixth Amended Docket Control Order (Dkt. No. 94), Defendant Check Point Software Technologies Ltd. ("Check Point") hereby files this amended answer addressing the claims in Plaintiff Taasera Licensing LLC's ("Taasera" or "Plaintiff") First Amended Complaint (Case No. 2:22-cv-00063, Dkt. No. 21). Check Point answers as follows: Check Point denies all allegations that it does not expressly admit. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the First Amended Complaint. Plaintiff's headings are restated for ease of reference, but no admissions are made thereby.

### THE PARTIES

1.      Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

2.      Check Point admits that it is a corporation organized under the laws of Israel with its principal place of business at Shlomo Kaplan Street 5, Tel Aviv-Yafo, 6789159, Israel, that it may be served pursuant to the provisions of the Hague Convention, and that it does business in

Texas. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

## JURISDICTION

3.      Admitted.

4.      For the purposes of this action only, Check Point admits that this Court has personal jurisdiction over it, but denies all other allegations.

5.      Check Point admits that venue is proper in this district and that it is not a resident of the United Sates. Check Point denies all other allegations.

6.      Check Point admits that it is subject to this Court's jurisdiction but denies all other allegations.

## PATENTS-IN-SUIT

7.      Check Point admits that U.S. Patent No. 6,842,796 ("the '796 Patent") was purportedly issued on January 11, 2005, that it is titled "Information Extraction from Documents with Regular Expression Matching," and that a copy is available at the provided URL. Check Point denies that the '796 Patent is valid. To the extent any allegations remain, Check Point denies them.

8.      Check Point admits that U.S. Patent No. 8,327,441 ("the '441 Patent") was purportedly issued on December 4, 2012, that it is titled "System and Method for Application Attestation," and that a copy is available at the provided URL. Check Point denies that the '441 Patent is valid. To the extent any allegations remain, Check Point denies them.

9.      Check Point admits that U.S. Patent No. 8,955,038 ("the '038 Patent") was purportedly issued on February 10, 2015, that it is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and that a copy is available at the provided URL. Check Point denies that the '038 Patent is valid. To the extent any allegations remain, Check Point denies them.

10.     Check Point admits that U.S. Patent No. 8,990,948 ("the '948 Patent") was purportedly issued on March 24, 2015, that it is titled "Systems and Methods for Orchestrating Runtime Operational Integrity," and that a copy is available at the provided URL. Check Point denies that the '948 Patent is valid. To the extent any allegations remain, Check Point denies them.

11.     Check Point admits that U.S. Patent No. 9,092,616 ("the '616 Patent") was purportedly issued on July 28, 2015, that it is titled "Systems and Methods for Threat Identification and Remediation," and that a copy is available at the provided URL. Check Point denies that the '616 Patent is valid. To the extent any allegations remain, Check Point denies them.

12.     Check Point admits that U.S. Patent No. 9,608,997 ("the '997 Patent") was purportedly issued on March 28, 2017, that it is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and that a copy is available at the provided URL. Check Point denies that the '997 Patent is valid. To the extent any allegations remain, Check Point denies them.

13.     Check Point admits that U.S. Patent No. 9,923,918 ("the '918 Patent") was purportedly issued on March 20, 2018, that it is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities," and that a copy is available at the provided URL. Check Point denies that the '918 Patent is valid. To the extent any allegations remain, Check Point denies them.

14.     Check Point admits that U.S. Patent No. 9,071,518 ("the '518 Patent") was purportedly issued on June 30, 2015, that it is titled "Rules Based Actions for Mobile Device Management," and that a copy is available at the provided URL. Check Point denies that the '518 Patent is valid. To the extent any allegations remain, Check Point denies them.

15.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

## FACTUAL ALLEGATIONS

16.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

17.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

18.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

19.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

20.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

21.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

22.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

23.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

24.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

25.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

26.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

27.     Check Point admits that the First Amended Complaint purports to accuse the following of infringement: Check Point Next Generation Firewalls, Check Point Data Loss Prevention Software Blade, and Check Point Infinity Portal with Harmony Endpoint. Check Point denies all allegations of infringement. Check Point denies the remaining allegations.

28.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

29.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

## COUNT I
### (Infringement of the '796 Patent)

30.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

32.     Denied.

33.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

34.     Check Point denies that this paragraph contains a screen shot of a file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

35.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

36.     Denied.

37.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

38.     Denied.

39.     Denied.

40.     Denied.

**COUNT II**
**(Infringement of the '441 Patent)**

41.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

42.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

43.     Denied.

44.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

45.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

46.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

47.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '441 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '441 Patent, complied with the marking statute 35 U.S. C. [sic] § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

48.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

49.     Denied.

50.     Denied.

51.     Denied.

**COUNT III**
**(Infringement of the '038 Patent)**

52.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

53.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

54.     Denied.

55.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

56.     Check Point denies that this paragraph contains screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

57.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

58.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

59.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

60.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

61.     Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

62.     Denied.

63.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

64.     Denied.

65.     Denied.

66.     Denied.

## COUNT IV
### (Infringement of the '948 Patent)

67.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

68.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

69.     Denied.

70.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

71.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

72.     Check Point admits that this paragraph contains three screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

73.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

74.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

75.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '948 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '948 Patent, complied with the marking statute 35 U.S.C. § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

76.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT V
### (Infringement of the '616 Patent)

80.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

81.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

82.     Denied.

83.     Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

84.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

85.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

86.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

87.     Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

88.     Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

89.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

90.     Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

91.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '616 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '616 Patent, complied with the marking statute 35 U.S.C. § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

92.     Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT VI
### (Infringement of the '997 Patent)

96.     Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

97.     Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

98.     Denied.

99.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

100.    Check Point denies that this paragraph contains screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

101.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

102.    Check Point admits that this paragraph contains two screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

103.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

104.    Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

105.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

106.    Denied.

107.    Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

108.    Denied.

109.    Denied.

110.    Denied.

## COUNT VII
### (Infringement of the '918 Patent)

111.    Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

112.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

113.    Denied.

114.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL.

115.    Check Point denies that this paragraph contains screen shots of portions of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

116.    Check Point admits that this paragraph contains screen shots of portions of the files available at the provided URLs. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

117.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at https://www.checkpoint.com/downloads/products/endpoint-security-datasheet.pdf. Check Point admits that this paragraph contains a screen shot of a portion of the file available at https://freports.checkpoint.com/ctb-faker/tree-timeline.html. Check Point denies that this paragraph contains screen shots of portions of the file available at https://sc1.checkpoint.com/documents/Infinity_Portal/WebAdminGuides/EN/Infinity-Portal-Admin-Guide/Topics-Harmony-Connect-AG/Policy/Enforce_Access_Control.htm?Highlight=polic

y. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

118.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

119.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at https://www.checkpoint.com/downloads/products/endpoint-security-datasheet.pdf. Check Point denies that this paragraph contains screen shots of portions of the file available at https://sc1.checkpoint.com/documents/Infinity_Portal/WebAdminGuides/EN/Infinity-Portal-Admin-Guide/Topics-Harmony-Connect-AG/Policy/Enforce_Access_Control.htm?Highlight=policy. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

120.    Denied.

121.    Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

122.    Denied.

123.    Denied.

124.    Denied.

## COUNT XIII [sic]
### (Infringement of the '518 Patent)

125.    Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

126.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

127.    Denied.

14

128.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

129.    Check Point admits that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

130.    Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

131.    Check Point denies that this paragraph contains a screen shot of a portion of the file available at either provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

132.    Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

133.    Check Point denies that this paragraph contains a screen shot of a portion of the file available at the provided URL. Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

134.    Check Point lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[u]pon information and belief, Taasera and prior assignees of the '518 Patent, prior assignees' affiliates, and prior assignees' sublicensees to the '518 Patent, complied with the marking statute 35 U.S.C. § 287," and, on that basis, denies them. Check Point denies all remaining allegations.

135.    Check Point admits that product manuals and documentation which relate to its products are available on its website. Check Point denies all remaining allegations.

136.    Denied.

137.    Denied.

138.    Denied.

## DEMAND FOR JURY TRIAL

Check Point hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

a.      Check Point denies that Taasera is entitled to any relief.

b.      Check Point denies that Taasera is entitled to any relief.

c.      Check Point denies that Taasera is entitled to any relief.

d.      Check Point denies that Taasera is entitled to any relief.

e.      Check Point denies that Taasera is entitled to any relief.

## DEFENSES

Check Point asserts the following affirmative and other defenses in response to the allegations in the First Amended Complaint without waiver, limitation, or prejudice. Check Point undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, Check Point reserves the right to assert additional affirmative and other defenses as they become known through further investigation and discovery.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

The First Amended Complaint fails to state a claim upon which any relief can be granted against Check Point. As one non-limiting example, the First Amended Complaint fails to identify cognizable theories of indirect infringement regarding the '796, '441, '038, '948, '616, '997, '918,

and '518 Patents (the "Asserted Patents") insofar as it fails to plead facts giving rise to a reasonable inference that Check Point committed an affirmative act to induce infringement, that Check Point had the specific intent to induce infringement, and/or that Check Point had the requisite knowledge of the Asserted Patents to support a claim for indirect infringement.

### SECOND DEFENSE – NON-INFRINGEMENT

Check Point does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### THIRD DEFENSE – INVALIDITY AND UNENFORCEABILITY

The claims of the Asserted Patents are invalid and/or unenforceable. For example, the Asserted Patents fail to satisfy the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 256.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

Plaintiff's claims of patent infringement are barred by the doctrine of prosecution history estoppel to the extent Plaintiff's interpretations of the claims of the Asserted Patents extend beyond or are inconsistent with statements, amendments, or positions made during prosecution. Plaintiff is further estopped from construing one or more claims of the Asserted Patents to claim scope ceded during the prosecution of the Asserted Patents to, for example, avoid prior art.

### FIFTH DEFENSE – LIMITATION ON DAMAGES

Plaintiff's claims for damages and costs are statutorily limited, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288, and 28 U.S.C. § 1498.

To the extent that Plaintiff seeks damages or asserts a claim for acts of alleged infringement occurring more than six years before filing suit, Plaintiff's recovery also is barred in whole or in part under 35 U.S.C. § 286, which provides a six-year statute of limitations on damages.

To the extent that Plaintiff, any former assignee of the Asserted Patents, or any of Plaintiff's licensees failed to properly mark any of its relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Check Point's actions allegedly infringed any claim of the Asserted Patents, Check Point is not liable to Plaintiff for the acts alleged to have been performed before Check Point received notice that it was allegedly infringing the Asserted Patents.

Plaintiff is further precluded under 35 U.S.C. § 288 from recovering costs related to this action.

Plaintiff is also precluded from obtaining post-complaint damages for indirect infringement because, for the reasons discussed in the First Defense, Plaintiff has failed to state a cognizable claim for indirect infringement.

Plaintiff is also precluded under 28 U.S.C. § 1498 from recovering damages against Check Point for products made for the United States.

Plaintiff is further precluded under at least 35 U.S.C. § 41 from recovering damages against Check Point for assertions of infringement based on the '948 and '616 patents subsequent to their abandonment and expiration.

## SIXTH DEFENSE – NO WILLFUL INFRINGEMENT

At least because Check Point has not infringed any valid claim of the Asserted Patents, Check Point has not willfully infringed any claim of the Asserted Patents. Additionally, the First Amended Complaint does not identify any factual basis that Check Point had pre-suit knowledge of the Asserted Patents.

## SEVENTH DEFENSE – LACHES

To the extent Plaintiff seeks damages for any infringement committed more than six years prior to the filing of the original Complaint, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH DEFENSE – NO IRREPARABLE HARM

Plaintiff is not entitled to any injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has adequate remedies at law.

## NINTH DEFENSE – WAIVER

Plaintiff's claims for relief are, in whole or in part, barred by the doctrine of waiver.

## TENTH DEFENSE – EQUITABLE ESTOPPEL

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

## ELEVENTH DEFENSE – UNCLEAN HANDS

By virtue of Plaintiff's negligent, willful, and other wrongful conduct, the equitable doctrine of unclean hands bars Plaintiff from recovering against Check Point.

For example, Plaintiff is an ephemeral, non-practicing entity and litigation construct for its parent company (Quest Patent Research Corporation ("Quest"), which is based in New York), registered by Quest in the Eastern District of Texas at the office of its local litigation counsel Truelove Law Firm along with at least ten other Quest subsidiaries to manipulate venue and is intentionally undercapitalized to avoid adverse judgments.

As another example, Plaintiff's predecessor—Taasera, Inc.—misrepresented material information to the United States Patent and Trademark Office ("USPTO") in order to reinstate the '948 and '616 patents, as described below regarding Check Point's defense of inequitable conduct. Plaintiff and Taasera, Inc.'s misconduct has immediate and necessary relation to the equity sought in this litigation. For example, Srinivas Kumar is the former CEO of Taasera, Inc., is a named inventor of both the '948 and '616 patents, and was heavily involved in patent prosecution. Mr. Kumar now appears to be represented by counsel for Plaintiff in this litigation.

## TWELFTH DEFENSE – LICENSE AND COVENANTS NOT TO SUE

Plaintiff's claims of infringement are barred, in whole or in part, by licenses and other contractual rights granted by Plaintiff—or the predecessor patent-owners (including but not limited to International Business Machines Corporation) who purportedly assigned or licensed the Asserted Patents to Plaintiff—to Check Point by way of irrevocable license agreements made pursuant to one or more patent pools, standard setting organizations, or patent license programs. Such contractual rights expressly extend to protect Check Point, which is a signatory to those agreements.

## THIRTEENTH DEFENSE – LACK OF STANDING

Plaintiff lacks all substantial rights in the '038, '997, and '918 patents and therefore lacks standing to assert these patents. The provisional application to which these three patents relate lists three individuals as inventors/applicants: Blair Nicodemus, Chuck Brown, and Billy Stevens. Without any explanation in the prosecution history, the '038, '997, and '918 patent omitted Chuck Brown as a named inventor and instead listed just Blair Nicodemus and Billy Stevens as inventors. There is no record of any assignment to any potential assignee of Chuck Brown's ownership rights in the provisional patent application, in any non-provisional patent applications that claim priority back to the provisional patent application, or to any subject matter disclosed in the provisional application. Therefore, Plaintiff lacks all substantial rights in the '038, '997, and '918 patents and therefore lacks standing to assert these patents.

Additionally, Because Chuck Brown was presumably properly named as an inventor on the provisional patent application, and because the specification for the '038, '997, and '918 tracks the disclosure in the provisional patent, Chuck Brown was an improperly omitted inventor. Because Chuck Brown was an omitted inventor, Plaintiff lacks complete ownership of the '038, '997, and '918 patents, and therefore lacks standing to bring suit for infringement thereof.

## FOURTEENTH DEFENSE –INEQUITABLE CONDUCT

The '948 and '616 patents are unenforceable because of inequitable conduct committed by Plaintiff's predecessor-in-interest—Taasera, Inc.—that has tainted the '948 and '616 patents such that Plaintiff should not be permitted to assert those patents against Check Point in this litigation. Taasera, Inc.'s inequitable conduct includes apparently false statements made to the USPTO particularly relating to improperly reviving expired patents.

Taasera, Inc. failed to pay maintenance fees allowing both the '948 and '616 patents to expire. The USPTO filed public notices of expiration for the '948 and '616 patents on April 29, 2019 and September 2, 2019, respectively. Over a year and a half later, on November 13, 2020, when Taasera, Inc. was trying to sell the '948 and '616 patents, Taasera, Inc.'s attorney Daniel Buri filed petitions to accept unintentionally delayed payment of maintenance fees for expired patents, certifying that the delay in payment of the maintenance fee was "unintentional."

In light of the circumstances including, but not limited to, the year and half delay in filing the petitions to accept delayed payment, Taasera, Inc.'s certification appears to have been false and made with the intent to deceive the USPTO so that the USPTO would reinstate the patents. The USPTO relied on Taasera, Inc's certification when it decided to reinstate the expired patents, and but-for Taasera, Inc.'s representation, it would not have done so.

## FIFTEENTH DEFENSE – IMPROPER INVENTORSHIP

The '038, '997, and '918 are invalid for improper inventorship under pre-AIA 35 U.S.C. § 102(f). The provisional application to which these three patents relate lists three individuals as inventors/applicants: Blair Nicodemus, Chuck Brown, and Billy Stevens. Without any explanation in the prosecution history, the '038, '997, and '918 patent omitted Chuck Brown as a named inventor and instead listed just Blair Nicodemus and Billy Stevens as inventors. Because Chuck Brown was presumably properly named as an inventor on the provisional patent, and because the

21

specification for the '038, '997, and '918 tracks the disclosure in the provisional patent, Chuck Brown was an improperly omitted inventor, and therefore the '038, '997, and '918 patents are invalid for improper inventorship.

### SIXTEENTH DEFENSE - INTERVENING RIGHTS

Plaintiff cannot enforce the '948 and '616 patents against Check Point because Check Point obtained intervening rights to those patents in accordance with 35 U.S.C. § 41(c). Plaintiff's predecessor-in-interest abandoned the '948 and '616 patents, and allowed them to expire and remain expired for much longer than the six months required to grant Check Point intervening rights therein.

### PRAYER FOR RELIEF

WHEREFORE, having full answered, Check Point prays for judgment as follows:

A.      That the Court fully and finally dismiss Plaintiff's First Amended Complaint against Check Point (and each and every claim therein) with prejudice and that Plaintiff take nothing from Check Point pursuant to the claims alleged in the First Amended Complaint;

B.      That the Court enter judgment in Check Point's favor and against Plaintiff, and declare that Check Point does not infringe and has not infringed the Asserted Patents, that said patents are invalid, and that said patents are unenforceable against Check Point;

C.      That the Court award Check Point its costs of suit;

D.      That the Court find this case to be an exceptional case and award Check Point its reasonable attorneys' fees under 35 U.S.C. § 285 or otherwise; and

E.      That the Court grant Check Point further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 29, 2023                    */s/ Eric H. Findlay*
_____
Eric H. Findlay
efindlay@findlaycraft.com
Findlay Craft, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
(903) 534-1100
(903) 534-1137

Alyssa Caridis
acaridis@orrick.com
Gerald Porter
gporter@orrick.com
David R. Medina
dmedina@orrick.com
Jake O'Neal
jake.oneal@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Ste 2700
Los Angeles, CA 90071
(650) 614-7497

Clement Seth Roberts
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard St
San Francisco, CA 94105
(415) 773-5700

Evan Brewer
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St., Ste 3300
Seattle, WA 98101
(650) 614-7497

*Attorneys for Defendant Check Point Software Technologies Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via ECF on June 29, 2023.

*/s/ Eric H. Findlay*
Eric H. Findlay