# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TAASERA LICENSING LLC, § | |
| § | |
| Plaintiff, § | MDL CASE NO. 2:22-MD-03042-JRG |
| § | |
| v. § | THIS DOCUMENT RELATES TO CIVIL |
| § | ACTION NO. 2:22-CV-00468-JRG |
| CROWDSTRIKE, INC. and § | |
| CROWDSTRIKE HOLDINGS, INC., § | **JURY TRIAL DEMANDED** |
| § | |
| Defendants. § | |

## DEFENDANT CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC.'S ANSWER TO TAASERA LICENSING LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND AMENDED AFFIRMATIVE DEFENSES

Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.[1] (together, "CrowdStrike") submit their Answer to the Complaint for Patent Infringement [Dkt. 1] ("the Complaint") filed by Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff"), and state their amended affirmative defenses as follows.  Each paragraph of the Answer below responds to the corresponding numbered or lettered paragraph of the Complaint.  CrowdStrike denies all allegations and characterizations except as expressly admitted in the following paragraphs.

## THE PARTIES

1. CrowdStrike is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and on that basis denies them.

2. CrowdStrike Holdings, Inc. admits that it is a publicly traded Delaware corporation. Defendant CrowdStrike Holdings, Inc. admits that it is the parent of and directly and wholly owns Defendant CrowdStrike, Inc.  Except as expressly admitted, CrowdStrike denies the remainder of the allegations in paragraph 2.

3. CrowdStrike, Inc. admits it is a Delaware corporation and is registered with the Secretary of State to conduct business in Texas.  Except as expressly admitted, CrowdStrike denies the remainder of the allegations in paragraph 3.

## JURISDICTION

4. CrowdStrike admits that the Complaint purports to allege patent infringement of the Asserted Patents and that the Western District of Texas has subject matter jurisdiction over meritorious patent law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a). CrowdStrike denies, however, that the Complaint sets forth a valid or meritorious claim

---

[1] CrowdStrike expressly denies that CrowdStrike Holdings, Inc. is a proper party to this lawsuit. CrowdStrike Holdings, Inc. is a holding company that does not manufacture, use, sell, offer to sell, import, or market any products.

|     |     |
| --- | --- |
|     | for patent infringement and specifically denies that CrowdStrike has committed any acts of infringement. |
| 5.  | For purposes of this case only, CrowdStrike does not contest personal jurisdiction in the Western District of Texas. CrowdStrike, Inc. admits that it has an office at 206 East 9th Street, Suite 1400, Austin, Texas 78701.  Except as expressly admitted, CrowdStrike denies the remainder of the allegations in paragraph 5 and specifically denies that CrowdStrike has committed any acts of infringement. |
| 6.  | CrowdStrike admits that venue is proper in the Western District of Texas for the purposes of this particular action only, but denies that venue in the Western District of Texas is convenient or in the interests of justice under 28 U.S.C. § 1404(a). CrowdStrike admits that CrowdStrike, Inc. does business in the Western District of Texas.  Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 6 and specifically denies that it has committed any acts of infringement. |
| 7.  | CrowdStrike Holdings, Inc. admits that it wholly owns CrowdStrike, Inc.  Except as expressly admitted, CrowdStrike denies the remainder of the allegations in paragraph 7. |
| 8.  | CrowdStrike, Inc. admits that it has employees located in this District. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 8. |
| 9.  | CrowdStrike, Inc. admits that it has employees located in this District. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 9. |
| 10. | CrowdStrike, Inc. admits that it has employees responsible for sales and technical support located in Austin, Texas. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 10. |

11. CrowdStrike, Inc. admits that it sells, offers for sale, advertises, and/or otherwise provides endpoint security software and services in the Western District of Texas and the State of Texas either directly or through partnerships with other entities. CrowdStrike specifically denies that it has committed any acts of infringement. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 11.

12. CrowdStrike admits that it is subject to the Western District of Texas's jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

**PATENTS-IN-SUIT**

13. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 7,673,137 is attached as Exhibit A to the Complaint and that, on its face, the '137 Patent is titled "System and Method for the Managed Security Control of Processes on a Computer System" and issued on March 2, 2010. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 13.

14. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 8,327,441 is attached as Exhibit B to the Complaint and that, on its face, the '441 Patent is titled "System and Method for Application Attestation" and issued on December 4, 2012. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 14.

15. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 8,850,517 is attached as Exhibit C to the Complaint and that, on its face, the '517 Patent is titled "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation" and issued on September 30, 2014. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 15.

16. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 8,955,038 is attached as Exhibit D to the Complaint and that, on its face, the '038 Patent is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" and issued on February 10, 2015. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 16.

17. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 8,990,948 is attached as Exhibit E to the Complaint and that, on its face, the '948 Patent is titled "Systems and Methods for Orchestrating Runtime Operational Integrity" and issued on March 24, 2015. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 17.

18. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 9,092,616 is attached as Exhibit F to the Complaint and that, on its face, the '616 Patent is titled "Systems and Methods for Threat Identification and Remediation" and issued on July 28, 2015. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 18.

19. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 9,608,997 is attached as Exhibit G to the Complaint and that, on its face, the '997 Patent is titled "Methods and Systems for Controlling Access to Computing Resources Based on Known Security Vulnerabilities" and issued on March 28, 2017. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 19.

20. CrowdStrike admits that what appears to be a true and correct copy of U.S. Patent No. 9,923,918 is attached as Exhibit H to the Complaint and that, on its face, the '918 Patent is titled "Methods and Systems for Controlling Access to Computing Resources Based on

Known Security Vulnerabilities" and issued on March 20, 2018.  Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 20.

21. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and therefore denies them.

## FACTUAL ALLEGATIONS

22. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22, and therefore denies them.

23. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies them.

24. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24, and therefore denies them.

25. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 25, and therefore denies them.

26. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 26, and therefore denies them.

27. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 27, and therefore denies them.

28. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 28, and therefore denies them.

29. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 29, and therefore denies them.

30. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 30, and therefore denies them.

31. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 31, and therefore denies them.

32. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 32, and therefore denies them.

33. CrowdStrike denies the allegations in paragraph 33.

34. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 34, and therefore denies them.

35. CrowdStrike lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 35, and therefore denies them.

## COUNT I
### (Infringement of the '137 Patent)

36. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs.

37. CrowdStrike admits that it does not have a license to the '137 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 37.

38. CrowdStrike denies the allegations in paragraph 38.

39. CrowdStrike denies the allegations in paragraph 39.

40. CrowdStrike denies the allegations in paragraph 40.

41. CrowdStrike denies the allegations in paragraph 41.

42. CrowdStrike denies the allegations in paragraph 42.

43. CrowdStrike denies the allegations in paragraph 43.

44. CrowdStrike, Inc. admits that its website provides information about its products and services. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 44.

45. CrowdStrike denies the allegations in paragraph 45.

46. CrowdStrike denies the allegations in paragraph 46.

47. CrowdStrike denies the allegations in paragraph 47.

48. CrowdStrike denies the allegations in paragraph 48.

## COUNT II
### (Infringement of the '441 Patent)

49. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

50. CrowdStrike admits that it does not have a license to the '441 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 50.

51. CrowdStrike denies the allegations in paragraph 51.

52. CrowdStrike denies the allegations in paragraph 52.

53. CrowdStrike denies the allegations in paragraph 53.

54. CrowdStrike denies the allegations in paragraph 54.

55. CrowdStrike denies the allegations in paragraph 55.

56. CrowdStrike denies the allegations in paragraph 56.

57. CrowdStrike, Inc. admits that its website provides information about its products and services. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 57.

58. CrowdStrike denies the allegations in paragraph 58.

59. CrowdStrike denies the allegations in paragraph 59.

60. CrowdStrike denies the allegations in paragraph 60.

61. CrowdStrike denies the allegations in paragraph 61.

## COUNT III
### (Infringement of the '038 Patent)

62. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

63. CrowdStrike admits that it does not have a license to the '038 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 63.

64. CrowdStrike denies the allegations in paragraph 64.

65. CrowdStrike denies the allegations in paragraph 65.

66. CrowdStrike denies the allegations in paragraph 66.

67. CrowdStrike denies the allegations in paragraph 67.

68. CrowdStrike denies the allegations in paragraph 68.

69. CrowdStrike denies the allegations in paragraph 69.

70. CrowdStrike denies the allegations in paragraph 70.

71. CrowdStrike denies the allegations in paragraph 71.

72. CrowdStrike denies the allegations in paragraph 72.

73. CrowdStrike, Inc. admits that its website provides information about its products and services. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 73.

74. CrowdStrike denies the allegations in paragraph 74.

75. CrowdStrike denies the allegations in paragraph 75.

76. CrowdStrike denies the allegations in paragraph 76.

77. CrowdStrike denies the allegations in paragraph 77.

## COUNT IV
**(Infringement of the '948 Patent)**

78. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

79. CrowdStrike admits that it does not have a license to the '948 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 79.

80. CrowdStrike denies the allegations in paragraph 80.

81. CrowdStrike denies the allegations in paragraph 81.

82. CrowdStrike denies the allegations in paragraph 82.

83. CrowdStrike denies the allegations in paragraph 83.

84. CrowdStrike denies the allegations in paragraph 84.

85. CrowdStrike denies the allegations in paragraph 85.

86. CrowdStrike denies the allegations in paragraph 86.

87. CrowdStrike denies the allegations in paragraph 87.

88. CrowdStrike, Inc. admits that its website provides information about its products and services.  Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 88.

89. CrowdStrike denies the allegations in paragraph 89.

90. CrowdStrike denies the allegations in paragraph 90.

91. CrowdStrike denies the allegations in paragraph 91.

92. CrowdStrike denies the allegations in paragraph 92.

## COUNT V
**(Infringement of the '616 Patent)**

93. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

94. CrowdStrike admits that it does not have a license to the '616 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 94.

95. CrowdStrike denies the allegations in paragraph 95.

96. CrowdStrike denies the allegations in paragraph 96.

97. CrowdStrike denies the allegations in paragraph 97.

98. CrowdStrike denies the allegations in paragraph 98.

99. CrowdStrike denies the allegations in paragraph 99.

100. CrowdStrike denies the allegations in paragraph 100.

101. CrowdStrike denies the allegations in paragraph 101.

102. CrowdStrike denies the allegations in paragraph 102.

103. CrowdStrike denies the allegations in paragraph 103.

104. CrowdStrike denies the allegations in paragraph 104.

105. CrowdStrike denies the allegations in paragraph 105.

106. CrowdStrike, Inc. admits that its website provides information about its products and services.  Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 106.

107. CrowdStrike denies the allegations in paragraph 107.

108. CrowdStrike denies the allegations in paragraph 108.

109. CrowdStrike denies the allegations in paragraph 109.

110. CrowdStrike denies the allegations in paragraph 110.

## COUNT VI
### (Infringement of the '997 Patent)

111. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

112. CrowdStrike admits that it does not have a license to the '997 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 112.

113. CrowdStrike denies the allegations in paragraph 113.

114. CrowdStrike denies the allegations in paragraph 114.

115. CrowdStrike denies the allegations in paragraph 115.

116. CrowdStrike denies the allegations in paragraph 116.

117. CrowdStrike denies the allegations in paragraph 117.

118. CrowdStrike denies the allegations in paragraph 118.

119. CrowdStrike denies the allegations in paragraph 119.

120. CrowdStrike denies the allegations in paragraph 120.

121. CrowdStrike denies the allegations in paragraph 121.

122. CrowdStrike, Inc. admits that its website provides information about its products and services. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 122.

123. CrowdStrike denies the allegations in paragraph 123.

124. CrowdStrike denies the allegations in paragraph 124.

125. CrowdStrike denies the allegations in paragraph 125.

126. CrowdStrike denies the allegations in paragraph 126.

## COUNT VII
### (Infringement of the '918 Patent)

127. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

128. CrowdStrike admits that it does not have a license to the '918 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 128.

129. CrowdStrike denies the allegations in paragraph 129.

130. CrowdStrike denies the allegations in paragraph 130.

131. CrowdStrike denies the allegations in paragraph 131.

132. CrowdStrike denies the allegations in paragraph 132.

133. CrowdStrike denies the allegations in paragraph 133.

134. CrowdStrike denies the allegations in paragraph 134.

135. CrowdStrike denies the allegations in paragraph 135.

136. CrowdStrike denies the allegations in paragraph 136.

137. CrowdStrike denies the allegations in paragraph 137.

138. CrowdStrike, Inc. admits that its website provides information about its products and services. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 138.

139. CrowdStrike denies the allegations in paragraph 139.

140. CrowdStrike denies the allegations in paragraph 140.

141. CrowdStrike denies the allegations in paragraph 141.

142. CrowdStrike denies the allegations in paragraph 142.

## COUNT VIII
### (Infringement of the '517 Patent)

143. CrowdStrike reasserts and incorporates its responses in the preceding paragraphs

144. CrowdStrike admits that it does not have a license to the '517 Patent from the Plaintiff. CrowdStrike denies the remaining allegations in paragraph 144.

145. CrowdStrike denies the allegations in paragraph 145.

146. CrowdStrike denies the allegations in paragraph 146.

147. CrowdStrike denies the allegations in paragraph 147.

148. CrowdStrike denies the allegations in paragraph 148.

149. CrowdStrike denies the allegations in paragraph 149.

150. CrowdStrike denies the allegations in paragraph 150.

151. CrowdStrike denies the allegations in paragraph 151.

152. CrowdStrike, Inc. admits that its website provides information about its products and services. Except as expressly admitted, CrowdStrike denies the remaining allegations in paragraph 152.

153. CrowdStrike denies the allegations in paragraph 153.

154. CrowdStrike denies the allegations in paragraph 154.

155. CrowdStrike denies the allegations in paragraph 155.

156. CrowdStrike denies the allegations in paragraph 156.

## DEMAND FOR JURY TRIAL

CrowdStrike acknowledges Plaintiff's demand for a jury trial and demands the same on all issues so triable.

## PRAYER FOR RELIEF

CrowdStrike denies that Plaintiff is entitled to any relief whatsoever from CrowdStrike, whether sought in the Prayer for Relief or otherwise. CrowdStrike further denies that Plaintiff has any valid claim pursuant to 35 U.S.C. § 271, et seq., and denies that it has violated any of the patent laws of the United States with respect to the patents-in-suit. Plaintiff's Prayer for Relief should therefore be denied in its entirety and with prejudice, and Plaintiff should take nothing from CrowdStrike.

## DEFENSES AND AFFIRMATIVE DEFENSES

CrowdStrike alleges and asserts the following amended defenses and affirmative defenses in response to the allegations in the Complaint. CrowdStrike undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, CrowdStrike reserves all rights to amend or supplement these defenses as additional facts become known.

### First Defense – Non-Infringement

157. CrowdStrike has not infringed, directly, jointly, contributorily, or by inducement, any valid or enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271, *et seq*.

**Second Defense – Invalidity/Ineligibility**

158. At least the asserted claims of the patents-in-suit are invalid, unenforceable, or ineligible for patenting under one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity and ineligibility, including but not limited to obviousness-type double patenting.

**Third Defense – Failure to State a Claim**

159. Plaintiff has failed to plead its claims with specificity or factual support to place CrowdStrike on notice of the claims Plaintiff is asserting against it, such that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to plead its claims with specificity or factual support against CrowdStrike Holdings, Inc., who does not manufacture, use, sell, offer to sell, import, or market any products.

160. Plaintiff has failed to state a claim upon which relief can be granted for infringement under 35 U.S.C. § 271(b) for failing to plausibly allege facts sufficient to identify or show: (a) a direct infringer for any claim of alleged indirect infringement of the patents-in-suit by CrowdStrike, (b) any pre-suit factual basis that CrowdStrike had actual knowledge or was willfully blind to the Patents-in-Suit or CrowdStrike's alleged infringement, and (c) that CrowdStrike had specific intent to induce infringement of the Patents-in-Suit.

161. Plaintiff has failed to state a claim upon which relief can be granted for infringement under 35 U.S.C. § 271(c) for failing to plausibly allege facts sufficient to identify or show: (a) a direct infringer for any claim of alleged indirect infringement of the Patents-in-Suit by CrowdStrike; (b) any pre-suit factual basis that CrowdStrike had actual knowledge of or was willfully blind to the Patents-in-Suit or CrowdStrike's alleged infringement; and (c) that any component(s) allegedly supplied by CrowdStrike are especially made or especially adapted for use in the Patents-in-Suit and are not staple articles of commerce suitable for substantial non-infringing use.

### Fourth Defense – Limitations on Damages and Costs

162. Plaintiff's claims for damages and/or costs are limited under the statutory limitations on damages and/or costs set forth in 35 U.S.C. §§ 286, 287 and/or 288. In addition, Plaintiff's claims for damages are limited due to intervening rights under 35 U.S.C. § 41 as to the '948 and '616 patents following their abandonment and expiration.

### Fifth Defense – Prosecution History Estoppel and Disclaimer

163. Plaintiff's claims are barred by the doctrine of prosecution history estoppel and prosecution disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during the prosecution of the patents-in-suit and other patents that also claim priority to the same parent applications.

### Sixth Defense – 28 U.S.C. § 1498

164. To the extent that any accused products have been used or manufactured by or for the United States Government, Plaintiff's claims and requests for relief are barred by or subject to limitations pursuant to 28 U.S.C. § 1498.

15

### Seventh Defense – Standing

165. To the extent Plaintiff and/or its predecessors-in-interest lacked ownership of any of the asserted patents and/or all substantial rights to any asserted patent at any relevant time during this lawsuit and/or at the time the patent(s) was/were assigned, Plaintiff lacks standing to bring this action. Plaintiff also lacks standing based on injury in fact because it has not alleged nor supported its allegations in a manner mandated by constitutional requirements.

### Eighth Defense – Failure to Mark or Provide Notice

166. Plaintiff's claims for damages are barred and/or limited, in whole or in part, because Plaintiff, its predecessors-in-interest, and/or its licensees failed to give notice of any products that purport to practice the patents-in-suit by marking such products or otherwise notifying CrowdStrike of the alleged infringement as required by 35 U.S.C. § 287.

### Ninth Defense – No Injunctive Relief

167. Plaintiff is not entitled to any form of injunctive relief because Plaintiff has not suffered and will not suffer irreparable harm due to any alleged infringement by CrowdStrike and in any event, Plaintiff has an adequate remedy at law. Plaintiff is additionally not entitled to any form of injunctive relief because such relief would be detrimental to compelling public interest and public policy. Specifically, the CrowdStrike products at issue in this case offer critical cybersecurity for its customers, which include myriad public and private companies. Any injunctive relief prohibiting the sale or use of such products would create cybersecurity risks for these customers, the markets, and constituents that rely on such customers.

### Tenth Defense – Unclean Hands

168. Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Defense – Intervening Rights

169. Plaintiff cannot enforce the '948 and '616 patents against CrowdStrike because CrowdStrike obtained intervening rights to those patents in accordance with 35 U.S.C. § 41(c). Plaintiff's predecessor-in-interest abandoned the '948 and '616 patents, allowing them to expire and remain expired for longer than the six months required to grant CrowdStrike intervening rights therein.

### Reservation of Additional Defenses

170. CrowdStrike's investigation of the matter is ongoing.  It reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state and federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated: June 29, 2023                                  Respectfully submitted,

By: _/s/ Irene Yang_
Michael J. Bettinger, Lead Attorney
California State Bar No. 122196
mbettinger@sidley.com
Irene Yang
California State Bar No. 245464
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

17

>Andrew T. Langford
>Texas State Bar No. 24087886
>alangford@sidley.com
>Erik B. Fountain
>Texas State Bar No. 24097701
>efountain@sidley.com
>SIDLEY AUSTIN LLP
>2021 McKinney Avenue, Suite 2000
>Dallas, TX 75201
>Telephone: (214) 981-3300
>Facsimile: (214) 981-3400
>
>J. Mark Mann
>State Bar No. 12926150
>Mark@TheMannFirm.com
>G. Blake Thompson
>State Bar No. 24042033
>Blake@TheMannFirm.com
>MANN | TINDEL | THOMPSON
>201 E. Howard St.
>Henderson, Texas 75654
>(903) 657-8540
>(903) 657-6003 (fax)
>
>**ATTORNEYS FOR DEFENDANTS CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on June 29, 2023.

                                           /s/ Irene Yang
                                          Irene Yang