# EXHIBIT Q-4

# EXHIBIT D

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Patent Application: | : | Group Art Unit: 2432 |
| Frederic G. Thiele et al. | : | Examiner: V. Perungavoor |
| Serial No.: 10/650,440 | : | IBM Corporation |
| Filed: 08/27/2003 | : | Intellectual Property Law |
| Confirmation No. 7247 | : | Department SHCB/040-3 |
| Title: SYSTEM, METHOD AND PROGRAM | : | 1701 North Street |
| PRODUCT FOR DETECTING | : | Endicott, NY 13760 |
| UNKNOWN COMPUTER ATTACKS | | |

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Request For Rehearing under Rule 41.52

Points Misapprehended and Errors in Decision by Board of Appeals,

and Responsive Arguments by Appellant.

**Board Error #1**. "We note that the fourth and fifth program instructions are claimed in the alternative and, therefore, Suuronen's disclosure only needs to teach or fairly suggest **one** of the alternatives." (emphasis added). Page 9 of Board Decision. The Board did not properly construe the scope of the fifth claim element in claims 1, 13 and 21. This error applies to all independent claims 1, 13 and 21, and therefore, all claims on Appeal.

Appellant's Responsive Argument to Board Error #1

The fifth program instructions of claims 1 and 13 recite,

> "fifth program instructions, responsive to said packet **not being** a known exploit or portion thereof, addressed to a broadcast IP address of a network, network administration traffic or another type of traffic known to be benign, to determine and report that said packet is a new, exploit candidate".

Thus, the fifth program instructions determine that the packet is a new, exploit candidate **responsive to none of the conditions being met**, i.e. "said packet **not being** a known exploit or portion thereof, addressed to a broadcast IP address of a network, network administration traffic or another type of traffic known to be benign." Because the alternative language is prefaced by a negative, the alternative language is more limiting than a single factor alone, i.e. according to well-known Boolean logic, Not (A or B) = Not A AND Not B. Therefore, the Board erred in stating "Suuronen's disclosure only needs to teach or fairly suggest **one** of the alternatives."

Moreover, clearly, the last clause element, i.e. "not being another type of traffic known to be benign", indicates all factors are considered. Moreover, this fifth claim element when read in light of the specification states that all factors are considered in identifying a new, exploit candidate. For example, the flow chart of Figure 2 illustrates that if **all factors** "known exploit?", "broadcast traffic?", "administration traffic?" and "traffic matches other filter rules?" are negative, the packet is considered a new exploit candidate. Therefore, the Board erroneously interpreted the fifth element in claims 1, 13 and 21 too broadly, and with the proper interpretation of the fifth element did not find a prima facie case of obviousness. Neither the Examiner nor the Board has identified prior art reference(s) that are capable of processing all of the factors recited in the claims. It should also be noted that the Examiner did not interpret the fifth element of claims 1, 13 or 21 to be satisfied by a single factor. See Page 3 last paragraph and Page 4 first paragraph of Answer Brief. (On Page 7 second paragraph of the Appeal Brief, Appellant argued the novelty of the fifth program instructions of claim 1, on Page 9 last paragraph of the Appeal Brief, Appellant incorporated the same arguments for claim 13, and on Page 14 first paragraph of the Appeal Brief, Appellant incorporated the same arguments for the fifth-recited means of claim 13, so this issue is not being raised for the first time.)

**Board Error #2**. "We note that Appellants' attempt to distinguish the second and third program instructions over Suuronen based upon the nature of the information contained or stored in the claimed "packet" is unavailing. Appellants cannot rely solely upon the content or type of information stored in the claimed "packet" to patentably distinguish independent claim 1 over the prior art of record." Page 10 of Board Decision. The second and third program instructions are not statements of content or type of information. This error applies to all independent claims 1, 13 and 21.

Appellant's Responsive Argument to Board Error #2

Claim 1 recites,

"second program instructions to determine if said packet is addressed to a broadcast IP address of a network; and

third program instructions to determine if said packet is network administration traffic".

Thus, claim 1 recites **program instructions** which make both determinations. Such program instructions are **algorithmic functions which perform the stated function**; such program instructions are not merely content or type of information. Therefore, the Board has misapprehended the meaning of the second and third program instructions, which are not merely content or type of information. With a proper understanding of the second and third elements of claims 1, 13 and 21, the Board has not found a prima facie case of obviousness. It should be noted that the Examiner did not interpret the second and third program instructions as merely content or type of information. See Page 3 last paragraph and Page 4 first paragraph of Answer Brief. (On Page 7 second paragraph of the Appeal Brief, Appellant argued the novelty of the second and third program instructions of claim 1, on Page 9 last paragraph of the Appeal Brief, Appellant incorporated the same arguments for claim 13, and on Page 14 first paragraph of the Appeal Brief, Appellant incorporated the same arguments for the fifth-recited means of claim 13, so this issue is not being raised for the first time.)

**Board Error #3**. The Board incorrectly found that Appellants had not sufficiently argued the patentability of claims 2, 14 and 22. "Appellants are reminded that merely reciting what a claim recites or making a general allegation of patentability is note a separate patentability argument." Pages 11-12 of Board Decision. In fact, Appellants sufficiently argued the patentability of claims 2, 14 and 22 as required by 37 CFR 41.37. Therefore, the Board erroneously failed to consider the patentability of claims 2, 14 and 22.

<u>Appellant's Responsive Argument to Board Error #3</u>

Appellants' Brief stated,

"Claim 2 depends on claim 1 and recites sixth program instructions to determine if the packet is web crawler traffic. In addition, the fourth program instructions are responsive to the packet being a known exploit or portion thereof, addressed to a broadcast IP address of a network, network administration traffic or web crawler traffic, to determine that the packet is not a new, exploit candidate. In addition, the fifth program instructions are responsive to the packet not being a known exploit or portion thereof, addressed to a broadcast IP address of a network, network administration traffic or web crawler traffic, to determine that the packet is a new, exploit candidate. Neither Suuronen et al. nor Amit et al. teach or suggest these features of claim 2. **While Suuronen et al. teach a firewall to identify "data packets which cannot contain viruses", Suuronen et al. do not teach the foregoing program instructions of claim 2. Amit et al. are concerned with simulating a web browser and do not fill this gap of Suuronen et al**." (emphasis added)

Thus, Appellant's Brief did more than provide a "statement which merely points out what a claim recites will not be considered an argument for separate patentability of the claim," and therefore, satisfied 37 CFR 41.37 (c) (vii). Appellant's Brief explained how the dependent claim distinguished over Suuronen et al. and Amit et al. Therefore, the issue of whether dependent claims 2, 14 and 22 were separately patentable was properly raised in the Appeal Brief, and should be decided on the merits by the Board.

**Board Error #4**. The Board incorrectly found that Appellants had not sufficiently argued the patentability of claims 3, 8 and 10-11. "Appellants are reminded that merely reciting what a claim recites or making a general allegation of patentability is note a separate patentability argument." Pages 11-12 of Board Decision. In fact, Appellants sufficiently argued the patentability of claims 3, 8 and 10-11 as required by 37 CFR 41.37. Therefore, the Board erroneously failed to consider the patentability of claims 3, 8 and 10-11.

Appellant's Responsive Argument to Board Error #4

Appellant's Appeal Brief separately argued the following relative to claims 3, 8 and 10-11, where the 35 USC 103 rejection additionally cited Grenot against dependent claims 3, 8 and 10-11:

> "Moreover, it would not have been obvious to combine Suuronen et al. with Amit et al. **and Grenot** and there would be no reason to combine Suuronen et al. with Amit et al. **and Grenot** because they address much different tasks and problems. Suuronen et al. are concerned with a virus scanning engine, and a bypass/screening system to identify certain packets such as audio and video data streams which cannot be viruses and should bypass the virus scanning engine. Amit et al. are concerned with monitoring network traffic to simulate browser activity and thereby simulate navigation presentations similar to the real navigation as seen by the user of the terminal. See Abstract and Paragraphs 0038 of Amit et al. **Grenot teaches a system and method for measuring transfer durations and loss rates of data packets in high volume telecommunications networks. These are much different technologies involving different technicians, and there would be no reason to combine these three documents**." (emphasis added)

Thus, Appellant's Brief did more than provide a "statement which merely points out what a claim recites will not be considered an argument for separate patentability of the claim", and therefore, satisfied 37 CFR 41.37 (c) (vii). Appellant's Brief explained how the three prior art references, particularly Grenot which was additionally cited against dependent claims 3, 8 and 10-11, were not sufficiently similar for combination. Therefore, the issue of whether dependent claims 3, 8 and 10-11 were separately patentable was properly raised in the Appeal Brief, and should be decided on the merits by the Board. Therefore, the Board erroneously failed to consider the patentability of claims 3, 8 and 10-11.

Based on the foregoing, Appellants request reversal of all rejections made by the Examiner.

Respectfully submitted,

Dated: __Feb. 8, 2011__
Phone: 607-429-4368
Fax: 607-429-4119

/Arthur J. Samodovitz/___
Arthur J. Samodovitz
Reg. No. 31,297