# EXHIBIT Q-5

# EXHIBIT E

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/650,440 | 08/27/2003 | Frederic G. Thiele | END920030068US1 | 7247 |

26502 7590 03/03/2011

IBM CORPORATION
IPLAW SHCB/40-3
1701 NORTH STREET
ENDICOTT, NY 13760

| EXAMINER | |
|---|---|
| PERUNGAVOOR, VENKATANARAY | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2432 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/03/2011 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

endiplaw@us.ibm.com

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

———————————

*Ex parte* FREDERIC G. THIELE and MICHAEL A. WALTER

———————————

Appeal 20009-007294
Application 10/650,440
Technology Center 2400

———————————

Before JEAN R. HOMERE, ST. JOHN COURTENAY III, and CAROLYN D. THOMAS, *Administrative Patent Judges*.

HOMERE, *Administrative Patent Judge*.

DECISION ON REQUEST FOR REHEARING[1]

STATEMENT OF THE CASE

In papers filed February 8, 2011, Appellants request a rehearing under 37 C.F.R. § 41.52 from the Opinion of the Board of Patent Appeals and

---

[1] The two-month time period for filing an appeal or commencing a civil action, as recited in 37 C.F.R. § 1.304, or for filing a request for rehearing, as recited in 37 C.F.R. § 41.52, begins to run from the "MAIL DATE" (paper delivery mode) or the "NOTIFICATION DATE" (electronic delivery mode) shown on the PTOL-90A cover letter attached to this decision.

Interferences (hereinafter Board), dated October 10, 2010. In the Opinion, we affirmed the Examiner's rejections of claims 1-16 and 21-24 under 35 U.S.C. § 103(a) as being unpatentable over the combination of Suuronen, Amit, Grenot, and/or Hasegawa.

Appellants allege that the Board erred by misapprehending or overlooking Appellants' arguments previously raised in the Appeal Brief. (Req. Reh'g. 1-8). In particular, Appellants allege the following errors:

i. The Board misconstrued the scope of the fifth element in claims 1, 13 and 21 by finding that Suuronen only needs to teach one of the alternative factors recited therein. (*Id.* at 2.) According to Appellants, because the alternative language is prefaced by a negative, all the recited factors must be considered and taught by the prior art. (*Id.* 2-3.)

ii. The Board misconstrued the second and third program instructions as mere statements of content or type of information. Rather, these program instructions are algorithmic functions which perform the stated functions. (*Id.* at 3-4.)

iii. The Board overlooked Appellants' separate arguments regarding dependent claims 2, 14, and 22 in the Brief. (*Id.* at 5.) According to Appellants, the explanation of how the dependent claims distinguished over Suuronen and Amit constitutes a sufficient argument for separate patentability of those claims as required by 37 CFR 41.37. (*Id.* at 6.)

iv. The Board overlooked Appellants' separate arguments regarding dependent claims 3, 8, 10 and 11 in the Brief. (*Id.*) According to

Appellants, the argument that the prior art references were not sufficiently similar for combination constitutes a sufficient argument for separate patentability of those claims as required by 37 CFR 41.37. (*Id.* at 7.)

We have carefully reviewed the Opinion in light of Appellants' allegations of errors. We will address those remarks in the order in which they are presented in the Request, and as outlined above.

i. We find without merit Appellants' first allegation of error that we misconstrued the alternative language in the independent claims by finding that Suuronen only needs to teach one of the recited factors recited therein. The claims in question recite in relevant part,

> fifth program instructions, responsive to said packet not being a known exploit or portion thereof, addressed to a broadcast IP address of a network, network administration traffic or another type of traffic known be benign, to determine and report that said packet is a new, exploit candidate.

Claims must be given the broadest reasonable interpretation consistent with Appellants' disclosure. *In re Morris*, 127 F.3d 1048 (Fed. Cir. 1997). *See also Zletz*, 893 F.2d 319, 321 (Fed. Cir. 1989) (stating that "claims must be interpreted as broadly as their terms reasonably allow.")

We do not agree with Appellants that the format of the claim limitation follows the Boolean logic of Not (A or B) to strictly imply not A and not B. While prefacing the alternative language of the claims by a

negative can cause all the factors recited therein to be considered, we find that such a construction of the claim limitation would be too narrow. As discussed in the original Opinion, under the broadest reasonable interpretation approach, we conclude that the plain meaning of the recited limitation requires that the packet be not a known exploit, or not a portion thereof, or not network administration traffic, or not another type of traffic known to be benign. Consequently, we reiterate our initial position that the prior art only needs to teach one of the alternative factors.

ii. We find no merit in Appellants' second allegation of error that we misconstrued the second and third program instructions as mere statements of content or type of information. While we agree with Appellants that these program instructions are algorithmic functions, they merely serve the purpose of determining if a packet is network administration traffic, which is addressed to a network. In other words, these functions merely serve the purpose of determining the nature or type of a packet. We therefore reiterate our initial position that such a determination of the nature or type of the packet is directed to non-functional descriptive material, which is not entitled to any patentable weight.

iii. We find no merit in Appellants' third allegation of error that the explanation provided in the Brief constitutes a sufficient argument for separate patentability for claims 2, 14, and 22 over the combination of Suuronen and Amit. The cited portion of the Brief recites the limitations of claim 2. Then, it states that Suuronen teaches a firewall to identify "data

packets which cannot contain viruses." Subsequently, it concludes that Suuronen does not teach the program instructions of claim 2. (Br. 9.) However, the cited portion of the Brief does not provide any reason as to why the cited disclosure of Suuronen or the portions thereof relied upon by the Examiner in the final rejection do not teach the instructions. We therefore reiterate our initial position that Appellants' mere recitation of the claim limitation and conclusory statement of patentability of the claim do not constitute a separate argument for patentability under 41 CFR 41.37.

iv. We find merit in Appellants' fourth allegation of error that the discussion provided in the Brief regarding the improper combination of Suuronen, Amit and Grenot constitutes a sufficient argument for separate patentability of claims 3, 8, 10 and 11. We note nonetheless that we addressed this argument in our discussion of claim 9 at pages 12-13 of the original Opinion. Since claims 3 and 8-11 were rejected over the same cited combination, we do not agree with Appellants that we misapprehended Appellants' argument regarding those claims. Thus, while the Opinion erroneously indicated that Appellants' argument for patentability of claims 3, 8, 10 and 11 does not constitute a separate argument for patentability of those claims, we find such error to be harmless since the argument was in fact addressed in the Opinion in the discussion of claim 9, which was rejected along with the cited claims.

## CONCLUSION

In view of the foregoing discussion, we deny Appellants' request for rehearing. Therefore, we decline to modify our original Opinion.

## REQUEST FOR REHEARING-DENIED

Vsh

IBM CORPORATION
IPLA W SHCB/40-3
1701 NORTH STREET
ENDICOTT, NY 13760