# Exhibit 7

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re application of: **Jatin MALIK et al.**

Title: **RULES BASED ACTIONS FOR MOBILE DEVICE MANAGEMENT**

Application No.: **13/540,142**

Group Art Unit: **2441**

Filed: **July 2, 2012**

Examiner: **Kostas J. Katsikis**

Confirmation: **4198**

Filed by EFS on: **February 9, 2015**

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT AND REQUEST FOR RECONSIDERATION UNDER 35 U.S.C. § 1.116**

Sir:

In response to the Office Action mailed on September 8, 2014, Applicants respectfully request reconsideration in light of the:

**Listing of the Claims**, reflecting current amendments, beginning on page 2; and

**Remarks** beginning on page 7 of this paper.

**Listing of Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.

1. (Presently Amended) A method for providing device management services comprising steps of:

gathering, at a server, from a network, status information related to an operating state of each of a plurality of mobile devices, each mobile device utilizing one of a plurality of different mobile operating systems, wherein the status information for each mobile device is gathered from a plurality of sources including each mobile device in a substantially real time manner;

formatting the status information for each of the mobile devices, such that rules can be substantially uniformly applied to the status information across the plurality of different mobile operating systems;

storing the status information in an electronic database accessible to [[a]] the server;

evaluating, at the server, a first compliance state of ~~at least one~~ each of the mobile devices from the status information using a plurality of administrator-defined rules, wherein each of the rules applies to mobile devices regardless of mobile operating system; and

initiating, at the server, at least one action defined by the administrator-defined rules in response to the step of evaluating,

wherein the step of evaluating is performed by the server automatically, in response to changes in the status information in the electronic database.

2. (Original) The method of claim 1, wherein the at least one action is selectable from a plurality of actions, comprising blocking access by the at least one of the mobile devices to a corporate resource.

3. (Original) The method of claim 1, wherein the at least one action is selectable from a plurality of actions, comprising blocking e-mail access for the at least one of the mobile devices.

4. (Original) The method of claim 1, wherein the at least one action is selectable from a plurality of actions, comprising wiping information from the at least one of the mobile devices.

5. (Original) The method of claim 1, wherein the at least one action is selectable from a plurality of actions, comprising warning a user of the at least one of the mobile devices that further action may be taken.

6. (Original) The method of claim 1, wherein the step of gathering status information, for the at least one mobile device, comprises gathering information from that mobile device and at least one other source on the network.

7. (Original) The method of claim 1, further comprising the step of subsequently evaluating a second compliance state of at least one of the mobile devices to determine if the at least one action should be revoked.

8. (Previously Presented) The method of claim 1, wherein the plurality of different mobile operating systems comprise at least operating systems compliant with Android and iOS specifications.

9. (Original) The method of claim 1, wherein the status information comprises location information about each mobile device.

10. (Presently Amended) A method for providing device management services comprising steps of:

receiving, at a server, a plurality of attributes related to an operating state of each of a plurality of mobile devices, each mobile device utilizing one of a plurality of different mobile operating systems, wherein the attributes for each mobile device are gathered from a plurality of sources including each mobile device;

making a determination that an attribute of a mobile device has changed;

evaluating the attribute, by a processor at [[a]] the server in response to the determination, to determine if [[it]] the attribute change triggers at least one of a plurality of administrator-defined rules, which indicates that the attribute is out of compliance, wherein each of the rules applies to mobile devices regardless of mobile operating system; and

automatically initiating, at the server, an action defined by the at least one of a plurality of administrator defined rules if the attribute is out of compliance,

wherein the attribute is stored in a data store accessible to the server, that includes substantially real-time data, gathered from the plurality of sources on a network[[,]] and pertaining to a plurality of attributes of a plurality of mobile devices, ~~comprising devices having~~ wherein the substantially real-time data is formatted, such that the rules can be substantially uniformly applied to the plurality of attributes across the plurality of different mobile operating systems.

11. (Original) The method of claim 10, wherein the step of automatically initiating an action comprises warning a user of the mobile device that the device is out of compliance and subsequently causing the action to be performed if the attribute remains out of compliance after a period of time defined in the at least one rule.

12. (Original) The method of claim 10, further comprising the step of automatically revoking the action if the attribute is brought back into compliance.

13. (Original) The method of claim 12, wherein the step of automatically revoking the action comprises determining if another of the plurality of rules is triggered.

14. (Original) The method of claim 10, further comprising the step of gathering the plurality of attributes for at least one of the plurality of mobile device by gathering attribute information from that mobile device and at least one other source on a network.

15. (Previously Presented) The method of claim 10, wherein the plurality of different mobile operating systems comprise at least operating systems compliant with Android and iOS specifications.

16. (Original) The method of claim 10, wherein the attribute comprises location information about the mobile device.

17. (Presently Amended) A system for providing device management services comprising:

a data store configured to be accessible by a server;

a CPU of the server coupled to a memory configured to execute computer readable instructions;

computer readable instructions for execution on the server comprising instructions configured to:

automatically make a determination that an attribute of a mobile device stored in the data store has changed;

evaluate the attribute, in response to the determination, to determine if [[it]] the attribute change triggers at least one of a plurality of administrator-defined rules, which indicates that the attribute is out of compliance, wherein each of the rules applies to mobile devices regardless of mobile operating system; and

automatically initiate an action defined by the at least one of a plurality of administrator defined rules if the attribute is out of compliance,

wherein the data store is configured to gather~~, from a network,~~ substantially real-time data pertaining to a plurality of attributes [[of a]] related to an operating state of each of the plurality of mobile devices, the attributes for each mobile device being gathered from a plurality of sources including each mobile device, ~~comprising devices having~~ wherein each mobile device utilizes one of a plurality of different mobile operating systems, and the substantially real-time data is formatted, such that the rules can be substantially uniformly applied to the plurality of attributes across the plurality of different mobile operating systems.

18. (Original) The system of claim 17, wherein the computer readable instructions further comprise instructions configured to present a user interface to an administrator to allow selection of at least one attribute and one available action to define the at least one of the plurality of administrator defined rules.

19. (Original) The system of claim 18, wherein at least one of the actions comprises warning a user of the mobile device that the device is out of compliance and causing subsequent action to be performed if the attribute remains out of compliance after a period of time defined in the at least one rule.

20. (Original) The system of claim 17, wherein the computer readable instructions further comprise instructions configured to automatically revoke the action if the attribute is brought back into compliance.

21. (Original) The system of claim 17, wherein the computer readable instructions further comprise instructions configured to gather the plurality of attributes for at least one of the plurality of mobile device by gathering attribute information from that mobile device and at least one other source on a network.

22. (Previously Presented) The system of claim 17, wherein the plurality of different mobile operating systems comprise at least operating systems compliant with Android and iOS specifications.

23. (Original) The system of claim 17, wherein the attribute comprises location information about the mobile device.

## REMARKS

Claims 1-23 were pending in the application. Claims 1, 10, and 17 have been amended. Support for these amendments can be found throughout the application, including but not limited to paragraphs 26, 44-46, 58, and related disclosure. No new matter has been introduced. Accordingly, upon entry of this amendment, claims 1-23 are before the Examiner.

This communication is also being filed with the attached Certification and Request for Consideration under the After Final Consideration Pilot Program 2.0.

### Rejections Under 35 U.S.C. § 102

Claims 1-2, 6, 9-10, 14, 16-18, 21, and 23 stand rejected under 35 U.S.C. § 102(b) as allegedly being anticipated by Thomas et al. (U.S. Patent Publication No. 2010/0242088).

Applicants respectfully disagree for the reasons set forth in the May 19, 2014 amendment. However, in the interest of expediting prosecution, claims 1, 10, and 17 have been amended to so that there can be no question that the pending claims are patentable over the prior art of record.

As previously discussed, Thomas does not handle mobile status information at a server in the claimed manner. Thomas teaches a system that provides for centralized policy updates to client facilities, to allow these client facilities to implement and/or participate in the application of the policies. *See, e.g.,* Thomas at 23, 40, (a centralized threat management facility 100 "facilitate[s] the setting, updating and control of such policies the corporation only needs to be concerned with keeping the threat management facility 100 up to date on such policies. The threat management facility 100 can take care of updating all of the other corporate computing assets." Thomas at 23; "the client facility 144 may be updated with new definition files periodically to provide the client facility 144 with the most recent malicious code definitions." Thomas at 40). Client facilities then use the security information received from the server to ensure compliance. For example, software can be provided to perform disk scans of client files on disk, or as they are sent to or from the client. *See, e.g.,* Thomas at 28. Thomas further teaches URI filtering and monitoring [*Id.* at 29], monitoring behavior before allowing execution of software [*Id.* at 30], monitoring outgoing files [*Id.* at 42]. These are all processes that necessarily take place at the client. In contrast, the rule enforcement and actions in the pending claims take place on the server, in response to real-time status information received from mobile devices.

The pending claims provide specific limitations as to how this information is handled by the server that are simply not taught by Thomas.

Taking claim 1 as an example, claim 1 requires "gathering, at a server, from a network, status information related to an operating state of each of a plurality of mobile devices." Thomas does not teach that any status information is ever gathered at a server, instead teaching that compliance definitions are sent from a server, which allows enforcement at a client. Additionally, claim 1 also requires that this "information for each mobile device is gathered from a plurality of sources including each mobile device in a substantially real time manner." Since Thomas fails to teach that mobile device status information is gathered by a server, Thomas certainly fails to teach that the gathering of information for an individual mobile device includes multiple sources (e.g., the mobile device and at least one other source, such as another server that has access to device status information (e.g., Apple's MDM server that monitors iOS devices – *see, e.g.,* Application at 45-46). Nor does Thomas teach that the absent gathering occurs in a substantially real-time manner.

Because Thomas is unconcerned with gathering mobile device status information at a server, Thomas further fails to teach formatting that information such that rules at the server can be uniformly applied across multiple mobile device operating systems. Furthermore, because Thomas is silent as to rules enforced (rather than simply maintained) at the server, Thomas also fails to teach that these rules are applied regardless of mobile operating system or that resulting actions are initiated at the server.

In addition, regarding claims 10 and 17, Thomas is silent as to gathering of mobile device attributes in the manners discussed with respect to claim 1 and Thomas further fails to teach that those mobile device attributes are stored in a data store accessible to the server, in the claimed manner.

Accordingly, in addition to the distinctions previously discussed in the last amendment, the newly amended independent claims 1, 10, and 17 have several elements that are not taught by Thomas and would not be obvious in light of Thomas. Furthermore, no conceivable combination of Thomas and the remaining cited references could solve these infirmities. Therefore, Applicants respectfully submit that independent claims 1, 10, and 17 are allowable in their present form.

Applicants further submit that, because claims 2, 6, 7, 9, 14, 16, 18, 21, and 23 depend from and incorporate all of the limitations of the respective independent claims, these dependent

claims are non-obvious over the cited references for at least the reasons stated above with respect to the independent claims. Applicants also believe that any further discussion of the patentability of the additional elements in the dependent claims in light of infirmities of the prior art is not needed as moot. However, Applicants reserve the right to discuss these individual elements further if the Examiner disagrees with Applicants' current arguments with respect to the independent claims.

Accordingly, Applicants respectfully request that the rejections associated with claims 1-2, 6, 9-10, 14, 16-18, 21, and 23 be withdrawn and allowance of these claims be swiftly granted.

**Rejections Under 35 U.S.C. § 103**

Claim 3 stands rejected under 35 U.S.C. § 103(a) as allegedly being obvious over Thomas in view of Moghaddam et al. (U.S. Patent Publication No. 2008/0114862).

Claims 4, 8, 15, and 22 stand rejected under 35 U.S.C. § 103(a) as allegedly being obvious over Thomas in view of Naiman et al. (International Patent Publication No. WO 2011/022053).

Claims 5, 11, and 19 stand rejected under 35 U.S.C. § 103(a) as allegedly being obvious over Thomas in view of Yaqub et al. (U.S. Patent Publication No. 2007/0206552).

Claims 7, 12, 13, and 20 stand rejected under 35 U.S.C. § 103(a) as allegedly being obvious over Thomas in view of Germano et al. (U.S. Patent Publication No. 2007/0266422).

None of these references solve the above infirmities with Thomas, discussed above, in any conceivable combination. Therefore, Applicants respectfully submit that, because each of these claim depend from and incorporate all of the limitations of the respective independent claims, these dependent claims are non-obvious over the cited references for at least the reasons stated above with respect to the independent claims. See MPEP §2143.03 (stating that if an independent claim is nonobvious under 35 U.S.C. §103, then any claim depending therefrom is nonobvious). Applicants also believe that any further discussion of the patentability of the additional elements in the dependent claims in light of infirmities of the prior art is not needed as moot. However, Applicants reserve the right to discuss these individual elements further if the Examiner disagrees with Applicants' current arguments with respect to the independent claim.

Accordingly, Applicants respectfully request that the rejections associated with these remaining claims be withdrawn and allowance of these claims be swiftly granted.

## CONCLUSION

Early reconsideration and allowance of all pending claims is respectfully requested. The Examiner is requested to contact the undersigned attorney if an interview, telephonic or personal, would facilitate allowance of the claims.

## AUTHORIZATION

The Commissioner is hereby authorized to charge any additional fees which may be required for this response, or credit any overpayment, to deposit account no. 50-0436.

Respectfully Submitted

By: /Michael K. Jones, Reg. No. 41100/
Michael K. Jones
Registration No. 41,100

Dated: **February 9, 2015**
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Street
Philadelphia, PA 19103-279
Telephone: (215) 981-4405
Facsimile: (610) 640-7835