# Exhibit 9

12-18-07 AF



O I P E IAP86
DEC 17 2007
PATENT & TRADEMARK OFFICE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Appl. No.: 10/406,664 Confirmation No.: 1831

Applicant: Michael Pierre Carlson

Filed: April 3, 2003

TC/A.U. 2134

Examiner: Matthew E. Heneghan

Docket No.: AUS920030151US1

Customer No.: 46129

Title: METHOD AND SYSTEM FOR DYNAMIC ENCRYPTION OF A URL

Honorable Commissioner
P. O. Box 1450
Alexandria, Virginia 22313-1450

"Express Mail" Mailing Label
Number : EB 817922439 US
Date of Deposit December 17, 2007
I hereby certify that this paper or fee is being deposited with the United States Postal Services "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, P. O. Box 1450 Alexandria, Virginia 22313-1450
[signature]
Darcell Walker, Reg. No. 34,945

## APPELLANT'S BRIEF
## IN RESPONSE TO OFFICE ACTION UNDER 37 C.F.R. § 1.192

This brief is filed in triplicate in support of the previously filed Notice of Appeal, which was filed October 15, 2007 which appealed from the decision of the examiner dated March 26, 2007, rejecting claims 1, 4-10, 12-14 and 17-26. The fee required under 37 C.F.R. § 1.17(c) for filing a brief in support of an appeal is provided in the Transmittal of Appeal Brief filed herewith.

## . REAL PARTY IN INTEREST

The real party in interest in this appeal is International Business Machines Corporation (IBM).

## 2. RELATED APPEALS AND INTERFERENCES

With respect to other appeals or interferences that will directly affect, or be directly affected by, or have a bearing on the Board's decision in the pending appeal, there are no such appeals or interferences.

## 3. STATUS OF CLAIMS

1, 4-10, 12-14 and 17-16 are pending in this application. Claims 1, 4-10, 12-14 and 17-16 have been appealed. No claims have been allowed.

## 4. STATUS OF AMENDMENTS

Applicant has filed an amendment after final to address examiner's objections to the claims. Claim 6 was rejected under 35 U.S.C. 101. The examiner asserted that the claim lacked patentable utility. The actual assertion was that the determination by the method as to whether an encryption is required or a source is available is not a useful, concrete and tangible step. The amended claim contains the step of determining the encrypted value of the requested resource in response to the determination of whether an encryption is required or a source is available.

## 5. SUMMARY OF THE CLAIMED SUBJECT MATTER

Claim 1 describes a method for restricting access to information transmitted over a computing network. In this method a network location request for a resource is received that contains a universal resource locator (URL) (step 40 of Figure 2 and paragraph [0039]). The URL is evaluated to determine whether encryption of none, part, or the entire URL is required (step 40 of Figure 2 and paragraph [0039]). There is a determination of whether the requested resource is available (Figure 3, block 54, paragraph [0040]). If the resource is available, the resource contained in the request is

located (Figure 3, block 54, paragraph [0040]). The URL contained in the resource request is then encrypted (Figure 2, step 43, paragraph [0039]). Finally, there is a determination of whether an encryption is required for none, part, or all of a URL of the requested resource that is to be returned to the requestor location (Figure 2, step 43, paragraph [0039]).

Claim 6 describes a method for restricting access to information transmitted over a computing network. In this method a network location request for a resource is received that contains a universal resource locator (URL) (step 40 of Figure 2 and paragraph [0039]). The URL is evaluated to determine whether encryption of none, part, or the entire URL is required (step 40 of Figure 2 and paragraph [0039]). There is a determination of whether the requested resource is available (Figure 3, block 54, paragraph [0040]). The resource contained in the resource request is located (Figure 3, block 54, paragraph [0040]). There is a determination of determining whether encryption of the requested resource is required (Figure 3, block 56, paragraph [0040]). When encryption of the requested resource is required, there is determination of whether the URL of the requested resource is required (Figure 3, block 57, paragraph [0040]). When encryption is required, there is a determination of whether the encrypted value of the requested resource (Figure 3, block 58, paragraph [0040]). At this point, the URL contained in the resource request is encrypted (Figure 2, step 43, paragraph [0039]). There is determination of whether encryption of the return URL of the requested resource is required, when the resource is available (paragraph [0039]).

Claim 10 describes a method for restricting access to information transmitted over a computing network. In this method a network location request for a resource is received that contains a universal resource locator (URL) (step 40 of Figure 2 and paragraph [0039]). The URL is evaluated to determine whether encryption of none, part, or the entire URL is required (step 40 of Figure 2 and paragraph [0039]). The URL of the network location of the request is encrypted Figure 2, step 43, and paragraph [0039]). This encrypted URL is then transferred to the destination of the requested resource

(paragraph [0039]). This transmitted URL is received at the desired destination location (Figure 2, step 44 and paragraph [0039]). The requested resource is identified based on the encrypted URL (Figure 4, step 69, paragraph [0043]). The encrypted URL is decrypted (Figure 2 step 45 and Figure 3, step 60). There is a determination of whether the located resource is available (Figure 4, step 70, paragraph [0043]). The requested resource is then located (Figure 3, step 61, paragraph [0042]).

Claim 14 describes a computer program product stored in a computer readable storage medium for restricting access to information transmitted over a computing network. In this method a network location request for a resource is received that contains a universal resource locator (URL) (step 40 of Figure 2 and paragraph [0039]). The URL is evaluated to determine whether encryption of none, part, or the entire URL is required (step 40 of Figure 2 and paragraph [0039]). There is a determination of whether the requested resource is available (Figure 3, block 54, paragraph [0040]). If the resource is available, the resource contained in the request is located (Figure 3, block 54, paragraph [0040]). The URL contained in the resource request is then encrypted (Figure 2, step 43, paragraph [0039]). Finally, there is a determination of whether an encryption is required for none, part, or all of a URL of the requested resource that is to be returned to the requestor location (Figure 2, step 43, paragraph [0039]).

Claim 19 describes a computer program product stored in a computer readable storage medium for restricting access to information transmitted over a computing network. This product contains instructions for receiving at a network location a request for a resource, said request containing a universal resource locator (URL) (step 40 of Figure 2 and paragraph [0039]). Instructions evaluate the URL to determine whether encryption of the URL is required (step 40 of Figure 2 and paragraph [0039]). Instructions locate the resource contained in the resource request, when encryption of the URL is not required (Figure 3, steps 57 and 62, paragraph [0040]). Instructions determine whether the located resource is available. Instructions determine whether encryption of a return URL of the requested resource is required, when the resource is available (paragraph [0039]).

Claim 23 describes a computer program product stored in a computer readable storage medium for restricting access to information transmitted over a computing network. This product contains instructions for receiving at a network location a request for a resource, said request containing a universal resource locator (URL) (step 40 of Figure 2 and paragraph [0039]). Instructions evaluate the URL to determine whether encryption of the URL is required (step 40 of Figure 2 and paragraph [0039]). Next there are instructions for encrypting the URL of the network location of the request (Figure 2, step 43, paragraph [0039]). Additional instructions determine whether the located resource is available (Figure 3, step 55). Finally, instructions for locate the requested resource (Figure 3, steps 61 and 62).

## 6. GROUNDS OF REJECTIONS TO BE REVIEWED ON APPEAL

**6.A. – Was 35 U.S.C. § 102(e) properly applied against claims 1,4-10, 12-14 and 17-26 as being anticipated by U.S. Patent Application Publication No.: 2003003/7232 to Bailiff.**

## 7 ARGUMENTS IN SUPPORT OF SEPARATE PATENTABILITY

**7a. Arguments in response to 6a.**

Initial teachings of Bailiff

Bailiff describes a method of encoding a remote record identifier, such as a Universal Resource Locator, that maintains compatibility with active content by creating a new identifier from a base portion and a path and/or query portion. The remote record identifier is encrypted using suitable encryption techniques. The path and/or query portion is processed to produce a substitute path and/or query element for each path and/or query. The encrypted base portion and the substitute path and/or query elements are combined to form a composite encrypted remote record identifier and gateway parameters are added to form an encrypted rewritten record identifier. Also disclosed is a method of decrypting an encrypted rewritten record identifier and a gateway apparatus

for mediating communication between a client system and a server system using the remote record identifier encryption and decryption methods.

Contrasting Bailiff to the Present Invention

Applicants' present invention provides a dynamic, easily configurable system, which can be used to encrypt or otherwise hide the internal structure of a network. The present invention protects access to computing systems via a URL by encrypting all or a portion of the URL during the transmission of information over a network. Prior to the actual transmission of the information, fields in the URL can be encrypted using conventional encryption techniques. The encryption will occur after the destination has been determined such that the encryption will not cause the information to be misdirected to a wrong destination. At the destination location, there is first a determination that this URL is an encrypted URL. At this point, a decryption technique is employed based on the predetermined encryption scheme to decrypt the URL. The full URL is now accessed only by the destination location and is not accessible during travel over the network between the originating and destination locations.

Although Bailiff does describe concepts and objectives that are similar to Applicants' present invention, Bailiff does not have steps that perform an evaluation of a URL to determine if encryption of the URL is necessary. The encryption in Bailiff is automatically performed. Bailiff focuses on a method of recovering encrypted path and gateway information from URLs, which have been modified using an absolute path. Applicants' present invention focuses on a unique method for dynamic encryption of a URL for security purposes. This method focuses on encryption of none, part or all of a URL. The present invention focuses on creating an encrypted URL. Bailiff focuses on recovery of URL information.

**Arguments for Novelty**

Bailiff does describe the general concept of encrypting a URL. The primary point of novelty of the present invention is evaluating the URL to determine whether encryption of the URL is required. Bailiff does describe a situation where a system

resource is not located. In these cases, a system gateway identifies this situation as one that the gateway needs to handle. An encrypted URL is constructed from the URL of the resource request, which produces a return URL. The step of identifying situations that the gateway needs to handle could be argued as a determination of when to encrypt a URL.

The main issue is whether the teachings of Bailiff describe the steps of evaluating the URL to determine whether encryption of all or part of the URL is prepared. Applicants' position is that Bailiff does not have steps that perform an evaluation of a URL to determine if encryption of the URL is necessary. The encryption in Bailiff is automatically performed without an initial URL evaluation. Another step not anticipated by Bailiff is encrypting the URL of the requested resource that is to be returned to the requestor location as determined when the determination is that encryption is required. As mentioned, Bailiff, focuses on recovery of LOST URL information.

Although Bailiff does describe concepts and objectives that are similar to Applicants' present invention, Bailiff does not have steps that perform an evaluation of a URL to determine if encryption of the URL is necessary. The encryption in Bailiff is automatically performed. Steps 82 of Figure 6 and 88 of Figure 7 along with paragraph [0039] of Applicants' present invention explain this evaluation step. Further, contrary to the examiner's assertion, Bailiff (paragraphs 81-86 and 97 do not discuss or mention a step of determining whether encryption is necessary.

Referring again to the Examiner's comments, paragraphs 98-101 and figure 5 discuss an extraction (503 and 504), but not an encryption step as described in the present invention. In paragraph 101, there is a merging of encrypted information and gateway information. Further step 404 of figure 4 is also an extraction step, not an encryption step.

In addition to these distinctions, the claims of Applicants' present invention describe multiple encryption steps that are not described in Bailiff.

In order to sustain a rejection of claims under 35 U.S.C. 102(e) as being anticipated by U.S. Patent application publication number 2003/0037232 each element of a claim must be described/disclosed in the cited reference. Contrary to the examiner's

statement that all elements are disclosed in the cited reference U .S. Patent application publication number 2003/0037232 to Bailiff , the steps of:

locating the resource contained in the resource request;
determining whether encryption of the requested resource is required;
when encryption of the requested resource is required, determining whether the URL of the requested resource is required;
determining the encrypted value of the requested resource;
encrypting the URL contained in the resource request;
determining whether encryption is required for none, part, or all of a URL of the requested resource that is to be returned to the requestor location; and
encrypting the URL of the requested resource that is to be returned to the requestor location as determined when the determination is that encryption is required;

are not disclosed in Bailiff. As a result the rejection is unsupported by the art and should be withdrawn.

## 8. CONCLUSION

In view of the above arguments, it is respectfully urged that the novelty rejection of the claims should not be sustained. Although the cited references do have similarities to Applicants' present invention, Applicants submit Bailiff does not describe the present invention as claimed. Applicants submit the present invention contains features that are described in Bailiff. Applicants assert that the examiner is incorrect in asserting that some of the features of the Applicants' present invention are inherent in Bailiff.

Applicant believes this reply to be fully responsive to all outstanding issues and place this application in condition for allowance. If this belief is incorrect, or other issues arise, do not hesitate to contact the undersigned at the below listed telephone number. Applicants have petitioned for a one-month extension and have included the appropriate fee for such extension of time.

In view of the above, Applicant respectfully submits Applicant believes this reply to be fully responsive to all outstanding issues and place this application in condition for allowance.

Respectfully Submitted,

Darcell Walker
Reg. No. 34,945
P. O. Box 25048
Houston, Texas 77265
713-772-1255
December 17, 2007

## APPENDIX I - CLAIMS

Claim 1 (Previously presented) A method for restricting access to information transmitted over a computing network comprising the steps of:

receiving at a network location a request for a resource, said request containing a universal resource locator (URL);

evaluating the URL to determine whether encryption of none, part, or the entire URL is required;

determining whether the requested resource is available;

locating the resource contained in the resource request, when the determination is that the resource is available;

encrypting the URL contained in the resource request; and

determining whether encryption is required for none, part, or all of a URL of the requested resource that is to be returned to the requestor location.

Claim 2 (Canceled)

Claim 3 (Canceled)

Claim 4 (Previously presented) The method as described in claim 1 further comprising after a determination that the requested resource is available, the steps of: determining whether encryption of the requested resource is required; when encryption of the requested resource is required, determining whether the URL of the requested resource is required; determining the encrypted value of the requested resource.

Claim 5 (Original) The method as described in claim 4 further comprising at the resource destination location, the steps of: encrypting the return URL; and sending the encrypted URL and encrypted requested resource to the location of the original resource request; and decrypting the URL and requested resource at the original resource request location.

Claim 6 (Currently Amended) a method for restricting access to information transmitted over a computing network comprising the steps of:

receiving at a network location a request for a resource, said request containing a universal resource locator (URL);

evaluating the URL to determine whether encryption of the URL is required;

locating the resource contained in the resource request, when encryption of the URL is not required;

determining whether the requested resource is available;

when the determination is that the resource is available, the steps of:

locating the resource contained in the resource request; determining whether encryption of the requested resource is required; when encryption of the requested resource is required, determining whether the URL of the requested resource is required; determining the encrypted value of the requested resource;

encrypting the URL contained in the resource request; and

determining whether encryption of the return URL of the requested resource is required, when the resource is available.

Claim 7 (Previously presented) The method as described in claim 6 wherein an error message is generated when the determination is that the located resource is unavailable.

Claim 8 (Original) The method as described in claim 6 further comprising after the determination that the return URL requires encryption the steps of: determining an encrypted value for the return URL; and sending a redirect to the browser originating the resource request using the encrypted return URL.

Claim 9 (Original) The method as described in claim 6 further comprising the step sending the resource to the requesting browser when encryption of the return URL is not required.

Claim 10 (Previously presented) A method for restricting access to information transmitted over a computing network comprising the steps of:

receiving at a network location a request for a resource, said request containing a universal resource locator (URL);

evaluating the URL to determine whether encryption of the URL is required;

encrypting the URL of the network location of the request;

transmitting the message containing the encrypted URL to the destination of the requested resource;

receiving the message at the desired destination;

identifying the requested resource based on the information in the encrypted URL;

decrypting the encrypted URL;

determining whether the located resource is available; and

locating the requested resource.

Claim 11 (Canceled)

Claim 12 (Previously presented) The method as described in claim 10 further comprising after said locating step, the step of determining whether encryption of a return URL of the requested resource is required, when the resource is available.

Claim 13 (Currently Amended) The method as described in claim 10 wherein the encrypted URL is decrypted to the plain text value.

Claim 14 (Previously presented) A computer program product stored in a computer readable storage medium for restricting access to information transmitted over a computing network comprising:

instructions for receiving at a network location a request for a resource, said request containing a universal resource locator (URL);

instructions for evaluating the URL to determine whether encryption of none, part, or all of the URL is required;

instructions for locating the resource contained in the resource request;

instructions for encrypting the URL contained in the resource request;

instructions for determining whether the requested resource is available;

and

instructions for determining whether encryption of none, part, or all of the is required for a URL of the requested resource that is to be returned to the requestor location.

Claim 15 (Canceled)

Claim 16 (Canceled)

Claim 17 (Previously presented) The computer program product as described in claim 14 further comprising after said instructions for determination that the requested resource is available;

instructions for determining whether encryption of the requested resource is required;

when encryption of the requested resource is required, instructions for determining whether the URL of the requested resource is required;

instructions for determining the encrypted value of the requested resource.

Claim 18 (Previously presented) The computer program product as described in claim 14 further comprising at the resource destination location, instructions for: encrypting the return URL; and sending the encrypted URL and encrypted requested resource to the location of the original resource request; and decrypting the URL and requested resource at the original resource request location.

Claim 19 (Previously presented) A computer program product stored in a computer readable storage medium for restricting access to information transmitted over a computing network comprising:

instructions for receiving at a network location a request for a resource, said request containing a universal resource locator (URL);

instructions for evaluating the URL to determine whether encryption of the URL is required;

instructions for locating the resource contained in the resource request, when encryption of the URL is not required;

instructions for determining whether the located resource is available; and

instructions for determining whether encryption of a return URL of the requested resource is required, when the resource is available.

Claim 20 (Previously presented) The computer program product as described in claim 19 further comprising instructions for generating an error message when the determination is that the located resource is unavailable.

Claim 21 (Original) The computer program product as described in claim 19 further comprising after the determination that the return URL requires encryption: instructions for determining an encrypted value for the return URL; and instructions for sending a redirect to the browser originating the resource request using the encrypted return URL.

Claim 22 (Original. The computer program product as described in claim 19 further comprising instructions for sending the resource to the requesting browser when encryption of the return URL is not required.

Claim 23 (Previously presented) A computer program product stored in a computer readable storage medium for restricting access to information transmitted over a computing network comprising:

instructions for receiving at a network location a request for a resource, said request containing a universal resource locator (URL);

instructions for evaluating the URL to determine whether encryption of the URL is required;

instructions for encrypting the URL of the network location of the request;

instructions for determining whether the located resource is available; and

instructions for locating the requested resource.

Claim 24 (Original) The computer program product as described 23 further comprising after said encrypting instructions: instructions for transmitting the request message containing the encrypted URL to the destination of the requested resource; instructions for receiving the message at the desired destination; instructions for identifying the requested resource based on the information in the encrypted URL; and instructions for decrypting the encrypted URL.

Claim 25 (Previously presented) The computer program product as described in claim 24 further comprising after said locating instructions, instructions for determining whether encryption of a return URL of the requested resource is required, when the resource is available.

Claim 26 (Original). The computer program product as described in claim 24 wherein said decrypting instructions further comprise instruction for determining the plain text value.

**EVIDENCE APPENDIX**

In accordance with 37 CFR 41.37, submitted herein evidence entered by the examiner and relied upon by appellant in the appeal. The examiner in an office letter dated March 26, 2007 entered the evidence. The evidence includes:

U.S. Patent Application Publication No.: 2003003/7232 - Bailiff.

## RELATED PROCEEDINGS APPENDIX

There are no related proceedings for this appeal.