IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **IN RE: TAASERA LICENSING LLC, PATENT LITIGATION** | MDL No. 2:22-md-3042-JRG<br><br>THIS DOCUMENT RELATES TO:<br><br>C.A. No. 2:22-cv-63-JRG<br><br>C.A. No. 2:21-cv-441-JRG<br><br>C.A. No. 2:22-cv-303-JRG<br><br>C.A. No. 2:22-cv-314-JRG |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO AMEND THEIR
INVALIDITY CONTENTIONS FOR THE '796 PATENT**

Pursuant to Local Rule 3-6(b), Defendants Check Point Software Technologies Ltd. ("Check Point"), Trend Micro Inc. ("Trend Micro"), and Palo Alto Networks, Inc. ("PAN") (collectively "Defendants") request leave to amend four of their nine invalidity charts regarding U.S. Patent No. 6,842,796 ("'796 patent") as shown in Exs. A, B, C, D.[1] The '796 patent is not asserted against any other MDL defendants.

Good cause exists to grant this motion. The Defendants seek to supplement their contentions to account for a *sua sponte* claim construction by the Patent Trial and Appeal Board ("PTAB") in an order denying a petition for *inter partes* review ("IPR") of the '796 patent. That claim construction was not briefed before the PTAB and is not an issue before the Court in the *Markman* proceedings here. Further, Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff")

---

[1] The exhibits show, in redline, only the portions of the invalidity contentions that contain proposed supplementations. The remainder of the contentions are excluded for brevity.

1

will not be prejudiced because (1) no new prior art is being added, (2) Defendants only seek to amend four of their nine charts, and (3) the edits are narrowly tailored to address the PTAB's claim construction—indeed, Defendants only seek to supplement regarding limitations 1[b] and 12[b] (which relates back to 1[b]).

## BACKGROUND

The '796 patent is asserted against Check Point, Trend Micro, and PAN. Limitations 1[a] and 1[b] of the '796 patent recite:

> 1[a] identifying at least one regularly identifiable expression in the input sequence of data symbols . . .;
>
> 1[b] identifying at least a portion of information associated with the at least one regularly identifiable expression;

Ex. E ('796 patent).

On January 10, 2023, PAN filed a petition for IPR based on four prior art references—U.S. Patent Nos. 6,311,194 ("Sheth"), 6,278,996 ("Richardson"), 5,913,214 ("Madnick"), and 6,507,643 ("Groner")—and based on three grounds:

| Ground | Claims | Basis | References |
|---|---|---|---|
| 1 | 1-10, 12-21, 23, 25 | 103 | Sheth |
| 2 | 1-10, 12-21, 23, 25 | 103 | Richardson, Madnick |
| 3 | 11, 22, 24 | 103 | Richardson, Madnick, Groner |

*See* Ex. F (PTAB Decision) at 3.

On March 28, 2023, Check Point and Trend Micro timely served their Invalidity Contentions, and on April 29, 2023, PAN timely served its Invalidity Contentions. The Defendants' contentions include nine invalidity charts for the following prior art references: Sheth, Richardson, Madnick, *Mastering Regular Expression: Powerful Techniques for Perl and Other*

2

*Tools* ("Friedl"), U.S. Patent Nos. 5,715,468 ("Budzinski"), 6,373,958 ("Hu"); 6,169,999 ("Kanno"), and 7,584,120 ("Yun"), and U.S. Patent Publication No. 2005/0171932 ("Nandhra").

On July 13, 2023, the parties filed their Joint Claim Construction and Prehearing Statement. Dkt. 249. The parties did not seek a construction for limitation 1[b] of the '796 patent. *See id.* at 3.

On August 15, 2023, the PTAB denied institution of PAN's petition for IPR. Ex F. The PTAB's "Decision turn[ed] on claim construction" even though the "parties d[id] not offer competing views on claim construction." *Id.* at 8. Specifically, the PTAB construed limitations 1[a] and 1[b] to mean that the identified "regularly identifiable expression" (*i.e.*, "first text") cannot be the "same" as the identified "portion of information associated with [that] expression" (*i.e.*, "second text"). *Id.* at 9–10, 12. More specifically, the PTAB explained that the first text and second text cannot be *identical*, but left open whether the second text could be a *subset* of the first text:

> It is possible that a proper construction of the claims permits the information found in the second step to be a subset of the expression found in the first step; we need not resolve that issue. Our claim construction need not go any further than saying that two items are searched for and that the two searched-for items are not the same. The regularly identifiable expression here possibly could be "call me back at 555-1234" or "call me back at," but in either case those strings are different from the information to extract, "555-1234."

*Id.* at 10 n.2.[2]

Now, Defendants seek to bolster their disclosures for limitations 1[b] and 12[b] for their charts based on Friedl, Hu, Nandhra, and Yun. Redlined versions of the proposed edits for those

---

[2] Defendants do not agree with the PTAB because the plain meaning of the phrase "associated with" does not preclude the second text from being the same as the first text. At minimum, Defendants contend that the second text can be a subset of the first text. Nonetheless, Defendants seek leave to amend insofar as the Court is inclined to apply the PTAB's construction in these proceedings.

charts are attached. *See* Exs. A (Am. Chart for Friedl), B (Am. Chart for Hu), C (Am. Chart for Nandhra), D (Am. Chart for Yun). The proposed additions are tailored to further show that the "first text" and the "second text" are not the "same." *See* Ex. F at 9–10, 12

## ARGUMENT

Invalidity Contentions may be amended upon a showing of good cause. Patent Local Rule 3-6(b). "Courts routinely consider four factors to determine whether good cause has been shown: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-cv-269-JRG, 2021 WL 4894262, at *1 (E.D. Tex. Oct. 19, 2021) (internal quotes and citations omitted).

Good cause exists here. The Defendants diligently sought leave to amend just over a month after the PTAB's order. The amendments are important to Defendants' invalidity defenses because they address the PTAB's claim construction. And Plaintiff will not be prejudiced because it has been aware of the four references since March, the Defendants are merely bolstering their existing theories of invalidity, and the case is still at a relatively early stage.

### I.  Defendants Diligently Sought Leave to Amend After the PTAB's Order.

The PTAB issued its order five months after Defendants served their Invalidity Contentions, and the Defendants could not have anticipated that the PTAB would issue a claim construction given that neither party to the IPR sought any constructions. *See* Ex. F at 8. Defendants diligently sought leave to amend just a month after the PTAB's order. *See id.* at 1.

### II. The Amendments Are Important to Defendants' Invalidity Cases.

The proposed amendments are important to the Defendants' invalidity cases. Without them, the Defendants will not otherwise have an opportunity to make clear that their invalidity

4

contentions account for an interpretation of claim terms that was at least dispositive to the PTAB in deciding whether to institute IPR and likewise could impact this litigation. Further, given the PTAB's denial, three of Defendants' prior art references (Sheth, Richardson, and Madnick) are arguably weakened. As such, Defendants' remaining six references—including the four at issue here—are all the more important to the Defendants' invalidity cases.

### III. Plaintiff Will Not Be Prejudiced Because Defendants Do Not Seek to Add Additional Prior Art References, Defendants' Invalidity Theories Are Not Changing, and the Case Is Still Relatively Young.

Plaintiff will not be prejudiced if Defendants are granted leave to amend their invalidity contentions.

*First*, no new prior art references are being asserted. *See Garrity*, 2021 WL 4894262, at *2 (granting leave to amend invalidity contentions where the plaintiff had been on notice of the prior art reference since the defendant's original invalidity contentions). Plaintiff has been aware of the four references at issue since March 2023.

*Second*, Defendants' invalidity theories are not changing. The proposed amendments are directed to merely pointing out how the prior art references already account for the PTAB's construction. *See id.* (granting leave to amend where the "redlines show[ed] that Defendants bolstered—but did not change—their invalidity theory").

*Third*, the case is still relatively young. The Court has not issued a *Markman* order. Fact discovery does not close until November 6, 2023. And the patent local rules expressly anticipate amendments to invalidity contentions premised on claim construction rulings. P.L.R. 2-6(a)(2) (permitting amendment of invalidity contentions within 50 days after service by the Court of its Claim Construction Ruling); *accord Garrity*, 2021 WL 4894262, at *2 (granting leave to amend *after* claim construction and *after* fact discovery closed). Accordingly, Plaintiff will not be prejudiced here.

### IV. Plaintiff Could Seek a Continuance.

The Defendants do not believe a continuance is necessary because Plaintiff will not be prejudiced. In any case, a short continuance would not unduly delay resolution of this matter. Indeed, the parties agreed to an eighth amended docket control order just weeks ago (September 7, 2023). *See* C.A. No. 2:22-md-3042-JRG, Dkt. 278. There is still flexibility in the schedule.

### CONCLUSION

For the foregoing reasons, Check Point, Trend Micro, and PAN respectfully request that the Court grant them leave to amend their Invalidity Contentions.

Dated: October 3, 2023                                  Respectfully submitted,

By: */s/ Eric H. Findlay*
  Eric H. Findlay
  efindlay@findlaycraft.com
  State Bar No. 00789886
  Brian Craft
  bcraft@findlaycraft.com
  State Bar No. 04972020
  **FINDLAY CRAFT, P.C.**
  7270 Crosswater Avenue, Suite B
  Tyler, Texas 75703
  Telephone: (903) 534-1100
  Facsimile: (903)-534-1137

  Clement S. Roberts
  Email. croberts@orrick.com
  CA State Bar No. 209203
  Sarah K. Mullins
  sarahmullins@orrick.com
  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
  405 Howard Street
  San Francisco, CA 94105
  Telephone: (415) 773-5700
  Facsimile: (415) 773-5759

  Alyssa Caridis
  acaridis@orrick.com

Gerald Porter
gporter@orrick.com
David Medina
dmedina@orrick.com
Jake O'Neal (Admitted *Pro Hac Vice*)
jake.oneal@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 612-2372
Facsimile: (213) 612-2499

Evan Brewer (Admitted *Pro Hac Vice*)
ebrewer@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
100 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7497
Facsimile: (650) 614-7401

***ATTORNEYS FOR CHECK POINT SOFTWARE TECHNOLOGIES LTD.***


 */s/ D. Stuart Bartow*
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 847-4150
Facsimile: (650) 618-8505
dsbartow@duanemorris.com

Holly Engelmann
State Bar No. 24040865

7

Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

Gilbert A. Greene
TX Bar No. 24045976
W. Andrew Liddell
TX Bar No. 24070145
BGreene@duanemorris.com
WALiddell@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Cap. of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: 512-277-2300
Facsimile: 512-277-2301

Christopher J. Tyson
**DUANE MORRIS LLP**
901 New York Avenue N.W., Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-7800
Facsimile: (202) 776-7801
cjtyson@duanemorris.com

Brianna M. Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1198
Facsimile: 215-754-4983

***ATTORNEYS FOR TREND MICRO INCORPORATED (JAPAN)***

 */s/ Michael R. Rueckheim*
Melissa Richards Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue

       Marshall, TX 75670
       Telephone: 903-934-8450
       Facsimile: 903-934-9257

       Kelly C. Hunsaker
       KHunsaker@winston.com
       Michael R. Rueckheim
       State Bar No. 24081129
       MRueckheim@winston.com
       Eimeric Reig-Plessis
       EReigPlessis@winston.com
       **WINSTON & STRAWN LLP**
       255 Shoreline Drive, Suite 520
       Redwood City, CA 94065
       Telephone: (650) 858-6500
       Facsimile: (650) 858-6550

       ***ATTORNEYS FOR PALO ALTO NETWORKS, INC.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 3, 2023, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service *via* the Court's CM.ECF system per Local Rule CV-5(a)(3).

*/s/Eric H. Findlay*
Eric H. Findlay

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that Counsel for Plaintiff and Counsel for Defendants met and conferred per Local Rule CV-7(h) and that this motion is unopposed by Counsel for Plaintiff.

*/s/Eric H. Findlay*
Eric H. Findlay
