# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION § § § § THIS DOCUMENT RELATES TO ALL § CASES § § | CIVIL ACTION NO. 2:22-MD-03042-JRG |

## ORDER

Before the Court is the Unopposed Motion for Leave to Amend Invalidity Contentions (the "Motion") filed by Defendants Check Point Software Technologies Ltd. ("Check Point"), Trend Micro Inc. ("Trend Micro"), Fortinet, Inc. ("Fortinet"), Musarubra US LLC, d/b/a Trellix ("Trellix"), Palo Alto Networks, Inc., ("PAN"), and CrowdStrike, Inc. and CrowdStrike Holdings, Inc. ("CrowdStrike") (collectively "Defendants"). (Dkt. No. 290.) In the Motion, the Defendants seek to supplement their invalidity contentions in two ways. (*Id.* at 1.) First, the Defendants seek to supplement their existing contentions as to U.S. Patent Nos. 8,955,038 ("'038 Patent") 9,608,997 ("'997 Patent"), and 9,923,918 ("'918 Patent") about a prior art system called CyberGatekeeper, created by third party InfoExpress, with information recently learned through third party discovery. (*Id.*) Second, the Defendants seek to add a ground of invalidity based on obviousness-type double patenting ("ODP") of U.S. Patent No. 7,673,137 ("the '137 patent") in view of a related patent, U.S. Patent No. 7,565,549 ("the '549 patent"). Defendants assert that good cause exists to amend their invalidity contentions. (*Id.* at 1–2.) The Motion is unopposed. (*Id.* at 12.)

Having considered the Motion, and noting its unopposed nature, the Court is of the opinion that it should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that Defendants are

permitted to supplement their existing invalidity contentions in the manner outlined in the Motion and discussed *supra*.

**So ORDERED and SIGNED this 16th day of October, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE