# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | § | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § | Case No. 2:22-md-03042-JRG |
| | § | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | § § § | |

**PLAINTIFF TAASERA LICENSING LLC'S
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO AMEND INVALIDITY CONTENTIONS FOR THE '796 PATENT (DKT. 292)**

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 3

A. Defendants Were Not Diligent ........ 3

B. Defendants Are Unable to Show the Importance of the Amendments ........ 4

C. Taasera Would Be Prejudiced ........ 6

D. A Continuance Would Not Cure Prejudice ........ 6

V. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

<div style="text-align: right">Page(s)</div>

**Cases**

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
   388 F.3d 858 (Fed. Cir. 2004) ................................................................................................5

*Cummins-Allison Corp. v. SBM Co.*,
   No. 9:07-CV-196, 2009 WL 763926 (E.D. Tex. Mar. 19, 2009) .............................................4

*Estech Sys., Inc. v. Target Corp.*,
   No. 2:20-CV-00123-JRG-RSP, 2021 WL 2187978 (E.D. Tex. May 28, 2021) ........................3

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*,
   No. 2:20-CV-00269-JRG, 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021) ................................5

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ................................................................................................3

*Palo Alto Networks, Inc. v. Taasera Licensing LLC*,
   IPR2023-00443, Paper No. 1 (P.T.A.B., Jan. 10, 2023) ...........................................................2

**Other Authorities**

37 C.F.R. § 41.100(b) ....................................................................................................................4

I.     **INTRODUCTION**

Defendant Palo Alto Networks, Inc. petitioned for *inter partes* review ("IPR") of U.S. Patent No. 6,842,796 ("the '796 Patent"), which was denied institution. The prior art in that IPR failed because it did not teach a basic element of the asserted claims: that the extracted text "associated with" the identified regular expression cannot be the regular expression itself.

Check Point Software Technologies Ltd. ("Check Point"), Trend Micro Inc. ("Trend Micro"), and Palo Alto Networks, Inc. ("PAN") (collectively "Defendants") seek leave to extensively supplement their invalidity contentions to amend contentions and claim charts concerning the following four documents which are allegedly prior art to the asserted '796 Patent:

(1)   **Friedl**: Publication of *Mastering Regular Expressions: Powerful Techniques for Perl and other Tools* by Jeffrey E. F. Friedl, O'Reilly Press, 1st Edition, 7th Printing, published in December 1998;

(2)   **Hu**: U.S. Patent No. 6,373,985 which issued on April 14, 2002 from U.S. Patent Application No. 09/132,682 filed on August 12, 1998;

(3)   **Nandhra**: U.S. Patent Publication. No. 2005/0171932 which is a publication of U.S. Patent Application No. 10/517,738 filed on February 23, 2001; and

(4)   **Yun**: U.S. Patent No. 7,584,120 which issued on September 1, 2009 from U.S. Patent Application No. 09/287,296 filed on 04/07/1999.

None of these documents are new to Defendants. Defendants have known about the Friedl, Hu, Nandhra, and Yun references since at least March 28, 2023 (for Check Point and Trend Micro) and April 29, 2023 (for PAN). The Patent Trial and Appeal Board ("PTAB") denied PAN's petition for *inter partes* review of the '796 Patent since August 15, 2023. In its denial, the PTAB opined on Defendants' other invalidity claim chart prior art references to U.S. Patent No. 6,311,194 ("Sheth"), U.S. Patent No. 6,278,996 ("Richardson"), and U.S. Patent No. 5,913,214 ("Madnick").

Now, nearly two months later, Defendants seek to add new invalidity theories in response to the PTAB's plain reading of the claims within the institution denial. Yet, Defendants seek amendments to none of the prior art references that the PTAB reviewed in the IPR denial. Because Defendants' delay is inexcusable and because Defendants cannot show good cause, the Court should deny the motion for leave to amend their invalidity contentions.

## II.    BACKGROUND

On January 10, 2023, PAN filed a petition for IPR against the '796 Patent based on Sheth, Richardson, Madnick, and Groner prior art references. *See Palo Alto Networks, Inc. v. Taasera Licensing LLC*, IPR2023-00443, Paper No. 1 (P.T.A.B., Jan. 10, 2023), Ex. 1. On March 28, 2023, Check Point and Trend Micro served their invalidity contentions. PAN served its invalidity contentions on April 29, 2023. Defendants' contentions included invalidity charts on three prior art references from PAN's IPR petition, U.S. Patent No. 6,311,194 ("Sheth"), U.S. Patent No. 6,278,996 ("Richardson"), and U.S. Patent No. 5,913,214 ("Madnick"), and six other prior art references including Friedl, Hu, Yun, and Nandhra, among other references. On May 22, 2023, Taasera filed its patent owner's preliminary response to IPR2023-00443. *Id.* at Paper No. 6, Ex. 2.

The PTAB published its institution decision denying institution of IPR on August 15, 2023. *Id.* at Paper No. 7, Ex. 3. In its decision, the PTAB noted that information that is "associated with" a regularly identifiable expression cannot be the regular expression itself. Ex. 3 at 9. Notably, the PTAB only stated that "two items are searched for and that the two searched-for items are not the same." Ex. 3 at 10 n. 2. Defendants now argue that this unforeseen and "*sua sponte*" claim construction from the PTAB necessitates extensive amendments to the prior art invalidity charts. Motion at 1. But this construction is nothing more than a plain reading of the claim, and Defendants are merely attempting to supplement prior art charts that fail for the same reason as their prior art failed at the PTAB.

### III. LEGAL STANDARD

Absent a discretionary finding of good cause, P.R. 3-6 deems a party's invalidity contentions as final contentions. According to the Federal Circuit, good cause requires a showing of diligence. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "Courts routinely consider four factors to determine whether good cause has been shown: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-00123-JRG-RSP, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021) (citation omitted).

### IV. ARGUMENT

Defendants use the PTAB's denial of institution as an excuse to amend its invalidity theories of Friedl, Hu, Nandhra, and Yun to conceal its lack of diligence. It is inexcusable and cannot support a finding of good cause. Additionally, the PTAB's "claim construction" was foreseeable as a plain reading of the claim,[1] and there is no claim construction dispute regarding the scope of the '796 patent pending before this Court.[2]

#### A. Defendants Were Not Diligent

First, Defendants did not timely seek leave to amend their invalidity contentions. The PTAB denied institution on August 15, 2023. Defendants filed this Motion on October 3, 2023. Defendants did not seek "leave to amend just a month after the PTAB's order," but instead waited

---

[1] Claim 1 of the '796 Patent claims: "A method of automatically processing an input sequence of data symbols, the method comprising the steps of: ***identifying at least one regularly identifiable expression in the input sequence of data symbols***, wherein the at least one regularly identifiable expression represents a pattern that is matchable in accordance with a programming language that supports such a regularly identifiable expression; ***identifying at least a portion of information associated with the at least one regularly identifiable expression***; and extracting the portion of information." '796 Patent, claim 1 (emphasis added).

[2] *See* Joint Claim Construction Chart Under P.R. 4-5(d), Dkt. No. 276-1.

3

seven weeks (nearly two months). Motion at 4. Rather, Defendants attempt to amend their invalidity contentions "under the guise of the inability to understand prior art" after the PTAB's plain reading of the claims—this Court has discouraged this type of approach. *Cummins-Allison Corp. v. SBM Co.*, No. 9:07-CV-196, 2009 WL 763926, at *1 (E.D. Tex. Mar. 19, 2009) ("A party cannot argue that because of its own inability and delay in understanding the divulged prior art, it possesses good cause to prepare new invalidity contentions. Accepting such an argument would encourage parties to engage in delay tactics under the guise of the inability to understand prior art . . . ."). Defendants were not diligent in seeking this amendment.

### B.    Defendants Are Unable to Show the Importance of the Amendments

Second, Defendants cannot establish the importance of the amendments sufficient to show good cause. Defendants argue their prior art references to Sheth, Richardson, and Madnick are now weakened by the PTAB's denial of institution. Motion at 5. Despite their specific knowledge and familiarity with the documents since January 10, 2023, Defendants now attempt to modify their invalidity theory to water down any importance to the Sheth, Richardson, and Madnick references and instead pad their position on the remaining six references. Even with the PTAB's opinion on the Sheth, Richardson, and Madnick references, Defendants provide no redlines to amend these references and instead aim to focus on the references that the PTAB did not review to deny institution. This undermines the alleged importance of these amendments to this case. Defendants had the opportunity and ability to review the claims, recognize that the regularly identifiable expression and the information associated with the regularly identifiable expression are two different things, and present an invalidity case based on that understanding of the claim without waiting for the PTAB to confirm the plain meaning of the claim.

Further, the amendments are not important because the Court is free to determine its own claim construction. *Compare* 37 C.F.R. § 41.100(b) (stating that "[a] claim in an unexpired patent

shall be given its broadest reasonable construction in light of the specification of the patent in which it appears") with *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004) (stating that a court conducts claim construction by examining the intrinsic record to define the patented invention's scope). As Defendants stated, their amendments are in response to the PTAB's plain reading of the claims and not this Court's construction. Motion at 3. If Defendants do not agree with the PTAB's claim construction and instead believe the Court should provide a different construction, then there is little merit to amending the invalidity contentions to apply the PTAB's construction. Motion at 3 n. 2. In addition, given Defendants counsels' knowledge of the Sheth, Richardson, and Madnick references since January 10, 2023, and Friedl, Hu, Nandhra, and Yun references since March 28, 2023, and April 29, 2023, there should be no reason to amend their contentions when Taasera has not changed its infringement theory in this case or its response to the IPR. While true Defendants do not add any new prior art, as mentioned above, Defendants' fluctuating positions on the prior art references is a change of their invalidity theory.

Defendants cite *Garrity* to argue that bolstering their positions to Friedl, Hu, Nandhra, and Yun are permissible. Motion at 5; *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00269-JRG, 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021). In *Garrity*, Defendants were permitted to amend their contentions regarding one prior art reference that was not available to them at the original contentions deadline and required lab analysis. *See Garrity Power Servs. LLC*, 2021 WL 4894262, at *1-2. Here, Defendants claim to "bolster" four references in an attempt to cure them of the same exact defect that was present in the art before the PTAB. These new theories contain many redlines; one with as many as 14 pages total of new redlines citing numerous additional steps and figures. Defendants' redlines are more than just mere bolstering but rather a last-minute effort to add more invalidity theories to cover Defendants' lack of diligence.

### C. Taasera Would Be Prejudiced

Third, Defendants fail to show that Taasera would not be prejudiced by the amendments. Defendants served their infringement contentions on March 28, 2023, and April 29, 2023. With the understanding that the March 28, 2023, and April 29, 2023, invalidity contentions are deemed final contentions pursuant to P.R. 3-6, Taasera has been conducting discovery and claim construction proceedings based on the current contentions. Taasera has already committed to its claim construction positions and the parties have filed their joint claim construction charts. The Court has just heard the parties' arguments during the claim construction hearing. Given the proximity of expert reports (currently due on November 13, 2023), the proposed amendments leave Taasera guessing as to which invalidity theories Defendants will pursue regarding these references. This factor must weigh against leave.

### D. A Continuance Would Not Cure Prejudice

Fourth, Defendants fail to show the availability of a continuance to cure the prejudice caused by Defendants' lack of diligence. Defendants state that Taasera can be flexible because there has already been an eighth amended docket control order. Motion at 5. But to Defendants' point, this is why a continuance would be prejudicial to Taasera. Taasera has already stretched its flexibility and is unable to push back trial further without enduring more expenses and a delayed resolution. A continuance would be prejudicial to Taasera. This factor must weigh against leave.

## V. CONCLUSION

For the foregoing reasons, Taasera requests that the Court deny Defendants' motion for leave to amend invalidity contentions for the '796 patent (Dkt. 292).

6

| | |
|---|---|
| Dated: October 17, 2023 | Respectfully submitted,<br><br>*/s/ Alfred R. Fabricant*<br>Alfred R. Fabricant<br>NY Bar No. 2219392<br>Email: ffabricant@fabricantllp.com<br>Peter Lambrianakos<br>NY Bar No. 2894392<br>Email: plambrianakos@fabricantllp.com<br>Vincent J. Rubino, III<br>NY Bar No. 4557435<br>Email: vrubino@fabricantllp.com<br>Joseph M. Mercadante<br>NY Bar No. 4784930<br>Email: jmercadante@fabricantllp.com<br>**FABRICANT LLP**<br>411 Theodore Fremd Avenue<br>Suite 206 South<br>Rye, NY 10538<br>Telephone: (212) 257-5797<br>Facsimile: (212) 257-5796<br><br>Samuel F. Baxter<br>State Bar No. 01938000<br>Email: sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>State Bar No. 24012906<br>Email: jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston, Suite 300<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>***ATTORNEYS FOR PLAINTIFF***<br>***TAASERA LICENSING LLC*** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 17, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                            */s/ Alfred R. Fabricant*
                                            Alfred R. Fabricant