# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | Case No. 2:22-md-03042-JRG |
| | **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**PLAINTIFF TAASERA LICENSING LLC'S
SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO AMEND INVALIDITY CONTENTIONS FOR THE '796 PATENT (DKT. 292)**

## **TABLE OF CONTENTS**

**Page(s)**

I. ARGUMENT ................................................................................................................... 1

    A. Defendants Caused Their Own Delay ................................................................. 1

    B. Defendants Fail to Demonstrate the Importance of the Amendments ................. 2

    C. Taasera Would be Prejudiced .............................................................................. 3

II. CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Danco, Inc. v. Lavelle Indus., Inc.*,
  No. 5:16-CV-48-CMC, 2017 WL 10154229 (E.D. Tex. Mar. 20, 2017) ............................... 2, 3

*Evicam Int'l, Inc. v. Enf't Video, LLC*,
  No. 4:16-CV-00105, 2016 WL 6600605 (E.D. Tex. Nov. 8, 2016) ........................................... 2

*L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*,
  No. 6:11-CV-599, 2013 WL 7937026 (E.D. Tex. Oct. 11, 2013) ............................................. 1

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
  No. 2:07-CV-565-TJW-CE, 2011 WL 2149925 (E.D. Tex. May 5, 2011) ............................... 3

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
  No. 9:06-CV-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009) ............................................ 1

I.  ARGUMENT

   A.  **Defendants Caused Their Own Delay**

Defendants were not diligent. Defendants waited nearly a month after the PTAB's decision (Dkt. 303-4, Ex. 3) to ask for Taasera's initial position on September 12, 2023, in which Taasera promptly responded the following day. Defendants admit that on September 13, 2023, "Plaintiff informed Defendants that it would oppose this Motion." Reply at 1–2 (citations and emphasis omitted). Defendants are quick to blame Taasera for their delay despite Defendants' own fault: (1) Defendants knew Taasera's position already; (2) Defendants completed the draft of their Motion six days after Taasera's response; and (3) Defendants waited three additional days before reaching out to Taasera to ask its position on *other* motions. Reply at 2 ("September 22: Defendants asked Plaintiff if it would oppose the other two motions.") (citations and emphasis omitted). In total, Defendants waited nearly three weeks after Taasera's initial opposition to file this Motion, which was two months after the PTAB decision. *See L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, No. 6:11-CV-599, 2013 WL 7937026, at *3 (E.D. Tex. Oct. 11, 2013*)* (denying leave to amend invalidity contentions when defendants sought "to add prior art that was in their possession when they served their invalidity contentions" and knew about the prior art for at least three months before moving for leave to amend); *see also Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *4 (E.D. Tex. Mar. 30, 2009) ("There is no evidence before the court that [defendant] did not have sufficient information to provide the appropriate disclosures in a timely manner."). Defendants' amendments constitute new theories from referenced prior art that has been in their possession for at least six months. Accordingly, Taasera played no part in Defendants' delayed request for leave to amend its invalidity contentions.

### B. Defendants Fail to Demonstrate the Importance of the Amendments

Defendants continue to misrepresent that the PTAB provided any claim construction with respect to the '796 Patent. Reply at 2 n. 2. It did not. The Board provided a "reading of the claim" after "examining the claim language itself, in view of the written description." Dkt. 303-4, Ex. 3 at 9. Notably, neither Taasera nor Defendants disputed construction of any claim term for the '796 Patent in front of this Court or the PTAB. Defendants should not be rewarded for their lack of foresight and diligence, or for their misrepresentation.

Defendants cite *Evicam* to argue that the supplemental prior art has "the potential to invalidate one or more of the patents-in-suit." Reply at 3; *see Evicam Int'l, Inc. v. Enf't Video, LLC*, No. 4:16-CV-00105, 2016 WL 6600605 (E.D. Tex. Nov. 8, 2016). However, this Court only granted supplementation in *Evicam* because the defendant wanted to "assert five references against [another patent] for the first time," and if denied supplementation, the defendant "would be forced to use one set of references against the [one patent] and another set against the [other patent]." *Id.* at *1, *3. This is not the case here. Defendants do not attempt to add prior art references to cover other patents, which was the intention of this Court in *Evicam*. Further, the defendant in *Evicam* moved for leave to supplement only three weeks after it served its invalidity contentions, and Defendants here seek to supplement five to six months after serving their invalidity contentions. *See Danco, Inc. v. Lavelle Indus., Inc.*, No. 5:16-CV-48-CMC, 2017 WL 10154229, at *3 (E.D. Tex. Mar. 20, 2017) (citing *Evicam Int'l, Inc.*, 2016 WL 6600605) (denying defendant's motion for leave to supplement its invalidity contentions because "[u]nlike the situation in *Evicam* . . . the delay here was not one month after the invalidity contentions deadline but three months"). Defendants' case law is unpersuasive.

In addition, Defendants fail to address why their important amendments are only to Friedl, Hu, Nandhra, and Yun, but not to Sheth, Richardson, and Madnick where the PTAB has provided

2

guidance and instruction to those three references in its decision to deny institution. Instead, Defendants claim to have "narrowly tailored their efforts on the most important references" (Reply at 3) but this Court cannot "determine the importance of the amendment based solely on zealous argument." *Danco, Inc.*, 2017 WL 10154229, at *4 (quoting *Innovative Display Techs. LLC v. Acer Inc., et al.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014)) (internal quotation marks omitted). The absence of amendments to the prior art references reviewed by the PTAB is indicative of the lack of importance of the supplemental prior art.

For these reasons, Defendants have failed to show the importance of their proposed amendments.

### C.   Taasera Would be Prejudiced

Taasera would clearly be prejudiced by Defendants' new invalidity theories. Defendants quote one supplemental paragraph in their Reply to demonstrate that their amendments explain the "same invalidity theory" but only with additional details. Reply at 4. However, taken as a whole, Defendants cannot explain why their additional citations and extensive details include numerous figures and detailed paragraphs not previously used in their original invalidity contentions. *See, e.g.*, Ex. C, 32–35, 38–42 (detailing broad amendments on new figures 5, 21, and 24-28 and new examples such as "site extraction"). These substantive changes are more than the "clarifying and bolstering [of] theories that were already disclosed" that Defendants claim.

Defendants' citation to *Mondis* is inapposite in view of the factual differences that are prejudicial to Taasera. Reply at 5; *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 2149925, at *4 (E.D. Tex. May 5, 2011). In *Mondis*, this Court granted the defendant leave to amend its invalidity contentions because the defendant was "only clarifying the theory with respect to the [one] reference" and the amendment related to only "a serial number storage within the memory of the [reference]." *Mondis Tech., Ltd.*, 2011 WL 2149925, at *3–4. Here,

3

Defendants attempt to amend their invalidity contentions with respect to multiple prior art references. Their extensive additions are not mere explanations or clarifications, but alternate invalidity theories to distinguish the amended prior art references from the three prior art references that the PTAB relied on to deny institution. Taasera would need to spend additional time and resources to reexamine its validity arguments.

The tentative schedule extension would not cure Taasera's prejudice. Defendants clarified that the "extended fact discovery period [is] for purposes of completing depositions that have been noticed before November 6" and to "continue to supplement outstanding discovery responses and address document issues that may arise from a deposition." Ex. 4 at 2, Correspondence between Joseph M. Mercadante and David C. Dotson. The cause for this extension is due to the current events in Israel and the dearth of Israeli witness availability, factors uncontrollable by the parties. The current proposed schedule would not alleviate the discovery needed to be done by Taasera for the newly added theories of Defendants' prior art references. With the amended schedule, a continuance is unfeasible without affecting the trial date.

## II.   CONCLUSION

For the foregoing reasons, Taasera requests that the Court deny Defendants' motion for leave to amend invalidity contentions for the '796 patent (Dkt. 292).

Dated: November 2, 2023              Respectfully submitted,

                                                                                 */s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435

4

Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, NY 10538
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 2, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>                /s/ Alfred R. Fabricant
>                Alfred R. Fabricant