IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § § § § | Case No. 2:22-MD-03042-JRG <br><br> **JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | | |

**JOINT MOTION FOR CLARIFICATION OF DEPOSITION LIMITS IN THE COURT'S DISCOVERY ORDER**

Plaintiff Taasera Licensing LLC ("Taasera"), and Defendants Palo Alto Networks Inc. ("Palo Alto Networks"), Check Point Software Technologies, Ltd. ("Check Point"), Trend Micro Incorporated ("Trend Micro Japan"), CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (collectively, "CrowdStrike"), Fortinet, Inc. ("Fortinet"), and Musarubra US LLC d/b/a Trellix ("Trellix") (collectively, "Defendants") hereby seek the Court's guidance regarding an impasse and disagreement the parties have regarding the time allocated for depositions under Paragraph 5(c) **Discovery Limitations** in the Court's Discovery Order Dkt. 137.

That Paragraph provides as follows:

> (c) <u>Depositions (non-experts)</u>: Taasera may take up to 42 total hours of deposition testimony of each Defendant group (inclusive of both 30(b)(1) and 30(b)(6) depositions). Each Defendant group and Palo Alto Networks may individually take up to 42 total hours of deposition testimony of Taasera (inclusive of both 30(b)(1) and 30(b)(6) depositions). However, no single 30(b)(1) witness may be deposed for more than seven (7) hours. If a Party believes that additional time with a particular witness is necessary, the Parties shall meet and confer in good faith in order to reach an agreement. All Party depositions shall take place at the location that the witness resides unless the Parties agree to an alternative location. Furthermore, the Parties shall coordinate such depositions to minimize duplication. Taasera is limited to a maximum of ten (10) party fact-witness depositions for each Defendant group, and each Defendant group is limited to ten (10) party fact-witness depositions of Taasera.

      i.      Depositions of experts, inventors, and third parties do not count against these limits.

      ii.     For the purposes of Palo Alto Networks only, Taasera and QPRC collectively may take up to 42 total hours of deposition testimony of Palo Alto Networks, and Palo Alto Networks may take up to 42 hours of deposition testimony of Taasera and QPRC collectively.

**I.**     **Taasera's Position:**

Taasera's two witnesses, Jon Scahill and Tim Scahill, will be its 30(b)(6) deponents. They have also each been served with 30(b)(1) notices. Taasera initially proposed that each of these deponents be made available for one 7 hour deposition with the understanding that if, after reasonably efficient deposition questioning, Defendants believe more time is necessary, the parties can meet in good faith to agree on a number of additional deposition hours, and only then involve the Court upon failure to reach agreement. Defendants' response is that under their strict reading of The Discovery Order, the six defendants in this MDL proceeding are actually entitled to a combined 252 hours of deposition time with these two Taasera witnesses. With that in mind, Defendants' demand that each witness be made available for 3 days of deposition is unreasonable. At the meet and confer, Taasera offered a compromise, to make Jon Scahill available for 2 days of deposition and Tim Scahill for 10 hours of deposition, for a total of 24 hours of testimony.[1] Defendants have rejected that proposal.

Defendants' reading of the Discovery Order in this case is simply unreasonable. Under the Federal Rules of Civil Procedure 30(d)(1) a deposition is presumed to be "limited to 1 day of 7 hours." Nothing in the Discovery Order constitutes a "stipulat[ion] or order[] by the court" that ***each individual deposition*** should be presumed to have a duration other than 7 hours. The Discovery Order describes the potential maximum number of hours of testimony for all Taasera's

---

[1] Taasera's Proposed Order is attached hereto as Exhibit A.

2

witnesses collectively (30(b)(6) and (30(b)(1)), and confirms that "no single 30(b)(1) witness may be deposed for more than seven (7) hours." This maximum number of hours presumes that such time would be necessary and reasonable under the facts and circumstances of the case without the witnesses being unnecessarily burdened or harassed.

The facts of this case and past experience indicates that Defendants will have significant difficulty filling the 24 hours deposition Taasera has proposed unless they resort to repetitive and irrelevant questioning. Defendants have all served substantively duplicative 30(b)(6) notices, requesting many categories of information that Taasera does not have and has never possessed. Tassera acquired all of the asserted patents from third party entities long after the patents were prosecuted and ultimately issued. Taasera had nothing to do with those entities or with the inventors named in the asserted patents. Defendants know these facts which are all part of the public record. Yet, in the 30(b)(6) notices, Defendants request information regarding the prosecution of the asserted patents. They also request deposition testimony about products developed and made by the non-party patents' prior owners. Taasera is not in possession of any of this information. Similarly, Defendants also request testimony regarding secondary considerations of non-obviousness, prior art, and maintenance fee payments by the prior owners. Again, none of this information is known to Taasera, and such information will come from the inventors and prior employees of these non-parties (all of which have been served with subpoenas). Taasera also has not entered into any licenses for the asserted patents to-date and, therefore, there are no licenses about which to question the witnesses.

The bottom line is that Taasera is not artificially limiting deposition time that is reasonably necessary. Taasera will be willing to provide more hours if, at the appropriate time, Defendants can show good cause that "additional time with a particular witness is necessary"). Dkt. 137,

Discovery Order, ¶ 5(c) ("If a Party believes that additional time with a particular witness is necessary, the Parties shall meet and confer in good faith in order to reach an agreement."); *see also* Fed. R. Civ. P. 30, Committee Notes on Rules—2000 Amendment ("The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to **show good cause** to justify such an order.") (emphasis added). As of this date, no good cause has been shown by the Defendants and the Defendants' demand for 48 hours of deposition with these two Taasera witnesses is, at a bare minimum, premature.

II.     **Defendants' Position:**

Although the Court's Discovery Order provides that "[e]ach Defendant group and Palo Alto Networks may *individually* take up to 42 total hours of deposition testimony of Taasera (inclusive of both 30(b)(1) and 30(b)(6) depositions)," Defendants collectively have requested Taasera allocate twenty-one (21) deposition hours for each of its two 30(b)(6) deponents.[2] Taasera has refused. Instead, Taasera has sought to unilaterally limit the allocated time to ten (10) hours total for each of its 30(b)(6) deponents, to be split among all six Defendants. Taasera's proposal provides each Defendant group with only an hour and 45 minutes to depose each Taasera corporate witness for a patent litigation matter asserting numerous patents and claims. The parties seek the Court's clarification of the Discovery Order to resolve this disagreement.

Defendants' requested time allocation is reasonable and is *significantly less* than the Discovery Order permits.[3] Defendants are committed to collaborating and efficiently taking the

---

[2] Defendants' Proposed Order is attached hereto as Exhibit B.

[3] In total, the Discovery Order permits 252 hours of 30(b)(6) deposition testimony because each of the six Defendants is permitted 42 hours each (6 Defendants x 42 hours = 252 hours). *See* Dkt. 137 at ¶ 5(c).

30(b)(6) depositions, but there are six Defendants, and each Defendant is still entitled to individually question Taasera's corporate representatives – especially due to the division of the multi-district litigation prior to trial – about any Defendant-specific issues. Defendants are also committed to the prompt conclusion of the depositions if fewer than twenty-one (21) hours is required.[4]

Nonetheless, the Discovery Order authorizes the requested time allocation and Defendants are entitled to the assurance that the deponents will be made available for the requested time, especially in light of the impending close of fact discovery. And while Taasera asserts that it will permit additional deposition time for "good cause," no such restriction or procedure is present in the Discovery Order.[5]

---

[4] Taasera has provided no basis for its proposed deposition time allocation except a belief that more time is not necessary.

[5] During the parties meet and confer on Wednesday, November 1, 2023, Taasera stated that it will permit additional time for "good cause" without further explanation as to what it would consider "good cause."

Dated:  November 7, 2023

Respectfully submitted,

 /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
State Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR TAASERA LICENSING LLC***

*/s/ (with permission)*
Kelly C. Hunsaker
Email: KHunsaker@winston.com
Michael R. Rueckheim
(State Bar No. 24081129)
Email: MRueckheim@winston.com
Eimeric Reig-Plessis
Email: EReigPlessis@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Krishnan Padmanabhan
Email: KPadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Melissa R. Smith
(State Bar No. 24001351)
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

***ATTORNEYS FOR PALO ALTO NETWORKS, INC.***

*/s/  (with permission)*
Eric H. Findlay
Email:  efindlay@findlaycraft.com
State Bar No. 00789886
**FINDLAY CRAFT, P.C.**
102 North College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 534-1100
Facsimile: (903)-534-1137

Clement S. Roberts
Email. croberts@orrick.com
CA State Bar No. 209203
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA  94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Alyssa Caridis
Email:  acaridis@orrick.com
Jake O'Neal (Admitted *Pro Hac Vice)*
Email: jake.oneal@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone: (213) 612-2372
Facsimile: (213) 612-2499

Evan Brewer (Admitted *Pro Hac Vice*)
Email: ebrewer@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
100 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 614-7497
Facsimile: (650) 614-7401

***ATTORNEYS FOR CHECK POINT SOFTWARE TECHNOLOGIES LTD.***


 /s/  *(with permission)*
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**

8

100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

***ATTORNEYS FOR TREND MICRO INCORPORATED AND TREND MICRO, INC.***

 /s/  *(with permission)*
Irene Yang
Email: irene.yang@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

J. Stephen Ravel
State Bar No. 16584975
Email: steve.ravel@khh.com
Kelly Ransom
State Bar No. 24109427
Email: Kelly.ransom@kellyhart.com
**KELLY HART & HALLMAN LLP**
303 Colorado Street, Suite 2000
Austin, Texas 75201
Telephone: (512) 495-6429
Facsimile: (512) 495-6401

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
J. Mark Mann
State Bar No. 12926150
Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
201 E. Howard St.
Henderson, Texas 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

***ATTORNEYS FOR CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.***

/s/ *(with permission)*
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Alice Snedeker
**DUANE MORRIS LLP**
1075 Peachtree St NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6989

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

***ATTORNEYS FOR FORTINET INC.***


/s/ *(with permission)*
Nathaniel St. Clair, II
State Bar No. 24071564
Email: nstclair@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5948
Facsimile: (214) 661-6848

***ATTORNEY FOR MUSARUBRA US LLC, d/b/a TRELLIX***

## CERTIFICATE OF CONFERENCE

The Parties have conferred pursuant to Local Rule CV-7(h) and agree to the filing of this motion as a joint motion.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay